IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICAL, INC.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BARR LABORATORIES, INC. and BARR PHARMACEUTICALS, INC.,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　C.A. No._____ |

## COMPLAINT

Plaintiffs Boehringer Ingelheim International GmbH and Boehringer Ingelheim Pharmaceutical, Inc. (hereinafter "Plaintiffs" or "Boehringer"), for their Complaint herein against defendants Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc., allege as follows:

## PARTIES

1. Plaintiff Boehringer Ingelheim International GmbH ("BII") is a corporation organized and existing under the laws of Germany, having an office and place of business at Binger Strasse 173, 55216 Ingelheim, Germany.

2. Plaintiff Boehringer Ingelheim Pharmaceutical, Inc. ("BIPI") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 900 Ridgebury Road, Ridgefield, Connecticut 06877.

3. On information and belief, Barr Laboratories, Inc. ("Barr Labs") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 2 Quaker Road, Pomona, New York 10970.

4. On information and belief, Barr Pharmaceuticals, Inc. ("Barr Pharmaceuticals") is a corporation incorporated under the laws of the State of Delaware, having a principal place of business at 2 Quaker Road, Pomona, New York 10970. Barr Labs is a

wholly-owned subsidiary of Barr Pharmaceuticals. Barr Labs and Barr Pharmaceuticals are hereinafter collectively referred to as "Barr."

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States of America. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c) and 28 U.S.C. § 1400(b).

## BACKGROUND

7. United States Patent No. 4,886,812 ("the '812 patent"), entitled "Tetrahydro-Benzthiazoles, The Preparation Thereof and Their Use as Intermediate Products or as Pharmaceuticals," was duly and legally issued on December 12, 1989, to Dr. Karl Thomae GmbH of Biberach an de Riss, Germany, the assignee of the named inventors, Gerhart Griss, Claus Schneider, Rudolf Hurnaus, Walter Kobinger, Ludwig Pichler, Rudolf Bauer, Joachim Mierau, Dieter Hinzen and Gunter Schingnitz. Plaintiff BII is the owner of the '812 patent. Plaintiff BIPI is a licensee under the '812 patent. A true and correct copy of the '812 patent is attached as Exhibit A.

8. United States Patent No. 4,843,086 ("the '086 patent"), entitled "Tetrahydro-Benzthiazoles, The Preparation Thereof and Their Use as Intermediate Products or as Pharmaceuticals," was duly and legally issued on June 27, 1989 to Boehringer Ingelheim KG, the assignee of the named inventors, Gerhart Griss, Claus Schneider, Rudolf Hurnaus, Walter Kobinger, Ludwig Pichler, Rudolf Bauer, Joachim Mierau, Dieter Hinzen and Gunter Schingnitz. Plaintiff BII is the owner of the '086 patent. Plaintiff BIPI is a licensee under the '086 patent. A true and correct copy of the '086 patent is attached as Exhibit B.

9.  On July 1, 1997, the United States Food and Drug Administration ("FDA") approved new drug application ("NDA") No. 20-677 for MIRAPEX®, a pharmaceutical composition containing pramipexole dihydrochloride, under § 505(a) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 335(a), for the treatment of the signs and symptoms of idiopathic Parkinson's disease. Boehringer is the holder of approved NDA No. 20-667 for pramipexole dihydrochloride tablets, which are sold under its trademark MIRAPEX®.

10. The publication *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book") identifies drug products approved on the basis of safety and effectiveness by the FDA under the Federal Food, Drug, and Cosmetic Act. Boehringer listed the '812 and '086 patents in the Orange Book for its MIRAPEX® products.

11. On information and belief, Barr submitted to the FDA abbreviated new drug application ("ANDA") No. 77-724 under the provisions of 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, and sale of pramipexole dihydrochloride tablets in the 0.25 mg strength as a generic version of the MIRAPEX® 0.25 mg product.

12. On information and belief, Barr subsequently amended its ANDA to seek approval to engage in the commercial manufacture, use and sale of pramipexole dihydrochloride tablets in 0.125, 0.5, 1 and 1.5 mg strengths as generic versions of the MIRAPEX® 0.125, 0.5, 1 and 1.5 mg products.

13. By way of a letter dated August 10, 2005 (the "Barr Letter"), Barr advised Boehringer that it had submitted ANDA No. 77-724 seeking approval to engage in the commercial manufacture, use and/or sale of generic versions of MIRAPEX® prior to the expiration of the '812 patent.

14. The Barr Letter also advised Boehringer that Barr's ANDA included a certification under 21 U.S.C. § 355(j)(2)(vii)(IV) that, in Barr's opinion, the '812 patent is invalid and that the products described in Barr's ANDA will not infringe any of the claims of the '812 patent.

15. The Barr Letter also advised Boehringer that Barr had submitted ANDA No. 77-724 seeking approval to engage in the commercial manufacture, use and/or sale of generic versions of MIRAPEX® prior to the expiration of the '086 patent.

16. The Barr Letter also advised Boehringer that Barr's ANDA included a certification under 21 U.S.C. § 355(j)(2)(vii)(IV) that, in Barr's opinion, the '086 patent is invalid and that the products described in Barr's ANDA will not infringe any of the claims of the '086 patent.

## COUNT I

17. Plaintiffs incorporate each of the preceding paragraphs 1 to 16 as if fully set forth herein.

18. By its submission of ANDA No. 77-724 for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of generic MIRAPEX® before the expiration of the '812 patent, Barr has committed an act of infringement of the '812 patent under 35 U.S.C. § 271(e)(2).

19. On information and belief, Barr acted without a reasonable basis for a good faith belief that it would not be liable for infringing the '812 patent.

20. On information and belief, Barr's infringement of the '812 patent was and is willful.

21. Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of any approval of ANDA No. 77-724 be deemed not earlier than the March 25, 2011 expiration date of the '812 patent and an injunction precluding Barr from infringing the '812 patent.

## COUNT II

22. Plaintiffs incorporate each of the preceding paragraphs 1 to 21 as if fully set forth herein.

23. By its submission of ANDA No. 77-724 for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of generic MIRAPEX® before the expiration of the '086 patent, Barr has committed an act of infringement of the '086 patent under 35 U.S.C. § 271(e)(2).

24. On information and belief, Barr acted without a reasonable basis for a good faith belief that it would not be liable for infringing the '086 patent.

25. On information and belief, Barr's infringement of the '086 patent was and is willful.

26. Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of any approval of ANDA No. 77-724 be deemed not earlier than the November 23, 2007 expiration date of the '086 patent and an injunction precluding Barr from infringing the '086 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A. A judgment that Barr has infringed the '812 and '086 patents;

B. A judgment that Barr's infringement of the '812 and '086 patents was willful;

C. An order issued pursuant to 35 U.S.C. § 271(e)(4)(a) that the effective date of any approval of Barr's ANDA No. 77-724 under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C § 355(j)) be a date which is not earlier than the expiration dates of the '812 and '086 patents;

D.  A permanent injunction, pursuant to 35 U.S.C § 271(e)(4)(B), restraining and enjoining Barr and its officers, agents, attorneys and employees, and those acting in privity or concert with them, from infringement of the '812 and '086 patents for the full terms thereof;

E.  A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

F.  Costs and expenses in this action; and

G.  Such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
    Attorneys for Plaintiffs
    Boehringer Ingelheim International GmbH
    and Boehringer Ingelheim Pharmaceutical,
    Inc.

Of Counsel:

Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

Kenneth G. Schuler
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL 60606
(312) 876-7700

September 26, 2005