IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICAL, INC.<br><br>     Plaintiffs,<br><br>v.<br><br>BARR LABORATORIES, INC.,<br><br>     Defendant. | Civil Action No. 05-0700 (KAJ)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT BARR LABORATORIES, INC.'S
ANSWER AND COUNTERCLAIMS TO THE AMENDED COMPLAINT**

Defendant Barr Laboratories, Inc. ("Barr Labs"), having its principal place of business at 2 Quaker Road, Pomona, New York, demands a jury trial as to all claims and issues that may be tried to a jury, answers the Amended Complaint of Plaintiffs Boehringer Ingelheim International GmbH and Boehringer Ingelheim Pharmaceutical, Inc. (collectively "Boehringer" or "Plaintiffs"), and counterclaims as follows:

  1.  Barr Labs is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Amended Complaint.

  2.  Barr Labs is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Amended Complaint.

  3.  Barr Labs admits the allegations set forth in paragraph 3 of the Amended Complaint.

  4.  Paragraph 4 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Barr Labs admits that this

Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. §§ 1331 and 1338(a). Barr Labs denies any and all other allegations set forth in paragraph 4 of the Amended Complaint.

5. Paragraph 5 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Barr Labs admits that venue for this action is proper in this Court. Barr Labs denies any and all other allegations set forth in paragraph 5 of the Amended Complaint.

6. Barr Labs admits that United States Patent No. 4,886,812 ("the '812 patent"), entitled "Tetrahydro-Benzthiazoles, The Preparation Thereof and Their Use as Intermediate Products or as Pharmaceuticals," was issued on December 12, 1989, and that it identifies Dr. Karl Thomae GmbH of Biberach an der Riss, Germany, as the assignee and Gerhart Griss, Claus Schneider, Rudolf Hurnaus, Walter Kobinger, Ludwig Pichler, Rudolf Bauer, Joachim Mierau, Dieter Hinzen, and Gunter Schingnitz as inventors. Barr Labs lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the second and third sentences of paragraph 6 of the Amended Complaint. Barr Labs admits that a copy of the '812 patent is attached to the Amended Complaint as Exhibit A. Barr Labs denies any and all other allegations set forth in paragraph 6 of the Amended Complaint.

7. Barr Labs admits that United States Patent No. 4,843,086 ("the '086 patent"), entitled "Tetrahydro-Benzthiazoles, The Preparation Thereof and Their Use as Intermediate Products or as Pharmaceuticals," was issued on June 27, 1989, and that it identifies Boehringer Ingelheim KG as the assignee and Gerhart Griss, Claus Schneider, Rudolf Hurnaus, Walter Kobinger, Ludwig Pichler, Rudolf Bauer, Joachim Mierau, Dieter Hinzen, and Gunter Schingnitz as inventors. Barr Labs lacks knowledge and information sufficient to form a belief

2

as to the truth of the allegations set forth in the second and third sentences of paragraph 7 of the Amended Complaint. Barr Labs admits that a copy of the '086 patent is attached to the Amended Complaint as Exhibit B. Barr Labs denies any and all other allegations set forth in paragraph 7 of the Amended Complaint.

8. Barr Labs admits that, on July 1, 1997, the United States Food and Drug Administration ("FDA") approved new drug application ("NDA") No. 20-677 for MIRAPEX®, a pharmaceutical composition containing pramipexole dihydrochloride, for the treatment of the signs and symptoms of idiopathic Parkinson's disease. Barr Labs further admits that pramipexole dihydrochloride tablets are sold in the United States by Boehringer under the MIRAPEX® trademark. Barr Labs is without knowledge or information sufficient to form a belief as to whether Boehringer is the holder of NDA No. 20-667 or whether the trademark for MIRAPEX® belongs to Boehringer. Barr Labs denies any and all other allegations set forth in paragraph 8 of the Amended Complaint.

9. Barr Labs admits that the publication *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book") identifies drug products approved by the FDA under the Federal Food, Drug, and Cosmetic Acts. Barr Labs admits that the '812 and '086 patents are listed in the Orange Book for MIRAPEX®. Barr Labs denies any and all other allegations set forth in paragraph 9 of the Amended Complaint.

10. Barr Labs admits that it submitted to the FDA abbreviated new drug application ("ANDA") No. 77-724 under the provisions of 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, and sale of pramipexole dihydrochloride tablets in the 0.25 mg strength as a generic equivalent of the MIRAPEX® 0.25 mg product. Barr Labs denies any and all other allegations set forth in paragraph 10 of the Amended Complaint.

11. Barr Labs admits that it subsequently amended ANDA No. 77-724 to seek approval to engage in the commercial manufacture, use, and sale of pramipexole dihydrochloride tablets in 0.125, 0.5, 1.0, and 1.5 mg strengths as generic equivalents of the MIRAPEX® 0.125, 0.5, 1.0, and 1.5 mg products. Barr Labs denies any and all other allegations set forth in paragraph 11 of the Amended Complaint.

12. Barr Labs admits that, by way of one or both of the letters dated August 10, 2005 and September 12, 2005 (the "Barr Labs Letters"), Barr Labs advised Plaintiffs that Barr Labs had submitted ANDA No. 77-724 seeking approval to engage in the commercial manufacture, use, and/or sale of a generic equivalent of MIRAPEX® in the 0.25 mg strength, and subsequently submitted an amendment to that ANDA seeking approval to engage in the commercial manufacture, use and/or sale of generic equivalents of MIRAPEX® in the 0.125 mg, 0.5 mg, 1.0 mg, and 1.5 mg strengths, prior to the expiration of the '812 patent. Barr Labs denies any and all other allegations set forth in paragraph 12 of the Amended Complaint.

13. The Barr Labs Letters speak for themselves. Barr Labs denies any and all other allegations set forth in paragraph 13 of the Amended Complaint.

14. Barr Labs admits that, by way of one or both of the Barr Labs Letters, Barr Labs advised Plaintiffs that Barr Labs had submitted ANDA No. 77-724 seeking approval to engage in the commercial manufacture, use, and/or sale of a generic equivalent of MIRAPEX® in the 0.25 mg strength, and subsequently submitted an amendment to that ANDA seeking approval to engage in the commercial manufacture, use and/or sale of generic equivalents of MIRAPEX® in the 0.125 mg, 0.5 mg, 1.0 mg, and 1.5 mg strengths, prior to the expiration of the '086 patent. Barr Labs denies any and all other allegations set forth in paragraph 14 of the Amended Complaint.

15. The Barr Labs Letters speak for themselves. Barr Labs denies any and all other allegations set forth in paragraph 15 of the Amended Complaint.

16. Barr Labs incorporates each of the preceding paragraphs 1 to 15 as if fully set forth herein.

17. Barr Labs admits that Barr Labs' filing of Barr Labs' ANDA No. 77-724 and the amendment thereto for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of pramipexole dihydrochloride tablets before the expiration of the '812 patent would constitute a technical act of infringement solely pursuant to 35 U.S.C. § 271(e)(2) if, and only if, the product(s) described in Barr Labs' ANDA No. 77-724 and the amendment thereto or the use of the product(s) described in Barr Labs' ANDA No. 77-724 and the amendment thereto is claimed by the '812 patent and if, and only if, the '812 patent is valid and enforceable. Barr Labs denies any and all other allegations set forth in paragraph 17 of the Amended Complaint.

18. Paragraph 18 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Barr Labs denies each and every allegation set forth in paragraph 18 of the Amended Complaint.

19. The allegations contained in Paragraph 19 of the Amended Complaint are immaterial and impertinent and should be stricken. Barr Labs has filed herewith a Motion to Strike those allegations. To the extent that such Motion is denied, Barr Labs asserts that Paragraph 19 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Barr Labs denies each and every allegation set forth in paragraph 19 of the Amended Complaint.

20. Paragraph 20 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Barr Labs denies each and every allegation set forth in paragraph 20 of the Amended Complaint.

21. Barr Labs incorporates each of the preceding paragraphs 1 to 20 as if fully set forth herein.

22. Barr Labs admits that Barr Labs' filing of Barr Labs' ANDA No. 77-724 and the amendment thereto for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of pramipexole dihydrochloride tablets before the expiration of the '086 patent would constitute a technical act of infringement solely pursuant to 35 U.S.C. § 271(e)(2) if, and only if, the product(s) described in Barr Labs' ANDA No. 77-724 and the amendment thereto or the use of the product(s) described in Barr Labs' ANDA No. 77-724 and the amendment thereto is claimed by the '086 patent and if, and only if, the '086 patent is valid and enforceable. Barr Labs denies any and all other allegations set forth in paragraph 22 of the Amended Complaint.

23. Paragraph 23 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Barr Labs denies each and every allegation set forth in paragraph 23 of the Amended Complaint.

24. The allegations contained in Paragraph 24 of the Amended Complaint are immaterial and impertinent and should be stricken. Barr Labs has filed herewith a Motion to Strike those allegations. To the extent that such Motion is denied, Barr Labs asserts that Paragraph 24 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Barr Labs denies each and every allegation set forth in paragraph 24 of the Amended Complaint.

25. Paragraph 25 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Barr Labs denies each and every allegation set forth in paragraph 25 of the Amended Complaint.

26. The "WHEREFORE" paragraph following paragraph 25 of the Amended Complaint and the seven lettered paragraphs that follow it state Plaintiffs' prayer for relief, to which no response is required. The allegations contained in paragraph lettered "B" following paragraph 25 of the Amended Complaint are immaterial and impertinent and should be stricken. Barr Labs has filed herewith a Motion to Strike that paragraph. To the extent a response is required to the "WHEREFORE" paragraph following paragraph 25 of the Amended Complaint and the seven lettered paragraphs that follow it, Barr Labs denies the allegations set forth in those paragraphs and denies that Plaintiffs are entitled to any of the relief requested therein, or to any relief whatsoever.

27. Any allegation of the Amended Complaint not expressly admitted herein is hereby denied.

Barr Labs sets forth the following affirmative and other defenses. Barr Labs does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiffs bear the burden.

### First Defense

28. The manufacture, use, offer to sell, sale, and/or importation of the product(s) described in and the subject of Barr Labs' ANDA No. 77-724 and the amendment thereto ("Barr Labs' ANDA Products") has not infringed, does not infringe, and would not, if sold, infringe any valid claim of the '812 patent.

### Second Defense

29. The manufacture, use, offer to sell, sale, and/or importation of Barr Labs' ANDA Products has not infringed, does not infringe, and would not, if sold, infringe any valid claim of the '086 patent.

### Third Defense

30. The claims of the '812 patent are invalid for failure to satisfy the provisions of one or more of sections 101, 102, 103, 112, 116, and/or 132 of Title 35 of the United States Code and/or under the doctrine of double patenting.

### Fourth Defense

31. The claims of the '086 patent are invalid for failure to satisfy the provisions of one or more of sections 101, 102, 103, 112, 116, and/or 132 of Title 35 of the United States Code and/or under the doctrine of double patenting.

### Fifth Defense

32. Any additional defenses or counterclaims that discovery may reveal.

### COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Barr Laboratories, Inc. ("Barr Labs") brings the following counterclaims against Plaintiffs Boehringer Ingelheim International GmbH ("BII") and Boehringer Ingelheim Pharmaceutical, Inc. ("BIPI") for a declaratory judgment that United States Patent No. 4,886,812 ("the '812 patent") and United States Patent No. 4,843,086 ("the '086 patent") are invalid and not infringed by the product(s) described in and the subject of Barr Labs' ANDA No. 77-724 and the amendment thereto ("Barr Labs' ANDA Products").

## Parties

33. Counterclaim-Plaintiff Barr Labs is a corporation organized and existing under the laws of Delaware, has its principal place of business at 2 Quaker Road, Pomona, New York 10970, and has a regular and established place of business in Northvale, New Jersey.

34. On information and belief, Counterclaim-Defendant BII is a corporation organized and existing under the laws of the Federal Republic of Germany.

35. On information and belief, Counterclaim-Defendant BIPI is a corporation organized and existing under the laws of the State of Delaware, having a regular and established place of business in Ridgefield, Connecticut.

36. On information and belief, Counterclaim-Defendant BIPI is a wholly-owned subsidiary of Counterclaim-Defendant BII.

## Jurisdiction and Venue

37. These counterclaims seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and 21 U.S.C. 355(j)(5)(C).

38. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338(a), 2201 and 2202 and 21 U.S.C. 355(j)(5)(C).

39. This Court has personal jurisdiction over Counterclaim-Defendants BII and BIPI on the basis of, <u>inter alia</u>, their contacts with Delaware relating to the subject matter of this action, including having filed suit.

40. This Court also has personal jurisdiction over Counterclaim-Defendant BIPI on the basis of, <u>inter alia</u>, BIPI's continuous and systematic contacts in Delaware, and its derivation of substantial revenue from services or things produced or consumed in Delaware.

41. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## Background

### The '812 Patent

42. Based on the allegations set forth in Plaintiffs' Amended Complaint and Barr Labs' Answer, a justiciable controversy exists between those parties with respect to the validity and scope of the claims of the '812 patent.

### The '086 Patent

43. Based on the allegations set forth in Plaintiffs' Amended Complaint and Barr Labs' Answer, a justiciable controversy exists between those parties with respect to the validity and scope of the claims of the '086 patent.

### First Counterclaim

44. Barr Labs hereby repeats and reiterates the allegations of paragraphs 33 through 42 as if fully set forth herein.

45. The manufacture, use, offer to sell, sale and/or importation into the United States of Barr Labs' ANDA Products does not infringe the '812 patent.

### Second Counterclaim

46. Barr Labs hereby repeats and reiterates the allegations of paragraphs 33 through 41 and paragraph 43 as if fully set forth herein.

47. The manufacture, use, offer to sell, sale and/or importation into the United States of Barr Labs' ANDA Products does not infringe or induce infringement by another of the '086 patent.

### Third Counterclaim

48. Barr Labs hereby repeats and reiterates the allegations of paragraphs 33 through 42 as if fully set forth herein.

10

49. The '812 patent is invalid for failure to satisfy the provisions of one or more of sections 101, 102, 103, 112, 116, or 132 of Title 35 of the United States Code and/or under the doctrine of double patenting.

### Fourth Counterclaim

50. Barr Labs hereby repeats and reiterates the allegations of paragraphs 33 through 41 and 43 as if fully set forth herein.

51. The '086 patent is invalid for failure to satisfy the provisions of one or more of sections 101, 102, 103, 112, 116, or 132 of Title 35 of the United States Code and/or under the doctrine of double patenting.

WHEREFORE, defendant Barr Laboratories, Inc. prays that:

(a) The Amended Complaint of BII and BIPI be dismissed with prejudice;

(b) The manufacture, use, offer to sell, sale and/or importation into the United States of Barr Labs' ANDA Products be declared not to infringe any claim of the '812 patent;

(c) The manufacture, use, offer to sell, sale and/or importation into the United States of Barr Labs' ANDA Products be declared not to infringe or induce infringement by another of any claim of the '086 patent;

(d) The '812 patent be declared invalid;

(e) The '086 patent be declared invalid;

(f) Barr Labs be awarded its costs in this action;

(g) Barr Labs be awarded its attorneys' fees pursuant to 35 U.S.C. § 285; and

(h) Barr Labs be awarded such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Defendant Barr Labs demands trial by jury as to all claims and issues so triable.

11

                    Respectfully submitted,

                    /s/ signature

                    Josy W. Ingersoll (#1088)
                    Adam Poff (#3990)
                    YOUNG CONAWAY STARGATT
                    & TAYLOR, LLP
                    The Brandywine Building
                    1000 West Street, 17th Floor
                    P.O. Box 391
                    Wilmington, DE 19899-0391
                    (302) 571-6600
                    apoff@ycst.com
                    *Attorneys for Defendant Barr Laboratories, Inc.*

OF COUNSEL:

Glenn J. Pfadenhauer
Jessamyn S. Berniker
Dov P. Grossman
Brett R. Tobin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, D.C. 20005
(202) 434-5000

Dated: October 28, 2005

## CERTIFICATE OF SERVICE

I, Adam W. Poff, Esquire hereby certify that on October 28, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld, Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>PO Box 1347
>Wilmington, DE 19899-1347

I further certify that on October 28, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS**

>Steven C. Cherny, Esquire
>Latham & Watkins LLP
>885 Third Avenue, suite 1000
>New York, NY 10022-4834
>
>Kenneth G. Schuler, Esquire
>Latham & Watkins LLP
>Sears Tower, Suite 5800
>Chicago, IL 60606

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
apoff@ycst.com

Attorneys for Barr Laboratories, Inc.