IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICAL, INC.,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>BARR LABORATORIES, INC.,<br><br>　　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 05-0700 (KAJ) |

**OPENING BRIEF IN SUPPORT OF BARR LABORATORIES, INC.'S MOTION TO STRIKE PLAINTIFFS' ALLEGATIONS CONCERNING WILLFUL <u>INFRINGEMENT</u>**

OF COUNSEL:

Glenn J. Pfadenhauer
Jessamyn S. Berniker
Dov P. Grossman
Brett R. Tobin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, D.C. 20005
(202) 434-5000

Josy W. Ingersoll (#1088)
Adam W. Poff (#3990)
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
*Attorneys for Defendant Barr
　　　Laboratories, Inc.*

Dated: October 28, 2005

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

NATURE AND STAGE OF PROCEEDINGS ........................................................................ 1

SUMMARY OF ARGUMENT ................................................................................................ 2

ARGUMENT ............................................................................................................................ 2

I. THE FEDERAL CIRCUIT HAS HELD THAT THE MERE FILING OF AN ANDA CANNOT SUPPORT A FINDING OF WILLFUL INFRINGEMENT ................................................................................................ 3

II. THIS COURT HAS REJECTED THE ARGUMENT THAT WILLFUL INFRINGEMENT MAY REST ON ALLEGATIONS THAN AN ANDA APPLICANT FILED A BASELESS PARAGRAPH IV CERTIFICATION ........................................................................ 4

CONCLUSION ......................................................................................................................... 5

# TABLE OF AUTHORITIES

## FEDERAL CASES

Aventis Pharma Deutschland GmbH v. Cobalt Pharmaceuticals,
    355 F. Supp. 2d 586 (D. Mass. 2005) .................................................................4, 5

Delaware Health Care, Inc. v. MCD Holding Co., 893 F. Supp. 1279
    (D. Del. 1995) ..........................................................................................................3

Glaxo Group Ltd. v. Apotex, Inc., 376 F.3d 1339 (Fed. Cir. 2004) ................................3, 4

Eli Lilly & Co. v. Medtronic, Inc., 496 U.S. 661, 678 (1990) ...........................................3

## DOCKETED CASES

Allergan, Inc. v. Alcon Inc., No. 05-968 (GMS), slip op. (D. Del.
    July 26, 2005).........................................................................................................4

## FEDERAL STATUTES

21 U.S.C. § 355..................................................................................................................1

21 U.S.C. § 355(j)..............................................................................................................1

35 U.S.C. § 271(e) .........................................................................................................1, 3

Fed. R. Civ. P. 12(f).......................................................................................................1, 2

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 12(f), defendant Barr Laboratories, Inc. ("Barr Labs") respectfully submits this brief in support of its Motion to strike allegations concerning willful infringement raised by Boehringer Ingelheim International GmbH and Boehringer Ingelheim Pharmaceutical, Inc.'s (collectively "Plaintiffs") in the Amended Complaint (D.I. 7).

## NATURE AND STAGE OF PROCEEDINGS

This is a patent infringement action under the Hatch-Waxman Act. See 21 U.S.C. § 355 and 35 U.S.C. § 271(e). Plaintiffs commenced this lawsuit after Barr Labs submitted an Abbreviated New Drug Application ("ANDA") and an amendment thereto seeking approval from the FDA to market and sell generic equivalents of pramipexole dihydrochloride tablets, which Plaintiffs sell under the name MIRAPEX®. MIRAPEX® is used for the treatment of the signs and symptoms of idiopathic Parkinson's disease. Plaintiffs have alleged that Barr Labs' proposed generic products would infringe U.S. Patent Nos. 4,843,086 and 4,886,812.

As part of its ANDA and amendment, Barr Labs submitted so-called "paragraph IV certifications" in which it stated its view that the claims of the two patents-in-suit are invalid and/or will not be infringed by the manufacture, use, or sale of Barr Labs' proposed generic products. See 21 U.S.C. § 355(j)(2)(A)(vii)(IV). Pursuant to the Hatch-Waxman Act, Barr Labs then gave notice to Plaintiffs that it had filed its ANDA and amendment containing paragraph IV certifications. See 21 U.S.C. § 355(j)(2)(B). Also pursuant to the Hatch-Waxman Act, Plaintiffs then filed suit, alleging that the filing

of Barr Labs' ANDA and amendment constituted acts of infringement under 35 U.S.C. § 271(e)(2). See D.I. 7, ¶¶ 17, 22.

In their Amended Complaint, Plaintiffs have alleged Barr Labs is "without a reasonable basis for a good faith belief that it would not be liable for infringing" the patents-in-suit by seeking approval to market generic equivalents of MIRAPEX® before expiration of the patents-in-suit – i.e., in filing its ANDA and amendment containing paragraph IV certifications. D.I. 7, ¶¶ 17-18, 22-23. Based on those contentions, Plaintiffs claim that Barr Labs' alleged infringement is willful and seek a judgment to that effect. D.I. 7, ¶¶ 19, 24, B. Plaintiffs provide no other grounds for their willfulness contentions.

## SUMMARY OF ARGUMENT

Plaintiffs' willfulness allegations fail as a matter of law and should be stricken from this litigation. The Federal Circuit has explicitly held that the mere filing of an ANDA cannot sustain a finding of willful infringement. In light of that precedent, this Court has specifically rejected the proposition that a claim for willful infringement may be premised on contentions that the ANDA applicant filed a "baseless" paragraph IV certification. In other words, this Court has held that allegations identical to those asserted by Plaintiffs fail as a matter of law. The willfulness claim is therefore immaterial and impertinent to this action, and should be stricken from the Amended Complaint.

## ARGUMENT

Rule 12(f) states that a "court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid expenditure of

time and money that necessarily arises from litigating spurious issues by disposing of those issues prior to trial." Del. Health Care, Inc. v. MCD Holding Co., 893 F. Supp. 1279, 1291 (D. Del. 1995). Such action is plainly warranted here.

I.   **THE FEDERAL CIRCUIT HAS HELD THAT THE MERE FILING OF AN ANDA CANNOT SUPPORT A FINDING OF WILLFUL INFRINGEMENT**

Plaintiffs' willfulness allegations are foreclosed by clear Federal Circuit precedent. In Glaxo Group Ltd. v. Apotex, Inc., 376 F.3d 1339 (Fed. Cir. 2004), the Federal Circuit reversed the district court's finding that Apotex had willfully infringed the patents at issue. The Federal Circuit held explicitly that "the mere filing of an ANDA cannot constitute grounds for a willful infringement determination." Id. at 1349 (emphasis added). The Federal Circuit explained its holding as follows: The only reason a patentee may bring suit for patent infringement for the filing of an ANDA is because 35 U.S.C. § 271(e)(2) – the provision relied on by Plaintiffs – treats the filing of an ANDA as a "highly artificial" act of infringement. Glaxo, 376 F.3d at 1349 (citing Eli Lilly & Co. v. Medtronic, Inc., 496 U.S. 661, 678 (1990)). The statute creates that "technical" act of infringement "for purposes of establishing jurisdiction in the federal courts," because the ANDA applicant has "not yet infringed the patents at issue" – i.e., it has not made, used, or offered for sale the claimed invention. Id. at 1351. The Federal Circuit therefore concluded that it is legal error to permit a finding of willful infringement where the only act of infringement is an ANDA filing – i.e., it is improper to "hang[] a finding of willfulness on such a special-purpose peg." Id. In short, the Federal Circuit has held that when there is no "real" act of infringement, there simply cannot be willful infringement.

3

II. **THIS COURT HAS REJECTED THE ARGUMENT THAT WILLFUL INFRINGEMENT MAY REST ON ALLEGATIONS THAN AN ANDA APPLICANT FILED A BASELESS PARAGRAPH IV CERTIFICATION**

Apparently trying to distinguish this case from Glaxo, Plaintiffs assert that Barr Labs filed its ANDA and amendment "without a reasonable basis" for non-infringement. D.I. 7, ¶¶ 17-18, 22-23. As a matter of law, however, those allegations cannot support a claim of willful infringement, as this Court has previously held.

In Allergan, Inc. v. Alcon Inc., No. 05-968 (GMS), slip op. (D. Del. July 26, 2005) (attached hereto as Exhibit A), this Court addressed the precise allegations Plaintiffs assert here. The patentee in Allergan contended that the ANDA applicant had committed willful infringement because it filed an ANDA containing a paragraph IV certification without reasonable basis. Allergan, slip op. at 4. The Court, however, refused to permit that claim for willful infringement and ordered it stricken. Relying on the Federal Circuit's decision in Glaxo, this Court held:

> The only act of infringement alleged in [the patentee's] complaint is [the ANDA applicant's] allegedly baseless paper NDA filing and Paragraph IV Certification with the FDA. Because a paper NDA filing cannot be considered willful, the [patentee's] complaint does not state any basis under which it could assert a claim of willful infringement.

Allergan, slip op. at 4.

Moreover, this Court is not the only one to adopt the position set forth in Allergan. In Aventis Pharma Deutschland GmbH v. Cobalt Pharmaceuticals, 355 F. Supp. 2d 586 (D. Mass. 2005), the patentee asserted a claim of willful infringement because the ANDA applicant allegedly submitted an "utterly baseless" paragraph IV certification as part of its ANDA. Id. at 590. The district court rejected that argument and ordered judgment on the pleadings in favor of the ANDA applicant, stating:

4

> The only act of infringement alleged in Plaintiffs' amended complaint is [the ANDA applicant's] filing of an ANDA and a paragraph IV certification with the FDA. Because this artificial act of infringement cannot be considered willful, Plaintiffs have averred no facts that can support a finding of willful patent infringement.

Id. at 592. The same result should obtain here.

## CONCLUSION

For the foregoing reasons, Barr Labs respectfully requests that this Court strike the allegations concerning willful infringement in paragraphs 19, 24, and paragraph lettered "B" on page six of Plaintiffs' Amended Complaint.

Respectfully submitted,

_____
Josy W. Ingersoll (#1088)
Adam W. Poff (#3990)
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
apoff@ycst.com
*Attorneys for Defendant Barr Laboratories, Inc.*

OF COUNSEL:

Glenn J. Pfadenhauer
Jessamyn S. Berniker
Dov P. Grossman
Brett R. Tobin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, D.C. 20005
(202) 434-5000

Dated: October 28, 2005

5

## CERTIFICATE OF SERVICE

I, Adam W. Poff, Esquire hereby certify that on October 28, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld, Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>PO Box 1347
>Wilmington, DE 19899-1347

I further certify that on October 28, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS**

>Steven C. Cherny, Esquire
>Latham & Watkins LLP
>885 Third Avenue, suite 1000
>New York, NY 10022-4834
>
>Kenneth G. Schuler, Esquire
>Latham & Watkins LLP
>Sears Tower, Suite 5800
>Chicago, IL 60606

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>_____
>Adam W. Poff (No. 3990)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>apoff@ycst.com
>
>Attorneys for Barr Laboratories, Inc.