### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., | ) ) ) ) |
| Plaintiffs, | ) |
| v. | ) ) |
| BARR LABORATORIES, INC., | ) ) |
| Defendant. | ) |

C.A. No. 05-700 (KAJ)

### ANSWERING BRIEF IN OPPOSITION TO BARR LABORATORIES, INC.'S MOTION TO STRIKE BOEHRINGER'S ALLEGATIONS CONCERNING WILLFUL INFRINGEMENT

MORRIS, NICHOLS, ARSHT & TUNNELL
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
   *Attorneys for Plaintiffs*
   *Boehringer Ingelheim International GmbH and*
   *Boehringer Ingelheim Pharmaceuticals, Inc.*

Of Counsel:

Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY  10022-4834
(212) 906-1200

Kenneth G. Schuler
LATHAM & WATKINS LLP
233 South Wacker Drive
Chicago, IL  60606
(312) 876-7700

November 14, 2005

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

I.  PRELIMINARY STATEMENT ............................................................................... 1

II. NATURE AND STATE OF PROCEEDINGS ......................................................... 1

III. SUMMARY OF ARGUMENT ................................................................................ 2

IV. FACTS ..................................................................................................................... 2

V.  ARGUMENT ........................................................................................................... 3

VI. CONCLUSION ....................................................................................................... 8

## TABLE OF AUTHORITIES

**CASES**

*Allergan, Inc. v. Alcon Inc.*,
   No. 05-968 (GMS), slip. op. (D. Del. July 26, 2005)     5

*AstraZeneca A.B., et al. v. Andrx Pharmceuticals, LLC, et al,.*,
   C.A. No. 04-80 (SLR) (D.Del. Aug. 11, 2004)     4, 5, 7

*Glaxo Group Ltd. v. Apotex, Inc.*,
   376 F.3d 1339 (Fed. Cir. 2004)     passim

*Mosel Vitelic Corp. v. Micron Tech., Inc.*,
   162 F. Supp. 2d 307 (D. Del. 2000)     5

*Naton v. Bank of Cal.*,
   72 F.R.D. 550 (N.D. Cal. 1976)     3

*Yamanouchi Pharmaceutical Co. v. Danbury Pharmacal, Inc.*,
   231 F.3d 1339 (Fed. Cir. 2000)     4, 8

**STATUTES AND RULES**

21 U.S.C. § 355(j)     1, 2, 5

35 U.S.C. § 271(e)(2)     8

35 U.S.C. § 271(e)(4)(C)     2, 5, 6

35 U.S.C. § 285     3, 6

21 C.F.R. § 314.95(c)(6)     11

Federal Rule of Civil Procedure 8     7

Federal Rule of Civil Proedure 12(f)     4, 6

## I.    PRELIMINARY STATEMENT

Barr Laboratories, Inc. ("Barr") has moved pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(f), to strike from the Amended Complaint of Plaintiffs Boehringer Ingelheim International GMBH and Boehringer Ingelheim Pharmaceuticals, Inc. ("Plaintiffs" or "Boehringer") Plaintiffs' charge that Barr has willfully infringed the patents-in-suit. Boehringer herein opposes Barr's Motion to strike.

## II.    NATURE AND STATE OF PROCEEDINGS

This is a patent infringement action brought under the Hatch-Waxman Act. Boehringer filed this lawsuit on September 26, 2005, and an amended complaint on October 14, 2005, after Barr submitted an Abbreviated New Drug Application ("ANDA") and an amendment thereto seeking approval from the United States Food and Drug Association ("FDA") to sell a generic version of pramipexole dihydrochloride tablets, which Boehringer markets under the trade name MIRAPEX®. Barr also submitted "paragraph IV certifications" opining that the claims of the two Boehringer patents listed in the FDA's Orange Book are invalid and/or will not be infringed by the manufacture, use or sale of Barr's proposed generic version of MIRAPEX®. *See* 21 U.S.C. § 355(j)(2)(A)(vii)(IV). Barr filed an Answer and Counterclaims and its motion to strike on October 28, 2005.

### III.    SUMMARY OF ARGUMENT

Barr's motion is premised upon a mischaracterization of the Federal Circuit's decision in *Glaxo Group Ltd. v. Apotex, Inc.*, 376 F.3d 1339 (Fed. Cir. 2004). *Glaxo* held that the ***mere filing of an ANDA alone*** cannot form the basis for a claim of willful infringement. Boehringer alleges that Barr did more than "merely" file an ANDA alone – Boehringer alleges that Barr did so without any reasonable good faith belief that its proposed generic version of Boehringer's patented product would not infringe valid claims of the patents at issue.

Barr incorrectly claims that in *Glaxo*, "[t]he Federal Circuit . . . concluded that it is legal error to permit a finding of willful infringement where the only act of infringement is an ANDA filing." Mem. in Supp. at 3. Not only does Barr misstate *Glaxo*, but its position is at odds with the plain language of 35 U.S.C. § 271(e)(4)(C), which lists an award of attorneys' fees under § 285 as one of the available remedies for infringement by way of an ANDA filing. Moreover, Barr's motion is premature given that the parties are merely at the pleading stage. Accordingly, Barr's Motion to Strike should be denied.

### IV.    FACTS

Boehringer is the owner of U.S. Patent Nos. 4,843,086 (the "'086" Patent) and 4,886,812 (the "'812" Patent) *See* Amended Compl. at ¶¶ 6, 7. On July 1, 1997, the FDA approved a new drug application for MIRAPEX®, a drug used for the treatment of the signs and symptoms of idiopathic Parkinson's disease. *See id.*, at ¶ 8. Boehringer listed the '086 and '812 patents in the Orange Book for its MIRAPEX® products. *See id.*

Barr submitted ANDA No. 77-724 to the FDA under 21 U.S.C. §355(j), seeking approval to engage in the commercial manufacture, use and sale in the 0.25 mg strength of a generic version of MIRAPEX®. *See* Amended Compl. at ¶ 10. Barr subsequently amended its ANDA to seek approval to engage in the commercial manufacture, use and sale in 0.125, 0.5, 1

and 1.5 mg strengths of generic versions of MIRAPEX®. *See id.*, at ¶ 11. Barr advised Boehringer in letters dated August 10, 2005 and September 12, 2005 that it was seeking approval to engage in the manufacture, use and/or sale of generic versions of MIRAPEX®. *See id.*, at ¶ 12. The letters also advised Boehringer that Barr's ANDA and amendment thereto included a paragraph IV certification expressing Barr's opinion the '086 and '812 patents are invalid and not infringed. *See id.* at ¶¶ 13, 14.

Boehringer's Amended Complaint alleges that Barr has willfully infringed the '086 and '812 patents "[b]y its submission of ANDA No. 77-724 and amendment thereto for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of generic MIRAPEX®" ***and*** by acting "without a reasonable basis for a good faith belief that it would not be liable for infringing [Boehringer's Patents]." *See id.*, at ¶¶ 17-19, 22-24. The Amended Complaint seeks, *inter alia*, an injunction addressing Barr's infringement, an order that Barr's ANDA not be approved until the expiration of the '812 and '086 patents, and an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## V.    ARGUMENT

Under FEDERAL RULE OF CIVIL PROCEDURE 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are not favored and should be denied unless it is clear that the matter to be stricken has no possible bearing upon the subject matter of the litigation. *See Naton v. Bank of Cal.*, 72 F.R.D. 550, 552 (N.D. Cal. 1976).

Barr's motion rests upon an incorrect view of the law:

The Federal Circuit [in *Glaxo*] therefore concluded that it is legal error to permit a finding of willful infringement where the only act of infringement is an ANDA filing – i.e., it is improper to "hang[] a finding of willfulness on such a special-purpose peg." Id. In

> short, the Federal Circuit has held that when there is no "real" act
> of infringement, there simply cannot be willful infringement.

Mem. in Supp. at 3. *Glaxo* did not hold "that it is legal error to permit a finding of willful

infringement where the only act of infringement is an ANDA filing…" *Glaxo* **held** that "the

mere filing of an ANDA cannot constitute grounds for a willful infringement determination."

*Glaxo*, 376 F.3d at 1351. *Glaxo* did not hold that filing an ANDA *in addition to* a paragraph IV

certification containing baseless invalidity and noninfringement assertions cannot constitute

grounds for willful infringement. Indeed, the Federal Circuit emphasized that the defendant in

*Glaxo* "did not file a paragraph IV certification of any kind, let alone one that made baseless

accusations of invalidity such as that filed in *Yamanouchi*." *Id.* at 1351 (citing *Yamanouchi*

*Pharmaceutical Co. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1346 (Fed. Cir. 2000). In

*Yamanouchi,* the Federal Circuit affirmed an award attorneys' fees in a Hatch-Waxman Act

case, based upon the filing of a baseless paragraph IV certification, and the defendant

proceeding with positions taken in the litigation despite "glaring weaknesses." *See* 231 F.3d at

1347. *Glaxo* did not overrule *Yamanouchi*. It carefully distinguished it based on the fact that, in

*Glaxo*, there was no paragraph IV letter that made baseless invalidity and noninfringement

assertions. *Yamanouchi*, which held that a Hatch-Waxman Act case, "like any other form of

infringement litigation, may become exceptional if the ANDA filer makes baseless

certifications," is still good law. Boehringer's allegations were directed to that very issue and

should not be stricken.

   Chief Judge Robinson recently rejected the position Barr takes in *AstraZeneca*

*AB, et al. v. Andrx Pharmceuticals, LLC, et al,.*, C.A. No. 04-80 (SLR) (D.Del. Aug. 11, 2004)

(Exh. A), another Hatch-Waxman Act case, where she said (emphasis added):

Case 1:05-cv-00700-JJF    Document 12    Filed 11/14/2005    Page 8 of 13

5

I had indicated that by my reading of the Glaxo case, that the mere filing of [an] ANDA is not, cannot be deemed willfulness *but that it can be one factor in a willfulness determination is my reading of what the Federal Circuit decided.* Therefore, willfulness discovery will go forward starting six weeks before the end of fact discovery in this case, whatever that date is, but defendant may file, may engage in a motion practice if they're convinced that the only fact that the plaintiff can prove in this case is the filing of the ANDA and there are no other critical factors that would influence the willfulness determination.

Boehringer has alleged that Barr did more than merely file an ANDA. *See* Amended Complaint, at ¶¶ 17-19, 22-24. Barr filed an ANDA, *and* a paragraph IV Certification *and* did so without a reasonable basis for a good faith belief that it does not infringe Boehringer's patents. *See id.*[1]

Barr's motion is at odds with the plain language of the applicable statute. Title 35 United States Code Section 271(e)(2) governs patent infringement and provides:

It shall be an act of infringement to submit – (A) an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act [21 USCS § 355(j)] or described in section 505(b)(2) of such Act [21 USCS § 355(b)(2)] for a drug claimed in a patent or the use of which is claimed in a patent, or [. . .]

---

[1] To the extent Barr argues that other cases support the proposition that Boehringer's allegation of willfulness should be stricken, Barr's interpretation is inconsistent with *Glaxo* and *Yamanouchi*, and as set forth more fully, *infra*, with Congressional intent. Plaintiffs acknowledge that Judge Sleet recently interpreted *Glaxo*, as holding that a baseless ANDA filing along with a paragraph IV certification could not support a claim for willful infringement. *See Allergan, Inc. v. Alcon Inc.*, No. 05-968 (GMS), slip. op. (D. Del. July 26, 2005) (attached as Exh. A to Barr's Mot.). Judge Sleet's decision in *Allergan* is, however, inconsistent with Chief Judge Robinson's interpretation of *Glaxo* in *AstraZeneca*. Neither Judge Sleet's opinion holding that a baseless ANDA cannot form a basis for a finding of willful infringement nor Judge Robinson's opinion that it can be a factor in a finding of willful infringement is binding precedent. *See also Mosel Vitelic Corp. v. Micron Tech., Inc.*, 162 F. Supp. 2d 307, 311 (D. Del. 2000) (Judge Sleet holding that "while the opinion of one district judge may be found to be persuasive, it is not binding on another district judge (even if that judge happens to sit in the same district)"). Only *Glaxo* and *Yamanouchi* are binding.

35 U.S.C. § 271(e)(2).  Section 271(e)(4)(C) describes the remedies available for such an act of infringement and specifically permits "a court [to] award attorney fees under section 285."  35 U.S.C. § 271(e)(4)(C).  Section 285 of the Patent Act, in turn, provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285.

As the Federal Circuit noted in *Glaxo*, "many types of misconduct . . . may create an exceptional case for purposes of awarding fees, including inequitable conduct before the PTO, litigation misconduct such as vexatious or unjustified litigation or frivolous filings, and willful infringement."  376 F.3d at 1350.  By permitting an award of attorneys' fees for an "exceptional" ANDA case, Congress provided that such infringement cases could merit an award of fees in each of those circumstances.  *See* 35 U.S.C. § 271(e)(4)(C).  A showing that a generic drug manufacturer filed an ANDA *and* a paragraph IV certification that asserted, without any good faith basis, that a patent is invalid and not infringed would constitute willful infringement and provide a sufficient basis to hold the case "exceptional."  In short, Congress specifically contemplated that a party could obtain attorney fees when willful infringement occurs, even when such infringement is based in part on the filing of an ANDA.  *See, e.g.*, *Glaxo*, 376 F.3d at 1350; 35 U.S.C. § 271(e)(4)(C).  Barr's position that a court may not make a finding of willful infringement in an ANDA is contrary to the plain import of Section 271 and therefore should be rejected.

In any event, even if granted, Barr's motion would not achieve anything.  Boehringer's complaint includes a prayer for attorneys' fees under Section 285, as is permitted by Section 271.  *See* Amended Compl., Prayer for Relief.  Barr does not seek to strike that prayer or Boehringer's request that the Court declare this an exceptional case – nor could it.  *See*

35 U.S.C. § 271(e)(4)(C). Thus, striking Boehringer's allegations regarding willful infringement would in no way foreclose an inquiry into whether this is an exceptional case, and Barr's motion should be denied for this reason. Simply put, the inquiry necessary to assess whether Barr has willfully infringed Boehringer's patents is the same inquiry necessary to determine whether Boehringer is entitled to a finding that this is an exceptional case and fees.

*Glaxo* did not address the issue raised herein – whether a plaintiff in a Hatch-Waxman Act case has alleged sufficient facts to plead willful infringement and whether such allegations should be stricken from the complaint. *See Glaxo*, 376 F.3d at 1339. Rather, the court in *Glaxo* reversed a district court after a full bench trial. *See id*. Barr's interpretation of *Glaxo* would effectively change the notice pleading standards set forth in FEDERAL RULE OF CIVIL PROCEDURE 8, requiring a Hatch-Waxman plaintiff to plead facts supporting a claim of willfulness rather than providing notice that it is making a claim of willfulness. At this early stage in the proceedings, Boehringer's Amended Complaint comports with the notice pleading standard, and Boehringer should be afforded discovery on the issue of willfulness, as was done in this Court in the *AstraZeneca* case. If at the end of discovery Barr believes there is no genuine issue of material fact on plaintiff's willful infringement claim, it can raise the issue by way of a motion for summary judgment.

After all is said and done, Barr is arguing for the right to commit an act of infringement premised on a baseless assertion of invalidity and noninfringement set forth in its paragraph IV certification. According to Barr, a generic drug manufacturer has the unfettered right to file an ANDA and serve a paragraph IV certification asserting noninfringement and invalidity based on any legally and factually strained argument it can imagine. Under Barr's view of the law, a generic drug manufacturer could file an ANDA and serve a paragraph IV certification notice

contending that the challenged patent is invalid based on nothing more than a baseless assertion that the patent was "anticipated" by a reference published *after* the asserted patent and allegedly be immune from a charge of willful infringement. That is not the law. A paragraph IV notice is required to include a "detailed statement of the factual and legal basis of the applicant's opinion," including "a full and detailed explanation" of the grounds for noninfringement or invalidity asserted by the applicant. 21 C.F.R. § 314.95(c)(6). As the Federal Circuit said in *Yamanouchi*, "[t]he Hatch-Waxman Act . . . imposes a duty of care on an ANDA certifier." 231 F.3d at 1347.

## VI.    CONCLUSION

For the foregoing reasons, the Court should deny Barr's Motion to Strike.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
    Attorneys for Plaintiffs
    Boehringer Ingelheim International GmbH
    and Boehringer Ingelheim
    Pharmaceuticals, Inc.

Of Counsel:

Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

Kenneth G. Schuler
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL 60606
(312) 876-7700

November 14, 2005

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on November 14, 2005, I caused to be electronically filed Answering Brief in Opposition to Barr Laboratories, Inc.'s Motion to Strike Boehringer's Allegations Concerning Willful Infringement with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Josy W. Ingersoll
> Young, Conaway, Stargattt & Taylor

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

> Josy W. Ingersoll, Esquire
> Young, Conaway, Stargatt & Taylor, LLP
> 1000 West Street, 17th Floor
> Wilmington, DE  19899

### BY FEDERAL EXPRESS

> Glenn J. Pfadenhauer
> Williams & Connolly LLP
> 725 Twelfth Street, NW
> Washington, DC  20005

> /s/    Jack B. Blumenfeld (#1014)
> Morris, Nichols, Arsht & Tunnell
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
> jblumenfeld@mnat.com