**A**

1

1           IN THE UNITED STATES DISTRICT COURT

2           IN AND FOR THE DISTRICT OF DELAWARE

3                         - - -

ASTRAZENECA AB, AKTIEBOLAGET

4  HASSLE, and ASTRAZENECA, LP      :        CIVIL ACTION
                                    :
5        Plaintiffs,                :
                                    :
6      v.                           :
                                    :
7  ANDRX PHARMACEUTICALS, LLC and   :
   ANDRX CORPORATION,               :
8                                   :    NO. 04-80 (SLR)
           Defendants.
9                          - - -

10                    Wilmington, Delaware
              Wednesday, August 11, 2004 at 8:40 a.m.
11                    TELEPHONE CONFERENCE

12                         - - -

13  BEFORE:        HONORABLE SUE L. ROBINSON, Chief Judge

14                         - - -

   APPEARANCES:

15

16        MORRIS NICHOLS ARSHT & TUNNELL
          BY:  JACK B. BLUMENFELD, ESQ.
17
               -and-
18
          FITZPATRICK CELLA HARPER & SCINTO
19        BY:  LISA B. PENSABENE, ESQ.
               (New York, New York)
20
                    Counsel for Plaintiffs
21

22

23

24
                          Brian P. Gaffigan
25                        Official Court Reporter

2

1   APPEARANCES (Continued):

2

3       MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
        BY:  KEVIN J. CONNORS, ESQ.

4           -and-

5       GRAY CAREY WARE & FREIDENRICH, LLP
        BY:  STEVEN A. MADDOX, ESQ.

6            (Washington, District of Columbia)

7                Counsel for Defendants

8

9

10

11

12                     - oOo -

13              P R O C E E D I N G S

14          (REPORTER'S NOTE:  The following telephone

15   conference was held in chambers, beginning at 8:40 a.m.)

16          THE COURT:  Counsel, this is Judge Robinson

17   again.  Brian is here as our court reporter so you will need

18   to identify yourselves each time you speak.

19              Before we go on to the issue of the documents

20   relating to the parent patent, let me just reiterate the

21   conversation we had about willfulness.  I had indicated that

22   by my reading of the Glaxo case, that the mere filing of and

23   ANDA is not, cannot be deemed willfulness but that it can be

24   one factor in a willfulness determination is my reading of

25   what the Federal Circuit decided.  Therefore, willfulness

1    discovery will go forward starting six weeks before the end

2    of fact discovery in this case, whatever that date is, but

3    defendant may file, may engage in a motion practice if

4    they're convinced that the only factor that the plaintiff can

5    prove in this case is the filing of the ANDA and there are no

6    other critical factors that would influence the willfulness

7    determination.

8            Now, this next issue is a question of whether

9    the document request related to the parent patent had been,

10   whether plaintiffs had complied with that request. And I'll

11   let plaintiffs' counsel reiterate what was said prior to our

12   being on record, and then we'll let defense counsel respond.

13           MR. BLUMENFELD:  Your Honor, Jack Blumenfeld.

14   Before we do that, I have a 9:00 o'clock trial with Judge

15   Jordan.  So in about three minutes, if I sign-off, I hope

16   your Honor will understand.

17           THE COURT:  Absolutely.  Thank you.

18           MR. BLUMENFELD:  Thank you, your Honor.

19           MS. PENSABENE:  Your Honor, this is Lisa

20   Pensabene for the plaintiff.  I understand that the issue

21   is documents related to the '318 patent on August 9th.  I

22   believe we told the defendants that we produced all of the

23   nonprivileged, nonimmune materials on the '318 patent that

24   it has been able to locate in its possession, custody and

25   control.

4

1    MR. MADDOX: This is Steven Maddox for the
2  defendant. We're presenting on the record that the requests
3  concerning the '318 patent, request numbers 3 through 17 of
4  defendants' second request for document requests served on
5  May 12th of '04. And if the representation being made by
6  plaintiffs is that the nonprivileged documents responsive to
7  these requests has been produced, then we have our record.
8    THE COURT: All right. So that there is no need
9  for a motion to compel, but if defendant wants to go forward
10  with its motion related to willfulness, then I will try to
11  address that as soon as its briefed before willfulness
12  discovery is supposed to start.
13    Is there anything else we need to address this
14  morning, counsel?
15    MS. PENSABENE: Your Honor, there is one other
16  issue that perhaps we can short-circuit. That is the
17  response to contention interrogatories. We served them
18  about two months ago and we have gotten an objection that
19  they're premature and their refusal to respond. Meanwhile,
20  we also were served with contention interrogatories from the
21  defendants and we were wondering if you could provide some
22  guidance on how to handle that.
23    THE COURT: Yes. I require contention interrog-
24  atories to be answered and supplemented, but generally I
25  require, if asked what I will say, is that the party with the

5

1    burden of proof on any issue has to provide their responses

2    to contention interrogatories first and then the opposing

3    party can respond to the contentions of the party with the

4    burden of proof, if that makes any sense.  In other words, in

5    terms of infringement contentions, plaintiff would have to

6    respond first and then defendant would need to respond to

7    whatever contention interrogatories have been propounded by

8    plaintiff and vice-versa in terms of defenses.  Does that

9    make any sense to you?

10              MS. PENSABENE:  Yes.  Certainly, your Honor.  It

11   certainly does.  Thank you very much.

12              THE COURT:  Is there anything else, counsel?

13              MR. MADDOX:  Not from defendants, your Honor.

14              MS. PENSABENE:  No, your Honor.  Thank you.

15              THE COURT:  Thank you, counsel.  Good-bye now.

16              (Telephone conference ends at 8:49 a.m.)

17

18

19

20

21

22

23

24

25