IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICAL, INC.<br><br>          Plaintiffs,<br><br>   v.<br><br>BARR LABORATORIES, INC.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. 05-0700 (KAJ)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY BRIEF IN SUPPORT OF BARR LABORATORIES, INC.'S
MOTION TO STRIKE PLAINTIFFS' ALLEGATIONS CONCERNING
<u>WILLFUL INFRINGEMENT</u>**

OF COUNSEL:

Glenn J. Pfadenhauer
Jessamyn S. Berniker
Dov P. Grossman
Brett R. Tobin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, D.C. 20005
(202) 434-5000

Josy W. Ingersoll (#1088)
Adam W. Poff (#3990)
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
*Attorneys for Defendant Barr
          Laboratories, Inc.*

Dated: November 21, 2005

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... iii

INTRODUCTION .............................................................................................................. 1

ARGUMENT ...................................................................................................................... 1

    I.     BARR LABS PROPERLY CHARACTERIZES GLAXO ...................................... 1

    II.    35 U.S.C. § 285 IS IRRELEVANT TO BARR LABS' MOTION ....................... 4

    III.   PLAINTIFFS' FLAWED WILLFULNESS CLAIM ATTEMPTS TO
          AVOID THE USUAL STAY OF DISCOVERY ON ATTORNEY
          FEE CLAIMS ......................................................................................... 7

CONCLUSION ................................................................................................................... 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Allergan, Inc. v. Alcon Inc.*,
  No. 05-968 (GMS) (D. Del. July 26, 2005)..................................................3

*Aventis Pharma Deutschland GmbH v. Cobalt Pharms., Inc.*,
  355 F. Supp. 2d 586 (D. Mass. 2005)..................................................3, 4, 8

*AstraZeneca A.B. v. Andrx Pharmaceuticals, LLC.*,
  No. 04-80 (SLR) (D. Del. Aug. 11, 2004)..................................................3

*Dow Chemical Co. v. Exxon Chemical Patents, Inc.*,
  No. 94-572-SLR, 1996 U.S. Dist. LEXIS 14741 (D. Del. Sept. 20, 1996).......7

*Glaxo Group Ltd. v. Apotex, Inc.*,
  376 F.3d 1339 (Fed. Cir. 2004)..................................................1, 2, 3, 5, 6

*Hickman v. Taylor*,
  329 U.S. 495 (1947)..................................................8, 9

*McNeil-PPC, Inc.v. Proctor & Gamble Co.*,
  138 F.R.D. 136 (D. Colo. 1991)..................................................8

*Scutellaro v. Walt Disney Co.*,
  Civ. A. No. 92-671, 1993 WL 393003 (D. Del. Sept. 24, 1993)..................7

*Yamanouchi Pharmaceutical Co. v. Danbury Pharmacal, Inc.*,
  231 F.3d 1339 (Fed. Cir. 2000)..................................................5, 6

## FEDERAL STATUTES

21 U.S.C. § 355(j)(2)(A)(vii)..................................................2, 4

21 U.S.C. § 357..................................................2

35 U.S.C. § 271(e)(2)..................................................3, 6

35 U.S.C. § 285..................................................1, 4, 7

Defendant Barr Laboratories, Inc. ("Barr Labs") respectfully submits this Reply Brief in support of its Motion to Strike (D.I. 9).

## INTRODUCTION

The Federal Circuit has explicitly held that the filing of an Abbreviated New Drug Application ("ANDA") cannot support a claim of willful infringement. Despite this clear precedent — which has been applied by more than one court, including the District of Delaware — Plaintiffs continue to argue that their willfulness claim should not be stricken. Plaintiffs' effort to confuse willful infringement with their prayer for an "exceptional case" determination and an award of attorney fees under 35 U.S.C. § 285 so as to obtain Barr Labs's work product and attorney-client privileged materials long before any claim for fees will be ripe for adjudication and long before there is any determination of who is the prevailing party, should not be permitted. Whether Plaintiffs can ultimately establish that this is an exceptional case on the basis of something other than willful infringement is wholly irrelevant — the filing of an ANDA, even with a paragraph IV certification shown to be baseless, simply cannot support a claim of willful infringement.

## ARGUMENT

### I.  BARR LABS PROPERLY CHARACTERIZES GLAXO

The Federal Circuit in Glaxo Group Ltd. v. Apotex, Inc., 376 F.3d 1339 (Fed. Cir. 2004), affirmatively held that there can be no claim for willful infringement in the ANDA context. Plaintiffs' Answering Brief (D.I. 12), arguing that that decision is limited to its facts, accuses Barr Labs of mischaracterizing Glaxo. That simply is not so, as courts in this and another district have found. Despite Plaintiffs' use of bold, italicized, and underlined font to set forth their argument, see, e.g., D.I. 12, at 2, Plaintiffs nowhere address Barr Labs' analysis of the reasoning supporting the Federal Circuit's

holding that precludes a finding of willfulness where the sole act of infringement is the filing of an ANDA. Plaintiffs' silence speaks volumes.

As detailed in Barr Labs' Motion, <u>Glaxo</u> is clear. The Federal Circuit held — based on direction from the Supreme Court — that infringement in the ANDA context is "artificial" infringement created solely for the "very limited and technical purpose" of conferring jurisdiction, because "the generic companies have not yet infringed the patents at issue." 376 F.3d at 1351 (citing <u>Eli Lilly & Co. v. Medtronic, Inc.</u>, 496 U.S. 661, 678 (1990)). The Federal Circuit therefore determined that it constitutes legal error to "hang[] a finding of willfulness on such a special-purpose peg." <u>Id.</u> That assessment is logical. The accused infringer has not made, used, sold or offered for sale the patented invention, and the patentee cannot credibly contend that it has suffered any damage to its patent rights. It would indeed be an odd result if a mere procedural mechanism for triggering a lawsuit could somehow rise to the level of an intentional tort.

Plaintiffs suggest that the absence of a paragraph IV certification in <u>Glaxo</u> somehow materially distinguishes that case. D.I. 12, at 4-6. To the contrary, that is a distinction without a difference. There was no paragraph IV certification in <u>Glaxo</u> because the drug in question was approved under a now-repealed statutory provision (21 U.S.C. § 357) that did not require manufacturers to list patents for certain drug products in the Orange Book. As a result, the ANDA applicant in <u>Glaxo</u> was not required to file a certification under 21 U.S.C. § 355(j)(2)(A)(vii), which includes paragraph IV certifications. See <u>Glaxo</u>, 376 F.3d at 1344. Nothing in <u>Glaxo</u>, however, indicates that the lack of a paragraph IV certification somehow limits the Federal Circuit's analysis of willful infringement in the ANDA context. In fact, in <u>Glaxo</u>, the court rejected any

distinction based on a certification, explicitly holding that "the mere fact that a company has filed an ANDA application *or certification* cannot support a finding of willful infringement. . . ." Id. at 1350 (emphasis added).[1]

While trying to disregard two written district court opinions directly on point, namely, Allergan, Inc. v. Alcon Inc., No. 05-968 (GMS) (D. Del. July 26, 2005) and Aventis Pharma Deutschland GmbH v. Cobalt Pharms., Inc., 355 F. Supp. 2d 586, 592 (D. Mass. 2005), Plaintiffs seek to draw support from statements made by another judge of this Court during a telephone conference in AstraZeneca A.B. v. Andrx Pharmaceuticals, LLC., No. 04-80 (SLR) (D. Del. Aug. 11, 2004). D.I. 12, at 4-5 & n.1. Respectfully, these statements during a telephone call, without explanation or elaboration, lack the persuasive force of the written opinions in Allergan and Aventis which were supported by an explanation of the courts' legal reasoning and analyses applying binding Federal Circuit authority.[2]

In Allergan, the court struck the claim for willful infringement, relying on Glaxo, and held: "The only act of infringement alleged in [the patentee's] complaint is [the applicant's] allegedly baseless paper NDA [New Drug Application] filing and

---

[1] Indeed, it makes no sense that the certification would be an important distinction given that the relevant statute creating the artificial act of "infringement" makes no reference to such a certification, only to the filing of the ANDA with the purpose of obtaining approval prior to patent expiration. See 35 U.S.C. § 271(e)(2).

[2] In any event, statements by the District Court cannot overrule Federal Circuit precedent. Moreover, Plaintiffs provide no information regarding the facts or posture of AstraZeneca and whether they were at all similar to this case. What is known, however, is that Allergan and Aventis considered the precise allegations Plaintiffs assert here and rejected them as a matter of law under Federal Circuit precedent.

Paragraph IV Certification with the FDA.³ Because a paper NDA filing cannot be considered willful, the [patentee's] complaint does not state any basis under which it could assert a claim of willful infringement." Allergan slip op. at 4.

In Aventis, the District of Massachusetts (in an opinion cited in Barr Labs' Motion but ignored by Plaintiffs) granted judgment on the pleadings in favor of the ANDA applicant despite allegations that the ANDA applicant submitted a baseless certification, and held that: "The only act of infringement alleged in Plaintiffs' amended complaint is [the ANDA applicant's] filing of an ANDA and a paragraph IV certification with the FDA. Because this artificial act of infringement cannot be considered willful, Plaintiffs have averred no facts that can support a finding of willful patent infringement." 355 F. Supp. 2d at 592. Plaintiffs have not cited a single reported decision taking the contrary view.

## II. 35 U.S.C. § 285 IS IRRELEVANT TO BARR LABS' MOTION

The majority of Plaintiffs' Answering Brief is spent on a diversion into the issue of whether attorney fees under 35 U.S.C. § 285 are available in ANDA litigation.⁴ That misses the point. Barr Labs' Motion addresses willful infringement, not the separate issue of what constitutes the "exceptional case" prerequisite for attorney fees under § 285. Barr Labs does not claim that Plaintiffs' assertion of § 285 or their prayer for attorney fees should be stricken as a matter of law. Although, as discussed above, willful

---

³ A "paper NDA," (as opposed to a traditional NDA), is an application under 21 U.S.C. § 355(b)(2) that is similar to an ANDA in that it also provides a mechanism for a company to obtain approval to market a drug without having to conduct full preclinical and clinical trials.

⁴ 35 U.S.C. § 285 is nothing more than an attorney fee provision. It simply states: "The court in exceptional cases may award reasonable attorney fees to the prevailing party."

infringement is not a supportable claim in the ANDA context and, therefore, cannot support an award of attorney fees here, it is well-settled that there are alternate bases for an award of attorney fees in the appropriate case. The Federal Circuit has determined that willful infringement is just one of several things that can make a case "exceptional" for purposes of § 285. Glaxo, 376 F.3d at 1350. Accordingly, a § 285 award of attorney fees need not be based on willful infringement, and Barr Labs' proffered reading of Glaxo does not, despite Plaintiffs' arguments to the contrary, preclude a fee award in an ANDA case. Courts can, and have, properly relied on misconduct other than willful infringement to support such an award.

Indeed, that is precisely what occurred in Yamanouchi Pharmaceutical Co. v. Danbury Pharmacal, Inc., 231 F.3d 1339 (Fed. Cir. 2000). In that case, the district court concluded that the generic company's ANDA filing constituted willful infringement, but the Federal Circuit "did not adopt that rationale on appeal." Glaxo, 376 F.3d at 1350 (discussing Yamanouchi). The court in Glaxo specifically stated that "in Yamanouchi, we did not agree that the generic company had engaged in willful infringement. . . ." Id. Instead, the Federal Circuit in Yamanouchi affirmed a determination that the case was "exceptional" because the ANDA applicant had engaged in litigation misconduct by asserting baseless positions in its ANDA and continuing to maintain baseless positions throughout the litigation. 231 F.3d at 1347 ("Danbury's misconduct in filing a wholly unjustified ANDA certification and misconduct during the litigation that followed warranted the district court's finding that this case was exceptional."). As the Federal Circuit made clear in Glaxo:

> [I]n Yamanouchi, we did not agree that the generic company had engaged in willful infringement, but rather determined that an award of attorney's

fees was permitted because the generic had filed numerous baseless filings supporting its fruitless and meritless arguments, both in its case at trial and in its ANDA certification.

376 F.3d at 1350. Glaxo clarified Yamanouchi, explaining that a claim for willful infringement is unavailable where the only act of infringement is the filing of an ANDA. Moreover, Yamanouchi and Glaxo rejected Plaintiffs' argument that there can be a claim for willfulness where a party files a baseless ANDA certification, instead holding that if a party files a baseless ANDA — which did not occur in this case — that may lead to a determination that a case is "exceptional," but that cannot form the basis for a finding of willful infringement.

Plaintiffs also cite to 35 U.S.C. § 271(e)(4) for the proposition that "Congress specifically contemplated that a party could obtain attorney fees when willful infringement occurs, even when such infringement is based in part on the filing of an ANDA." D.I. 12, at 6. That is simply wrong. It is correct that § 271(e)(4) contemplates that attorney fees pursuant to § 285 may be awarded in an ANDA case. But what makes a case "exceptional" for purposes of § 285 has been defined by the Federal Circuit, not Congress. See Yamanouchi, 231 F.3d at 1346-47 (Sections 271(e)(4) and 285 "authorize[] fee awards" in "exceptional cases," but "[t]his court, in turn, has recognized many varieties of misconduct that make a case exceptional for a fee award"); see also Glaxo, 376 F.3d at 1350. The Federal Circuit's determination that a finding of willful infringement cannot be premised on an ANDA filing does nothing to undermine Congressional intent that attorney fees under § 285 for the "exceptional case" may be awarded in the ANDA context. It merely means that in the ANDA context an exceptional case finding cannot be based on willful infringement, because there is no

such thing as willful infringement in that context. Plaintiffs' arguments directed to § 285 are thus completely beside the point.

### III. PLAINTIFFS' FLAWED WILLFULNESS CLAIM ATTEMPTS TO AVOID THE USUAL STAY OF DISCOVERY ON ATTORNEY FEE CLAIMS

Plaintiffs assert that Barr Labs' Motion "would not achieve anything" and should be denied because it "would in no way foreclose an inquiry into whether this is an exceptional case" under § 285. D.I. 12, at 6-7. While it is true that striking Plaintiffs' willful infringement claim will not foreclose a § 285 inquiry — at the appropriate time if the circumstances so warrant — it will foreclose an inquiry into willful infringement and it will foreclose pre-trial discovery on the legal basis for Barr Labs' ANDA filing and Barr Labs' analysis of the patents-in-suit under the pretext of a claim of willful infringement.

Plaintiffs have included a willfulness claim precisely to try to get at this clearly privileged discovery prior to the time — post-trial — that questions of attorney fees under § 285 are resolved. See D.I. 12, at 7 ("Boehringer should be afforded discovery on the issue of willfulness"). Should it be necessary, discovery on fees under § 285 takes place only *after* a party prevails. 35 U.S.C. § 285 ("court in exceptional circumstances may award reasonable attorney fees to the *prevailing* party") (emphasis added); see also Dow Chem. Co. v. Exxon Chem. Patents, Inc., No. 94-572-SLR, 1996 U.S. Dist. LEXIS 14741, at *17 (D. Del. Sept. 20, 1996) ("Ordinarily, the issue of attorney fees is not decided until the conclusion of the litigation.") (aff'd in part, rev'd in part on other grounds, 139 F.3d 1470 (Fed. Cir. 1998)); Scutellaro v. Walt Disney Co., Civ. A. No. 92-671, 1993 WL 393003 (D. Del. Sept. 24, 1993) (denying discovery relating to attorney fees before judgment on the merits). Plaintiffs, by struggling to

maintain a legally baseless willful infringement claim, seek to supercede the rule that they cannot seek discovery relating to attorney fees unless they prevail on the merits. It is for that precise reason that the Court should resolve this issue at the pleadings stage. See Aventis, 355 F. Supp. 2d at 592 (granting motion for judgment on the pleadings with respect to plaintiffs' claim of willful infringement).[5]

In McNeil-PPC, Inc. v. Proctor & Gamble Co., 138 F.R.D. 136 (D. Colo. 1991), the court expressly considered the question of whether it was appropriate to require a party in a patent case to defend an assertion that the case was a § 285 "exceptional case" by producing attorney-client and work product material *before* a trial on the merits. In McNeil, the defendant asserted that the suit was groundless as the basis for its § 285 claim. The court explained that "the 'exceptional case' issue is *not* equivalent to that of 'willful infringement.'" Id. at 137 (emphasis in original). Likening "exceptional case" to a charge of malicious prosecution, the court explained that "[j]ust as litigation on malicious prosecution is deferred until after trial of the underlying cause is complete, any litigation of the exceptional case issue must also be deferred until after a verdict and after the prevailing party has been determined. Therefore, any election of privilege should be made after the case has been tried and resolved." Id. at 138. Citing to Hickman v. Taylor, 329 U.S. 495 (1947), the court explained that the "protections of the work-product privilege are important and should not be set aside lightly" and requiring a party to elect whether or not to waive the privilege to defend a § 285 request

---

[5]   If Plaintiffs' willful infringement allegation is struck, it will be unnecessary to address any issues of privilege and waiver pre-trial, given that the only relevance of such information, if at all, will be after a trial on the merits.

in advance of a trial on the merits "would destroy the purpose behind the work product and attorney client privileges." Id.

Therefore, Plaintiffs are simply incorrect in asserting that striking their willful infringement allegations "would not achieve anything."

## CONCLUSION

For the foregoing reasons, and for the reasons previously stated, Barr Labs respectfully requests that this Court strike the allegations concerning willful infringement in paragraphs 19, 24, and paragraph lettered "B" on page six of Plaintiffs' Amended Complaint (D.I. 7).

Respectfully submitted,

/s/ Adam W. Poff
_____
Josy W. Ingersoll (#1088)
Adam W. Poff (#3990)
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
*Attorneys for Defendant Barr Laboratories, Inc.*

OF COUNSEL:

Glenn J. Pfadenhauer
Jessamyn S. Berniker
Dov P. Grossman
Brett R. Tobin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, D.C. 20005
(202) 434-5000

Dated: November 21, 2005

## CERTIFICATE OF SERVICE

I, Adam W. Poff, Esquire hereby certify that on November 21, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld, Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>PO Box 1347
>Wilmington, DE 19899-1347

I further certify that on November 21, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY ELECTRONIC MAIL**

>Steven C. Cherny, Esquire
>Latham & Watkins LLP
>885 Third Avenue, Suite 1000
>New York, NY 10022-4834

>Kenneth G. Schuler, Esquire
>Latham & Watkins LLP
>Sears Tower, Suite 5800
>Chicago, IL 60606

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ Adam W. Poff
>Adam W. Poff (No. 3990)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>apoff@ycst.com
>
>Attorneys for Barr Laboratories, Inc.