# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M. STARGATT
BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS

RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
BRENDAN LINEHAN SHANNON
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-6672
DIRECT FAX: 302-576-3301
jingersoll@ycst.com

ATHANASIOS E. AGELAKOPOULOS
LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
CURTIS J. CROWTHER
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
DANIELLE GIBBS
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI

JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
JOHN J. PASCHETTO
ADAM W. POFF
SETH J. REIDENBERG
FRANCIS J. SCHANNE
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
JOHN E. TRACEY
MARGARET B. WHITEMAN
CHRISTIAN DOUGLAS WRIGHT
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN (NY ONLY)
KAREN L. PASCALE
PATRICIA A. WIDDOSS

OF COUNSEL
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

December 22, 2005

**BY ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 N. King Street
Wilmington, DE 19801

> Re:  Boehringer Ingelheim International GmbH et al. v. Barr
> Laboratories, Inc., No. 05-0700 (KAJ) (D. Del.)

Dear Judge Jordan:

    Defendant Barr Laboratories, Inc. ("Barr Labs") respectfully submits the enclosed supplemental authority in support of its Motion to Strike Plaintiffs' Allegations Concerning Willful Infringement (D.I. 9). The submitted authority is a transcript and unpublished order in Ortho-McNeil Pharmaceutical, Inc. v. Mylan Laboratories, Inc., No. 04-1689 (D.N.J.), in which United States District Court Judge Stanley R. Chesler determined that Federal Circuit precedent does not permit allegations of willful infringement in the ANDA context and, consequentially, forecloses discovery on willfulness. Although the authority is dated April 2005, it is not available on Westlaw or Lexis and came to the attention of counsel for Barr Labs only a few days ago.

    Respectfully Submitted,

*Josy W. Ingersoll by Karen L. Pascale (#2903)*

Josy W. Ingersoll (No. 1088)

Young Conaway Stargatt & Taylor, LLP
The Honorable Kent A. Jordan
December 22, 2005
Page 2

cc: Clerk of the Court (by CM/ECF and hand delivery)
     Jack B. Blumenfeld, Esquire (by electronic filing/e-mail)
     Glenn Pfadenhauer, Esquire (by electronic filing/e-mail)
     Kenneth G. Schuler, Esquire (by electronic filing/e-mail)

1

```
 1         UNITED STATES DISTRICT COURT
              DISTRICT OF NEW JERSEY
 2         CIVIL ACTION NO. 3:04-1689 (MLC)

 3

 4  ORTHO-McNEIL PHARMACEUTICAL, INC.,      ORAL ARGUMENT

 5     Plaintiff and
       Counterclaim Defendant,
 6
       vs.
 7
    MYLAN LABORATORIES, INC. and
 8  MYLAN PHARMACEUTICALS, INC.,

 9     Defendant and
       Counterclaim Plaintiffs
10  ——————————————

11              April 18, 2005
                Trenton, New Jersey
12

13

14  B E F O R E:  HONORABLE STANLEY R. CHESLER, USDJ

15

16
    Pursuant to Section 753 Title 28 United States Code, the
17  following transcript is certified to be an accurate record
    as taken stenographically in the above-entitled proceedings.
18

19  JACQUELINE KASHMER
    Official Court Reporter
20

21

22
              JACQUELINE KASHMER, C.S.R.
23              OFFICIAL COURT REPORTER
                    P. O. Box 12
24              Pittstown, NJ 08867
                  (609) 656-2595
25
```

2

```
 1  APPEARANCES:
 2

 3     JENNER & BLOCK
        One IBM Plaza - Suite 4000
 4      Chicago, IL 60611
        BY: HARRY J. ROPER, ESQ.,
 5          AARON A. BARLOW, ESQ.,
            ERIC L. LOHRENZ, ESQ.,
 6      For the Plaintiffs

 7

 8     LOWENSTEIN SANDLER
        65 Livingston Avenue
 9      Roseland, NJ 07068
        BY: JOHN MIDDLETON, ESQ.,
10      For the Plaintiffs

11

12     HELLER EHRMAN WHITE & MCAULIFFE, LLP
        One East Main Street - Suite 201
13      Madison, WI 53703
        BY: DAVID J. HARTH, ESQ.,
14
            and
15
       HELLER EHRMAN WHITE & MCAULIFFE, LLP
16      1666 K Street, NW - Suite 300
        Washington, D.C. 20006
17      BY: SHANNON BLOODWORTH, ESQ.,
        For the Defendants
18

19
       SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC
20      One Gateway Center - 13th Floor
        Newark, NJ 07102-5311
21      BY: ARNOLD B. CALMANN, ESQ.,
            JEFFREY SOOS, ESQ.,
22      For the Defendants

23

24

25
```

3

1  THE COURT: Ortho-McNeil Pharmaceutical vs. Mylan.
2  Can I have appearances by counsel please.
3  MR. ROPER: For Ortho-McNeil, Harry Roper, Aaron
4  Barlow and Eric Lohrenz.
5  MR. MIDDLETON: And also John Middleton from
6  Lowenstein Sandler, your Honor.
7  THE COURT: Good morning.
8  MR. CALMANN: Arnold Calmann, Saiber, Schlesinger,
9  Satz & Goldstein, for the defendants, Mylan, and with, me
10 your Honor, are my co-counsel David Harth and Shannon
11 Bloodworth from the Heller Ehrman firm.
12 THE COURT: Good morning to you. We will first
13 take the motion to dismiss the willful infringement claim
14 I'll hear from counsel for movant.
15 MR. HARTH: Thank you, your Honor. The motion
16 simply asks the Court to apply recent binding Federal
17 Circuit precedent that the filing of an ANDA application or
18 certification cannot support a finding of willful
19 infringement.
20    The Federal Circuit in the Glaxo case held that
21 wilfulness cannot provide the basis for the filing of an
22 ANDA certification, cannot provide the basis for a
23 wilfulness claim.
24    The plaintiffs here have contended that Glaxo does
25 not apply because in that case the defendant had not filed a

4

1  Paragraph 4 certification, which is what happened here, but
2  the Federal Circuit crafted its holding in Glaxo
3  specifically to cover Paragraph 4 certifications.
4      In that case the Federal Circuit held, quote, "The
5  mere fact that a company has filed an ANDA application or
6  certification cannot support a finding of willful
7  infringement for the purpose of awarding attorney's fees
8  pursuant to 35 U.S.C. Section 271", and the Federal Circuit
9  did so on the basis of the Yamanouchi case, which was a
10 Paragraph 4 certification.
11     Since the Federal Circuit's decision in Glaxo, the
12 precise issue that's presented here was decided by the
13 District of Massachusetts in Aventis vs. King
14 Pharmaceuticals, and prior to the last hearing we had sent
15 Judge Cooper a letter with that case. Is that in the
16 Court's file?
17     THE COURT: I do have the Aventis vs. Cobalt
18 Pharmacy.
19     MR. HARTH: Well, Aventis rejected the very
20 argument that Ortho-McNeil is making here holding that the
21 words "or certification" in the Federal Circuit's Glaxo
22 decision was not mere surplusage, that it did cover
23 Paragraph 4 certification cases, and for that reason there
24 could be no willfulness claim in a Paragraph 4 certification
25 case, either.

5

1    We think that the District of Massachusetts got it
2  right. We think that the Federal Circuit's language is
3  unambiguous in that regard and for that reason, the
4  willfulness claim should be dismissed.
5        THE COURT: Let me hear from counsel for the
6  plaintiffs.
7        MR. ROPER: Harry Roper for the plaintiffs, your
8  Honor. I think that our position on this Glaxo case is not
9  controlling. This has not been definitively ruled upon by
10 the Federal Circuit because in Glaxo there was no Paragraph
11 4 certification.
12       Here our whole contention is that the Paragraph 4
13 certification is so baseless and the lawsuit is so baseless
14 that the infringement which is virtually admitted is
15 willful.
16       The Massachusetts case that they cite, of course,
17 is not precedential because the Federal Circuit hasn't ruled
18 on it. So, that being said, your Honor, this is a bench
19 trial. I think this law may develop further in the Federal
20 Circuit and my suggestion is that your Honor defer this
21 entire thing and we see how that law develops.
22       Basically, our contention here is that in light of
23 this case, we are entitled to attorney's fees one way or the
24 other in this case and either it's willful infringement or
25 it's under the statute and we are entitled to them. And we

6

1  are entitled to discovery. Whether that discovery gets
2  bifurcated or not is not important. But I think
3  fundamentally we don't see any reason why there can't be a
4  willful infringement case in ANDA litigation.
5     THE COURT: So, your argument is that the Fed
6  Circuit's opinion in Glaxo vs. Apotex, where they say,
7  quote, "Consequently, as suggested by Yamanouchi, we now
8  hold that the mere fact that a company has filed an ANDA
9  application or certification cannot support a finding of
10 willful infringement for purposes of awarding attorney's
11 fees pursuant to 35 U.S.C. Section 271(e)(4). The Supreme
12 Court has emphasized that 35 U.S.C. Section 271(e)(2) and 35
13 U.S.C. Section 271(e)(4) create a 'artificial act of
14 infringement' only for a 'very limited and technical
15 purpose' that relates only to certain drug applications."
16    MR. ROPER: Two reasons.
17    THE COURT: Why would a poor soul like me working
18 in the trenches conclude that the Federal Circuit didn't
19 mean what they said there?
20    MR. ROPER: They did mean what they said there.
21    THE COURT: Okay.
22    MR. ROPER: And they say the mere fact that you
23 filed ANDA, that's different than filing a baseless ANDA,
24 number one, and it's certainly different than filing a
25 baseless Paragraph 4 certification, which they didn't even

7

1  deal with in that case, so, our facts are different than
2  Glaxo for those two reasons, your Honor.
3      THE COURT: Okay. I must tell you that as
4  interesting as I find your argument, I find that it goes
5  fundamentally against the underlying rationale of the Fed
6  Circuit's decision in the Glaxo case.
7      Their emphasis was on the fact that this whole
8  Hatch-Waxman process exists for a very limited purpose of
9  creating a technical infringement so that a case or
10 controversy under the Constitution can exist whereby United
11 States district courts and other folk who decide these cases
12 can actually decide whether or not the proposed generic
13 drug, if manufactured, would infringe. And as I read the
14 Glaxo case, it's saying where the whole reason that we, in
15 fact, permit a case to go forward as an infringement case
16 because of this technical infringement is to permit the
17 matter to be decided before the drug gets on the market;
18 that the mere filing of that ANDA application or
19 certification can't constitute a willful infringement.
20     What the court in Glaxo makes clear, as I
21 understand, is that doesn't mean that the plaintiff can't
22 apply for attorney's fees but they're not applying for
23 attorney's fees on the basis of a willful infringement.
24 They're applying for attorney's fees on the basis of it
25 being, I believe it would be an extraordinary case. Is that

8

1　correct?

2　　　MR. ROPER: Yes, your Honor, that's correct.

3　　　THE COURT: And as I understand it, in Glaxo they

4　said, go ahead, go for it under that standard but not under

5　a willful infringement standard. Correct?

6　　　MR. ROPER: Yes, your Honor. Except that they

7　didn't deal, as I said, with the specific facts that we have

8　here.

9　　　THE COURT: Go ahead. I'm sorry.

10　　　MR. ROPER: And your Honor, and indeed, as I said,

11　that our only position here is to preserve our right to seek

12　those attorney's fees one way or the other and, to be quite

13　frank, your Honor, if your Honor would permit, we would

14　withdraw the actual wilfulness claim as long as we're

15　permitted to continue to seek discovery and continue to

16　pursue the claim under the statute.

17　　　THE COURT: Well, there's no doubt that you can

18　seek to pursue attorney's fees under an extraordinary case

19　standard, I must tell you, all right, but -- and I

20　understand exactly where you're going, all right, and the

21　short answer is no. Okay.

22　　　I will tell you, if the issue is can we engage in

23　all sorts of discovery for a willful infringement standard

24　because -- let me put it this way -- because if willful

25　infringement stays in the case, then they're going to assert

9

1  a defense of reasonable reliance of advice of counsel and
2  then we can say we get the right to take a look at all your
3  opinion letters and so on and so forth because there's a
4  reliance on advice of counsel defense. Correct?
5      MR. ROPER: Your Honor, can I make a comment on
6  that specifically?
7      THE COURT: Yes.
8      MR. ROPER: It's a good point. Your Honor, there
9  is a dispute right now, a discovery dispute with regard to
10 whether we are entitled to get their counsel's opinion for
11 this reason; that during testimony there was a lot of -- I
12 don't want to argue the motion to get the opinion --
13     THE COURT: That's good because the magistrate
14 judge is going to be hearing that particular application.
15     MR. ROPER: And we are going to present -- and we
16 will present that to her. It's been discussed by the
17 parties but we are going to be presenting it to her and
18 that's for that. So, and we are satisfied to live with that
19 ruling.
20     I'm not seeking anything other than that. We would
21 be happy to live with that ruling without regard to
22 wilfulness, simply with regard to waiver.
23     THE COURT: Okay. First, I'm satisfied that
24 Glaxo's language is not mere surplusage and to the extent
25 that the Glaxo opinion contains the word "or certification"

10

1   is dicta. The Court will regard it as dicta which gives a
2   very clear and forceful direction to the district court as
3   to how the Federal Circuit views this particular claim.
4       The Court is satisfied that the Glaxo opinion of
5   the Fed Circuit, indeed, as interpreted by U.S. District
6   Court for the District of Massachusetts in Aventis Pharma
7   Deutschland GMBH and King Pharmaceuticals vs. Cobalt
8   Pharmaceuticals reported at 2005 Westlaw 289835, in fact,
9   correctly interprets Glaxo and the willful infringement
10  claim is dismissed. Okay.
11      And by the way, what I was saying is that I
12  sometimes sit and for some reason I'm amazed at what is
13  almost a prurient interest which patent counsel have in
14  looking at the opinions of each other and while I understand
15  the curiosity, the Court nevertheless does not have to
16  encourage it. Okay.
17      MR. ROPER: Thank you, your Honor.
18      THE COURT: Now, we've got a motion for summary
19  judgment. Correct?
20      MR. HARTH: We do, your Honor.
21      THE COURT: All right. And in the first instance
22  that hinges on a Markman interpretation. Correct?
23      MR. HARTH: Yes, your Honor.
24      THE COURT: Okay. Let me hear you.
25      MR. HARTH: This basically is the Markman part of

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ORTHO-McNEIL PHARMACEUTICAL, INC., : Plaintiff : v. : MYLAN LABORATORIES, INC., et al., : Defendants. : | Hon. Stanley R. Chesler Civil Action No. 04-1689  ORDER |

CHESLER, U.S. District Court Judge

THIS MATTER comes before the Court upon Defendants' Motion for Judgment on the Pleadings Dismissing Plaintiff's Claim of Willfulness (docket item #16), and Defendants' Motion for Summary Judgment of Non-Infringment(docket item #22). The Court having considered the papers submitted by the parties, having heard oral argument, and for the reasons set forth in the record of oral argument on April 18, 2005;

IT IS on this 18th day of April 2005:

ORDERED that Defendants' Motion to Dismiss Plaintiff's Claim of Willfulness is GRANTED; and it is further

ORDERED that judgment is RESERVED on Defendants' Motion for Summary Judgment; and it is further

**ORDERED** that the parties are directed to contact the Court to schedule a Markman hearing.

```
          s/
STANLEY R. CHESLER
U.S. District Court Judge
```