## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BOEHRINGER INGELHEIM
INTERNATIONAL GMBH and BOEHRINGER )
INGELHEIM PHARMACEUTICALS, INC., )
                            Plaintiffs, )
       v.                               )     C.A. No. 05-700 (KAJ)
                                  )     CONSOLIDATED
BARR LABORATORIES, INC. )
                        Defendant. )
                                    )
_____ )
                                    )
BOEHRINGER INGELHEIM )
INTERNATIONAL GMBH and BOEHRINGER )
INGELHEIM PHARMACEUTICALS, INC., )
                            Plaintiffs, )     C.A. No. 05-854 (KAJ)
       v.                               )
MYLAN PHARMACEUTICALS INC., )
                        Defendant. )
                                    )

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Boehringer Ingelheim International GMBH, Boehringer Ingelheim Pharmaceuticals, Inc. (collectively "Boehringer"), Barr Laboratories, Inc. ("Barr") and Mylan Pharmaceuticals, Inc. ("Mylan") (collectively the "parties"), have agreed that certain information subject to discovery in this action may be claimed to contain proprietary or confidential trade secret, technical, business, or financial information of the producing party or applicable non-party within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure (collectively "Protected Information"). To facilitate discovery in this action, the parties accordingly stipulate, subject to the approval of the Court, to the following Stipulated Protective Order:

1

1.     <u>Designation of Protected Information</u>

(a)     The term "Designating Party" means the party or person designating documents or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order. The term "Designating Party" is defined to include parties as well as non-party persons or entities subject to discovery in this action.

(b)     With respect to such Protected Information that has been or will be sought or produced during discovery, the Designating Party may identify or otherwise designate such matter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

(c)     Information, documents, and things that a Designating Party in good faith believes constitutes or contains proprietary or confidential trade secret, technical, business, and financial information may be designated as "CONFIDENTIAL." The parties will use reasonable care to avoid designating any documents or other information as "CONFIDENTIAL" for which the Designating Party does not have a good faith belief that the documents or information satisfy the criteria set forth in this subparagraph 1(c).

(d)     Information, documents and things that a Designating Party in good faith believes constitutes or contains current research and development information or competitively sensitive information, the disclosure of which to another party to this litigation can reasonably be expected to lead to competitive harm to the Designating Party, may be designated as "HIGHLY CONFIDENTIAL." Use of this highly restrictive designation is limited to information of the highest competitive sensitivity, and the parties will use reasonable care to avoid designating any documents or other information as "HIGHLY CONFIDENTIAL" for which the Designating Party does not have a good

2

faith belief that the documents or information satisfy the criteria set forth in this subparagraph 1(d). Only documents that fall into one of the following categories may be designated "HIGHLY CONFIDENTIAL":

(1) sensitive financial information;

(2) business plans;

(3) ongoing development efforts;

(4) New Drug Applications, Abbreviated New Drug Applications, Investigational New Drug Applications, Drug Master Files, and information contained in such applications and files; and

(5) information that constitutes a trade secret;

(6) other extremely sensitive information that the Designating Party, in good faith, believes should be so designated.

(e) Any copies of documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," abstracts, summaries, or information derived therefrom, and any notes or other records regarding the contents thereof, may also be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and the same terms regarding confidentiality of these documents and materials shall apply as apply to the originals.

(f) Designations of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall constitute a representation that such information has been reviewed by an attorney for the Designating Party and that there is a valid basis for such designation.

(g) Paragraphs 10 and 11 describe the procedure for designating deposition testimony and documents filed in court as "CONFIDENTIAL" or "HIGHLY

3

CONFIDENTIAL." However, those paragraphs do not affect the scope of what may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as set forth in subparagraphs 1(c) and 1(d).

2.    Uses of Protected Information. No person shall use any Protected Information, or information derived therefrom, for purposes other than the prosecution or defense of this action. This paragraph also incorporates by reference all other restrictions on the use and disclosure of Protected Information as set forth in this Stipulated Protective Order.

3.    Identification of Documents and Things.

(a)    All documents and things produced in discovery by each Designating Party shall bear identifying numbers when a copy or copies are produced to a party in this action ("Discovering Party"). The identity of the Designating Party shall be clearly identified by identifying numbers and/or letters stamped or printed on the documents or things pursuant to this Paragraph 3. All documents and things that contain "CONFIDENTIAL" information shall be designated by conspicuously affixing a legend in the form of "CONFIDENTIAL" on every page. All documents and things that contain "HIGHLY CONFIDENTIAL" information shall be designated by conspicuously affixing a legend in the form of "HIGHLY CONFIDENTIAL" on every page.

(b)    Prior to producing documents for inspection, counsel for the producing party may orally or in writing designate documents being produced for inspection as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, thereby making them subject to this Stipulated Protective Order; however,

any copies of such documents must be marked by the Designating Party in accordance with subparagraph 3(a) at the time copies are provided.

    4.   "HIGHLY  CONFIDENTIAL"  Information  -  Permitted  Disclosure. Information, documents and things designated as "HIGHLY CONFIDENTIAL" by a Designating Party in accordance with Paragraph 1, shall not be disclosed, given, shown, made available or communicated in any way, directly or indirectly, by the Discovering Party to anyone other than the following persons:

        (a)    the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

        (b)    the outside attorneys for the parties in this action as specifically set forth below and any other counsel for a party that appears in this action, and photocopy services personnel retained by counsel, their respective legal assistants, law clerks, stenographic and clerical employees whose duties and responsibilities require access to such materials;

Attorneys for Boehringer:
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022
(212) 906-1200

LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL 60606
(312) 876-7700

LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

Attorneys for Barr:
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600

WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

KELLEY DRYE & WARREN LLP
333 West Wacker Drive, 26th Floor
Chicago, IL 60606
(312) 857-7070

Attorneys for Mylan:
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue 10th Floor
Wilmington, DE 19801
(302) 888-6800

HELLER EHRMAN LLP
One East Main Street, Suite 201
Madison, WI 53703
(608) 663-7460

HELLER EHRMAN LLP
1717 Rhode Island Avenue, NW
Washington, DC 20036
(202) 912-2000

    (c)    the following in-house counsel of the parties, provided that any such employees (i) are not currently, and (ii) will not be until the termination of this

litigation, involved in patent prosecution relating to pramipexole, and agree not to be involved in such for a period of two years following termination of this litigation:

|  |  |
|---|---|
| For Boehringer: | Mike Morris, Esq. |
|  | Tim Witkowsksi, Esq. |
| For Barr: | Frederick J. Killion, Esq. |
|  | Shannon T. Klinger, Esq. |
| For Mylan: | Stuart A. Williams, Esq. |
|  | Jill M. Ondos, Esq. |
|  | Brian S. Roman, Esq. |

       As a condition precedent to disclosure of Protected Information to any persons described in this subparagraph (c), he or she must sign the Declaration and Agreement to be Bound attached hereto as Exhibit A. Outside counsel shall maintain a file of all such Declarations until the conclusion of the litigation. The parties shall have the right to substitute new attorneys in their respective employ for existing in-house counsel, provided that the previous attorney or attorneys are no longer in the employ of the respective party and provided that the substituted attorneys meet the criteria and comply with the procedures set forth in this subparagraph (c). To the extent that any such attorney is substituted, the opposing party shall be notified of the identity of the in-house counsel who left the party's employ and the identity of the substitute in-house counsel no less than 5 business days before such substituted attorney(s) are allowed access to Protected Information. This subparagraph (c) may be expanded by mutual agreement in writing by counsel for Boehringer, Barr and Mylan.

(d)    any person who authored the designated document or who is listed on the face of the designated document as an author, sender, addressee, recipient or copyee;

(e)    outside consultants or independent experts who are not current employees of any party in this matter and who have been retained by counsel for one of the parties for the sole purpose of providing expert consultation or testimony in this action or otherwise to assist in the preparation of this action for trial, (each referred to herein as an "Expert"), but such disclosure shall be subject to the requirements of Paragraph 7 below;

(f)    court reporting and deposition videography services and other third party vendors who provide jury consulting, document management, document copying, database, graphics or other litigation support services in connection with this action.

5. "CONFIDENTIAL" Information - Permitted Disclosure. Information and things designated as "CONFIDENTIAL" by a Designating Party in accordance with Paragraph 1, shall not be disclosed, given, shown, made available or communicated in any way, directly or indirectly, by the Discovering Party to anyone other than the following persons:

(a)    all of the persons and entities listed in paragraph 4 to whom "HIGHLY CONFIDENTIAL" information may be disclosed; and

(b)    any person who authored the designated document or who is listed on the face of the designated document as an author, sender, addressee, recipient or copyee.

6.    <u>Recipients of Protected Information</u>.

(a)    Protected Information shall be maintained by the Discovering Party under the overall supervision of outside counsel. The attorneys of record for the parties shall exercise best efforts to ensure that the information and documents governed by this Stipulated Protective Order are (i) only used for the purposes set forth herein, and (ii) disclosed only to authorized persons. Moreover, any person in possession of Protected Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Protected Information in order to ensure that the confidential, restricted or highly confidential nature of the same is maintained.

(b)    All individuals to whom Protected Information is to be disclosed shall be instructed that Protected Information may not be used other than in the prosecution or defense of this litigation, and may not be disclosed to anyone other than those persons authorized by this Stipulated Protective Order. Counsel for all parties other than the Designating Party shall take reasonable steps to ensure adherence to the terms and conditions of this Stipulated Protective Order by their respective employees.

7.    <u>Requirements for Disclosure to Experts.</u> The following provisions shall apply to the disclosure of Protected Information to an Expert pursuant to Paragraphs 4(e) and 5(a) above:

(a)    Not less than five (5) business days prior to the disclosure of Protected Information to an Expert, the party contemplating such disclosure shall give written notice to the Designating Party. The required Notice shall include at least the following information: the full name and business address of the person to whom the party proposes to make disclosure; the person's curriculum vitae, resume, or other

document identifying, at a minimum, the person's post-secondary educational degrees, current employer and title/position, and any titled positions currently held by such person with industrial or trade organizations; identification of each of the person's employers, positions with such employers, and consulting clients over the preceding ten (10) years; and a list of the cases in which the Expert has testified at deposition, at a hearing, or at trial within the preceding five (5) years. Identification of a person pursuant to this paragraph 7 shall not, itself, give rise to a right to depose the person as an expert or consultant.

(b)    Such Expert shall acknowledge in writing, by signing the Confidentiality Undertaking attached hereto as Exhibit A, that he or she has been informed of this Stipulated Protective Order, that he or she has been provided with a copy thereof, and that he or she fully understands and agrees to his or her obligations pursuant to this Stipulated Protective Order; that he or she fully understand that the intentional or willful violation of the terms of the Stipulated Protective Order constitutes violation of a Court order and may subject him or her to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party. A copy of such Confidentiality Undertaking shall be served on counsel for the Designating Party.

(c)    If the Designating Party does not object in writing within five (5) business days after service of the written notice and Confidentiality Undertaking, disclosure of the Confidential Information to such individual may occur. If the Designating Party objects to the proposed disclosure, whether in whole or in part, the Designating Party shall fully state the reason(s) for its objection(s) in writing at the

time the objection is made. If the Designating Party objects to the proposed disclosure, the parties shall meet-and-confer within five (5) business days in a good faith attempt to resolve any challenge on an expedited and informal basis. If the parties are unable to resolve the dispute expeditiously and informally, the Designating Party shall apply for appropriate ruling(s) from the Court no later than seven (7) business days after the service of its objections to the proposed disclosure. The Designating Party shall apply for appropriate ruling(s) from the Court by following Section 3(f) of this Court's January 31, 2006 Scheduling Order. Failure to apply for appropriate ruling(s) from the Court in a timely fashion shall constitute waiver by the Designating Party of its objections and approval of the proposed disclosure. Notwithstanding the Designating Party's obligation to seek appropriate ruling(s) from the Court, the party proposing to make the disclosure also may seek appropriate ruling(s) from the Court. No party shall oppose a application made pursuant to this subparagraph on the ground that the application is made on an expedited basis. While any such timely filed application is pending, and during the interim between a timely filed objection and the timely filing of a corresponding application, the party seeking to make the proposed disclosure shall refrain from so doing. The Designating Party shall bear the burden of demonstrating that disclosure of the Protected Information to the proposed non-party expert or consultant would prejudice the Designating Party.

8.    Non-Testifying Experts. To the extent a designated individual to whom Protected Information may be disclosed pursuant to subsections 4(e) and 5(a) of this Stipulated Protective Order is or may be a non-testifying Expert consulted by counsel, the following provisions are applicable:

11

(a)    No party will be deemed to have waived any privilege by disclosing the name of a non-testifying Expert to whom counsel intends to show Protected Information.

(b)    No non-testifying Expert disclosed pursuant to paragraph 7 will be subject to deposition or subpoena as a witness at trial based solely on the fact that he/she was the subject of such disclosure. This provision is not intended to preclude the deposition or trial testimony of any individual whom a party believes in good faith has pre-existing independent knowledge of facts relevant to the case.

(c)    The identity of a non-testifying Expert disclosed pursuant to paragraph 7 may be disclosed to counsel and employees of the opposing party or parties only to the extent necessary to determine if an objection to the proposed disclosure is warranted.

(d)    Nothing in this paragraph 8 is intended to limit discovery of or with regard to Experts who produce reports in this case in anticipation of testifying at trial.

(e)    Nothing in this paragraph 8 is intended to modify Federal Rule of Civil Procedure 26(b)(4)(B).

9.    Designation of Interrogatory Answers or other Written Discovery Responses.  In the case of interrogatory answers or other written discovery responses disclosing Protected Information, designation shall be made by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of such answer in the same manner as the underlying documents or information, or next to the case caption

on the face page of such answer designating those portions of the answer which are "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

     10.   <u>Designation of Deposition Testimony</u>. For depositions taken in this litigation, a party may designate specific portions of the testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by indicating on the record at the deposition the specific testimony which contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information that is to be made subject to the provisions of this Order or, alternatively, by notifying all parties in writing within thirty (30) calendar days of the Designating Party's receipt of the official transcript, of the specific pages and lines of the transcript that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information. Until such thirty (30) calendar days have expired or until receipt of the notice referred to in this paragraph 10, whichever occurs sooner, the entire transcript shall be treated as having been designated "HIGHLY CONFIDENTIAL." At the expiration of the said thirty (30) calendar day period, unless written designations have been provided, the entire transcript shall be deemed non-confidential.

     Notwithstanding the foregoing, any individual described by Local Rule 30.3 may attend a deposition at which Protected Information may be disclosed. In the event that such individual is not authorized to receive Protected Information under paragraphs 4 or 5, the Designating Party shall have the right to exclude such persons from the deposition only during the period any Protected Information is disclosed or discussed, and the Designating Party must designate on the record at the deposition that specific testimony or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

information and indicate on the record at the deposition that such testimony or information is subject to the provisions of this Stipulated Protective Order.

11.    Designation of Documents Filed in Court.

(a)    Any discovery papers, including deposition transcripts, exhibits or other documents, and any court documents such as briefs or motions, to be filed with the Court and that include Protected Information shall be sealed in an envelope and accompanied by a cover sheet that includes the following: (i) the caption of the case, including the case number; and (ii) the title "CONFIDENTIAL, FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER." This paragraph shall not prevent a second copy of any such pleading or other document specifically intended for review by the Court from being hand-delivered to chambers to assure prompt attention hereto, so long as reasonable safeguards are observed to maintain the confidentiality of the documents.

(b)    The parties agree that all papers or documents containing Protected Information shall be filed with the Court in accordance with CM/ECF procedures for filings under seal.

12.    Use of Protected Information in Examining Witnesses. Protected Information produced by a party may be utilized in examining or cross-examining any witness in deposition or at trial who either (i) is authorized to be shown the Protected Information pursuant to paragraphs 4 or 5; (ii) is a current employee of the party producing such Protected Information, or a representative of that same party; or (iii) is a former employee of the party producing such Protected Information so long as the witness is either authorized to see the Protected Information under paragraphs 4 or 5, or was (either at the time of the creation of the Protected Information or the commencement

of this action) employed by the Designating Party and reasonably likely to have had prior

legitimate access to the document or the information contained therein, during his

or her employment with the Designating Party.

    13.    <u>Limitations on Restrictions</u>.

    (a)    The restrictions of this Stipulated Protective Order shall not apply

to any Protected Information which in the future (i) is deemed (either by agreement of the

parties or by order of the Court) to be no longer entitled to protection under this Order,

(ii) is made known to the Discovering Party on a non-confidential basis by the

Designating Party, (iii) is otherwise subsequently and lawfully made known to the

Discovering Party on any basis by any source other than the Designating Party, which

source is completely independent of the Discovering Party, or (iv) is used as an exhibit in

Court (unless such exhibit was filed under seal or protected from public disclosure);

further, said restrictions shall not apply to any information which the Discovering Party

shall establish was already lawfully known to it at the time of disclosure, or has been or

becomes a matter of public knowledge, or publicly available, subsequent to disclosure

through no act or fault of the Discovering Party, or any agent or representative of said

party.

    (b)    Nothing in this Stipulated Protective Order shall preclude any

party or its counsel of record from disclosing or using, in any manner or for any purpose,

any information or documents from the party's own files which the party itself has

designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

    14.    <u>Providing Legal Advice</u>.  Subject to the provisions of paragraph 2, nothing

in this Stipulated Protective Order shall bar or otherwise restrict any outside counsel or

persons who are employed as in-house counsel for a party from discussing this action and/or rendering legal advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of Protected Information, provided, however, that in rendering such advice and in otherwise communicating with his or her client, such person shall not make any disclosure of Protected Information to any person not entitled to have access to it.

15.    <u>Prohibited Use of Protected Information</u>.    Subject to the provisions of paragraphs 13 and 14, regardless of the classification of document and things as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," any Protected Information produced by either party in connection with this litigation, and any information contained therein, may not be used by a Discovering Party for any reason other than the prosecution or defense of this litigation, without the prior, express written consent of the Designating Party. By way of example and not of limitation, a Discovering Party may not use Protected Information of a Designating Party in connection with business or marketing efforts, or any press releases, press announcements or news conferences, without the prior, express written consent of the Designating Party. Any person receiving Protected Information shall not disclose it to any person who is not entitled to receive such information under this Order. If Protected Information is disclosed to any person who is not entitled to receive such information under this Order, the person responsible for the disclosure will inform counsel for the Designating party and make a reasonable good faith effort to retrieve such material and to prevent further disclosure of it by the person who received such information.

16.    <u>Limited Intent of Stipulated Protective Order</u>.

(a)    It is not the intention of this Stipulated Protective Order to deal with any discovery objection to produce, answer or respond, including those on the grounds of attorney client privilege or work product doctrine.

(b)    This Stipulated Protective Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the agreement of the parties, nor the designation of any information, document, or the like as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

17.    <u>Challenging a Designation</u>.  At any time, the Discovering Party may notify the Designating Party, in writing, of an objection to the designation of certain information, documents or things by identifying each document or thing which the party contends is not protectable as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and stating why it believes each document or thing is not protectable. No later than ten (10) business days after the Designating Party's receipt of such notice, the parties shall meet and confer in a good faith attempt to resolve any challenge on an expedited and informal basis.  If the parties are unable to reach an agreement on the disputed confidentiality designation, the Discovering Party may apply to the Court for an Order removing such designation, and the Designating Party shall respond with its reasons for making the designation.  The Designating Party shall apply for appropriate ruling(s) from the Court by following Section 3(f) of this Court's January 31, 2006 Scheduling Order. The party claiming confidentiality shall bear the burden of establishing the confidential nature of the information. Until a determination by the Court, the information in issue shall be

treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information subject to the terms of this Order. Any failure to object to any material being designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not be construed as an admission by any party that the material constitutes or contains a trade secret or other confidential information.

18.    Inadvertent Disclosure.  Information produced without the designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may be so designated subsequent to production if the Designating Party provides replacement materials bearing appropriate designations and notifies the Discovering Party promptly after becoming aware of same that the Designating Party failed to make such designation at the time of production. Upon receipt of any such re-designation, the Discovering Party promptly shall collect all copies of the documents and either (a) return them to the Designating Party or (b) certify in writing that they have been destroyed and take reasonable steps to prevent any further dissemination of the Protected Information.

19.    Recall of Inadvertently Produced Privileged Information.  The inadvertent or unintentional disclosure by a Designating Party of information subject to a claim of attorney client privilege or work product immunity shall not be deemed a waiver in whole or in part of the claim of privilege or work product immunity, either as to the specific information disclosed or as to any other information relating thereto. If a Designating Party has inadvertently produced or disclosed documents or information subject to a claim of immunity or privilege, the Discovering Party, upon written request, shall promptly return the inadvertently produced documents and information, and all copies thereof that may have been made. The Discovering Party may apply to the Court for an

order compelling production of such information: (1) on grounds other than waiver by its earlier production, or (2) on grounds that the Designating Party did not act promptly to request return of the documents subject to a claim of privilege upon discovering the inadvertent production and that return of the documents would unfairly prejudice the Discovering Party.  Within five (5) business days of the Discovering Party's receipt of the written request to return the documents, the Discovering Party must either (1) move the Court for an order compelling production of such information and file under seal with the Court any remaining copies of the documents in its possession, or (2) return all copies of the documents in its possession to the Designating Party.

20.    Applicability to Third Parties.  The terms of this Stipulated Protective Order shall be applicable to any third party who produces information which is designated by such third party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Nothing in this paragraph permits a party to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any information produced in this litigation by a third party which that third party did not itself designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," unless the third party has confidential information of a party that it is legally obligated to maintain as confidential.

21.    Termination of This Action.

(a)    All provisions of this Stipulated Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all persons who have received information under this Stipulated Protective Order, after the conclusion of this action, including all appeals until further Order of the Court except (i) that there shall be no restriction on documents that are used as exhibits in Court

19

(unless such exhibits were filed under seal or protected from public disclosure); and (ii) that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Stipulated Protective Order.

(b)    Within sixty (60) calendar days after final disposition of this litigation, including all appeals therefrom, all Protected Information, copies of Protected Information, and all excerpts therefrom, in the possession, custody or control of the parties other than the Designating Party shall be verified as destroyed or returned to counsel for the Designating Party.  Notwithstanding the foregoing, outside counsel for each party shall be entitled to retain one complete and unredacted set of all filings, court papers, deposition and trial transcripts, deposition and trial exhibits, and attorney work product (regardless of whether such materials contain or reference Protected Information for archival records), provided that such outside counsel, and employees and agents of such outside counsel, shall not use or disclose any Protected Information contained or referenced in such materials to any person except pursuant to court order or agreement with the Designating Party.  The Court retains exclusive jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Stipulated Protective Order.

22.    <u>Other Proceedings</u>.  By entering this Stipulated Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Order shall promptly notify that party of the motion

so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

23.     Amendments to this Order.  This Order is without prejudice to the right of any party to seek amendment of this Order, or to otherwise seek relief from the Court, upon good cause shown, from any of the restrictions contained herein, or to seek additional protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure or the Court's Local Rules.

24.     Interim Applicability.  Until such time as this Stipulated Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

DONE AND ORDERED THIS _____ day of _____, 2006.


_____
U.S.D.J.

SO STIPULATED:

Date: February 23, 2006

*/s/ Jack B. Blumenfeld*

_____
Jack B. Blumenfeld (#1014)
Maryellen Norieka (#3208)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

Of counsel:
Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022
(212) 906-1200

Kenneth G. Schuler
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL 60606
(312) 876-7700
*Attorneys for Boehringer Ingelheim*
*International GMBH and Boehringer*
*Ingelheim Pharmaceuticals, Inc.*

Date: February 23, 2006

*/s/ Adam W. Poff*

_____

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Adam W. Poff (#3990)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600

Of counsel:
Glenn J. Pfadenhauer
Jessamyn S. Berniker
Dov Grossman
Brett Tobin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
*Attorneys for Barr Laboratories, Inc.*

Date: February 23, 2006

*/s/ Mary B. Matterer*

_____

Mary B. Matterer (#2696)
MORRIS, JAMES, HITCHENS &
WILLIAMS LLP
222 Delaware Avenue 10th Floor
Wilmington, DE 19801
(302) 888-6800

Of counsel:
David J. Harth
HELLER EHRMAN LLP
One East Main Street, Suite 201
Madison, WI 53703
(608) 663-7460

Shannon M. Bloodworth
HELLER EHRMAN LLP
1717 Rhode Island Avenue, NW
Washington, DC 20036
(202) 912-2000
*Attorneys for Mylan Pharmaceuticals, Inc.*