IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 05-700 (KAJ) CONSOLIDATED |
| v. | ) ) | |
| BARR LABORATORIES, INC., | ) ) | |
| Defendant. | ) ) | |
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 05-854 (KAJ) |
| v. | ) ) | |
| MYLAN PHARMACEUTICALS INC., | ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' OPPOSITION TO
DEFENDANT MYLAN PHARMACEUTICALS INC.'S
MOTION FOR REARGUMENT AND/OR RECONSIDERATION**

Plaintiffs Boehringer Ingelheim International GmbH and Boehringer Ingelheim Pharmaceuticals, Inc., ("Boehringer" or "Plaintiffs") hereby oppose the motion of Defendant Mylan Pharmaceuticals Inc. ("Mylan" or "Defendant") for Reargument and/or Reconsideration ("Mylan's Motion"). Reargument and/or reconsideration should not be granted for the following reasons.

1. First, motions for reconsideration are granted sparingly and only in limited circumstances, and should not be used to restate arguments already briefed. *See Dentsply Int'l. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999). Similarly, a motion for reargument, under Local Rule 7.1.5, can only be granted in one of three circumstances: (a) "where the Court has patently misunderstood a party," (b) "[where the Court] has made a decision outside the adversarial issues presented to the Court by the parties," or (c) "[where the Court] has made an error not of reasoning but of apprehension." *Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998) (quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). A guiding principle in applying the limitations on reargument under Local Rule 7.1.5 is that a motion for reargument can never be allowed to encourage "a never ending polemic between litigants and the Court." *Pirelli Cable Corp. v. Ciena*, 988 F. Supp. 424, 446 (D. Del. 1998) (citations omitted).

2. Mylan has not met the exacting standards for such a motion. Indeed, by repeating its contention that "as a matter of law, Mylan has not committed any act of infringement that can be considered willful" (Mylan Motion at 2), Mylan has done nothing more than rehash the arguments it made in its Motion to Strike. Mylan's motion should be denied. *See Schering*, 25 F. Supp. 2d at 295.

3. Mylan's corollary argument that "[b]ecause Mylan's Paragraph IV certification is at issue, Mylan may have little choice but to rely on its attorneys' opinions and work product to defend against such allegations" (Mylan's Motion at 2-3), likewise is without merit. The choice confronting Mylan is no different than that faced by a defendant in any other patent case involving the question of whether the matter is "exceptional" pursuant to 35 U.S.C. § 285. The

handful of discovery requests cited by Mylan are properly directed at whether Boehringer is entitled to an award of attorneys' fees under 35 U.S.C. § 271(e)(4).

4.   Moreover, "Mylan's Paragraph IV certification is at issue" because, as the Federal Circuit emphasized in *Yamanouchi Pharm. Co. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1347 (Fed. Cir. 2000), "[t]he Hatch-Waxman Act [] imposes a duty of care on an ANDA certifier."  Boehringer is indisputably entitled to discover the basis, if any, for Mylan's certification in support of its claim for attorneys' fees pursuant to Section 271(e)(4).  *See Yamanouchi*, 231 F.3d at 1346-47.  Mylan's choice as to whether to disclose such information is therefore independent of the willfulness question.  In short, Mylan faces the decision as to whether to disclose its attorneys' advice and work product regardless of whether Boehringer's allegations concerning willfulness are stricken.  The fact that Mylan believes that it "may have little choice but to rely on its attorneys' opinions and work product" to defend its certification demonstrates that Mylan understands that there is a real question regarding whether its certification is baseless.  It is notable that Mylan believes that its Paragraph IV certification likely cannot stand alone on its merits and that it will have little choice but to waive the privilege in support of its certification.

5.   Lastly, Boehringer understands that the Court will consider the issue Mylan raised regarding willful infringement in the context of *In re '318 Patent Infringement Litigation*, C.A. No. 05-356-KAJ.  Simply put, because the Court denied Mylan's motion to strike without prejudice, Mylan is certainly free to raise this issue, if appropriate, following the Court's decision in that case.[1]

---

[1]   Mylan's citation to two recent district court decisions is similarly misplaced.  *See* Mylan's Motion at 3.  As the Court is aware, there are district court decisions that run counter to the arguments Mylan raised in its Motion to Strike, and district court decisions

3

that support those arguments. However, those decisions, while suggestive of an ambiguity in the law, do not establish Mylan's entitlement to reconsideration or reargument.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
  *Attorneys for Plaintiff*
  *Boehringer Ingelheim International GmbH and*
  *Boehringer Ingelheim Pharmaceuticals, Inc.*

OF COUNSEL:

Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

Kenneth G. Schuler
Amanda J. Hollis
Joel Neckers
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL 60606
(312) 876-7700

Sandy Choi
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111-2562
(415) 395-8095

Carisa Yee
LATHAM & WATKINS LLP
135 Commonwealth Drive
Menlo Park, California 94025-3656
(650) 328-4600

February 28, 2006

4

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on February 28, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

>Mary B. Matterer
>Morris, James, Hitchens
>
>Josy Ingersoll
>Young, Conaway, Stargatt & Taylor LLP

I further certify that copies of the foregoing document were also served upon the following in the manner indicated:

### HAND DELIVERY

Mary B. Matterer
Morris, James, Hitchens & Williams
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899

Josy Ingersoll
Young, Conaway, Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

### FEDERAL EXPRESS

Glenn J. Pfadenhauer
Dov P. Grossman
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901

David J. Harth
David L. Anstaett
Melody K. Glazer
Heller Ehrman LLP
One East Main Street, Suite 201
Madison, Wisconsin 53703

Shannon M. Bloodworth
Heller Ehrman LLP
1717 Rhode Island Ave., NW
Washington, DC 20036

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)