# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

Mary B. Matterer
(302) 888-6960
mmatterer@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

April 12, 2006

**VIA ELECTRONIC FILING**
The Honorable Kent A. Jordan
United States District Court for the District of Delaware
844 King Street
Wilmington, Delaware 19801-3570

> Re:     ***Boehringer Ingelheim International GmbH, et al. v.***
> ***Barr Laboratories, Inc. and Mylan Pharmaceuticals Inc.,***
> **Civil Action No.: 05-0700-KAJ (consolidated)**

Your Honor:

We, together with the firm Heller Ehrman LLP, represent defendant/counterclaim plaintiff Mylan Pharmaceuticals, Inc. ("Mylan") in this matter, and write in response to Mr. Blumenfeld's letter dated April 10, 2006.

Monday, Boehringer wrote to the Court pursuant to D.Del. 7.1.2(c), to bring to the Court's attention Chief Judge Robinson's recent Memorandum Order in *Item Development AB v. Sicor, Inc.*, C.A. No. 05-336-SLR (March 31, 2006), which dismissed Item Development's willfulness allegations that were based solely on Sicor's submission of an Abbreviated New Drug Application ("ANDA") with a paragraph IV certification.  *See Item Development*, Attachment A to Blumenfeld Letter (April 10, 2006), at 6, ¶ 7.  In the current litigation, Mylan has a pending motion for reconsideration (D.I. 39), requesting the Court to reconsider its denial of Mylan's motion to strike Plaintiff's willfulness allegations based solely on Mylan's filing of an ANDA with a paragraph IV certification.

Although it appears to recognize that the issue decided in *Item Development* is the same as the issue set forth in Mylan's motion for reconsideration, Boehringer nonetheless requests that the Court allow Boehringer to "be permitted to take discovery to establish facts supporting their exceptional case allegations" even if its allegation of willful infringement is dismissed. Blumenfeld Letter at 1.  Mylan disagrees that Boehringer is entitled to discovery on exceptional case, because to date the only conduct pled to support Boehringer's exceptional case allegation is Mylan's submission of its ANDA with a paragraph IV certification.  *See* Complaint (D.I. 1) at ¶ 17.  If the Court finds Mylan's conduct insufficient to support an allegation of willful

The Honorable Kent A. Jordan

**M**ORRIS, **J**AMES, **H**ITCHENS **& W**ILLIAMS LLP

April 12, 2006
Page 2

infringement, then it follows that the submission of Mylan's ANDA and paragraph IV certification alone cannot act as grounds for willful infringement that gives rise to exceptional case. *Cf. Item Development*, Attachment A to Blumenfeld Letter, at 6, ¶ 7 (Federal Circuit in *Glaxo v. Apotex*, 376 F.3d 1339 (Fed. Cir. 2004), found that exceptional case can "be based on meritless *filings combined with litigation misconduct*.")(emphasis added). For any specific discovery disagreements, Mylan will, of course, defer to the Federal Rules.

Respectfully,

*/s/ Mary B. Matterer*

Mary B. Matterer, I.D. No. 2696
mmatterer@morrisjames.com

MBM/

cc:    Jack B. Blumenfeld, Esq. (by hand)
       Steven C. Cherny, Esq. (via email)
       Kenneth G. Schuler, Esq. (via email)
       Josy W. Ingersoll, Esq. (by hand)
       Glenn J. Pfadenhauer, Esq. (via email)
       Brett R. Tobin, Esq. (via email)
       David J. Harth, Esq. (via email)
       Shannon M. Bloodworth, Esq. (via email)