# EXHIBIT A

Westlaw.

Not Reported in F.Supp.                                                                                                 Page 1

Not Reported in F.Supp., 1993 WL 393003 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

C
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Joseph F. SCUTELLARO, C.P.A., Plaintiff,
v.
The WALT DISNEY COMPANY, INC. and Walt Disney World Company, Inc., Defendants.
**Civ. A. No. 92-671 MMS.**

Sept. 24, 1993.

Donald F. Parsons, Jr., Morris, Nichols, Arsht & Tunnell, Wilmington, DE; of counsel: Norman L. Norris, Philip S. Johnson, and Laura G. Miller, Woodcock Washburn Kurtz Mackiewicz & Norris, Philadelphia, PA; for plaintiff.
R. Franklin Balotti, Robert W. Whetzel, Frederick L. Cottrell, III, and David L. Renauld, Richards, Layton & Finger, Wilmington, DE, for defendants.

MEMORANDUM OPINION

MURRAY M. SCHWARTZ, Senior District Judge.

I. INTRODUCTION

*1 Plaintiff Joseph Scutellaro has filed suit against The Walt Disney Company and Walt Disney World Company [collectively, "defendants"] asserting they wrongfully appropriated his business concept. The parties are now in the midst of numerous discovery disputes. Defendants have asked the Court to compel plaintiff to answer questions posed at deposition and produce certain documents pertaining to both the retention of, and fee agreement with, plaintiff's counsel. For the reasons that follow, defendants' motion will be denied.

II. FACTUAL BACKGROUND

Plaintiff, a long-time fan of Walt Disney World, devised a plan to sell "passports" to visitors entering a portion of EPCOT Center known as the World Showcase. D.I. 49 Exhibit ["Ex."] A. In July of 1990, plaintiff sent a letter to defendants outlining his passport idea for the World Showcase. D.I. 1; D.I. 40 Ex. A. A paralegal from Walt Disney World wrote plaintiff to inform him that company policy was to reject unsolicited ideas from outside the company and that his letter was being returned unexamined. D.I. 43 Ex. A. Shortly thereafter, however, Richard Nunis, Chairman of Walt Disney Attractions, telephoned plaintiff and informed him that the company had already considered a similar idea and would not institute the idea as plaintiff formulated it. D.I. 49 Ex. F.

In May of 1991, plaintiff again visited EPCOT Center and observed what he alleges was defendants' implementation of the passport idea he had communicated to them. D.I. 40 Ex. Q. Plaintiff instituted suit, alleging idea misappropriation, trade secret misappropriation, fraud, negligent misappropriation, breach of confidential relationship and breach of implied contract.

III. DISCUSSION

The Federal Rules of Civil Procedure contemplate a broad scope of discovery. *See Hickman v. Taylor,* 329 U.S. 495, 507 (1947). This scope, however, is bounded by the requirement that the evidence be relevant and not privileged. Fed.R.Civ.P. 26(b)(1). In resolving disputes about the bounds of discovery, district courts have broad discretion. *See In re Fine Paper Antitrust Litigation,* 751 F.2d 562, 587 (3d Cir.1984); *see generally* 4 Moore's Federal Practice ¶ 26.83 (2d ed. 1993) (discussing appellate review of discovery orders).

Relevance in the discovery context includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.

Page 2

Not Reported in F.Supp., 1993 WL 393003 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). Defendants assert that because plaintiff has claimed attorneys' fees as an element of damages, the documents sought are relevant. D.I. 112 at 1. They also argue the documents may contain relevant communications and party admissions. D.I. 84 at 3.

The merits of the present case concern plaintiff's allegation that defendants misappropriated his passport idea for EPCOT Center. While plaintiff has requested reasonable attorneys' fees, these fees can only be awarded after judgment. Thus, defendants purported need for information relating to the retention of, and fee arrangement with, plaintiff's counsel is not yet ripe. If defendants win on the merits, the issue will be moot. If defendants lose, there will be ample opportunity for discovery of all matters relating to the claim for attorneys' fees at that time. As another district court has noted:

*2 It is difficult to see how an inquiry into the circumstances surrounding the instigation of the action could affect the substance of the claim. The responses might lead to embarrassing admissions of champerty or unconscionable arrangements as to fees and expenses, but these excesses are not in any way relevant to the trial of the particular issue.

*Foremost Promotions, Inc. v. Pabst Brewing Co.,* 15 F.R.D. 128, 130 (N.D.Ill.1953). The question at issue in the present dispute between plaintiff and defendants is whether defendants misappropriated plaintiff's passport idea, not the propriety of the fee arrangement between plaintiff and his counsel.

IV. CONCLUSION

For the foregoing reasons, defendants' motion to compel discovery of plaintiff's deposition testimony and certain documents relating to the retention of, and fee agreement with, plaintiff's counsel will be denied.

FN1. *See Nochowitz v. Ernst & Young,* No. 92 C 5468, 1993 WL 112535, at *1, 1993 U.S. Dist. LEXIS 4444, at *2 (N.D.Ill.1993); *Farrow v. Hilton Int'l, Inc.,* No. 87 Civ. 8720 (JFK), 1989 U.S.Dist. LEXIS 12776, at *1 (S.D.N.Y.1989); *Sandler v. McGraw-Edison Co.,* 92 F.R.D. 463, 464 (S.D. Ohio 1981); *see generally* 4 Moore's Federal Practice ¶ 26.70[2] (2d ed. 1993) (discussing orders concerning time of discovery).

FN2. Because of the above disposition, the Court does not address the applicability of the attorney-client privilege urged by plaintiff.

D.Del.,1993.
Scutellaro v. Walt Disney Co., Inc.
Not Reported in F.Supp., 1993 WL 393003 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:92cv00671 (Docket) (Nov. 19, 1992)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.