**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BOEHRINGER INGELHEIM INTERNATIONAL ) <br> GMBH and BOEHRINGER INGELHEIM ) <br> PHARMACEUTICALS, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BARR LABORATORIES, INC., ) <br> ) <br> Defendant. ) <br> ) | C.A. No. 05-700-(KAJ) <br> CONSOLIDATED |
| BOEHRINGER INGELHEIM INTERNATIONAL ) <br> GMBH and BOEHRINGER INGELHEIM ) <br> PHARMACEUTICALS, INC., ) <br> ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MYLAN PHARMACEUTICALS, INC., ) <br> ) <br> Defendant. ) | C.A. No. 05-854-(KAJ) |

**NOTICE OF DEPOSITION OF BOEHRINGER**
**PURSUANT TO FED. R. CIV. P. 30(b)(6)**

PLEASE TAKE NOTICE that commencing at 9:30 a.m. on November 6, 2006 at

the offices of Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022, or at

another mutually agreed upon time and place, Defendant Barr Laboratories, Inc., through its

attorneys, will take the deposition of Boehringer Ingelheim International GmbH and Boehringer

Ingelheim Pharmaceuticals, Inc. (collectively, "Boehringer") pursuant to Rule 30(b)(6) of the

Federal Rules of Civil Procedure.

At the time of the deposition, Boehringer shall designate one or more of its

directors, officers, managing agents, or other persons who will testify on behalf of Boehringer as to all information known or reasonably available to Boehringer regarding the following topics:

1.  Boehringer's (including its divisions, subsidiaries, and affiliates) and Dr. Karl Thomae GmbH's system(s) for assigning numbers to the chemical compounds synthesized in their laboratories and/or by their researches;

2.  the conception and reduction to practice of the alleged invention(s) claimed in U.S. Patent No. 4,886,812 ("the '812 patent");

3.  any unexpected properties or unexpected results of the alleged invention(s) claimed in the '812 patent as compared to the alleged invention(s) claimed in U.S. Patent No. 4,843,086 ("the '086 patent");

4.  any unexpected properties or unexpected results of the alleged invention(s) claimed in the '812 patent as compared to the alleged invention(s) claimed in U.S. Patent No. 4,731,374 ("the '374 patent");

5.  any unexpected properties or unexpected results of 2-amino-6-n-propylamino-4,5,6,7-tetrahydrobenzthiazole (including without limitation any salts thereof) and/or (S)-2-amino-6-n-propylamino-4,5,6,7-tetrahydrobenzthiazole (including without limitation any salts thereof) as compared to the prior art;

6.  any evidence that the alleged invention(s) claimed in the '812 patent satisfied a long-felt need;

7.  any evidence of copying of the alleged invention(s) claimed in the '812 patent;

8.  for the years 1997 to the present, revenue, expenses, and profitability for Mirapex® in the United States, including without limitation advertising budgets, sales projections, actual sales, market shares, and profit margins;

9.  for the years 1997 to the present, causes in any fluctuations of, and strategies to maintain or increase, the market share of Mirapex® in the United States;

10. for the years 1997 to the present, the reasons for and the results of market research conducted by or at the direction of Boehringer (including its divisions, subsidiaries, affiliates, and joint ventures) regarding the treatment of the signs and symptoms of idiopathic Parkinson's disease in the United States;

11. for the years 1997 to the present, the content and effectiveness of any advertising and promotional efforts for Mirapex® in the United States, including without limitation detailing, sampling, and print, radio, and television advertisements;

12. the existence of, and any other non-privileged information concerning, any

evaluations (including without limitation opinions of counsel) conducted by or at the direction of Boehringer (including its divisions, subsidiaries, and affiliates) and/or Dr. Karl Thomae GmbH of the scope, validity, and/or enforceability of the '086 patent, the '812 patent, and/or the '374 patent, and/or the applications that matured into those patents, including without limitation any such evaluations referring or relating to U.S. Patent Application Serial No. 747,748 (filed June 24, 1985) and/or European Patent Application No. 207,696, and/or any foreign counterparts thereof;

13.    the existence of, and any non-privileged information concerning, any evaluations (including without limitation opinions of counsel) conducted by or at the direction of Boehringer (including its divisions, subsidiaries, and affiliates) and/or Dr. Karl Thomae GmbH of the patentability of the alleged invention(s) claimed in the '374, '086, and/or '812 patents, including without limitation any such evaluations referring or relating to U.S. Patent Application Serial No. 747,748 (filed June 24, 1985) and/or European Patent Application No. 207,696, and/or any foreign counterparts thereof;

14.    when and how Boehringer and/or Dr. Karl Thomae first came into possession of U.S. Patent Application Serial No. 747,748 (filed June 24, 1985) and European Patent Application No. 207,696;

15.    the decision to submit U.S. Patent Application Serial No. 747,748 (filed June 24, 1985) and European Patent Application No. 207,696 to the United States Patent and Trademark Office during prosecution of the applications that led to the '374, '086, and '812 patents;

16.    the individuals at Boehringer (including its divisions, subsidiaries, and affiliates) and/or Dr. Karl Thomae GmbH who received originals and/or copies of correspondence to and/or from the United States Patent and Trademark Office concerning the applications that matured into the '374, '086 and/or '812 patents;

17.    the individuals at Boehringer (including its divisions, subsidiaries, and affiliates) and/or Dr. Karl Thomae GmbH who received originals and/or copies of correspondence to and/or from the European Patent Office concerning European Patent Application 85116016.8;

18.    the individuals at Boehringer (including its divisions, subsidiaries, and affiliates) and/or Dr. Karl Thomae GmbH who received originals and/or copies of correspondence to and/or from the German Patent and Trade Mark Office concerning German Application DE 34470751 and/or German Application DE 3508947;

19.    the drafting, preparation, filing, and prosecution of the applications that matured into the '374, '086, and '812 patents;

20. the drafting, preparation, filing, and prosecution of German Application DE 34470751 and German Application DE 3508947;

21. the drafting, preparation, filing, and prosecution of European Patent Application 85116016.8;

22. Boehringer's (including its divisions, subsidiaries, and affiliates) and/or Dr. Karl Thomae GmbH's standard practices from 1980 to the present with respect to the prosecution of U.S. patent applications;

23. Boehringer's (including its divisions, subsidiaries, and affiliates) and/or Dr. Karl Thomae GmbH's standard practices from 1980 to the present with respect to the prosecution of European patent applications;

24. Boehringer's (including its divisions, subsidiaries, and affiliates) and/or Dr. Karl Thomae GmbH's standard practices from 1980 to the present with respect to the prosecution of German patent applications;

25. the decision and decision-making process(es) for electing subject matter in response to the restriction requirement imposed by the examiner during prosecution of the application that matured into '374 patent, including without limitation election of subject matter for pursuing in the applications that matured into the '086 and '812 patents, and which individuals were involved in those decisions;

26. the preparation of (R)-2-amino-6-n-propylamino-4,5,6,7-tetrahydrobenzthiazole (including without limitation any salts thereof) and (S)-2-amino-6-n-propylamino-4,5,6,7-tetrahydrbenzothiazole (including without limitation any salts thereof), including without limitation when those compounds were synthesized, who synthesized them, and what materials and methods were used to prepare them;

27. the formulation of Mirapex® tablets and the development thereof;

28. the enantiomeric purity specified for the active ingredient that is the subject of NDA 20-667;

29. the limit of detection specified in NDA 20-667 for the (R)-enantiomer of 2-amino-6-n-propylamino-4,5,6,7-tetrahydrobenzothiazole;

30. Boehringer's (including its divisions, subsidiaries, and affiliates) and/or Dr. Karl Thomae GmbH's procedures for collecting and maintaining documents in their central files, including without limitation how the documents are organized in central files, the criteria for whose documents should be collected, and what measures are taken to ensure that all relevant documents are collected.

Defendant Barr Laboratories, Inc. requests that Boehringer's 30(b)(6) designee(s)

4

be the person(s) with the most knowledge regarding these subjects.

The deposition will take place upon oral examination before a notary public or other person authorized to administer oaths, will be recorded by stenographic and/or sound-and-video means, and will continue from day to day until completed.  You are invited to attend and participate.

_____

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Karen L. Pascale (#2903)
Adam W. Poff (#3990)
Karen E. Keller  (#4489)
YOUNG CONAWAY STARGATT &
     TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600

*Attorneys for Barr Laboratories, Inc.*

OF COUNSEL:

Glenn J. Pfadenhauer
Jessamyn S. Berniker
Dov P. Grossman
Brett R. Tobin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, D.C.  20005
(202) 434-5000

Dated: September 15, 2006

## CERTIFICATE OF SERVICE

I, Adam W. Poff, Esquire hereby certify that on September 15, 2006, I caused a copy of the

foregoing document to be served by CM/ECF and hand delivery on the following counsel of record:

Jack B. Blumenfeld, Esquire
Morris Nichols Arsht & Tunnell
1201 North Market Street
PO Box 1347
Wilmington, DE 19899-1347

Mary B. Matterer, Esquire
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

I further certify that on September 15, 2006, I caused a copy of the foregoing document to be

served on the following non-registered participants in the manner indicated:

### BY E-MAIL AND FEDERAL EXPRESS

Steven C. Cherny, Esquire
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834

Kenneth G. Schuler, Esquire
Latham & Watkins LLP
Sears Tower, Suite 5800
Chicago, IL 60606

Shannon M. Bloodworth, Esquire
Heller Ehrman LLP
1717 Rhode Island Ave., N.W.
Washington, DC 20036

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Adam W. Poff*
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
apoff@ycst.com

*Attorneys for Barr Laboratories, Inc.*