**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BOEHRINGER INGELHEIM INTERNATIONAL | ) | |
| GMBH and BOEHRINGER INGELHEIM | ) | |
| PHARMACEUTICALS, INC., | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 05-700 (KAJ) |
| | ) | CONSOLIDATED |
| BARR LABORATORIES, INC. | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| BOEHRINGER INGELHEIM INTERNATIONAL | ) | |
| GMBH and BOEHRINGER INGELHEIM | ) | |
| PHARMACEUTICALS, INC., | ) | |
| Plaintiffs, | ) | C.A. No. 05-854 (KAJ) |
| v. | ) | |
| | ) | |
| MYLAN PHARMACEUTICALS, INC., | ) | |
| Defendant**.** | ) | |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT BARR
LABORATORIES, INC.'S NOTICE OF DEPOSITION OF
BOEHRINGER PURSUANT TO FED. R. CIV. P. 30(b)(6)**

Pursuant to Rules 30 and 26 of the FEDERAL RULES OF CIVIL PROCEDURE,

Plaintiffs Boehringer Ingelheim International GmbH and Boehringer Ingelheim Pharmaceuticals,

Inc. ("Plaintiffs" or "Boehringer") hereby object and respond to the Notice of Deposition of

Boehringer Pursuant to Rule 30(b)(6) of Defendant Barr Laboratories, Inc. ("Defendant" or

"Barr") as follows:

**<u>GENERAL OBJECTIONS</u>**

The following General Objections shall be deemed incorporated into Boehringer's

response to each and every specific Topic:

1.      Boehringer objects to the Notice and to the instructions accompanying the Notice to the extent that they purport to impose obligations on Boehringer that exceed the requirements of the Federal Rules of Civil Procedure or the Local Rules of this Court.

2.      Boehringer objects to the Notice to the extent that the Topics seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable claim of privilege or immunity.  Nothing contained herein is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection, or immunity.

3.      Boehringer objects to the Notice to the extent the Topics seek information not within the possession, custody or control of Boehringer, or not available to the management personnel of Boehringer through use of normal, reasonable internal business procedures. Boehringer objects to the Topics as unreasonable and unduly burdensome to the extent that it cannot reasonably respond to the Topics without such in formation.

4.      Boehringer objects to the definitions of "Boehringer" as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.

5.      Boehringer objects to the Notice to the extent the Topics assume facts not proven or in evidence.

6.      Boehringer objects to the Notice to the extent that the Topics seek trade secrets or other confidential or proprietary research, development, commercial, or business information.   Boehringer will provide such information, if requested and not otherwise objectionable, pursuant to the Protective Order entered in this Action.

7.    Boehringer objects to the Notice to the extent that the Topics are vague and ambiguous, overbroad, unduly burdensome or seek information that is not relevant to the claim or defense of any party.

8.    Boehringer objects to the Notice on the grounds that the Topics seek information that may be obtained from another method of discovery that is more convenient, less burdensome, and/or less expensive.

9.    Boehringer does not waive any objection by responding to any Topic.

10.    No incidental or implied admissions are intended by the responses herein. The fact that Boehringer has answered or objected to any Topic should not be taken as an admission that Boehringer accepts or admits the existence of any "facts" set forth or assumed by such Topic.

11.    Boehringer reserves the right to assert additional objections to these Topics in the Notice as appropriate.

12.    In responding, Boehringer states its designee(s) shall conduct a diligent search, reasonable in scope, and be prepared to testify as to the matters known or reasonably available to the organization.

Subject to and without waiver of the foregoing objections, Boehringer responds as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

### TOPIC 1

Boehringer's (including its divisions, subsidiaries, and affiliates) and Dr. Karl Thomae GmbH's system(s) for assigning numbers to the chemical compounds synthesized in their laboratories and/or by their researches [sic].

**RESPONSE**

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 1.  Boehringer further objects to Topic No. 1 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Boehringer further objects to Topic No. 1 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.  Boehringer further objects to Topic No. 1 to the extent it seeks information that is not within the possession, custody, or control of Boehringer.  Boehringer further objects to the extent this Topic calls for information not related to the claims and defenses at issue in the case.  Boehringer further objects to Topic 1 as vague and ambiguous especially with respect to the term "their researches." Subject to and without waiver of the foregoing objections, Boehringer will produce one or more designees to testify, to the extent Boehringer understands the Topic, regarding to Boehringer and Dr. Karl Thomae GmbH's system(s) for assigning numbers to the chemical compounds synthesized in their laboratories and/or by their researchers, if any.

**TOPIC 2**

[T]he conception and reduction to practice of the alleged invention(s) claimed in U.S. Patent No. 4,886,812 ("the '812 patent").

**RESPONSE**

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 2.  Boehringer further objects to Topic No. 2 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 2 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.   Boehringer further objects to Topic 2 as vague and ambiguous.  Boehringer further objects to Topic 2 as an

improper topic for a Rule 30(b)(6) deposition to the extent it seeks the legal contentions of Boehringer.

## TOPIC 3

[A]ny unexpected properties or unexpected results of the alleged invention(s) claimed in the '812 patent as compared to the alleged invention(s) claimed in U.S. Patent No. 4,843,086 ("the '086 patent").

### RESPONSE

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 3. Boehringer further objects to Topic No. 3 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 3 as overly broad and unduly burdensome. Boehringer further objects to Topic 3 as vague and ambiguous. Boehringer further objects to Topic 3 as an improper topic for a Rule 30(b)(6) deposition to the extent it seeks the legal contentions of Boehringer.

## TOPIC 4

[A]ny unexpected properties or unexpected results of the alleged invention(s) claimed in the '812 patent as compared to the alleged invention(s) claimed in U.S. Patent No. 4,731,374 ("the '374 patent").

### RESPONSE

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 4. Boehringer further objects to Topic No. 4 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 4 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Boehringer further objects to Topic 4 as vague and ambiguous. Boehringer further objects to Topic 4 as an

improper topic for a Rule 30(b)(6) deposition to the extent it seeks the legal contentions of Boehringer.

### TOPIC 5

[A]ny unexpected properties or unexpected results of 2-amino-6-n-propylamino-4,5,6,7-tetrahydrobenzthiazole (including without limitation any salts thereof) and/or (S)-2-amino-6-n-propylamino-4,5,6,7-tetrahydrobenzthiazole (including without limitation any salts thereof) as compared to the prior art.

### RESPONSE

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 5. Boehringer further objects to Topic No. 5 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 5 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Boehringer further objects to Topic 5 as vague and ambiguous. Boehringer further objects to Topic 5 as an improper topic for a Rule 30(b)(6) deposition to the extent it seeks the legal contentions of Boehringer.

### TOPIC 6

[A]ny evidence that the alleged invention(s) claimed in the '812 patent satisfied a long-felt need.

### RESPONSE

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 6. Boehringer further objects to Topic No. 6 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 6 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Boehringer

further objects to Topic 6 as vague and ambiguous. Boehringer further objects to Topic 6 as an improper topic for a Rule 30(b)(6) deposition to the extent it seeks the legal contentions of Boehringer.

### TOPIC 7

[A]ny evidence of copying of the alleged invention(s) claimed in the '812 patent.

### RESPONSE

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 7. Boehringer further objects to Topic No. 7 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 7 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Boehringer further objects to Topic 7 as vague and ambiguous. Boehringer further objects to Topic 7 as an improper topic for a Rule 30(b)(6) deposition to the extent it seeks the legal contentions of Boehringer.

### TOPIC 8

[F]or the years 1997 to the present, revenue, expenses, and profitability for Mirapex® in the United States, including without limitation advertising budgets, sales projections, actual sales, market shares, and profit margins.

### RESPONSE

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 8. Boehringer further objects to Topic No. 8 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 8 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Boehringer

further objects to Topic 8 as vague and ambiguous. Subject to and without waiver of the foregoing objections, Boehringer will produce one or more designees to testify, to the extent Boehringer understands the Topic, regarding the revenue, expenses, and profitability of Mirapex® in the United States, including advertising budgets, sales projections, actual sales, market shares, and profit margins of Mirapex®, for the years 1997 to the present.

**TOPIC 9**

[F]or the years 1997 to the present, causes in any fluctuations of, and strategies to maintain or increase, the market share of Mirapex® in the United States;

**RESPONSE**

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 9. Boehringer further objects to Topic No. 9 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 9 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Boehringer further objects to the extent this Topic calls for information not related to the claims and defenses at issue in the case. Boehringer further objects to Topic 9 as vague and ambiguous, especially with respect to its use of the term "market." Boehringer further objects to Topic No. 9 to the extent that it assumes facts not in evidence. Subject to and without waiver of the foregoing objections, Boehringer will produce one or more designees to testify, to the extent Boehringer understands the Topic, regarding causes in any fluctuations of, and strategies to maintain or increase, the market share of Mirapex® in the United States, if any, for the years 1997 to the present.

**TOPIC 10**

[F]or the years 1997 to the present, the reasons for and the results of market research conducted by or at the direction of Boehringer (including its divisions, subsidiaries, affiliates, and joint ventures) regarding the treatment of the signs and symptoms of idiopathic Parkinson's disease in the United States.

**RESPONSE**

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 10. Boehringer further objects to Topic No. 10 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 10 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Boehringer further objects to the extent this Topic calls for information not related to the claims and defenses at issue in the case. Boehringer further objects to Topic 10 as vague and ambiguous. Boehringer further objects to Topic No. 10 to the extent it seeks information outside of Boehringer's current possession, custody, and control. Subject to and without waiver of the foregoing objections, Boehringer will produce one or more designees to testify, to the extent Boehringer understands the Topic, regarding the reasons for and the results of market research conducted by or at the direction of Boehringer regarding the treatment of the signs and symptoms of idiopathic Parkinson's disease in the United States.

**TOPIC 11**

[F]or the years 1997 to the present, the content and effectiveness of any advertising and promotional efforts for Mirapex® in the United States, including without limitation detailing, sampling, and print, radio, and television advertisements.

**RESPONSE**

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 11. Boehringer further objects to Topic No. 11 to the extent it seeks information protected

from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 11 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.   Boehringer further objects to the extent this Topic calls for information not related to the claims and defenses at issue in the case.  Boehringer further objects to Topic 11 as vague and ambiguous, especially with respect to the term "effectiveness."  Boehringer further objects to Topic No. 11 to the extent it seeks information outside of Boehringer's current possession, custody, and control.  Subject to and without waiver of the foregoing objections, Boehringer will produce one or more designees to testify, to the extent Boehringer understands the Topic, regarding the content and effectiveness of any advertising and promotional efforts for Mirapex® in the United States, including without limitation detailing, sampling, and print, radio, and television advertisements, for the years 1997 to the present.

## TOPIC 12

[T]he existence of, and any other non-privileged information concerning, any evaluations (including without limitation opinions of counsel) conducted by or at the direction of Boehringer (including its divisions, subsidiaries, and affiliates) and/or Dr. Karl Thomae GmbH of the scope, validity, and/or enforceability of the '086 patent, the '812 patent, and/or the '374 patent, and/or the applications that matured into those patents, including without limitation any such valuations [sic] referring or relating to U.S. Patent Application Serial No. 747,748 (filed June 24, 1985) and/or European Patent Application No. 207,696, and/or any foreign counterparts thereof;

## RESPONSE

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 12.  Boehringer further objects to Topic No. 12 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.   Boehringer further objects to Topic No. 12 to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable claim of privilege. Boehringer further objects to Topic

No. 12 to the extent it calls for information not related to the claims and defenses at issue in the case.  Boehringer further objects to Topic 12 as vague and ambiguous.  Boehringer further objects to Topic No. 12 to the extent it seeks information outside of Boehringer's current possession, custody, and control.  Boehringer further objects to Topic No. 12 on the grounds that the Topic seeks information that may be obtained from another method of discovery that is more convenient, less burdensome, and/or less expensive.

### TOPIC 13

[T]he existence of, and any non-privileged information concerning, any evaluations (including without limitation opinions of counsel) conducted by or at the direction of Boehringer (including its divisions, subsidiaries, and affiliates) and/or Dr. Karl Thomae GmbH of the patentability of the alleged invention(s) claimed in the '374, '086, and/or '812 patents, including without limitation any such evaluations referring or relating to U.S. Patent Application Serial No. 747,748 (filed June 24, 1985) and/or European Patent Application No. 207,696, and/or any foreign counterparts thereof;

### RESPONSE

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 13.  Boehringer further objects to Topic No. 13 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.   Boehringer further objects to Topic No. 13 to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable claim of privilege. Boehringer further objects to Topic No. 13 to the extent it calls for information not related to the claims and defenses at issue in the case.  Boehringer further objects to Topic 13 as vague and ambiguous.  Boehringer further objects to Topic No. 13 to the extent it seeks information outside of Boehringer's current possession, custody, and control.  Boehringer further objects to Topic No. 13 on the grounds that the Topic seeks information that may be obtained from another method of discovery that is more convenient, less burdensome, and/or less expensive.

## TOPIC 14

[W]hen and how Boehringer and/or Dr. Karl Thomae first came into possession of U.S. Patent Application Serial No. 747,748 (filed June 24, 1985) and European Patent Application No. 207,696.

## RESPONSE

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 14.  Boehringer further objects to Topic No. 14 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 14 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.   Boehringer further objects to the extent Topic 14 calls for information not related to the claims and defenses at issue in the case.  Boehringer further objects to Topic 14 as vague and ambiguous.  Boehringer further objects to Topic No. 14 to the extent it seeks information outside of Boehringer's current possession, custody, and control.  Boehringer further objects to Topic No. 14 as assuming facts not in evidence.   Subject to and without waiver of the foregoing objections, Boehringer will produce one or more designees to testify, to the extent Boehringer understands the Topic, regarding when and how Boehringer and/or Dr. Karl Thomae first came into possession of U.S. Patent Application Serial No. 747,748 (filed June 24, 1985) and European Patent Application No. 207,696, if at all.

## TOPIC 15

[T]he decision to submit U.S. Patent Application Serial No. 747,748 (filed June 24, 1985) and European Patent Application No. 207,696 to the United States Patent and Trademark Office during prosecution of the applications that led to the '374, '086, and '812 patents.

### RESPONSE

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 15. Boehringer further objects to Topic No. 15 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 15 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Boehringer further objects to the extent Topic 15 calls for information not related to the claims and defenses at issue in the case. Boehringer further objects to Topic 15 as vague and ambiguous. Boehringer further objects to Topic No. 15 as assuming facts not in evidence. Subject to and without waiver of the foregoing objections, Boehringer will produce one or more designees to testify, to the extent Boehringer understands the Topic, regarding the decision to submit U.S. Patent Application Serial No. 747,748 (filed June 24, 1985) and European Patent Application No. 207,696 to the United States Patent and Trademark Office during prosecution of the applications that led to the '374, '086, and '812 patents, if any.

### TOPIC 16

[T]he individuals at Boehringer (including its divisions, subsidiaries, and affiliates) and/or Dr. Karl Thomae GmbH who received originals and/or copies of correspondence to and/or from the United States Patent and Trademark Office concerning the applications that matured into the '374, '086 and/or '812 patents.

### RESPONSE

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 16. Boehringer further objects to Topic No. 16 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 16 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Boehringer

further objects to the extent Topic 16 calls for information not related to the claims and defenses at issue in the case. Boehringer further objects to Topic 16 as vague and ambiguous. Boehringer further objects to Topic No. 16 as seeking information outside of its current possession, custody, or control. Subject to and without waiver of the foregoing objections, Boehringer will produce one or more designees to testify, to the extent Boehringer understands the Topic, regarding the identities of individuals at Boehringer and/or Dr. Karl Thomae GmbH who received originals and/or copies of correspondence to and/or from the United States Patent and Trademark Office concerning the applications that matured into the '374, '086 and/or '812 patents, if any.

### TOPIC 17

[T]he individuals at Boehringer (including its divisions, subsidiaries, and affiliates) and/or Dr. Karl Thomae GmbH who received originals and/or copies of correspondence to and/or from the European Patent Office concerning European Patent Application 85116016.8.

### RESPONSE

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 17. Boehringer further objects to Topic No. 17 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 17 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Boehringer further objects to the extent Topic 17 calls for information not related to the claims and defenses at issue in the case. Boehringer further objects to Topic 17 as vague and ambiguous. Boehringer further objects to Topic No. 17 as seeking information outside of its current possession, custody, or control. Subject to and without waiver of the foregoing objections, Boehringer will produce one or more designees to testify, to the extent Boehringer understands the Topic, regarding the identities of individuals at Boehringer and/or Dr. Karl Thomae GmbH who received originals

and/or copies of correspondence to and/or from the European Patent Office concerning European Patent Application 85116016.8, if any.

### TOPIC 18

[T]he individuals at Boehringer (including its divisions, subsidiaries, and affiliates) and/or Dr. Karl Thomae GmbH who received originals and/or copies of correspondence to and/or from the German Patent and Trade Mark Office concerning German Application DE 34470751 and/or German Application DE 3508947.

### RESPONSE

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 18. Boehringer further objects to Topic No. 18 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 18 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Boehringer further objects to the extent Topic 18 calls for information not related to the claims and defenses at issue in the case. Boehringer further objects to Topic 18 as vague and ambiguous. Boehringer further objects to Topic No. 18 as seeking information outside of its current possession, custody, or control. Subject to and without waiver of the foregoing objections, Boehringer will produce one or more designees to testify, to the extent Boehringer understands the Topic, regarding the identities of individuals at Boehringer and/or Dr. Karl Thomae GmbH who received originals and/or copies of correspondence to and/or from the German Patent and Trade Mark Office concerning German Application DE 34470751 and/or German Application DE 3508947, if any.

### TOPIC 19

[T]he drafting, preparation, filing, and prosecution of the applications that matured into the '374, '086, and '812 patents.

### RESPONSE

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 19. Boehringer further objects to Topic No. 19 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 19 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Boehringer further objects to the extent Topic 19 calls for information not related to the claims and defenses at issue in the case. Boehringer further objects to Topic 19 as vague and ambiguous. Boehringer further objects to Topic No. 19 as seeking information outside of its current possession, custody, or control. Subject to and without waiver of the foregoing objections, Boehringer will produce one or more designees to testify, to the extent Boehringer understands the Topic, regarding the drafting, preparation, filing, and prosecution of the applications that matured into the '374, '086, and '812 patents.

### TOPIC 20

[T]he drafting, preparation, filing, and prosecution of German Application DE 34470751 and German Application DE 3508947.

### RESPONSE

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 20. Boehringer further objects to Topic No. 20 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 20 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Boehringer further objects to the extent Topic 20 calls for information not related to the claims and defenses at issue in the case. Boehringer further objects to Topic 20 as vague and ambiguous. Boehringer

further objects to Topic No. 20 as seeking information outside of its current possession, custody, or control.  Subject to and without waiver of the foregoing objections, Boehringer will produce one or more designees to testify, to the extent Boehringer understands the Topic, regarding the drafting, preparation, filing, and prosecution of German Application DE 34470751 and German Application DE 3508947.

### TOPIC 21

[T]he drafting, preparation, filing, and prosecution of European Patent Application 85116016.8.

### RESPONSE

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 21.  Boehringer further objects to Topic No. 21 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 21 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.  Boehringer further objects to the extent Topic 21 calls for information not related to the claims and defenses at issue in the case.  Boehringer further objects to Topic 21 as vague and ambiguous.  Boehringer further objects to Topic No. 21 as seeking information outside of its current possession, custody, or control.  Subject to and without waiver of the foregoing objections, Boehringer will produce one or more designees to testify, to the extent Boehringer understands the Topic, regarding the drafting, preparation, filing, and prosecution of European Patent Application 85116016.8.

### TOPIC 22

Boehringer's (including its divisions, subsidiaries, and affiliates) and/or Dr. Karl Thomae GmbH's standard practices from 1980 to the present with respect to the prosecution of U.S. patent applications.

**RESPONSE**

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 22. Boehringer further objects to Topic No. 22 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 22 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Boehringer further objects to the extent Topic 22 calls for information not related to the claims and defenses at issue in the case, especially to the extent it seeks information concerning Boehringer's "standard practices from 1980 to the present." Boehringer further objects to Topic 22 as vague and ambiguous, especially with respect to its use of the term "standard practices." Boehringer further objects to Topic No. 22 as seeking information outside of its current possession, custody, or control. Subject to and without waiver of the foregoing objections, Boehringer will produce one or more designees to testify, to the extent Boehringer understands the Topic, regarding Boehringer's standard practices from 1980 to the present with respect to the prosecution of U.S. patent applications.

**TOPIC 23**

Boehringer's (including its divisions, subsidiaries, and affiliates) and/or Dr. Karl Thomae GmbH's standard practices from 1980 to the present with respect to the prosecution of European patent applications.

**RESPONSE**

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 23. Boehringer further objects to Topic No. 23 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 23 as overly broad,

unduly burdensome, and not likely to lead to the discovery of admissible evidence.  Boehringer further objects to the extent Topic 23 calls for information not related to the claims and defenses at issue in the case, especially to the extent it seeks information concerning "standard practices from 1980 to the present."  Boehringer further objects to Topic 23 as vague and ambiguous, especially with respect to its use of the term "standard practices."  Boehringer further objects to Topic No. 23 as seeking information outside of its current possession, custody, or control. Subject to and without waiver of the foregoing objections, Boehringer will produce one or more designees to testify, to the extent Boehringer understands the Topic, regarding Boehringer's and/or Dr. Karl Thomae GmbH's standard practices from 1980 to the present with respect to the prosecution of European patent applications.

### TOPIC 24

Boehringer's (including its divisions, subsidiaries, and affiliates) and/or Dr. Karl Thomae GmbH's standard practices from 1980 to the present with respect to the prosecution of German patent applications.

### RESPONSE

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 24.  Boehringer further objects to Topic No. 24 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 24 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.  Boehringer further objects to the extent Topic 24 calls for information not related to the claims and defenses at issue in the case, especially to the extent it seeks information concerning "standard practices from 1980 to the present."  Boehringer further objects to Topic 24 as vague and ambiguous, especially with respect to its use of the term "standard practices."  Boehringer further objects to

Topic No. 24 as seeking information outside of its current possession, custody, or control. Subject to and without waiver of the foregoing objections, Boehringer will produce one or more designees to testify, to the extent Boehringer understands the Topic, regarding Boehringer's and/or Dr. Karl Thomae GmbH's standard practices from 1980 to the present with respect to the prosecution of German patent applications.

## TOPIC 25

[T]he decision and decision-making process(es) for electing subject matter in response to the restriction requirement imposed by the examiner during prosecution of the application that matured into '374 patent, including without limitation election of subject matter for pursuing in the applications that matured into the '086 and '812 patents, and which individuals were involved in those decisions;

### RESPONSE

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 25. Boehringer further objects to Topic No. 25 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 25 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Boehringer further objects to the extent Topic 25 calls for information not related to the claims and defenses at issue in the case. Boehringer further objects to Topic 25 as vague and ambiguous. Boehringer further objects to Topic No. 25 as seeking information outside of its possession, custody, or control. Subject to and without waiver of the foregoing objections, Boehringer will produce one or more designees to testify, to the extent Boehringer understands the Topic, regarding the decision and decision-making process(es) for electing subject matter in response to the restriction requirement imposed by the examiner during prosecution of the application that matured into

'374 patent, including election of subject matter for pursuing in the applications that matured into the '086 and '812 patents, and which individuals were involved in those decisions.

### TOPIC 26

[T]he preparation of (R)-2-amino-6-n-propylamino-4,5,6,7-tetrahydrobenzthiazole (including without limitation any salts thereof) and (S)-2-amino-6-n-propylamino-4,5,6,7-tetrahydrobenzothiazole (including without limitation any salts thereof), including without limitation when those compounds were synthesized, who synthesized them, and what materials and methods were used to prepare them.

### RESPONSE

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 26. Boehringer further objects to Topic No. 26 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 26 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence, especially to the extent that Topic 26 seeks information concerning any or all syntheses or preparations of the recited compounds. Boehringer further objects to the extent Topic 26 calls for information not related to the claims and defenses at issue in the case. Boehringer further objects to Topic 26 as vague and ambiguous. Boehringer further objects to Topic No. 26 as seeking information outside of its current possession, custody, or control. Subject to and without waiver of the foregoing objections, Boehringer will produce one or more designees to testify, to the extent Boehringer understands the Topic, regarding the preparation of (R)-2-amino-6-n-propylamino-4,5,6,7-tetrahydrobenzthiazole (including any salts thereof) and (S)-2-amino-6-n-propylamino-4,5,6,7-tetrahydrobenzothiazole (including any salts thereof), including when those compounds were first synthesized, who first synthesized them, and what materials and methods were used to prepare them.

**TOPIC 27**

[T]he formulation of Mirapex® tablets and the development thereof.

**RESPONSE**

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 27.  Boehringer further objects to Topic No. 27 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 27 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.  Boehringer further objects to the extent Topic 27 calls for information not related to the claims and defenses at issue in the case.  Boehringer further objects to Topic 27 as vague and ambiguous.  Subject to and without waiver of the foregoing objections, Boehringer will produce one or more designees to testify, to the extent Boehringer understands the Topic, regarding the formulation of Mirapex® tablets and the development thereof.

**TOPIC 28**

The enantiomeric purity specified for the active ingredient that is the subject of NDA 20-667.

**RESPONSE**

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 28.  Boehringer further objects to Topic No. 28 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 28 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.  Boehringer further objects to the extent Topic 28 calls for information not related to the claims and defenses at issue in the case.  Boehringer further objects to Topic 28 as vague and ambiguous.  Boehringer

further objects to Topic No. 28 in that the Topic seeks information that may be obtained from another method of discovery that is more convenient, less burdensome, and/or less expensive.

## TOPIC 29

The limit of detection specified in NDA 20-667 for the (R)-enantiomer of 2-amino-6-n-propylamino-4,5,6,7-tetrahydrobenzothizole.

### RESPONSE

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 29. Boehringer further objects to Topic No. 29 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 29 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Boehringer further objects to the extent Topic 29 calls for information not related to the claims and defenses at issue in the case. Boehringer further objects to Topic 29 as vague and ambiguous. Boehringer further objects to Topic No. 29 as seeking information outside of its possession, custody, or control. Boehringer further objects to Topic No. 29 in that the Topic seeks information that may be obtained from another method of discovery that is more convenient, less burdensome, and/or less expensive.

## TOPIC 30

Boehringer's (including its divisions, subsidiaries, and affiliates) and/or Dr. Karl Thomae GmbH's procedures for collecting and maintaining documents in their central files, including without limitation how the documents are organized in central files, the criteria for whose documents should be collected, and what measures are taken to ensure that all relevant documents are collected.

### RESPONSE

Boehringer hereby incorporates its General Objections as and for its objections to Topic No. 30. Boehringer further objects to Topic No. 30 to the extent it seeks information protected

from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Boehringer further objects to Topic No. 30 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence, especially to the extent that it seeks information concerning any or all documents.  Boehringer further objects to the extent this Topic calls for information not related to the claims and defenses at issue in the case.  Boehringer further objects to Topic 30 as vague and ambiguous.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/  Maryellen Noreika (#3208)*
_____
Jack Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
  Attorneys for Plaintiffs
  Boehringer Ingelheim International GmbH and
  Boehringer Ingelheim Pharmaceuticals, Inc.

Of Counsel:

Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

Kenneth G. Schuler
Amanda J. Hollis
Joel S. Neckers
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL 60606
(312) 876-7700

October 9, 2006

## <u>CERTIFICATE OF SERVICE</u>

I, Maryellen Noreika, hereby certify that on October 9, 2006, I electronically filed

the foregoing document with the Clerk of the Court using CM/ECF, which will send notification

of such filing to the following:

> Mary B. Matterer
> Morris, James, Hitchens
>
> Josy Ingersoll
> Young, Conaway, Stargatt & Taylor LLP

I further certify that copies of the foregoing document were also served upon the

following in the manner indicated:

### <u>HAND DELIVERY</u>

Mary B. Matterer
Morris, James, Hitchens &
Williams
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899

Josy Ingersoll
Young, Conaway, Stargatt &
Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

### <u>FEDERAL EXPRESS</u>

Glenn J. Pfadenhauer
Dov P. Grossman
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901

David J. Harth
David L. Anstaett
Melody K. Glazer
Heller Ehrman LLP
One East Main Street, Suite 201
Madison, Wisconsin 53703

Shannon M. Bloodworth
Heller Ehrman LLP
1717 Rhode Island Ave., NW
Washington, DC 20036

*/s/    Maryellen Noreika*
Maryellen Noreika (#3208)
mnoreika@mnat.com