# EXHIBIT 1

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

__Eastern__ DISTRICT OF __New York__

Boehringer Ingelheim International GMBH and Boehringer Ingelheim Pharmaceuticals, Inc., Plaintiffs
V.
Mylan Pharmaceuticals, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:05-CV-0854 KAJ
(District of Delaware)

TO: Byron Chemical Company, Inc.
40-11 23rd Street
Long Island, NY 11101

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

PLEASE SEE ATTACHMENT A

| PLACE Joel S. Neckers, Latham & Watkins LLP, 233 S. Wacker Dr. #5800, Chicago, IL 60606 (via Federal Express-Acct. No. 0606-604-09) | DATE AND TIME November 3, 2006 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 10/16/06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Joel S. Neckers, Latham & Watkins LLP, 233 S. Wacker Dr., #5800, Chicago, IL 60606, (312) 777-7007

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**CONFIDENTIAL**

## **ATTACHMENT A**

## **DEFINITIONS AND INSTRUCTIONS**

1. "You", "your", and "Byron" mean Byron Chemical Company, Inc., and all its successors and predecessors (merged, acquired, or otherwise), subsidiaries, parents, and affiliates thereof, and all directors, officers, agents, employees, counsel and other persons acting on its behalf.

2. "Mylan" means Mylan Pharmaceuticals Inc., and all its successors and predecessors (merged, acquired, or otherwise), subsidiaries, parents, and affiliates thereof, and all directors, officers, agents, employees, counsel and other persons acting on its behalf.

3. "Cipla" means Cipla Limited, all its successors and predecessors (merged, acquired, or otherwise), subsidiaries, parents, and affiliates thereof, and all directors, officers, agents, employees, counsel and other persons acting on its behalf.

4. "Pramipexole" means any compound having the same chemical structure of the compound now known as pramipexole whether or not it was known at the time to have such structure, including but not limited to pramipexole dihydrochloride.

5. The term "document" has the meaning set forth in FEDERAL RULE OF CIVIL PROCEDURE 34; it shall not be limited in any way with respect to the process by which any document was created, generated, or reproduced, or with respect to the medium in which the document is embodied; and shall include, by way of example and without any limitation, the following items: catalogs; brochures; pamphlets; advertisements; circulars; trade letters; press releases; contracts and agreements; communications, correspondence, telegrams, e-mail and memoranda; summaries or records of telephone conversations and any other conversations;

diaries; business plans, studies, forecasts, statistical statements, graphs, and charts; notebooks; charges, invoices, and receipts; minutes or records of meetings and conferences; expressions or statements of policy; lists of persons attending meetings or conferences; records, summaries or transcripts of interviews or negotiations; appraisals, evaluations, investigations, reports, and opinions of counsel, consultants, or any other parties; code, schematics, diagrams, and flow-charts; and models, plans, blueprints, sketches, and drawings. The term "document" shall further include, without limitation, all preliminary, intermediate, and final drafts or versions of any document, as well as any notes, comments, and marginalia appearing on any document.

6. The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7. The term "any" shall include "all" and vice versa.

8. The use of the singular form of any word includes the plural and vice versa.

9. "The '812 patent" shall mean U.S. Patent No. 4,886,812.

10. "The '086 patent" shall mean U.S. Patent No. 4,843,086.

11. "ANDA" means Abbreviated New Drug Application.

12. "FDA" means the United States Food and Drug Administration including without limitation its employees, scientists, technicians, agents, examiners, and laboratories.

13. As used herein, the term "person" shall mean an individual, proprietorship, partnership, firm, corporation, association, governmental agency, or other entity.

14. As used herein, the phrases "refer or relate to" and "referring or relating to" shall mean all information, facts, and/or documents that directly, indirectly, or in any other way

2

support, negate, bear upon, touch upon, incorporate, affect, include, pertain to, and/or are otherwise connected with the subject matter about which an interrogatory is being propounded.

15. Each document and thing produced in response hereto is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such papers or things may be organized or separated.

16. As used herein, the term "test" or "testing" shall be construed to include but not be limited to any test, analysis, evaluation, comparison, study, experiment or trial for any purpose, including *in vivo*, *in vitro*, and clinical tests and results, whether published or unpublished.

17. If any document covered by any of Boehringer's Requests is withheld by reason of a claim of privilege, a list is to be furnished within thirty (30) days identifying any such document for which the privilege is claimed together with the following information with respect to any such documents withheld: (1) author; (2) recipient; (3) sender; (4) indicated or blind copies; (5) date; (6) general subject matter; (7) basis on which the privilege is claimed; and (8) the identity of the Request(s) to which such document relates.

## REQUESTS FOR PRODUCTION

1. Documents sufficient to describe (a) the corporate relationship between Byron and Cipla, and (b) the corporate structure of both Byron and Cipla.

2. All documents constituting, referring or relating to communications between or amongst Byron, Cipla and/or Mylan regarding pramipexole.

3. All documents constituting, referring or relating to communications between or amongst Byron, Cipla and/or Mylan regarding Mylan's proposed generic pramipexole product.

4. All documents referring or relating to Mirapex® and Sifrol®.

5. All documents referring or relating to the production of pramipexole, including but not limited to planning and executing lab-scale, bench-scale and/or commercial-scale manufacture of pramipexole.

6. All documents referring or relating to any test, analysis, study or research involving pramipexole made by Cipla including but not limited to the development and implementation of test protocols and data concerning impurities.

7. All documents referring or relating to the enantiomeric purity of any pramipexole prepared or manufactured by Cipla.

8. All documents referring or relating to Mylan's ANDA No. 77-854 for a generic pramipexole product.

9. All documents constituting, referring or relating to communications and filings with the FDA concerning pramipexole manufactured by Cipla.

10. All documents referring or relating to the raw materials, ingredients, excipients, and/or components in Mylan's proposed generic pramipexole product.

11. All documents constituting referring or relating to the drug master file for pramipexole manufactured by Cipla.

12. All documents referring or relating to the '086 patent and/or the '812 patent.

13. All documents constituting, referring or relating to any communication, research and/or analysis concerning potential patent infringement liability in connection with making, selling, or offering to sell pramipexole.

14. All documents constituting, referring or relating to any communication, analysis or discussion concerning the infringement, non-infringement, validity, invalidity, patentability, unpatentability, enforceability, and/or unenforceability of the '806 or '812 patent.

15. All documents referring or relating to any lawsuit, interference, arbitration, mediation, or any other dispute or adversarial proceeding (including but not limited to a reexamination or reissue proceeding) involving Mylan's, or Byron's development, production, sale or manufacture of pramipexole or any product containing pramipexole.