IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICAL, INC.<br><br>          Plaintiffs,<br><br>    v.<br><br>BARR LABORATORIES, INC.,<br><br>          Defendant. | Civil Action No. 05-0700 (KAJ) |

**DEFENDANT BARR LABORATORIES, INC.'S
FIRST AMENDED ANSWER AND COUNTERCLAIMS TO
THE AMENDED COMPLAINT**

Defendant Barr Laboratories, Inc. ("Barr Labs"), having its principal place of business at 2 Quaker Road, Pomona, New York, amends its Answer to the Amended Complaint of Plaintiffs Boehringer Ingelheim International GmbH and Boehringer Ingelheim Pharmaceutical, Inc. (collectively "Boehringer" or "Plaintiffs"), and amends its counterclaims as follows:

    1.    Barr Labs is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Amended Complaint.

    2.    Barr Labs is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Amended Complaint.

    3.    Barr Labs admits the allegations set forth in paragraph 3 of the Amended Complaint.

4.      Paragraph 4 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Barr Labs admits that this Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. §§ 1331 and 1338(a). Barr Labs denies any and all other allegations set forth in paragraph 4 of the Amended Complaint.

5.      Paragraph 5 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Barr Labs admits that venue for this action is proper in this Court. Barr Labs denies any and all other allegations set forth in paragraph 5 of the Amended Complaint.

6.      Barr Labs admits that United States Patent No. 4,886,812 ("the '812 patent"), entitled "Tetrahydro-Benzthiazoles, The Preparation Thereof and Their Use as Intermediate Products or as Pharmaceuticals," was issued on December 12, 1989, and that it identifies Dr. Karl Thomae GmbH of Biberach an der Riss, Germany, as the assignee and Gerhart Griss, Claus Schneider, Rudolf Hurnaus, Walter Kobinger, Ludwig Pichler, Rudolf Bauer, Joachim Mierau, Dieter Hinzen, and Gunter Schingnitz as inventors. Barr Labs lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the second and third sentences of paragraph 6 of the Amended Complaint. Barr Labs admits that a copy of the '812 patent is attached to the Amended Complaint as Exhibit A. Barr Labs denies any and all other allegations set forth in paragraph 6 of the Amended Complaint.

7.      Barr Labs admits that United States Patent No. 4,843,086 ("the '086 patent"), entitled "Tetrahydro-Benzthiazoles, The Preparation Thereof and Their Use as Intermediate Products or as Pharmaceuticals," was issued on June 27, 1989, and that it identifies Boehringer Ingelheim KG as the assignee and Gerhart Griss, Claus Schneider, Rudolf Hurnaus,

Walter Kobinger, Ludwig Pichler, Rudolf Bauer, Joachim Mierau, Dieter Hinzen, and Gunter Schingnitz as inventors. Barr Labs lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the second and third sentences of paragraph 7 of the Amended Complaint. Barr Labs admits that a copy of the '086 patent is attached to the Amended Complaint as Exhibit B. Barr Labs denies any and all other allegations set forth in paragraph 7 of the Amended Complaint.

8.  Barr Labs admits that, on July 1, 1997, the United States Food and Drug Administration ("FDA") approved new drug application ("NDA") No. 20-677 for MIRAPEX®, a pharmaceutical composition containing pramipexole dihydrochloride, for the treatment of the signs and symptoms of idiopathic Parkinson's disease. Barr Labs further admits that pramipexole dihydrochloride tablets are sold in the United States by Boehringer under the MIRAPEX® trademark. Barr Labs is without knowledge or information sufficient to form a belief as to whether Boehringer is the holder of NDA No. 20-667 or whether the trademark for MIRAPEX® belongs to Boehringer. Barr Labs denies any and all other allegations set forth in paragraph 8 of the Amended Complaint.

9.  Barr Labs admits that the publication *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book") identifies drug products approved by the FDA under the Federal Food, Drug, and Cosmetic Acts. Barr Labs admits that the '812 and '086 patents are listed in the Orange Book for MIRAPEX®. Barr Labs denies any and all other allegations set forth in paragraph 9 of the Amended Complaint.

10. Barr Labs admits that it submitted to the FDA abbreviated new drug application ("ANDA") No. 77-724 under the provisions of 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, and sale of pramipexole dihydrochloride tablets

in the 0.25 mg strength as a generic equivalent of the MIRAPEX® 0.25 mg product. Barr Labs denies any and all other allegations set forth in paragraph 10 of the Amended Complaint.

11.   Barr Labs admits that it subsequently amended ANDA No. 77-724 to seek approval to engage in the commercial manufacture, use, and sale of pramipexole dihydrochloride tablets in 0.125, 0.5, 1.0, and 1.5 mg strengths as generic equivalents of the MIRAPEX® 0.125, 0.5, 1.0, and 1.5 mg products. Barr Labs denies any and all other allegations set forth in paragraph 11 of the Amended Complaint.

12.   Barr Labs admits that, by way of one or both of the letters dated August 10, 2005 and September 12, 2005 (the "Barr Labs Letters"), Barr Labs advised Plaintiffs that Barr Labs had submitted ANDA No. 77-724 seeking approval to engage in the commercial manufacture, use, and/or sale of a generic equivalent of MIRAPEX® in the 0.25 mg strength, and subsequently submitted an amendment to that ANDA seeking approval to engage in the commercial manufacture, use and/or sale of generic equivalents of MIRAPEX® in the 0.125 mg, 0.5 mg, 1.0 mg, and 1.5 mg strengths, prior to the expiration of the '812 patent. Barr Labs denies any and all other allegations set forth in paragraph 12 of the Amended Complaint.

13.   The Barr Labs Letters speak for themselves. Barr Labs denies any and all other allegations set forth in paragraph 13 of the Amended Complaint.

14.   Barr Labs admits that, by way of one or both of the Barr Labs Letters, Barr Labs advised Plaintiffs that Barr Labs had submitted ANDA No. 77-724 seeking approval to engage in the commercial manufacture, use, and/or sale of a generic equivalent of MIRAPEX® in the 0.25 mg strength, and subsequently submitted an amendment to that ANDA seeking approval to engage in the commercial manufacture, use and/or sale of generic equivalents of MIRAPEX® in the 0.125 mg, 0.5 mg, 1.0 mg, and 1.5 mg strengths, prior to the

expiration of the '086 patent. Barr Labs denies any and all other allegations set forth in paragraph 14 of the Amended Complaint.

15. The Barr Labs Letters speak for themselves. Barr Labs denies any and all other allegations set forth in paragraph 15 of the Amended Complaint.

16. Barr Labs incorporates each of the preceding paragraphs 1 to 15 as if fully set forth herein.

17. Barr Labs admits that Barr Labs' filing of Barr Labs' ANDA No. 77-724 and the amendment thereto for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of pramipexole dihydrochloride tablets before the expiration of the '812 patent would constitute a technical act of infringement solely pursuant to 35 U.S.C. § 271(e)(2) if, and only if, the product(s) described in Barr Labs' ANDA No. 77-724 and the amendment thereto or the use of the product(s) described in Barr Labs' ANDA No. 77-724 and the amendment thereto is claimed by the '812 patent and if, and only if, the '812 patent is valid and enforceable. Barr Labs denies any and all other allegations set forth in paragraph 17 of the Amended Complaint.

18. Paragraph 18 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Barr Labs denies each and every allegation set forth in paragraph 18 of the Amended Complaint.

19. The allegations contained in Paragraph 19 of the Amended Complaint have been stricken by the Court's Order dated July 6, 2006 (D.I. 71) and therefore require no response.

20. Paragraph 20 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Barr Labs denies each and every allegation set forth in paragraph 20 of the Amended Complaint.

21. Barr Labs incorporates each of the preceding paragraphs 1 to 20 as if fully set forth herein.

22. Barr Labs admits that Barr Labs' filing of Barr Labs' ANDA No. 77-724 and the amendment thereto for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of pramipexole dihydrochloride tablets before the expiration of the '086 patent would constitute a technical act of infringement solely pursuant to 35 U.S.C. § 271(e)(2) if, and only if, the product(s) described in Barr Labs' ANDA No. 77-724 and the amendment thereto or the use of the product(s) described in Barr Labs' ANDA No. 77-724 and the amendment thereto is claimed by the '086 patent and if, and only if, the '086 patent is valid and enforceable. Barr Labs denies any and all other allegations set forth in paragraph 22 of the Amended Complaint.

23. Paragraph 23 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Barr Labs denies each and every allegation set forth in paragraph 23 of the Amended Complaint.

24. The allegations contained in Paragraph 24 of the Amended Complaint have been stricken by the Court's Order dated July 6, 2006 (D.I. 71) and therefore require no response.

25. Paragraph 25 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Barr Labs denies each and every allegation set forth in paragraph 25 of the Amended Complaint.

26. The "WHEREFORE" paragraph following paragraph 25 of the Amended Complaint and the seven lettered paragraphs that follow it state Plaintiffs' prayer for relief, to which no response is required. The allegations contained in paragraph lettered "B" following paragraph 25 of the Amended Complaint have been stricken by the Court's Order dated July 6, 2006 (D.I. 71) and therefore require no response. To the extent a response is required to the "WHEREFORE" paragraph following paragraph 25 of the Amended Complaint and the seven lettered paragraphs that follow it, Barr Labs denies the allegations set forth in those paragraphs and denies that Plaintiffs are entitled to any of the relief requested therein, or to any relief whatsoever.

27. Any allegation of the Amended Complaint not expressly admitted herein is hereby denied.

Barr Labs sets forth the following affirmative and other defenses. Barr Labs does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiffs bear the burden.

### First Defense

28. The manufacture, use, offer to sell, sale, and/or importation of the product(s) described in and the subject of Barr Labs' ANDA No. 77-724 and the amendment thereto ("Barr Labs' ANDA Products") has not infringed, does not infringe, and would not, if sold, infringe any valid and enforceable claim of the '812 patent.

### Second Defense

29. The manufacture, use, offer to sell, sale, and/or importation of Barr Labs' ANDA Products has not infringed, does not infringe, and would not, if sold, infringe any valid claim of the '086 patent.

### Third Defense

30. The claims of the '812 patent are invalid for failure to satisfy the provisions of one or more of sections 101, 102, 103, 112, 116, and/or 132 of Title 35 of the United States Code and/or under the doctrine of double patenting.

### Fourth Defense

31. The claims of the '086 patent are invalid for failure to satisfy the provisions of one or more of sections 101, 102, 103, 112, 116, and/or 132 of Title 35 of the United States Code and/or under the doctrine of double patenting.

### Fifth Defense

32. The claims of the '812 patent are unenforceable by reason of inequitable conduct.

33. The '812 patent matured from U.S. Application Serial No. 256,671, which was filed on October 12, 1988 ("the '671 application").

34. The '671 application disclosed a general formula that described tetrahydrobenzothiazoles (hereinafter referred to as "'671 General Formula I") and claimed tetrahydrobenzothiazoles of that general formula. In '671 General Formula I, the substituent R1 was defined to include, inter alia, "a phenyl alkyl or phenyl alkanoyl group having 1 to 3 carbon atoms in the alkyl part, whilst the above mentioned phenyl nuclei may be substituted by 1 or 2 halogen atoms" (emphasis added).

35. When the '671 application was filed, the applicants claimed priority to two German applications, DE 3447075 and DE 3508947, which were filed on December 22, 1984 and March 13, 1985, respectively. The two German applications disclosed a general formula that described tetrahydrobenzothiazoles (hereinafter referred to as "German General Formula I")

8

and claimed tetrahydrobenzothiazoles of that general formula. In German General Formula I, the substituent R1 was defined to include, inter alia, "a phenyl alkyl or phenyl alkanoyl group having 1 to 3 carbon atoms in the alkyl part." German General Formula I did not include in its definition of R1 the substitution of the phenyl nuclei with 1 or 2 halogen atoms.

36. In other words, claims in the '671 application were broader than the disclosure of German General Formula I and included new matter that was not supported by the two original German applications.

37. As a result of the addition of new matter to the '671 application, the priority date or effective filing date of the claims arising out of that application which included halogenated phenyl alkyl groups at the R1 position was December 19, 1985 (the date the first United States application including a disclosure of the new matter was filed) and not December 22, 1984 (the date the first German application was filed). Indeed, at least claims 1, 2, 3, 4 and 8 of the '812 patent cannot claim a priority date any earlier than December 19, 1985.

38. Upon information and belief, one or more of the inventors' representatives and others working at Boehringer and its affiliates with a duty of disclosure to the United States Patent and Trademark Office ("USPTO"), including Dr. Dieter Laudien, Dr. Roger Milnes, and Dr. Rolf Fleischer, became aware by at least February 2, 1987 that Eli Lilly & Company had filed U.S. Application Serial No. 747,748 ("the Lilly application") with the USPTO on June 24, 1985. Upon information and belief, those individuals, including Drs. Laudien, Milnes, and Fleischer, also became aware in early 1987 that the Lilly application contained overlapping subject matter with the '671 application.

39. Upon information and belief, one or more of the inventors' representatives and others working at Boehringer and its affiliates with a duty of disclosure to the USPTO,

including Drs. Laudien, Milnes, and Fleischer, spent nearly two years trying to decide how to proceed given that the Lilly application was filed earlier in the United States and contained overlapping subject matter with the '671 application. These deliberations included making preparations for possible interference proceedings in the USPTO.

40. In the course of disclosing the Lilly application to the USPTO during prosecution of the '671 application, one or more of the inventors' representatives and others working at Boehringer and its affiliates with a duty of disclosure to the USPTO, including Drs. Laudien, Milnes, and Fleischer, caused or knowingly permitted material misstatements of fact to be made concerning the priority date of the '671 application. Specifically, the representations to the USPTO were, inter alia, that the Lilly application "is not available as prior art because its filing date is later than the effective filing date of the above-captioned application. (The effective filing date of the above-captioned application is 22 December 1984, the date on which the German application for which Convention priority is claimed was filed)." Those statements were false at the time they were made to the USPTO.

41. The statements referenced in paragraph 40 were highly material to the prosecution of the '671 application. Upon information and belief, one or more of the inventors' representatives and others working at Boehringer and its affiliates with a duty of disclosure to the USPTO, including Drs. Laudien, Milnes, and Fleischer, had knowledge that the representations to the USPTO concerning the priority date of the '671 application were false, and those statements were made and maintained with intent to deceive the USPTO.

42. The statements referenced in paragraph 40 were made because, inter alia, one or more of the inventors' representatives and others working at Boehringer and its affiliates with a duty of disclosure to the USPTO, including Drs. Laudien, Milnes, and Fleischer, knew

that if they did not misrepresent the priority date to the USPTO in order to overcome the Lilly application, they would not be able to obtain claims covering some of their particularly preferred compounds.

### Sixth Defense

43.  The claims of the '086 patent expired on or about June 27, 2006.

### Seventh Defense

44.  Any additional defenses or counterclaims that discovery may reveal.

### AMENDED COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Barr Laboratories, Inc. ("Barr Labs") brings the following counterclaims against Plaintiffs Boehringer Ingelheim International GmbH ("BII") and Boehringer Ingelheim Pharmaceutical, Inc. ("BIPI") (collectively "Boehringer") for a declaratory judgment that (a) United States Patent No. 4,886,812 ("the '812 patent") is invalid, unenforceable, and not infringed by the product(s) described in and the subject of Barr Labs' ANDA No. 77-724 and the amendment thereto ("Barr Labs' ANDA Products"), and (b) United States Patent No. 4,843,086 ("the '086 patent") is invalid and not infringed by Barr Labs' ANDA Products.

### Parties

45.  Counterclaim-Plaintiff Barr Labs is a corporation organized and existing under the laws of Delaware, has its principal place of business at 2 Quaker Road, Pomona, New York 10970, and has a regular and established place of business in Northvale, New Jersey.

46.  On information and belief, Counterclaim-Defendant BII is a corporation organized and existing under the laws of the Federal Republic of Germany.

47. On information and belief, Counterclaim-Defendant BIPI is a corporation organized and existing under the laws of the State of Delaware, having a regular and established place of business in Ridgefield, Connecticut.

48. On information and belief, Counterclaim-Defendant BIPI is a wholly-owned subsidiary of Counterclaim-Defendant BII.

## Jurisdiction and Venue

49. These counterclaims seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and 21 U.S.C. 355(j)(5)(C).

50. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338(a), 2201 and 2202 and 21 U.S.C. 355(j)(5)(C).

51. This Court has personal jurisdiction over Counterclaim-Defendants BII and BIPI on the basis of, inter alia, their contacts with Delaware relating to the subject matter of this action, including having filed suit.

52. This Court also has personal jurisdiction over Counterclaim-Defendant BIPI on the basis of, inter alia, BIPI's continuous and systematic contacts in Delaware, and its derivation of substantial revenue from services or things produced or consumed in Delaware.

53. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## Background

### The '812 Patent

54. Based on the allegations set forth in Plaintiffs' Amended Complaint and Barr Labs' Answer, a justiciable controversy exists between those parties with respect to the validity and scope of the claims of the '812 patent.

### The '086 Patent

55. Based on the allegations set forth in Plaintiffs' Amended Complaint and Barr Labs' Answer, a justiciable controversy exists between those parties with respect to the validity and scope of the claims of the '086 patent.

### First Counterclaim

56. Barr Labs hereby repeats and reiterates the allegations of paragraphs 45 through 54 as if fully set forth herein.

57. The manufacture, use, offer to sell, sale and/or importation into the United States of Barr Labs' ANDA Products does not infringe the '812 patent.

### Second Counterclaim

58. Barr Labs hereby repeats and reiterates the allegations of paragraphs 45 through 53 and paragraph 55 as if fully set forth herein.

59. The manufacture, use, offer to sell, sale and/or importation into the United States of Barr Labs' ANDA Products does not infringe or induce infringement by another of the '086 patent.

### Third Counterclaim

60. Barr Labs hereby repeats and reiterates the allegations of paragraphs 45 through 54 as if fully set forth herein.

61. The '812 patent is invalid for failure to satisfy the provisions of one or more of sections 101, 102, 103, 112, 116, or 132 of Title 35 of the United States Code and/or under the doctrine of double patenting.

### Fourth Counterclaim

62. Barr Labs hereby repeats and reiterates the allegations of paragraphs 45 through 53 and 55 as if fully set forth herein.

63. The '086 patent is invalid for failure to satisfy the provisions of one or more of sections 101, 102, 103, 112, 116, or 132 of Title 35 of the United States Code and/or under the doctrine of double patenting.

### Fifth Counterclaim

64. Barr Labs hereby repeats and reiterates the allegations of paragraphs 45 through 54 as if fully set forth herein.

65. The claims of the '812 patent are unenforceable by reason of inequitable conduct, as set forth in greater detail above in Barr Labs' Fifth Defense which is incorporated herein by reference.

WHEREFORE, defendant Barr Laboratories, Inc. prays that:

(a) The Amended Complaint of BII and BIPI be dismissed with prejudice;

(b) The manufacture, use, offer to sell, sale and/or importation into the United States of Barr Labs' ANDA Products be declared not to infringe any claim of the '812 patent;

(c) The manufacture, use, offer to sell, sale and/or importation into the United States of Barr Labs' ANDA Products be declared not to infringe or induce infringement by another of any claim of the '086 patent;

(d) The '812 patent be declared invalid;

(e) The '086 patent be declared invalid;

(f) The '812 patent be declared unenforceable;

(g) Barr Labs be awarded its costs in this action;

(h) Barr Labs be awarded its attorneys' fees pursuant to 35 U.S.C. § 285; and

    (i)    Barr Labs be awarded such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Defendant Barr has by stipulation withdrawn its jury demand. See Stipulation and Order (D.I. 16).

Respectfully submitted,

_____
Josy W. Ingersoll (#1088)
John Shaw (#3362)
Adam Poff (#3990)
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
*Attorneys for Defendant Barr Laboratories, Inc.*

OF COUNSEL:

Glenn J. Pfadenhauer
Jessamyn S. Berniker
Dov P. Grossman
Brett R. Tobin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, D.C. 20005
(202) 434-5000

Dated: November 9, 2006