# YOUNG CONAWAY STARGATT & TAYLOR, LLP

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

ADAM W. POFF
DIRECT DIAL: (302) 571-6642
DIRECT FAX: (302) 576-3326
apoff@ycst.com

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

November 20, 2006

**BY ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 N. King Street
Wilmington, DE 19801

    Re:   *Boehringer Ingelheim International GmbH, et al.*
          *v. Barr Laboratories, Inc., et al.*,
          No. 05-0700 (KAJ) (D. Del.)

Dear Judge Jordan:

       This firm, along with Williams & Connolly LLP, represents Defendant Barr Laboratories, Inc. ("Barr") in the above-captioned action. We write in connection with an unresolved discovery dispute among the parties. The above-captioned matter is a patent case, and Barr moves this Court for a second day of seven hours on the record to depose the attorney for Plaintiffs who handled the prosecution and filing of three patent applications central to this litigation, Mr. Alan Stempel.

Factual and Procedural Background

       Plaintiffs Boehringer Ingelheim International GmbH and Boehringer Ingelheim Pharmaceuticals, Inc. (collectively "Plaintiffs" or "Boehringer") have asserted two patents against Barr in this litigation: U.S. Patent No. 4,843,086 ("the '086 patent) and U.S. Patent No. 4,886,812 ("the '812 patent"). Both the '086 and '812 patents are descendants of an original United States patent application that ultimately led to the issuance of a third patent, U.S. Patent No. 4,731,374 ("the '374 patent"). The patents-in-suit also claim priority back to two original German patent applications. Barr has raised at least two defenses that render the prosecution histories of the '374, '086 and '812 patents central to this case: double-patenting and inequitable conduct.

       Mr. Stempel was the only individual identified on Plaintiffs' initial disclosures as knowledgeable about the prosecution of the patents-in-suit. He was further identified in one of Plaintiffs' interrogatory responses as knowledgeable about the "Conception of the inventions in the patents-in-suit." *See* Objections and Responses of Plaintiffs to Barr's First Set of Interrogatories (Nos. 1-9) at 6 (attached hereto as Ex. A). Moreover, in response to another interrogatory, Plaintiffs identified Mr. Stempel as the only person who "participated in the drafting, preparation, and prosecution of the applications that led to the issuance of the '374, '086, and '812 patents." *See id.* at 7-8. Plaintiffs have stated that they will not supplement their interrogatory response to identify any other individuals involved in the prosecution of these patents.

DB02:5617759.1

063987.1002

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
November 20, 2006
Page 2

       The Scheduling Order entered by the Court in this case provides each side with a total of 200 hours within which to conduct the depositions of their choice. *See* Scheduling Order ¶ 3(a), D.I. 30. Obviously, to the extent a party desires to examine any particular witness for more than seven hours, that will reduce the number of depositions the party may take. Nonetheless, the Scheduling Order does not provide a specific limit for each deposition, and Defendants have not come close to reaching their 200 hour limit.

       In advance of Mr. Stempel's deposition, counsel for Barr notified Plaintiffs that we believed that we would need a second day for his deposition. *See, e.g.*, September 18, 2006 Letter from D. Grossman to K. Schuler ("[W]e believe that seven hours will not be sufficient time for [Mr. Stempel's] deposition given his knowledge of a number of key issues in this litigation"). As the only person identified by Plaintiffs with a role in the drafting, preparation and prosecution of the three relevant file histories, that total over 850 pages in length, counsel for Barr believed that we would not be able to complete Mr. Stempel's deposition in one day.

       Our expectation was correct. On October 11, 2006, counsel for Barr began the deposition of Mr. Stempel. Despite making diligent efforts to complete his deposition within seven hours, we were unable to do so. In the first day of Mr. Stempel's deposition, counsel for Barr examined Mr. Stempel regarding Boehringer's procedure for the filing of patent applications worldwide, the two German patent applications to which the patents-in-suit claim priority (which are central to Barr's inequitable conduct allegations), as well as most of the 350+ page file history of the '374 patent. The examination on these topics filled the majority of the first seven hours of Mr. Stempel's deposition, and counsel for Barr was unable to begin to question Mr. Stempel about the file histories of the two patents-in-suit, themselves totaling nearly 500 pages in length.

       Furthermore, counsel's ability to complete Mr. Stempel's deposition within one day was hindered by Mr. Stempel's continued unwillingness to answer questions and his own conduct in drawing out the examination. For example, in response to the question, "In those instances in which you have filed patent applications which were filed in the first instance in the United States, did you draft those patent applications?" Mr. Stempel responded "What do you mean by draft." Stempel Deposition at 39:13-17. In response to a later question he testified "I don't recall if there was ever an instance in that time frame when I did not read the application. But also I don't understand what you mean by read the application." *Id.* at 69:14-17.[1]

       At the conclusion of seven hours of testimony counsel for Plaintiffs ended the deposition, over Barr's continued objection. In subsequent correspondence Barr's counsel has repeated its request to be allowed a second day to depose Mr. Stempel, but Plaintiffs have refused this repeated request. *See* October 12, 2006 letter from D. Grossman to K. Schuler; October 13, 2006 letter for J. Bosworth to D. Grossman; October 16, 2006 letter from D. Grossman to J.

---

[1] Barr has not appended a copy of Mr. Stempel's deposition transcript to this letter but will certainly provide this Court with a copy upon request.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
November 20, 2006
Page 3

Bosworth; October 30, 2006 letter from J. Bosworth to D. Grossman; November 1, 2006 letter from D. Grossman to J. Bosworth.

<u>Argument</u>

Federal Rule of Civil Procedure 30(d)(2) provides that "The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination." "The [Advisory] Committee also admonished that '[p]reoccupation with timing is to be avoided.'" 8A Charles Alan Wright et al., Federal Practice and Procedure Civil § 2104.1 (2d ed. Supp. 2003); *see also* Advisory Committee Notes to the 2000 Amendments. In *Beneville v. Pileggi*, Civ. A. No. 03-474 JJF, 2004 WL 1631358 at * 1 (D. Del. 2004), the court explained that "[e]xamples of grounds for granting an extension include whether a witness requires an interpreter, the examination covers events occurring over a long period of time or extensive documents, if multiple parties are deposed, or if someone impedes or delays the examination." Federal Rule of Civil Procedure 26(b)(2) explains that in considering whether to alter the length of deposition a court should consider, *inter alia*, whether "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive" and "the importance of the proposed discovery in resolving the issues."

Barr satisfies the standard outlined by Rule 30(d)(2) for obtaining additional time for the deposition of Mr. Stempel. Given Mr. Stempel's central role in the prosecution of the applications leading to the '374, '086 and '812 patents, and the import of these voluminous file histories to Barr's defenses of double-patenting and inequitable conduct, it is critical and appropriate that Barr be permitted a second day to depose Mr. Stempel. Despite diligence at the first day of his deposition, counsel for Barr was unable to commence examination regarding the file histories of the patents-in-suit. Furthermore, as explained *supra*, Mr. Stempel himself unnecessarily lengthened the deposition through his conduct. Plaintiffs themselves, having identified Mr. Stempel as the only witness knowledgeable about the file histories, must concede that this testimony is not obtainable from another source. Given that "[p]reoccupation with timing is to be avoided", this Court should grant Barr an additional seven-hour day to depose Mr. Stempel.

Respectfully Submitted,

Adam W. Poff (No. 3990)

AWP:kms
cc:    Clerk of Court
        Jack B. Blumenfeld, Esq.
        Mary Matterer, Esq.
        Glenn Pfadenhauer, Esq.
        Steven Cherny, Esq.
        David Harth, Esq.