# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BARR LABORATORIES, INC., <br><br> Defendant. | C.A. No. 05-0700 (KAJ) <br><br> CONSOLIDATED |
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MYLAN PHARMACEUTICALS INC., <br><br> Defendant. | C.A. No. 05-0854 (KAJ) |

## OBJECTIONS AND RESPONSES OF PLAINTIFFS BOEHRINGER INGELHEIM INTERNATIONAL GMBH AND BOEHRINGER INGELHEIM PHARMACEUTICALS, INC. TO DEFENDANT BARR LABORATORIES, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-9)

Plaintiffs Boehringer Ingelheim International GmbH and Boehringer Ingelheim Pharmaceuticals, Inc. ("Plaintiffs" or "Boehringer") respond and object as follows to the First Set of Interrogatories propounded by Defendant Barr Laboratories, Inc. ("Barr Labs"):

### GENERAL OBJECTIONS

1. Boehringer generally objects to each Interrogatory to the extent it seeks information protected from disclosure by the attorney-client or work product privileges. Boehringer further objects to each Interrogatory to the extent that it seeks information prepared in anticipation of litigation or for trial of this or any matter and/or that is subject to protection under FEDERAL RULE OF CIVIL PROCEDURE 26(b)(4)(B). Boehringer will provide information

which it believes is nonprivileged and is otherwise properly discoverable. By providing such information, Boehringer does not waive any privileges. To the extent that an Interrogatory may be construed as seeking such privileged or protected information or documents, Boehringer hereby claims such privilege and invokes such protection. The fact that Boehringer does not specifically object to an individual request on the ground that it seeks such privileged or protected information or documents shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection.

2. Boehringer generally objects to each Interrogatory to the extent it seeks information or documents containing or constituting trade secrets, confidential business or other proprietary information or information protected from disclosure by law, court order, or agreement respecting confidentiality or non-disclosure.

3. To the extent that Barr Labs' Interrogatories seek information from, or the identification of documents from, the internal work-product files of attorneys representing or advising Boehringer, Boehringer objects generally to the production of such information and the identification of such documents.

4. Boehringer objects to each and every Interrogatory to the extent that it purports to oblige Boehringer to perform a legal or other analysis to determine whether a document supports or refutes any defense or claim asserted by Barr Labs.

5. Boehringer objects to each and every Interrogatory to the extent that Barr Labs seeks to require Boehringer to provide any information beyond what is available to Boehringer at present from a reasonable search or its own files at its principal offices and facilities, and from a reasonable inquiry of its present employees, on the grounds that such discovery would be unreasonably cumulative and unduly burdensome.

6. Boehringer generally objects to each Interrogatory to the extent it is overly broad, unduly burdensome, oppressive, and/or would entail undue expense.

7. Boehringer generally objects to each Interrogatory to the extent that it is vague and/or ambiguous. Where possible, however, Boehringer will make reasonable assumptions as

to Barr Labs' intended meaning and will respond accordingly, while preserving its objections as to vagueness, ambiguity, and uncertainty.

8. Boehringer objects to each and every Interrogatory to the extent that it seeks information neither relevant to the claim or defense of any party to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

9. Nothing in these responses shall be construed to waive rights or objections which otherwise might be available to Boehringer, nor shall Boehringer's answering of any of the Interrogatories be deemed an admission of relevancy, materiality, or admissibility in evidence of the Interrogatory or of the responses thereto.

10. Since discovery is only beginning in this case, Boehringer's responses should not be deemed exhaustive. The following responses reflect Boehringer's present knowledge, information, and belief and may be subject to change or modification based on Boehringer's further discovery, or on facts or circumstances that may come to Boehringer's knowledge or attention in the future. Boehringer reserves the right to update, amend, or supplement these responses to include additional information that is obtained during yet to be conducted discovery or investigation. In addition, these responses are made without prejudice to Boehringer's right to present additional evidence or contentions at trial based upon information hereafter obtained or developed.

11. Boehringer objects to the definitions and instructions set forth in Barr Labs' Interrogatories to the extent that they purport to impose requirements other than or in addition to the requirements of the FEDERAL RULES OF CIVIL PROCEDURE and the Local Rules of this Court.

12. Boehringer objects to each Interrogatory to the extent it seeks information already in Barr Labs' possession, custody or control, or available to Barr from public sources.

13. Boehringer's responses are made without waiving, in any way: (1) the right to object on any basis permitted by law to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) the right to object on any basis permitted by law to any other discovery request or proceeding involving or relating to the subject matter of these responses.

14.     Boehringer objects to each and every Interrogatory to the extent it seeks information or documents that are not in Boehringer's possession, custody, or control and to the extent such Interrogatory purports to require Boehringer to search for information not within its possession custody or control.

15.     Boehringer objects to Barr Labs' definitions of the terms "you," "yours," "Plaintiffs," and "Boehringer" because they are vague and overly broad.

16.     Boehringer objects to Barr Labs' definition of the term "identify" because it is vague, overly broad, and unduly burdensome.

17.     Boehringer objects to Barr Labs' definitions of the terms "person" and "entity" because they are vague, overly broad, and unduly burdensome.

18.     Boehringer objects to Barr Labs' definition of the term "relating to" because it is vague, overly broad, and unduly burdensome.

19.     Boehringer objects to Barr Labs' definition of the terms "test" and "testing" because they are vague, overly broad, and unduly burdensome.

20.     Boehringer objects to Barr Labs' use of the phrase "state with particularity" because it is vague, overly broad, and unduly burdensome.

21.     Boehringer objects to Instruction No. 2 as overbroad and seeking to impose obligations beyond those required by the FEDERAL RULES OF CIVIL PROCEDURE.

22.     Boehringer incorporates by reference all of its General Objections into each specific response below.

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1:

Identify each person with knowledge of the conception, reduction to practice, testing, and commercialization of the alleged invention(s) claimed in the '086 and '812 patents and state with particularity what each person's role was.

**RESPONSE:**

Boehringer incorporates its General Objections as if set forth fully herein. Boehringer further objects to this Interrogatory on the grounds it is overly broad, unduly burdensome, oppressive, and/or would entail undue expense to the extent it purports to require Boehringer to identify with particularity the role of every person who participated, however remotely, in the development of the inventions of the '086 and '812 patent (the "patents-in-suit").

Subject to and without waiving these objections, Boehringer states that at least the following persons have knowledge of the conception, reduction to practice, testing, and commercialization of the invention(s) claimed in the '086 and '812 patents:

| Name | Employer/Address | Subject |
|---|---|---|
| Claus Schneider | Head of Industrial Business Roche Diagnostics GmbH Roche Applied Science Sandhofer Strasse 116 68305 Mannheim Germany<br><br>Dr. Schneider may be contacted through counsel for Boehringer | Co-inventor, involved with the development of the inventions of the patents-in-suit |
| Rudolf Hurnaus | Retired<br><br>Resides in or near Bieberach, Germany<br><br>Dr. Hurnhaus may be contacted through counsel for Boehringer | Co-inventor, involved with the development of the inventions of the patents-in-suit |
| Walter Kobinger | Retired<br><br>Resides in or near Vienna, Austria<br><br>Dr. Kobinger may be contacted through counsel for Boehringer | Co-inventor, involved with the development of the inventions of the patents-in-suit |

| Ludwig Pichler | Retired<br><br>Resides in or near Vienna, Austria<br><br>Dr. Pichler may be contacted through counsel for Boehringer | Co-inventor, involved with the development of the inventions of the patents-in-suit |
|---|---|---|
| Joachim Mierau | Retired<br><br>Resides in Mainz, Germany<br><br>Dr. Mierau may be contacted through counsel for Boehringer | Co-inventor, involved with the development of the inventions of the patents-in-suit |
| Dieter Hinzen | Via Corafora 12<br>Ch-6622 Ronco sopra Ascona<br>Switzerland<br><br>Prof. Dr. Hinzen may be contacted through counsel for Boehringer | Co-inventor, involved with the development of the inventions of the patents-in-suit |
| Gunter Schingnitz | Boehringer Ingelheim GmbH<br>Corporate Headquarters<br>Binger Str. 173<br>55216 Ingelheim<br>Germany<br><br>Dr. Schingnitz may be contacted through counsel for Boehringer | Co-inventor, involved with the development of the inventions of the patents-in-suit |
| Alan R. Stempel | Boehringer Ingelheim Corporation<br>900 Ridgebury Road,<br>Ridgefield, CT 06877-0368<br><br>Mr. Stempel may be contacted through counsel for Boehringer | Conception of the inventions of the patents-in-suit |

Plaintiffs further state that, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 33(d), they will produce documents from which the identity of any additional persons who may have participated in the reduction to practice, testing, and commercialization of the invention(s) claimed in the '086 and '812 patents may be derived or ascertained.

6

**INTERROGATORY NO. 2:**

Identify each person involved with or responsible for the drafting, preparation and/or prosecution of German Priority Applications DE 34470751 and/or DE 3508947 and state with particularity each person's role was.

**RESPONSE:**

Boehringer incorporates its General Objections as if set forth fully herein. Boehringer further objects to this Interrogatory on the grounds it is vague and ambiguous. Boehringer further objects to Interrogatory No. 2 on the grounds that it is overly broad, unduly burdensome, and/or would entail undue expense to answer. Boehringer further objects to Interrogatory No. 2 to the extent that it seeks the discovery of information not relevant to the claim or defense of any party.

Subject to and without waiving these objections, Boehringer states that the following persons were involved with the drafting, preparation and/or prosecution of German Priority Applications DE 34470751 and/or DE 3508947: Dr. Claus Schneider, Dr. Rudolf Hurnaus, Dr. Gunter Schingnitz, and Dr. Rolf Fleischer (who may be contacted through counsel for Boehringer).

**INTERROGATORY NO. 3:**

Identify each person involved with or responsible for the drafting, preparation and/or prosecution of the application(s) that led to the issuance of the '374 patent, the '086 patent, and/or the '812 patent and state with particularity what each person's role was.

**RESPONSE:**

Boehringer incorporates its General Objections as if set forth fully herein. Boehringer further objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, oppressive, and/or would entail undue expense to answer. Boehringer also objects to this Interrogatory to the extent it seeks the discovery of any information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving these objections, Boehringer hereby incorporates

7

its response to Interrogatory No. 2 as and for part of its response to Interrogatory No. 3, and further states that Alan R. Stempel, Boehringer Ingelheim Corporation, 900 Ridgebury Road, Ridgefield, CT 06877-0368, participated in the drafting, preparation, and prosecution of the applications that led to the issuance of the '374, '086, and '812 patents.

**INTERROGATORY NO. 4:**

Identify each person involved with or responsible for the drafting, preparation, and/or prosecution of any patent application(s) filed outside of the United States that claims priority to German Priority Applications DE 34470751 and/or DE 3508947 and state with particularity what each person's role was.

**RESPONSE:**

Boehringer incorporates its General Objections as if set forth fully herein. Boehringer further objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, oppressive, and/or would entail undue expense to answer. Boehringer further objects to Interrogatory No. 4 on the grounds that it seeks the discovery of information not relevant to the claim or defense of any party. Subject to and without waiving its these objections, Boehringer states that, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 33(d), it will produce documents from which the answer to Interrogatory No. 4 can be derived or ascertained.

**INTERROGATORY NO. 5:**

Identify which claims in the '086 and '812 patents plaintiffs contend are or will be infringed by the filing of Barr Labs' ANDA or the sale or use of Barr Labs' ANDA products. For each claim you identify, state with particularity all of the facts on which you rely for your contention, including the page(s) and line(s) in the specification where each element of the claim(s) is described, and identify the persons most knowledgeable about, and all documents and things relating to, such contention.

**RESPONSE:**

Boehringer incorporates its General Objections as if set forth fully herein. Boehringer specifically objects to this Interrogatory as compound, as it seeks information regarding Plaintiffs' infringement contentions as well as information about the written description for the claims in the specification. Boehringer further objects to this Interrogatory on

8

the grounds that it is premature, and expressly reserves the right to amend or supplement this response as it deems appropriate. Boehringer also objects to this Interrogatory to the extent it seeks the discovery of information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving these objections, Plaintiffs state that, by filing its ANDA, Barr Labs has infringed at least claims 3, 4, 5, 7, 8, 9 and 10 of the '812 patent and at least claims 23, 26, 27, 28 and 29 of the '086 patent. In letters dated August 10, 2005 and September 12, 2005 (the "Barr Letters"), Barr Labs advised Boehringer that Barr had filed an Abbreviated New Drug Application ("ANDA") for pramipexole dihydrochloride tablets. With the ANDA, Barr Labs has sought "approval to engage in the commercial manufacture, use and/or sale of (S)-2-Amino-6-n-propylamino-4,5,6,7-tetrahydrobezthiaozle dihydrochloride monohydrate drug product....[T]he established name of Barr's Product is pramipexole dihydrochloride tablets, 0.125 mg, 0.25 mg, 0.5 mg, 1.0 mg, and 1.5 mg strengths...[T]he active ingredient of Barr's Product is (S)-2-Amino-6-n-propylamino-4,5,6,7-tetrahydrobenzthiazole dihydrochloride monohydrate; the strengths are 0.125 mg, 0.25 mg, 0.5 mg, 1.0 mg, and 1.5 mg; and the dosage form is a tablet." *Barr Letters at p. 2*. In the Detailed Factual and Legal Basis attached to these letters, Barr also acknowledged that its ANDA sought approval for the use of pramipexole dihydrochloride tablets for the treatment of Parkinson's Disease and/or Parkinsonism. *See Barr's Detailed Factual and Legal Basis at 1*. ("The Barr Product and its use for treating Parkinson's Disease..."); *id.* ("The Barr Product is [] for treatment of Parkinson's disease."). Without limitation, an identification of each element of the asserted claims of the '812 and '086 patents met by Barr Labs' accused product is set forth in the tables found in Appendix A and Appendix B, respectively.

The specifications of the '812 and '086 patents as a whole support each of the asserted claims of the '812 and '086, respectively. Without limitation, a description of each of the elements of the now-asserted claims of the '812 and '086 patents can be found at least in the locations as set forth in the tables found in Appendix A and Appendix B, respectively.

At least the following documents relate to the assertion of these claims: the '086

9

and '812 patents, applications and file wrappers; and Barr Labs' ANDA and Paragraph IV Patent Certifications (original and amended) for pramipexole dihydrochloride tablets. Boehringer identifies at least the following person with knowledge of these allegations

- Steve Szczepanski
  Kelley, Drye & Warren LLP
  333 W. Wacker Dr.
  Chicago, IL 60606

**INTERROGATORY NO. 6:**

For each claim of the '086 and '812 patent that you contend is infringed by Barr Labs' ANDA product, state whether you contend that such claim is entitled to the benefit of the filing date of German Priority Application DE 34470751 pursuant to 35 U.S.C. §§ 119 and/or 120. If you do so contend, with respect to each such claim state with particularity all of the facts on which you rely for your contention, including an identification of the page(s) and particular sentence(s) in German Priority Application DE 34470751 where each element of the claim(s) is described, and identify the persons most knowledgeable about, and all document and things relating to, such contention.

**RESPONSE:**

Boehringer incorporates its General Objections as if set forth fully herein. Boehringer specifically objects to this Interrogatory as compound. Boehringer further objects to this Interrogatory on the grounds that it is premature, and expressly reserves the right to amend or supplement this response as it deems appropriate. Boehringer objects to this Interrogatory to the extent it calls for legal conclusions. Boehringer also objects to this Interrogatory to the extent it seeks the discovery of information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving these objections, Plaintiffs state that they contend that each of the asserted claims of the patents-in-suit is entitled to the benefit of the filing date of the German Priority Application DE 34470751 ("German '751 application"). The specification of the German '751 application as a whole supports each of the asserted claims of the '812 and '086 patents. Without limitation, a description of each of the elements of the now-asserted claims of the '812 and '086 patents can be found at least in the locations as set forth in the tables found in Appendix A and Appendix B, respectively.

10

**INTERROGATORY NO. 7:**

If your answer for any of the claims referenced in Interrogatory No. 6 is that you do not contend, state whether you contend that those claims are entitled to the benefit of the filing date of German Priority Application DE 3508947 pursuant to 35 U.S.C. §§ 119 and/or 120. If you do contend that claims are entitled to a filing date of German Priority Application DE 3508947, with respect to each such claim state with particularity all of the facts on which you rely for your contention, including an identification of the page(s) and particular sentence(s) in German Priority Application DE 3508947 where each element of the claim(s) is described, and identify the persons most knowledgeable about, and all documents and things relating to, such contention.

**RESPONSE:**

Boehringer incorporates its General Objections as if set forth fully herein. Boehringer specifically objects to the Interrogatory as vague and ambiguous. Boehringer further objects to this Interrogatory to the extent it calls for legal conclusions. Boehringer also objects to this Interrogatory on the grounds that it is premature, and expressly reserves the right to amend or supplement this response as it deems appropriate.

Subject to and without waiving these objections, Boehringer states that all presently asserted claims of the patents-in-suit are entitled to the benefit of the filing date of the '751 German patent application.

**INTERROGATORY NO. 8:**

State whether you contend that the application that matured into the '812 patent is entitled to the benefit of the third sentence of 35 U.S.C. § 121 with respect to the application that matured into the '086 patent. If you do so contend, please state with particularity how the application that matured into the '812 patent was filed as a result of a restriction requirement and is consonant with that restriction requirement.

**RESPONSE:**

Boehringer incorporates its General Objections as if set forth fully herein. Boehringer further objects to this Interrogatory on the grounds that it is premature, and expressly reserves the right to amend or supplement this response as it deems appropriate. Boehringer objects to this Interrogatory to the extent it calls for a legal conclusion. Boehringer also objects to this Interrogatory to the extent it seeks the discovery of information protected by the attorney-client privilege and/or work product doctrine. Boehringer objects to this Interrogatory on the

11

grounds that it is vague, ambiguous, and/or misstates the language or meaning of 35 U.S.C. § 121.

Subject to and without waiving these objections, Boehringer states that it contends that the application that matured into the '812 patent is entitled to the benefit of the third sentence of 35 U.S.C. § 121 with regard to the application that matured into the '086 patent. During the prosecution of the patent application that matured into the '374 patent ("the '374 application"), the Examiner imposed a restriction requiring patentee to elect the inventions of the original claims, which included claims directed to five classes of compounds and compositions as well as three method claims for treatment based on the type of compound used. *See* '374 patent 9/11/1986 Office Action at 2-7 (classifying different compounds classes as inventions I to V and different method claims as inventions VIII to X, and requiring patentee to elect one of the compound groups from I to V and one of the utility group VIII to X). The PTO recognized that these different groups constitute separate inventions. In response, the patentee elected without traverse to pursue only those claims directed toward one of the composition classes (II) and one of the utility classes (X) in the '374 application (pyrrolidinyl-substituted benzthiazole compounds and a method for treating Parkinsonism or Parkinson's Disease). This restriction ultimately lead to the '812 patent application, which was directed toward the composition class of group I, and the '086 patent application, which was directed toward utility groups VII to X.

As a divisional application consonant with the restriction requirement, the '812 claims are thus entitled to the benefit of 35 USC §121. The Examiner permitted the '812 patent claims over the '374 and '086 claims.

**INTERROGATORY NO. 9:**

Identify on a claim by claim basis, the date, location, and circumstances of the first public disclosure, public use, sale, offer for sale, or use or testing by persons not employed by Plaintiffs at the time, of any of the subject matter that Plaintiffs assert is covered by each the claims of the '086 and '812 patents. For each such public disclosure, public use, sale, offer for sale, or use or testing by persons not employed by Plaintiffs at the time, identify the compound or composition that was its subject, the persons most knowledgeable about it, and all documents and things relating to it.

12

**RESPONSE:**

Boehringer incorporates its General Objections as if set forth fully herein. Boehringer further objects to Interrogatory No. 9 on the grounds that it is vague and ambiguous. Boehringer further objects to Interrogatory No. 9 on the grounds that it is premature, and expressly reserves the right to amend or supplement this response as it deems appropriate. Boehringer also objects to this Interrogatory to the extent that it seeks information not relevant to the claim or defense of any party.

Subject to and without waiving these objections, Boehringer, after a reasonable inquiry, believes that the date of the first public disclosure, public use, offer for use or testing by persons not employed or contracted by Boehringer for any claim of the '086 or '812 patents was July 3, 1986. On this date, the patentee's related '751 German patent application, which discloses every element of each of the presently asserted claims, as described in Boehringer's response to Interrogatory No. 6, was published by the German Patent and Trademark Office.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack B. Blumenfeld

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
   Attorneys for Plaintiffs
   Boehringer Ingelheim International GmbH and
   Boehringer Ingelheim Pharmaceuticals, Inc.

Of Counsel:

Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

Kenneth G. Schuler
Amanda J. Hollis
Joel Neckers
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL 60606
(312) 876-7700

Sandy Choi
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-2562
(415) 395-8095

Carisa S. Yee
LATHAM & WATKINS LLP
135 Commonwealth Drive
Menlo Park, California 94025-3656
(650) 328-4600


Date: March 2, 2006

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfield, hereby certify that on March 2, 2006, I caused a true and correct copy of PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT BARR LABORATORIES, INC.'S FIRST SET OF INTERROGATORIES to be served on the following in the manner indicated:

### BY HAND

Mary B. Matterer
Morris, James, Hitchens & Williams
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899

Josy W. Ingersoll
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

### BY FEDERAL EXPRESS

Glenn J. Pfadenhauer
Dov P. Grossman
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901

David J. Harth
David L. Anstaett
Melody K. Glazer
Heller Ehrman LLP
One East Main Street, Suite 201
Madison, Wisconsin 53703

Shannon M. Bloodworth
Heller Ehrman LLP
1717 Rhode Island Avenue, N.W.
Washington, DC 20036

Jack B. Blumenfield (#1014)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com