## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 05-700 (***) |
| v. | ) ) | CONSOLIDATED |
| BARR LABORATORIES, INC., | ) ) | |
| Defendant. | ) | |
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 05-854 (***) |
| v. | ) ) ) | |
| MYLAN PHARMACEUTICALS INC., | ) ) | |
| Defendant. | ) | |

## PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO
## MYLAN'S MOTION FOR LEAVE TO FILE AMENDED ANSWER,
## SEPARATE DEFENSES AND COUNTERCLAIMS

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P. O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com
*Attorneys for Plaintiffs*
*Boehringer Ingelheim International GmbH and*
*Boehringer Ingelheim Pharmaceutical, Inc.*

OF COUNSEL:

Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

Kenneth G. Schuler
Amanda J. Hollis
Joel S. Neckers
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL 60606
(312) 876-7700

Dated:  February 6, 2007

## TABLE OF CONTENTS

Page No.

TABLE OF AUTHORITIES ................................................................................... ii

I.    NATURE AND STAGE OF PROCEEDINGS .................................................... 1

II.   SUMMARY OF ARGUMENT ............................................................................ 1

III.  FACTS AND ARGUMENT ................................................................................ 2

IV.   CONCLUSION ................................................................................................... 4

i

## TABLE OF AUTHORITIES

Page No.

**CASES**

*Eastern Minerals & Chems. Co. v. Mahan*
  225 F.3d 330 (3d Cir. 2000)                                              3

*Johnson v. Thru Point, Inc.*
  160 Fed. Appx. 159 (3d Cir. 2005)                                       3

*Regents of the Univ. of N.M. v. Knight*
  116 Fed. Appx. 258 (Fed. Cir. 2004)                                     3

*Regents of the Univ. of N.M. v. Knight*
  No. Civ 99-577 JC, 2003 U.S. Dist., Lexis 26105 (D. N.M. 2003)          3

**STATUTES**

21 U.S.C. § 355 (j)(2)(A)(vii)(IV)                                        1

## I.    NATURE AND STAGE OF PROCEEDINGS

Plaintiffs Boehringer Ingelheim International GmbH and Boehringer Ingelheim Pharmaceuticals, Inc. ("Plaintiffs" or "Boehringer") filed this lawsuit on December 12, 2005, after Mylan Pharmaceuticals, Inc. ("Mylan") submitted an ANDA and paragraph IV certification seeking approval to sell a generic version of MIRAPEX®. *See* 21 U.S.C. § 355 (j)(2)(A)(vii)(IV). Mylan filed an Answer, Separate Defenses and Counterclaims on January 4, 2006.

The Court entered an Amended Scheduling Order on October 11, 2006, setting November 9, 2006 as the date by which all motions to amend or supplement the pleadings had to be filed. (D.I. 90). Fact discovery closed on January 23, 2007, and the parties are presently engaged in the expert discovery phase of the case. On January 23, 2007, Mylan moved to amend its Answer, Separate Defenses and Counterclaims ("Mylan's motion") to Amended Complaint. (D.I. 122).

## II.    SUMMARY OF ARGUMENT

First, Mylan's motion was untimely under the Court's Amended Scheduling Order, a fact that Mylan does not even mention in the motion.

Second, the granting of Mylan's motion would be prejudicial to Boehringer because by filing its motion the day fact discovery closed, Mylan effectively precluded Boehringer from taking any discovery on the new issues raised in Mylan's Proposed Amended Answer.

### III.    FACTS AND ARGUMENT

On October 11, 2006, the Court entered a stipulated Amended Scheduling Order, establishing November 9, 2006 as the date by which all motions to amend or supplement the pleadings had to be filed. (D.I. 90).

Mylan did not file a motion to amend by November 9, 2006. Instead, Mylan sent Plaintiffs a letter on that day, stating that "we intend to review the evidence and facts alleged by Barr [Mylan's co-defendant] in its First Amended Answer and Counterclaims to the Amended Complaint and reserve the right to file a similar amendment if and when Barr's amended pleading is allowed." *See* Ex. 1, Nov. 9, 2006 Corresp. fr. M. Matterer to K. Schuler. Boehringer responded by stating that any motion to amend, filed after November 9, 2006, would be untimely and that Boehringer did not believe Mylan could "reserve" the right to amend its Answer beyond the time specified in the Court's Amended Scheduling Order. *See* Ex. 2, Nov. 13, 2006 Corresp. fr. J. Neckers to M. Matterer.

On January 3, 2007, the Court entered another stipulated Order, that discovery would close on January 23, 2007. (D.I. 120). On January 19, 2007, Mylan informed Boehringer of its intent to seek leave file an Amended Answer. *See* Ex. 3, Jan. 19, 2007 Corresp. fr. S. Bloodworth to J. Neckers. Counsel for Mylan conferred with counsel for Boehringer on January 23, 2007. Contrary to Mylan's assertion that "Boehringer neither consents to nor opposes the granting of this Motion," Boehringer informed counsel for Mylan that counsel for Boehringer was awaiting client input before taking a substantive position on Mylan's motion or its proposed amendment to its

2

Answer. On January 23, 2007, Mylan filed its Motion for Leave to File Amended Answer, Separate Defenses and Counterclaims. Mylan's motion should be denied for two reasons.

First, Mylan's motion was not timely. The Court-ordered deadline to amend the pleadings was November 9, 2006. Mylan did not file its motion until two and a half months later, on January 23, 2007. Surprisingly, Mylan does not even mention that fact in its motion. The Federal Circuit and Third Circuit have recognized that a motion to amend properly may be denied for being untimely. *See, e.g.*, *Regents of the Univ. of N.M. v. Knight*, 116 Fed. Appx. 258 (Fed. Cir. 2004) (affirming district court denial of motion to amend);[1] *Eastern Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 339-40 (3d Cir. 2000); *Johnson v. Thru Point, Inc.*, 160 Fed. Appx. 159 (3d Cir. 2005) at *7 (stating that "[u]ntimely amendments and discovery are disfavored where the movant offers no justification for the delay").

Mylan offers neither justification for the delay, nor reason as to why it could not have obtained the information that is the subject of its motion to amend earlier. *See Knight*, 116 Fed. Appx. 258 at *3, *4; *Mahan*, 225 F.3d at 339-40; *Johnson*, 160 Fed. Appx. 159 at *7. It clearly could have done so, as its co-defendant Barr did on November 9, 2006.

Second, the granting of Mylan's motion would prejudice Boehringer. By waiting until the day fact discovery closed to file its motion, Mylan has effectively

---

[1]    The Federal Circuit upheld the district court's decision in *Regents of the Univ. of N.M. v. Knight*, No. Civ 99-577 JC, 2003 U.S. Dist., Lexis 26105 (D. N.M. 2003) (holding as a matter of law that "untimeliness alone is an adequate basis for a court to deny leave to amend")

3

precluded Boehringer from taking discovery on any of the new allegations in Mylan's Amended Answer. Accordingly, Boehringer will be prejudiced by Mylan's proposed amendment to its Answer, as Boehringer will not be able to discover the basis, if any, of Mylan's new counterclaims and separate defenses.

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny Mylan's Motion for leave to amend.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*
*Boehringer Ingelheim International GmbH and*
*Boehringer Ingelheim Pharmaceuticals, Inc.*

4

OF COUNSEL:

Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

Kenneth G. Schuler
Amanda J. Hollis
Joel S. Neckers
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL  60606
(312) 876-7700

February 6, 2007
725929.1

5

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on February 6, 2007, I caused to be electronically filed PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO MYLAN'S MOTION FOR LEAVE TO FILE AMENDED ANSWER, SEPARATE DEFENSES AND COUNTERCLAIMS with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Mary B. Matterer
Morris, James, Hitchens & Williams

Josy W. Ingersoll
Young, Conaway, Stargatt & Taylor

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

Mary B. Matterer
Morris, James, Hitchens & Williams
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

Josy W. Ingersoll
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

### BY FEDERAL EXPRESS

Shannon M. Bloodworth
Heller Ehrman LLP
1717 Rhode Island Avenue, NW
Washington, DC 20036

Glenn J. Pfadenhauer
Dov P. Grossman
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld
jblumenfeld@mnat.com