### IN THE UNITED STATES DISTRICT COURT FOR
### THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| BOEHRINGER INGELHEIM INTERNATIONAL GmbH and BOEHRINGER INGELHEIM PHARMACEUTICAL, INC., <br><br> Plaintiffs, <br> Counterclaim Defendants, <br><br> v. <br><br> MYLAN PHARMACEUTICALS INC., <br><br> Defendant and <br> Counterclaim Plaintiff. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No.: 05-700 (***) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MYLAN'S REPLY TO PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO MYLAN'S MOTION FOR LEAVE TO FILE AMENDED ANSWER, SEPARATE DEFENSES AND COUNTERCLAIMS

OF COUNSEL

David J. Harth
David L. Anstaett
Melody K. Glazer
**HELLER EHRMAN LLP**
One East Main Street, Suite 201
Madison, Wisconsin  53703
(608) 663-7460

Shannon M. Bloodworth
**HELLER EHRMAN LLP**
1717 Rhode Island Avenue, NW
Washington, D.C.  20036
(202) 912-2000

Dated:  February 13, 2007

Mary B. Matterer (#2696)
MORRIS, JAMES LLP
500 Delaware Avenue
15th Floor
Wilmington, DE 19801
(302) 888-6960

*Attorneys for Defendant and*
*Counterclaim Plaintiff*

**INTRODUCTION**

Mylan Pharmaceuticals Inc. ("Mylan"), by its Motion For Leave To File Amended Answer, Separate Defenses And Counterclaims (the "Motion") (D.I. 122), seeks to amend its pleading with allegations substantively identical to those already allowed by this Court in its November 13, 2006 Order (D.I. 106) granting co-defendant Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc.'s ("Barr") Unopposed Motion For Leave To File Amended Answer And Counterclaims (D.I. 105) ("Barr's Motion").

In considering whether or not a motion to amend should be granted, this Court has found that the "the Supreme Court of the United States has instructed that leave to amend should be freely granted '[i]n the absence of . . . undue delay, bad faith or dilatory motive on the party of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Inline Connection Corp. v. AOL Time Warner Inc.*, 237 F.R.D. 361, 364 (D. Del. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). This is Mylan's first motion for leave to amend in this matter and its proposed amendments match those already allowed with respect to co-defendant Barr and have, therefore, already been shown to pass the futility bar. In addition, contrary to plaintiffs Boehringer Ingelheim International GmbH and Boehringer Ingelheim Pharmaceuticals, Inc.'s (together, "Boehringer") assertions, there will be no prejudice to Boehringer if Mylan's Motion is in fact granted, and there has been no undue delay, bad faith, or dilatory motive on Mylan's part.

**I.     MYLAN HAS CAUSED NO UNDUE DELAY IN FILING ITS MOTION.**

Although Boehringer makes much of the fact that Mylan's motion for leave to amend was filed after the date allowing for amendments in the amended scheduling order, as explained

in its initial Motion, Mylan filed as soon as was feasible given the heightened pleading requirements under Fed. R. Civ. P. 9(b). Therefore, there has been no undue delay or dilatory motive on Mylan's part. The Court has discretion to allow, and has allowed, parties to amend pleadings after the date set forth in the scheduling order in appropriate circumstances, such as where the information necessary to satisfy the pleading requirements of Rule 9(b) only recently became available. *See, e.g.*, *Enzo Life Scis., Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 487-90 (D. Del. 2003) (allowing defendant to amend its answer and counterclaims to include a defense and counterclaim of inequitable conduct after scheduling order deadline).[1] Mylan filed its Motion upon gathering and obtaining information sufficient to satisfy the heightened pleading requirements for allegations of fraud under Fed. R. Civ. P. 9(b). This Court recently affirmed the requirement that defendants must "plead inequitable conduct with particularity under Rule 9(b)." *Inline*, 237 F.R.D. at 366-67. Indeed, in *Enzo*, an earlier case confirming the applicability of the heightened pleading requirements for allegations of inequitable conduct, this Court found "particularly persuasive" a case stating that "because the legal theory of inequitable conduct was at issue, the Rule 9(b) 'pleading with particularity' requirement was implicated and the Defendant 'was entitled to confirm factual allegations before amending to include the inequitable conduct defense.'" *Enzo*, 270 F. Supp. 2d at 488 (quoting *Advanced Cardiovascular Sys. Inc. v. SciMed Life Systems, Inc.*, 989 F. Supp. 1237, 1247 (N.D. Cal. 1996)). The Court in *Enzo* found that the month-and-a-half time period between the time the necessary information became known

---

[1] As in *Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 490 (D. Del. 2003), even if this Court were to consider Mylan's motion under the "good cause" standards of Fed. R. Civ. P. 16(b), Mylan has demonstrated "good cause" for allowance of its motion for leave to amend. This Court has already modified the scheduling order at least twice to serve the interests of the parties (D.I. 90, D.I. 120). *See Enzo*, 270 F. Supp. 2d at 490. This is the first time Mylan has moved to amend its answer, separate defenses and counterclaims, and it moved as soon as was feasible with no undue delay, dilatory motive, or risk of prejudice to Boehringer.

in a deposition and the time the defendant moved to amend did not constitute undue delay. *Id.* at 489.

Barr's Motion was filed on November 9, 2006, the last day allowed under the Court's amended scheduling order (D.I. 90). At the time of Barr's filing, Mylan had insufficient information to file its own motion for leave to amend. However, Mylan informed Boehringer on November 9 that if, after proper evaluation of the evidence and facts put forth by Barr, Mylan had sufficient information to raise the allegations itself, it intended to also make a motion to amend in due course. *See* Exh. 1 to Plaintiffs' Answering Brief In Opposition To Mylan's Motion For Leave To File Amended Answer, Separate Defenses And Counterclaims. Subsequently, on January 19, 2007, Mylan notified Boehringer that it intended to move for leave to amend, provided Boehringer with a courtesy copy of the proposed filing, and sought from Boehringer consent for amendments substantively identical to those unopposed by Boehringer in Barr's motion.[2]

## II.    THERE IS NO PREJUDICE TO BOEHRINGER.

Boehringer did not oppose Barr's Motion, yet now claims it will be somehow prejudiced by Mylan's assertion of exactly the same allegations. This claim is simply without merit. Mylan's Motion is not only substantively identical to Barr's, but also relies on substantively identical facts as those that supported Barr's Motion. Boerhinger faces no prejudice, much less undue prejudice. *See Dole Fresh Fruit Co. v. Del. Cold Storage, Inc.*, 961 F. Supp. 676, 686 (D.

---

[2]    Boehringer now asserts in Plaintiffs' Answering Brief In Opposition To Mylan's Motion For Leave To File Amended Answer, Separate Defenses And Counterclaims that Mylan has misrepresented Boehringer's position on Mylan's Motion. However, as stated in the attached Declaration of Shannon M. Bloodworth, counsel for Boehringer indicated to Mylan's counsel on January 23, 2007, that its position was that it neither consented to nor opposed Mylan's motion. *See* Declaration of Shannon M. Bloodworth in Support of Defendant Mylan's Reply To Its Motion For Leave To File Amended Answer, Separate Defenses and Counterclaims ("Bloodworth Decl.") ¶¶ 5-6 and Exh. A.

3

Del. 1997) (quoting *Foman v. Davis*, 371 U.S. at 182 ("the trial court may not deny leave to amend 'in the absence of any apparent or declared reason--such as . . . undue prejudice to the opposing party by virtue of allowance of the amendment....'")).

Boehringer has had the opportunity to seek additional discovery relating to the allegations now contained in Mylan's proposed amendments. Mylan notified Boehringer of its intent to file a motion for leave to amend on January 19, 2007, before the close of fact discovery. Nothing prevented Boehringer from filing additional discovery requests upon Mylan before fact discovery closed. In addition, Mylan's amendments are substantively identical to Barr's and Boehringer has already requested any relevant discovery from Barr. There is no discovery unique to Mylan in this case; the bases for Mylan's amendments are the same as the bases for Barr's amendments. Further, there is nothing to suggest that Boehringer would have conducted discovery any differently had Mylan's proposed amendments been filed earlier. *See Dole*, 961 F. Supp. at 686 (allowing amendment and finding that defendant failed to point to sufficient prejudice beyond the late date of the amendment to "suffice as a reason to deny [plaintiff's] motion" and agreeing with plaintiff that "it is unlikely [defendant] would have conducted its case any differently had it been aware of the [new] claim").

Boehringer's claim for additional discovery is unusual because most information relating to inequitable conduct allegations would be in Boehringer's possession, not Mylan's. However, if the Court deems additional time or opportunity for discovery necessary, ample time exists in the case schedule to allow for such discovery. The parties have not embarked on dispositive motions and no deadlines have even been set for such motions. According to the Stipulation and

Order to Amend Scheduling Order, docketed February 12, 2007 (D.I. 129), the parties are still to meet and confer in order to establish these and other deadlines.[3]

Given the significant time until trial and that many deadlines have yet to be put in place, Boehringer can hardly claim prejudice were the Court to grant Mylan's Motion. On the other hand, if the Court denies Mylan's Motion, Mylan would be severely prejudiced, as it would be unable to present a significant defense to Boehringer's allegations of patent infringement – a defense available to Mylan's codefendant and competitor, Barr.

This Court recently issued a decision regarding the determination whether to allow a party to amend its pleadings. *See Inline*, 237 F.R.D. 361. In the *Inline* decision, this Court allowed a defendant to supplement its answer and counterclaims with respect to allegations of prosecution laches. *Id.* at 364. The Court held that in light of previous scheduling modifications, the fact that the defense did not raise an entirely new theory and defendant was on notice of the defense, and the court's finding that there was no undue delay or undue prejudice, such supplementation of the pleadings would be appropriate under Rule 15 and Rule 16(b). *Id.* at 364-66. The Court's analysis can be applied in the present case. Here, although inequitable conduct is a new defense and counterclaim with respect to Mylan, it has already been raised and allowed as a defense and counterclaim for co-defendant Barr, without opposition from Boehringer. Mylan's proposed amendments simply mirror Barr's and, as such, do not require Boehringer to prepare any new defense, only the same defense it must already prepare to defend against Barr's allegations. Additionally, there has been no undue delay and, as discussed above, Boehringer faces no prejudice.

---

[3]    Also, if Boehringer wishes to serve the same discovery requests upon Mylan that it served upon Barr with regard to inequitable conduct, Mylan will answer such requests.

5

The defendant in *Inline* also sought to add an inequitable conduct defense.  *Inline*, 237 F.R.D. at 366.  This Court denied Inline's motion to add an inequitable conduct defense, finding that a three-year delay between the time it had adequate relevant information and the time it moved to amend constituted undue delay.  *Id.* at 367-70.  The Court also noted that the plaintiff in the case would face surprise, including additional discovery and costs for preparation of a defense against new facts and theories.  *Id.* at 370.  Unlike *Inline*, the present case involves no such delay and, again, Mylan only seeks to add allegations already allowed by this Court with respect to co-defendant Barr.  Much like the defendants in *Enzo*, Mylan filed its Motion for leave to amend as soon as was feasible after obtaining the necessary information to meet the heightened pleading requirements for inequitable conduct and the grant of its motion will precipitate no prejudice upon the plaintiffs.  *See Enzo*, 270 F. Supp. 2d at 488-89.  Consistent with the circumstance-specific analyses previously implemented by this Court, Mylan's Motion should be granted.

Boehringer cites no case law that remotely requires denial of Mylan's motion.  Boehringer does not even acknowledge this Court's decision in *Inline*, but instead relies on two non-precedential Federal Circuit decisions, *Johnson v. Thru Point Inc.*, 160 Fed. Appx. 159 (Fed. Cir. 2005) and *Regents of the University of New Mexico v. Knight*, 116 Fed. Appx. 258 (Fed. Cir. 2004); a decision from the District of New Mexico, *Regents of the University of New Mexico v. Knight*, No. CIV 99-577 JC, 2003 U.S. Dist. Lexis 26105 (D.N.M. June 18, 2003); and *Eastern Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 339-40 (3d Cir. 2000), a Third Circuit decision that merely affirms the discretionary decision of a district court to deny a motion to amend more than six months after the deadline for motions to amend had passed.

The analytical framework applied by this Court in *Inline* is directly on point.  In addition,

*Inline* is more recent than the case law cited by Boehringer and, as such, a more appropriate

guide for this Court's analysis in the present case.  Under such an analysis, Mylan's Motion

should be granted as there has been no undue delay and no undue prejudice to Boehringer.

**CONCLUSION**

For the reasons set forth above, Mylan respectfully requests this Court to grant its Motion

for leave to file an amended pleading.

>           */s/ Mary B. Matterer*
> Mary B. Matterer (#2696)
> **MORRIS JAMES LLP**
> 500 Delaware Avenue, Suite 1500
> Wilmington, DE 19801
> (302) 888-6960
> mmatterer@morrisjames.com
>
> David J. Harth
> **HELLER EHRMAN LLP**
> One East Main Street, Suite 201
> Madison, Wisconsin  53703
> (608) 663-7460
>
> Shannon M. Bloodworth
> **HELLER EHRMAN LLP**
> 1717 Rhode Island Avenue, NW
> Washington, D.C.  20036
> (202) 912-2000
>
> Attorneys for Defendant and
>    Counterclaim Plaintiff

Dated: February 13, 2007

7