IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICAL, INC.<br><br>Plaintiffs,<br><br>v.<br><br>BARR LABORATORIES, INC.,<br><br>Defendant, | Civil Action No. 05-700 (***)<br><br>CONSOLIDATED |
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICAL, INC.<br><br>Plaintiffs,<br><br>v.<br><br>MYLAN PHARMACEUTICALS, INC.,<br><br>Defendant. | Civil Action No. 05-854 (***) |

**PLAINTIFFS' MOTION TO STRIKE THE EXPERT
REPORT OF DALE H. HOSCHEIT, ESQUIRE**

Plaintiffs, Boehringer Ingelheim International GmbH and Boehringer Ingelheim Pharmaceutical, Inc., (collectively "Boehringer") hereby move to strike the "Expert Report of Dale H. Hoscheit, Esq." (Ex. A) submitted by Barr Laboratories, Inc. on March 28, 2007.[1] Mr. Hoscheit is a patent lawyer and not a person skilled in the art of the patent-in-suit. His report purports to offer his opinions about his "overview" of select portions of the prosecution histories

---

[1] Mr. Hoscheit's report was submitted by Barr. After its submission, Mylan stated that it "adopts and joins in th[e] reports served by [Barr]."

of the patent-in-suit and patents not at issue in this case, the scope of disclosures supporting claims and the materiality and "accuracy" of representations and alleged "misrepresentations" made during prosecution. No part of Mr. Hoscheit's report provides any admissible information.

## I. THE LITIGATION

The patent-at-issue in this case, U.S. Patent No. 4,866,812 ("the '812 patent"), relates to a chemical compound called pramipexole, which is used among other things for the treatment of Parkinson's disease and Restless Leg Syndrome. Boehringer sells a product containing pramipexole called Mirapex®. Defendants Barr Laboratories, Inc. and Mylan Pharmaceuticals, Inc. have each filed an Abbreviated New Drug Application ("ANDA") seeking FDA approval to market a generic copy of Mirapex® before the '812 patent expires.

Defendants have not contested infringement of six of the seven asserted claims of the '812 patent.[2] Instead, defendants have challenged the validity of the claims and alleged inequitable conduct during prosecution of the '812 patent. The issues in this case will be tried to the Court.

## II. MR. HOSCHEIT'S REPORT

Mr. Hoscheit is a lawyer (Ex. A, ¶ 2) who has no expertise in the subject matter of the '812 patent. In his report, Mr. Hoscheit purports to summarize select portions of the prosecution history of the '812 patent and two other patents that have expired -- U.S. Patent Nos. 4,731,374 and 4,843,086. In those "summaries," Mr. Hoscheit comments on and critiques the Patent Examiners' and applicants' actions during the prosecution of the '812, '374 and '086

---

[2]  Mylan has not contested infringement of any of the seven asserted claims. Barr has not contested that it infringes claims 3,4,5, 8, 9 or 10, but has contested infringement of claim 7.

patents. For example, he offers the opinion that "Claims 1-5, 8, 11 and 12, however, were rejected for double patenting over the '374 patent, *apparently because the claims still encompassed tetra-hydro-benzthiazoles* ..." (Ex. A, ¶ 14). He also opines that the Examiner "examined all the claims and allowed claims in a pattern that was inconsistent with the earlier restriction requirement" (Ex. A, ¶ 18, *also* ¶ 19). He similarly opines that "[t]hese claims – which issued in the '086 patent – were not consistent with the restriction requirement imposed during prosecution of the '947 application ..." (*Id.*, ¶ 19).

Additionally, Mr. Hoscheit purports to offer legal opinions applied to technical matters, opining as to the breadth of disclosures in priority applications and that certain claims allegedly were "not supported" in priority applications and that certain technical subject matter is thus "new matter." (Ex. A, ¶ 32). He also offers opinions on the ultimate legal issues to be determined by the Court, including the accuracy and supposed materiality of representations made to the PTO during the prosecution of the '812 patent. He opines, for example, that statements made during the prosecution of the '812 patent "were inaccurate, and were material to the examination of the" application leading to that patent. (*Id.*, ¶ 30; *see also ¶ 32*). He also intends to offer his opinion about "applicants' misrepresentations" during the prosecution of the '812 patent. (*Id.*).

## ARGUMENT

The opinions set forth in Mr. Hoscheit's report are improper and inadmissible at trial. His report should be stricken.

### A. Mr. Hoscheit's Proposed Testimony About The Prosecution History Of The '812 Patent And Other Patents Is Unnecessary And Unhelpful To The Court.

Under the Federal Rules, courts exercise a "gatekeeper" function to ensure that proffered evidence is admitted only if reliable and helpful to the trier of fact. Rule 702 governs the admissibility of testimony by experts:

> If scientific, technical, or other specialized knowledge *will assist the trier of fact to understand the evidence or to determine a fact in issue*, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

Here, Mr. Hoscheit's opinions regarding the prosecution are unnecessary and will not be helpful to the Court. The prosecution of the '812 patent is not lengthy and this Court is fully capable of reviewing and understanding the prosecution history and the legal arguments being made without the testimony of a partisan legal expert. Indeed, Judge Robinson's *Guidelines: Legal Expert Testimony in Patent Cases* state that "expert testimony from attorneys regarding patent practice and procedure is not required and will not be permitted except in the case of extraordinary circumstances" (Ex. B). *See also* Judge Jordan's *Guidelines: Legal Expert*

*Testimony in Patent Cases* (Ex. C)[3]; *Corning Inc. v. SRU Biosystems*, C.A. No. 03-633-JJF (D. Del. Nov. 5, 2004) (patent lawyer's "report and proposed testimony deal[ing] primarily with internal patent office procedures" excluded) (Ex. D).

Moreover, Mr. Hoscheit's report does not simply walk through the prosecution history of the '812 patent (or the '347 or '086 patents). Instead, Mr. Hoscheit selects portions of the prosecution history to "summarize" and offers his spin on what the Examiners and applicants did and whether he believes their actions to have been appropriate. Such matters are properly the subject of briefing and attorney argument – not expert opinion.

      **B.**    **Mr. Hoscheit's Proposed Testimony About Ultimate Legal Conclusions Is Improper And Unhelpful To The Court.**

By definition, the testimony of a "legal expert" is unnecessary and will not assist the trier of fact. Indeed, it has long been the uniform and well-settled law of this district that opinions by "legal experts" on issues of law are inadmissible. Judge Robinson's *Guidelines: Legal Expert Testimony in Patent Cases* (Ex. B) specify:

> "Expert" legal testimony (as opposed to technical testimony) on such substantive issues as invalidity (by anticipation, obviousness, on-sale bar, prior conception, etc.) and claim construction and infringement, generally is not admitted as descriptions of the law and instructions on the law are matters for the court.

*See, also,* Judge Jordan's *Guidelines: Legal Expert Testimony in Patent Cases* (Ex. C); *Revlon Consumer Prods. Corp. v. L'Oreal S.A.*, C.A. No. 96-192-MMS, mem. op. at 7 (D. Del. March 26, 1997) (Ex. E); *Berg Electronics, Inc. v. Molex, Inc.*, C.A. No. 94-470-RRM, Tr. at 876 (D.

---

[3]    As set forth in Judge Robinson's and Judge Jordan's *Guidelines*, even in jury trials, expert testimony regarding patent practice and procedure is not permitted. It is difficult to understand why such testimony would be permitted in a bench trial.

6

Del. September 26, 1995) (Ex. F); *Lucas Aerospace, Ltd. v. Unison Industries, L.P.*, C.A. No. 93-525-JJF, Order (D. Del. Mar. 9, 1995) (patent law experts may not "draw inferences or make statements or conclusions about the patent law of the case") (Ex. G); *Thorn EMI N. Am., Inc. v. Micron Tech., Inc.*, C.A. No. 92-673-RRM, Transcript at 32-33 (D.Del. Nov. 23, 1993) ("[T]he other judges in this district and I have adopted a general practice of stating that we don't allow opinions on issues of law. . . . .") (Ex. H). The balance of Mr. Hoscheit's proposed testimony plainly constitutes such inadmissible opinions on issues of law.

Moreover, Mr. Hoscheit's opinions that the applicants made "misrepresentations concerning their effective filing date" and as to the materiality of those purported "misrepresentations" are also improper because Mr. Hoscheit is not skilled in the art of the patent-in-suit, and is not qualified to offer opinions about materiality. *See Abbott Labs. v. Syntron Bioresearch, Inc.*, 2001 WL 34082555, at *6 (S.D. Cal. 2001) (If expert testimony is used to prove materiality, the expert must be qualified "to voice the understanding of one skilled in the art."). All of the standards by which information may be deemed material require an understanding of the significance of technical information to one of skill in the art. *See Digital Control, Inc. v. Charles Machine Works*, 437 F.3d 1309, 1315-16 (Fed. Cir. 2006) (holding that information can be deemed material to patentability under the standard articulated in Rule 1.56, the older, "reasonable examiner" standard, or any of the older standards developed by predecessor courts). Because he lacks the qualifications necessary to opine on the technology claimed in the '812 patent, Mr. Hoscheit's testimony regarding the materiality of technical information to their prosecution would be unreliable and unhelpful to the trier of fact and should be excluded for this reason as well.

## CONCLUSION

For the foregoing reasons, the Expert Report of Dale H. Hoscheit should be stricken.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Maryellen Noreika
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

*Attorneys for Plaintiffs*
 *Boehringer Ingelheim International GmbH
 and Boehringer Ingelheim Pharmaceutical, Inc.*

*Of Counsel:*

Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200 (phone)
(212) 751-4864 (fax)

Kenneth G. Schuler
Amanda Hollis
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL 60606
(312) 876-7700 (phone)
(312) 993-9767 (fax)

May 18, 2007

780290

## **CERTIFICATE PURSUANT TO LOCAL RULE 7.1.1**

I hereby certify, pursuant to D. Del. LR 7.1.1, that the subject of the foregoing motion has been discussed with counsel for Barr Laboratories, Inc. and that the parties have not been able to reach agreement thereon.

/s/ *Maryellen Noreika* (#3208)_____
Maryellen Noreika

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on May 18, 2007, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

> Mary B. Matterer
> Morris, James, Hitchens
>
> Adam Wyatt Poff
> Young, Conaway, Stargatt & Taylor LLP

I further certify that copies of the foregoing document were also served upon the following in the manner indicated:

### BY HAND DELIVERY

Mary B. Matterer, Esquire
Morris James LLP
500 Delaware Avenue
Wilmington, DE 19801

Adam Wyatt Poff, Esquire
Young, Conaway, Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

### BY FEDERAL EXPRESS

Glenn J. Pfadenhauer, Esquire
Jessamyn S. Berniker, Esquire
Dov P. Grossman, Esquire
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005-5901

Shannon M. Bloodworth, Esquire
Heller Ehrman LLP
1717 Rhode Island Ave., NW
Washington, DC 20036

David J. Harth, Esquire
Heller Ehrman LLP
One East Main Street, Suite 201
Madison, WI 53703

/s/ Maryellen Noreika
Maryellen Noreika (#3208)