IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICAL, INC.<br><br>        Plaintiffs,<br><br>     v.<br><br>BARR LABORATORIES, INC.,<br><br>        Defendant, | Civil Action No. 05-700 (***)<br><br>CONSOLIDATED |
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICAL, INC.<br><br>        Plaintiffs,<br><br>     v.<br><br>MYLAN PHARMACEUTICALS, INC.,<br><br>        Defendant. | Civil Action No. 05-854 (***) |

## PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE THE EXPERT REPORT OF DALE HOSCHEIT, ESQUIRE

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP
        Jack B. Blumenfeld (#1014)
        Maryellen Noreika (#3208)
        1201 North Market Street
        P. O. Box 1347
        Wilmington, DE 19899-1347
        (302) 658-9200
        jblumenfeld@mnat.com
        mnoreika@mnat.com
        *Attorneys for Plaintiffs*
            *Boehringer Ingelheim International GmbH and Boehringer Ingelheim Pharmaceutical, Inc.*

OF COUNSEL:

Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

Kenneth G. Schuler
Amanda J. Hollis
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL 60606
(312) 876-7700

June 22, 2007

ii.

# TABLE OF AUTHORITIES

CASES

*Armament Systems & Procedures, Inc. v. IQ Hong Kong Ltd*,
   No. 00-C-1257, 2007 U.S. Dist. LEXIS 31306 (E.D. Wis. April 27, 2007)     5

*F. Hoffmann-LaRoche v. IGEN Int'l, Inc.*,
   C.A. No. 98-318-JJF (D. Del. Oct. 24, 2000)     3, 6

*Hill v. Equitable Bank, Nat'l Assoc.*,
   C.A. No. 82-220-CMW (D. Del. March 3, 1987)     6

*RICS Enterprises v. Professional Benefit Trust Multiple Employee Welfare Ben. Pl.*,
   2007 WL 1262010 (7th Cir. May 2, 2007)     3

*Sparton Corp. v. United States*,
   2007 WL 1180472 (Ct. Cl. April 18, 2007)     6

i.

# **TABLE OF CONTENTS**

| | |
|---|---|
| INTRODUCTION | 1 |
| ARGUMENT | 2 |
|     I. A PATENT LAWYER'S TESTIMONY ABOUT PATENT OFFICE PRACTICES AND PROCEDURES IS UNNECESSARY AND INADMISSIBLE | 2 |
|     II. PATENT LAWYERS ARE NOT PERMITTED TO PROVIDE OPINIONS ABOUT INEQUITABLE CONDUCT | 4 |
|     III. PLAINTIFFS' MOTION IS NOT PREMATURE | 6 |
| CONCLUSION | 7 |

## **INTRODUCTION**

It is well-established in this district that patent lawyers generally are not permitted to testify about Patent Office practices and procedures or to provide opinions about legal matters, such as inequitable conduct. Indeed, few principles are more firmly established. Nevertheless, Barr argues that this case should be treated differently.

Barr makes two arguments in support of its position that Mr. Hoscheit should be permitted to testify about Patent Office practices and procedures. First, it tries to create the impression – with no record support – that the prosecution histories in this case are lengthy and complicated and thus the Court cannot understand them without the assistance of a patent lawyer.[1] In fact, the prosecution histories at issue here are short and not at all complicated. For example, the prosecution history of the '812 patent-in-suit is well under an inch thick and includes a preliminary amendment, a single office action and a response to that action. Second, Barr argues that this Court's Guidelines can be ignored because they are for jury trials and this is a bench trial. Barr has it backwards. Barr's Opposition provides no explanation why the testimony of a patent lawyer that would be inadmissible in a jury trial would nevertheless be helpful to a judge.

Moreover, nowhere does Barr even attempt to explain why its litigation counsel cannot explain to the Court what happened during the prosecution of the patent applications, why the judge would not be able to understand the applications or counsel's explanation of them, or what Mr. Hoscheit could add to that explanation by making the same arguments from the witness box. There is no such explanation.

---

[1] This case will be tried to the Court. Thus, there are no issues as to what testimony would be helpful or appropriate for a jury.

Indeed, Barr's opposition brief demonstrates that its goal is not to have Mr. Hoscheit explain what is plain from the documents themselves, but to have him make arguments from the witness box in support of Barr's inequitable conduct defense. Barr argues that Mr. Hoscheit should be permitted to testify about the supposed materiality of "certain statements" and how those "statements . . . would be viewed" by the patent examiner. Such proposed testimony has nothing to do with "explaining" Patent Office practices, but rather is a thinly-veiled attempt to have a lawyer provide a legal opinion on inequitable conduct. There simply is no basis for a patent lawyer to testify about how a patent examiner "would have viewed" something. That is not expert testimony. It is argument.

Plaintiffs' motion to strike Mr. Hoscheit's expert report should be granted.

## ARGUMENT

### I. A PATENT LAWYER'S TESTIMONY ABOUT PATENT OFFICE PRACTICES AND PROCEDURES IS UNNECESSARY AND INADMISSIBLE.

Plaintiffs' motion cited the well-established law *in this district* that lawyer testimony about Patent Office practices and procedures generally is not permitted. For example, Chief Judge Robinson's Guidelines provide that "expert testimony from attorneys regarding patent practice and procedure . . . will not be permitted except in the case of extraordinary circumstances." (D.I. 153, Ex. B). In its response, Barr argues that those Guidelines "are for jury trials, not bench trials" and thus do not apply here. (D.I. 158 at 9). Barr also suggests that, in this case, "[t]he Court's view of the file histories will undoubtedly be aided by an expert on patent office practice such as Mr. Hoscheit" because "[t]here are three prosecution histories at issue here that contain, *inter alia*, multiple office actions, a ten-way restriction requirement,

3.

lengthy information disclosure statements, and dozens upon dozens of claims." (D.I. 158 at 3, 7). Neither of those arguments has any force.

Barr offers no explanation why it should be permitted to present the testimony of a patent lawyer to a judge. As Judge Farnan stated in *F. Hoffmann-LaRoche v. IGEN Int'l, Inc.*, C.A. No. 98-318-JJF (D. Del. Oct. 24, 2000) (Ex. I), this Court "very consistent[ly]" excludes patent law experts in both bench and jury trials (emphasis added):

> If you want assistance in preparing the case, hire him as special litigation counsel. If you want him to come under the rules of an expert witness, you are in a different ballgame. And *in this district*, when you get into that patent law/expert/et cetera area, *we have a very consistent view. And the view is that they are not helpful.* And not only do we mostly exclude them on Bench trials, but in jury trials they are so severely limited, I can't figure out why anybody continues to propose them.[2]

Barr does not and cannot offer any reason why its litigation counsel cannot explain the prosecution histories to the Court, nor why the Court cannot understand those prosecution histories unless the explanation comes from Mr. Hoscheit.[3]

---

[2]   In the face of Judges Robinson's and Jordan's Guidelines and Judge Farnan's views, Barr nevertheless argues that this Court "routinely" permits such testimony. (D.I. 158 at 5).

[3]   Judge Easterbrook recently made the same point in affirming the exclusion of two lawyers as "expert" witnesses:

> Legal arguments are costly enough without being the subjects of "experts'" depositions and extensive debates in discovery, in addition to presentations made directly to the judge. If specialized knowledge about [legal matters] would assist the judge, the holders of that knowledge can help counsel write the briefs and present oral argument.

*RICS Enterprises v. Professional Benefit Trust Multiple Employee Welfare Ben. Pl.*, 2007 WL 1262010, *4 (7th Cir. May 2, 2007). Barr's lawyers can, of course, retain Mr. Hoscheit as "special litigation counsel," if they need his assistance in formulating their arguments.

Moreover, Barr's suggestion that there is something unusual or extraordinary about this case is unfounded. The three prosecution histories are neither lengthy nor complicated. All three together are less than three inches thick. The substantive portions of the three prosecution histories are attached as Exhibits J – L.

The prosecution of the '374 patent involved a restriction requirement and the response, followed by a single office action and response, and a notice of allowability. (Ex. J). The prosecution of the '086 patent involved a single office action and response, and a notice of allowability. (Ex. K). The prosecution of the '812 patent-in-suit involved a preliminary amendment, a single office action, the response, and a notice of allowability. (Ex. L). These are garden variety file wrappers, probably less complicated than most.

Barr has made no showing whatsoever that the Court needs – or would benefit from – the testimony of a patent lawyer on what happened during prosecution of the patent applications. It would not. As set forth in Judge Robinson's Guidelines (D.I. 153, Ex. B), such testimony "will not be permitted except in the case of extraordinary circumstances." Barr has made no showing of any such extraordinary circumstances here.

## II.   PATENT LAWYERS ARE NOT PERMITTED TO PROVIDE OPINIONS ABOUT INEQUITABLE CONDUCT.

Barr's brief reveals the real reason it wants to call Mr. Hoscheit. Barr wants to use Mr. Hoscheit to make arguments from the witness box about issues central to its inequitable conduct defense. For example, Barr wants Mr. Hoscheit to make improper arguments about the "materiality" of "certain statements" made to the Patent Office during prosecution.[4]  Mr.

---

[4]   In his expert report (D.I. 153, Ex. A), Mr. Hoscheit repeatedly gives opinions about materiality of alleged misrepresentations to the Patent Office. (¶¶ 30, 32, 35).

5.

Hoscheit's opinions about the materiality of those statements have absolutely nothing to do with Patent Office practice and procedure. They have everything to do with inequitable conduct – just the sort of "substantive issue" that Judge Robinson's Guidelines say will not be admitted.

Barr explains in its brief that it intends to have Mr. Hoscheit explain "how certain statements made by Boehringer during the prosecution of the patent-in-suit would be viewed . . ., as well as how those statements would impact decisions by an examiner. . .." (D.I. 158 at 4). Barr adds that Mr. Hoscheit will testify about "representations in the prosecution history . . ., as well as how those statements would be viewed by an examiner. . .." (*Id.*).[5] Barr also contends that it is perfectly appropriate for Mr. Hoscheit to provide opinions on the materiality of "Boehringer's misrepresentations to the UPSTO [sic]." (D.I. 158 at 8).[6]

There simply is no place for a patent lawyer to get in the witness box and provide opinions as to how he thinks the patent examiner would have viewed statements made during prosecution because he has no basis to know that. What Barr seeks to do is to parlay "Patent Office practices and procedures" into a basis for lawyer opinions on the examiner's thought processes. It wants to present a lawyer to testify about inequitable conduct.

---

[5]  Barr does so even though there is not a word in Mr. Hoscheit's report about how Boehringer's statements "would be viewed by an examiner." Indeed, as set forth in Plaintiff's motion, Mr. Hoscheit's report is rife with legal conclusions, including the alleged impact of certain sections of the Code of Federal Regulations and the Manual of Patent Examining Procedure. (D.I. 153, Ex. A, ¶ 34-35).

[6]  As support, Barr relies solely upon an Eastern District of Wisconsin decision permitting a patent lawyer to testify about inequitable conduct. *Armament Systems & Procedures, Inc. v. IQ Hong Kong Ltd*, No. 00-C-1257, 2007 U.S. Dist. LEXIS 31306, at * 6-7 (E.D. Wis. April 27, 2007). That decision is flatly inconsistent with the authorities in this district.

6.

It is well-established in this district that a lawyer's testimony as to whether alleged misrepresentations were material is not admissible. In *Hill v. Equitable Bank, Nat'l Assoc.*, C.A. No. 82-220-CMW (D. Del. March 3, 1987), Judge Wright explained in the context of alleged securities law violations, that the "problem with the expert's testimony" on materiality is that "it does nothing more than invade the province of the Court in rendering judgment on matters of law." Slip Op. at 4. The Federal Court of Claims recently reached a similar conclusion in excluding the proposed "expert" testimony of a lawyer in a patent case:

> Expert testimony is an improper mechanism for offering legal arguments to the Court. Plaintiff's counsel can make each of the arguments proffered by Professor Nash during the trial. It would be unfair to Defendants for the Court to award Plaintiff's legal arguments the elevated stamp of "expert."

*Sparton Corp. v. United States*, 2007 WL 1180472, *8 (Ct. Cl. April 18, 2007). If patent lawyers are permitted to testify about the materiality of alleged misrepresentations and how examiners would have "viewed" certain statements, the consistent law of this district about the role of patent law experts will be eviscerated.[7]

### III. PLAINTIFFS' MOTION IS NOT PREMATURE.

Finally, Barr argues that plaintiffs' motion is premature because this case will be tried by a new judge, who will not be bound by the decisions of the other judges of this Court. There is no basis for that argument. As set forth in Judge Robinson's and Judge Jordan's Guidelines, and in Judge Farnan's statement in *IGEN*, there is a "consistent view" in this district – that patent law experts "are not helpful."

---

[7] As noted in plaintiffs' motion (D.I. 153 at 3), Barr also intends to use Mr. Hoscheit to opine on technical subject on which he is not qualified to provide opinions. Barr's response is that Mr. Hoscheit's lack of expertise goes to the weight of the evidence, not its admissibility. That is simply inconsistent with the Court's gatekeeping function under *Daubert*.

7.

Barr also says that this motion is really an *in limine* motion that should await the Pretrial Order. The motion is in fact just what it says it is – a motion to strike an improper expert report. Plaintiffs made the motion now so that they could avoid the unnecessary expense of dealing with an improper expert, including having to take his deposition and hire another patent law expert to write a responsive report and be deposed as well. Mr. Hoscheit's report, and Barr's attempt to use him to provide opinions on inequitable conduct, are clearly improper and there is no reason to hold up a decision based on Barr's hope that the judge who fills Judge Jordan's vacant seat will act inconsistently with Judge Jordan and the current and past judges of this district.

## CONCLUSION

For the reasons set forth in Plaintiffs' motion and herein, Mr. Hoscheit's expert report should be stricken. Barr's litigation lawyers can make Barr's arguments, and there is no reason for Mr. Hoscheit to make them from the witness box.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*
  *Boehringer Ingelheim International GmbH*
  *and Boehringer Ingelheim Pharmaceutical, Inc.*

*Of Counsel:*

Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200 (phone)
(212) 751-4864 (fax)

Kenneth G. Schuler
Amanda Hollis
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL 60606
(312) 876-7700 (phone)
(312) 993-9767 (fax)


June 22, 2007
863708.1

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on June 22, 2007, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

>Mary B. Matterer
>Morris James LLP
>
>Adam Wyatt Poff
>Young, Conaway, Stargatt & Taylor LLP

I further certify that copies of the foregoing document were also served upon the following in the manner indicated:

### BY HAND DELIVERY

Mary B. Matterer, Esquire
Morris James LLP
500 Delaware Avenue
Wilmington, DE 19801

Adam Wyatt Poff, Esquire
Young, Conaway, Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

### BY FEDERAL EXPRESS

Glenn J. Pfadenhauer, Esquire
Jessamyn S. Berniker, Esquire
Dov P. Grossman, Esquire
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005-5901

Shannon M. Bloodworth, Esquire
Heller Ehrman LLP
1717 Rhode Island Ave., NW
Washington, DC 20036

David J. Harth, Esquire
Heller Ehrman LLP
One East Main Street, Suite 201
Madison, WI 53703

/s/ *Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)