1

```
                IN THE UNITED STATES DISTRICT COURT
                IN AND FOR THE DISTRICT OF DELAWARE
                              - - -

F. HOFFMAN-LA ROCHE, LTD.,        :    Civil Action
                                  :
          Plaintiff,              :
                                  :
     v.                           :
                                  :
IGEN INTERNATIONAL, INC.,         :
ORGANON TEKNIKA CORPORATION, and  :
ORGANON TEKNIKA B.V.,             :
                                  :
          Defendants.             :    No. 98-318-JJF
                              - - -

                       Wilmington, Delaware
                       Tuesday, October 24, 2000
                             9:30 a.m.
                              - - -

BEFORE:  HONORABLE JOSEPH J. FARNAN, JR., U.S.D.C.J.

APPEARANCES:

          RICHARD K. HERRMANN, ESQ.
          Blank Rome Comisky & McCauley LLP
               -and-
          DANIEL A. BOEHNEN, ESQ., and
          GRANTLAND G. DRUTCHAS, ESQ.
          McDonnell Boehnen Hulbert & Berghoff
          (Chicago, Illinois)

                    Counsel for Plaintiff

          JACK B. BLUMENFELD, ESQ.,
          MARY B. GRAHAM, ESQ.,
          MARYELLEN NOREIKA, ESQ.,
          KAREN JACOBS LOUDEN, ESQ., and
          RICHARD W. ELLIS, ESQ.
          Morris, Nichols, Arsht & Tunnell

                    Counsel for Defendants

              MINUSCRIPT WITH WORD INDEX
```

Page 61

1. THE COURT: Give me that number roughly. What would that number be roughly?
3. MR. BLUMENFELD: I don't know the answer to that. I don't know what the cost number is. I know what the list price is. We can go back and get that information. I think we can work this out.
7. THE COURT: You have the three categories. If you can't agree, give me the hard numbers on the first two and I will tell you what the kicker is going to be.
10. MR. BOEHNEN: We have been asked for the cost of goods and haven't been able to get it.
12. THE COURT: You are going to get it sold. So the application is granted on the principles discussed.
14. MR. BOEHNEN: Would you direct the defendants to give us their information on the cost of goods sold? We should be getting that for damages anyway.
17. THE COURT: Yes. He said he is going to do that and I have ordered that.
19. MR. BLUMENFELD: That information has been provided.
21. THE COURT: You should be able to get that.
22. MR. BOEHNEN: Okay, Your Honor. I believe that brings us up to (e) on the next page. The protective order, this is the generic kind of protective order that is normally entered at the outset of a case, both sides have presented

Page 62

1. them, and the essential issue I will turn over to Mr. Drutchas. Or maybe you know what your ruling is, have had a chance to read it.
4. MR. DRUTCHAS: You may be fully aware. Two protective orders, HLR has proposed one that has the same terms for all the parties. The defendants have proposed one that has two tiers for Igen documents, or Igen or HLR documents, and two separate tiers for Organon Teknika documents as to who has access, basically requiring us to be under a protective order that we think isn't equally applied across the board.
12. THE COURT: It should be a two-tier order. As I understand the presentations, that would work. I don't know what else to tell you.
15. MR. BOEHNEN: Two tiers equally across the board.
16. THE COURT: Yes. If you want to have a carveout for something unusual, call me.
18. MR. BOEHNEN: The next issue, Your Honor, gets into some other expert witnesses. The first one is a patent attorney named John Goolcasian. We submitted his curriculum vitae and they have refused to agree to let him have access under the protective order.
23. MR. BLUMENFELD: Your Honor, this is a very narrow issue. Mr. Goolcasian is a patent lawyer down in Virginia. And when we got the undertaking, my presumption --

Page 63

1. this, by the way, is a Bench trial. This isn't a jury trial. My presumption was that they wanted him --
3. THE COURT: Patent law expert.
4. MR. BLUMENFELD: We are the defendant. It is their patent. I said why does he need access to our confidential information? The response I got was, oh, no, he is also going to testify on willfulness. And my understanding of the law on willfulness is that it's the client's state of mind. I don't think Mr. Goolcasian is going to have much to add about the client's state of mind. If Your Honor wants to hear from him, then I guess we can let him see it. When I asked Mr. Boehnen this morning, what is it you want him to see, and he said I want to have him have the ability to see any of the 175,000 pages of documents --
15. THE COURT: He didn't really say that. You misunderstood him.
17. MR. BLUMENFELD: It's close enough.
18. MR. DRUTCHAS: If I can respond, Your Honor. As far as Mr. Goolcasian's testimony goes, there is really two aspects. One, getting to the ultimate trial issue, and whether you want to have his testimony or not is something that we should really be resolving in a motion in limine, not at this stage. We are certainly entitled to have the assistance of an expert such as Mr. Goolcasian assist us with preparing the case and potentially be an expert, assuming

Page 64

1. that this Court ultimately --
2. THE COURT: Not really. If you want assistance in preparing the case, hire him as special litigation counsel. If you want him to come under the rules of an expert witness, you are in a different ballgame. And in this district, when you get into that patent law/expert/et cetera area, we have a very consistent view. And the view is that they are not helpful. And not only do we mostly exclude them on Bench trials, but in jury trials they are so severely limited, I can't figure out why anybody continues to propose them. It's been called the anti-Manbeck, whatever that guy's name is, employment decision, the former Commissioner. But at any given period of time, it started with Chisum, we put him out of here and we have gone through different -- I am trying to be helpful to you in a way that makes you understand -- he didn't really get to see all the information they have because we don't have a place for him in the expert column.
19. MR. BOEHNEN: Can I ask, what would the Court's view be of an expert witness on the competency of opinion of counsel? Their defense to willfulness is reliance on opinion of counsel. One of the things they have to show is that it is a competent opinion.
24. MR. DRUTCHAS: Let me add to that, Your Honor. The Federal Circuit, in a case, In Re Hayes, and