

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/124,197 | 11/23/87 | CRISS | |

```
DAVID E. FRANKHOUSER
LEGAL DEPARTMENT - PATENTS
BOEHRINGER INGELHEIM CORPORATION
90 EAST RIDGE - P.O. BOX 368
RIDGEFIELD, CT  06877
```

| | EXAMINER |
|---|---|
| GERSTL, R | |
| ART UNIT | PAPER NUMBER |
| | |

DATE MAILED: 04/07/88

This is a communication from the examiner in charge of your application.

COMMISSIONER OF PATENTS AND TRADEMARKS

☑ This application has been examined ☐ Responsive to communication filed on _____ ☐ This action is made final.

A shortened statutory period for response to this action is set to expire _____ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☑ Notice of References Cited by Examiner, PTO-892.    2. ☐ Notice re Patent Drawing, PTO-948.
3. ☑ Notice of Art Cited by Applicant, PTO-1449.    4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.    6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☑ Claims _____ 1-15 _____ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☑ Claims _____ 6, 7, 9, 10, 13, 14 _____ are allowed.

4. ☑ Claims _____ 1-5, 8, 11, 12, 15 _____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.

8. ☐ Allowable subject matter having been indicated, formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. These drawings are ☐ acceptable; ☐ not acceptable (see explanation).

10. ☐ The ☐ proposed drawing correction and/or the ☐ proposed additional or substitute sheet(s) of drawings, filed on _____, has (have) been ☐ approved by the examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved. ☐ disapproved (see explanation). However, the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO EFFECT DRAWING CHANGES", PTO-1474.

12. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

PTOL-326 (Rev. 7-82)    EXAMINER'S ACTION

Serial No.    124,197                    -2-

Art Unit      122


Claim 1-5, 8, 11, 12 rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over the prior invention as set forth in claim 1 of U.S. patent no. 4731374.  Although the conflicting claims are not identical, they are not patentably distinct from each other because they overlap.

Claim 8 rejected under 35 U.S.C. 112, first and second paragraphs, as the claimed invention is not described in such full, clear, concise and exact terms as to enable any person skilled in the art to make and use the same, and/or for failing to particularly point out and distinctly claim the subject matter which appli-cant regards as the invention.   The claim fails to recite an effective amount or a utility.

The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

A patent may not be obtained though the inven-tion is not identically disclosed or described as set  forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the sub-ject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be nega-tived by the manner in which the invention was made.

Subject matter developed by another person, which qualifies as prior art only under subsection (f) and (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

Serial No.    124,197                          -3-

Art Unit      122

 

This application currently names joint inventors.
In considering patentability of the claims under 35
U.S.C. 103, the examiner presumes that the subject
matter of the various claims was commonly owned at the
time any inventions covered therein were made absent any
evidence to the contrary.  Applicant is advised of the
obligation under 37 CFR 1.56 to point out the inventor
and invention dates of each claim that was not commonly
owned at the time a later invention was made in order
for the examiner to consider the applicability of poten-
tial 35 U.S.C. 102(f) or (g) prior art under 35 U.S.C.
103.

Claim 14, 15 rejected under 35 U.S.C. 103 as being

unpatentable over Metzger.  The claims are directed to

obvious methods of synthesis.

Laguzza is made of record.

RGerstl/baf

A/C 703 557-0441

03/26/88

ROBERT GERSTL
PRIMARY EXAMINER
ART UNIT 122

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP—APART AND DISCARD CARBON

| FORM PTO-892 (REV. 3-78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 124197 | GROUP ART UNIT 122 | ATTACHMENT TO PAPER NUMBER | 3 |
|---|---|---|---|---|---|
| NOTICE OF REFERENCES CITED | | APPLICANT(S) Griss | | | |

## U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | | | | | | |
| | B | | | | | | |
| | C | | | | | | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

## FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG. | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | 207696 | 1-87 | Europe | Laguzza | 548 | 164 | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

## OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | Metzger, Thiazoles andits Derivatve, p 213-14 (1974) |
| S | |
| T | |
| U | |

| EXAMINER | DATE 3882 |
|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)



PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant    : Gerhart Griss et al.
Serial No.   : 124,197                     : Group: 122
Filed        : November 23, 1987           : Ex.: R. Gerstl
For          : TETRA-HYDRO-BENZTHIAZOLES,
               THE PREPARATION THEREOF AND
               THEIR USE

RECEIVED
OCT 17 1988
GROUP 120

Honorable Commissioner of
Patents and Trademarks
Washington, DC  20231

## RESPONSE TO OFFICE ACTION
### and
### INFORMATION DISCLOSURE STATEMENT

Dear Sir:

In response to an Office Action dated 7 April 1988,
entry of the following amendments, and reconsideration of
the application in view of these amendments, the following
remarks and the following Information Disclosure Statement
are respectfully requested.

A petition under 37 CFR 1.136 to extend the time period for
response by three months, so that it will end on 7 October
1988, and authorization to charge the requisite fee to
Deposit Account No. 02-2955 are enclosed herewith.

### AMENDMENTS

Cancel claims 1-15.

Please add the following new claims 16-56.

```
> 10008  10/13/88  124197        02-2955  010  102     578.00CH
R 10009  10/13/88  124197        02-2955  010  103      72.00CH
```

- 1 -

Case 5/920-1-D1

16. A method for lowering the blood pressure of a host which comprises administering a blood pressure lowering amount of a tetrahydro-benzthiazole of the formula:



(I)

wherein

$R_1$ is a hydrogen atom, an alkyl group having 1 to 6 carbon atoms, an alkenyl or alkynyl group each having 3 to 6 carbon atoms, a phenyl alkyl group having 1 to 3 carbon atoms in the alkyl part, wherein the above mentioned phenyl nucleus may be substituted by 1 or 2 halogen atoms;

$R_2$ is a hydrogen atom or an alkyl group with 1 to 4 carbon atoms;

$R_3$ is a hydrogen atom, an alkyl group with 1 to 7 carbon atoms, a cycloalkyl group having 3 to 7 carbon atoms, an alkenyl or alkynyl group having 3 to 6 carbon atoms, a phenyl alkyl group having 1 to 3 carbon atoms in the alkyl part, whilst the phenyl nucleus may be substituted by fluorine, chlorine or bromine atoms; and,

$R_4$ is a hydrogen atom, an alkyl group with 1 to 4 carbon atoms, an alkenyl or alkynyl group having 3 to 6 carbon atoms; or,

$R_3$ and $R_4$ together with the nitrogen atom between them form a pyrrolidino, piperidino, hexamethyleneimino or morpholino group; or, a pharmaceutically acceptable acid addition salt thereof.

17. The method of claim 16 wherein the group $-NR_3R_4$ is in the 5- or 6-positions.

- 2 -

Case 5/920-1-D1

--18. A method for lowering the blood pressure of a host which comprises administering a blood pressure lowering amount of a tetrahydro-benzthiazole of the formula:

$$
R_3\text{---}R_4\text{---}N\text{---}\left[\text{tetrahydro-benzthiazole}\right]\text{---}N\text{---}R_1\text{/}R_2 \quad \text{(Ia)}
$$

wherein

$R_1$ is a hydrogen atom, an alkyl group having 1 to 3 carbon atoms, an allyl, benzyl, 2-chloro-benzyl, 4-chloro-benzyl, 3,4-dichloro-benzyl or phenylethyl group;

$R_2$ is a hydrogen atom, a methyl or ethyl group;

$R_3$ is a hydrogen atom, an alkyl group with 1 to 6 carbon atoms, an allyl, propargyl, benzyl, chlorobenzyl, phenylethyl, cyclopentyl or cyclohexyl group; and,

$R_4$ is a hydrogen atom, an alkyl group having 1 to 3 carbon atoms or an allyl group; or,

$R_3$ and $R_4$ together with the nitrogen atom between them form a pyrrolidino, piperidino, hexamethyleneimino or morpholino group; or, a pharmaceutically acceptable acid addition salt thereof.

--19. The method of claim 18 wherein the group $-NR_3R_4$ is in the 6-position.

--20. The method of claim 18 wherein,

$R_1$ and $R_2$ together with the nitrogen atom between them form an amino or allylamino group; and,

$R_3$ and $R_4$ together with the nitrogen atom between them form a dimethylamino, diethylamino, N-allyl-N-(4-chloro-benzyl)-amino, n-propylamino or pyrrolidino group.

- 3 -

Case 5/920-1-D1

--21. A method for lowering the blood pressure of a host which comprises administering a blood pressure lowering amount of a compound of the formula:



wherein

R is a hydrogen atom, an alkyl group with 1 to 7 carbon atoms, a cycloalkyl group having 3 to 7 carbon atoms, an alkenyl or alkynyl group having 3 to 6 carbon atoms, a phenyl alkyl group having 1 to 3 carbon atoms in the alkyl part, whilst the phenyl nucleus may be substituted by fluorine, chlorine or bromine atoms; or, a pharmaceutically acceptable acid addition salt thereof. --

22. The method of claim 21 wherein R is a hydrogen atom, an alkyl group with 1 to 6 carbon atoms, an allyl, propargyl, benzyl, chlorobenzyl, phenethyl, cyclopentyl, or cyclohexyl group. --

23. The method of claim 22 wherein R is an alkyl group with 1 to 6 carbon atoms. --

24. A method for lowering the blood pressure of a host which comprises administering a blood pressure lowering amount of 2-Amino-6-n-propylamino-4,5,6,7-tetrahydro-benzthiazole, or a pharmaceutically acceptable acid addition salt thereof. --

--25. A method for lowering the blood pressure of a host which comprises administering a blood pressure lowering amount of 2-Amino-6-n-dimethylamino-4,5,6,7-tetrahydro-benzthiazole, or a pharmaceutically acceptable acid addition salt thereof. --

- 4 -

226. A method for lowering the heart rate of a host which comprises administering a heart rate lowering amount of a tetrahydro-benzthiazole of the formula:



(I)

wherein

$R_1$ is a hydrogen atom, an alkyl group having 1 to 6 carbon atoms, an alkenyl or alkynyl group each having 3 to 6 carbon atoms, a phenyl alkyl group having 1 to 3 carbon atoms in the alkyl part, wherein the above mentioned phenyl nucleus may be substituted by 1 or 2 halogen atoms;

$R_2$ is a hydrogen atom or an alkyl group with 1 to 4 carbon atoms;

$R_3$ is a hydrogen atom, an alkyl group with 1 to 7 carbon atoms, a cycloalkyl group having 3 to 7 carbon atoms, an alkenyl or alkynyl group having 3 to 6 carbon atoms, a phenyl alkyl group having 1 to 3 carbon atoms in the alkyl part, whilst the phenyl nucleus may be substituted by fluorine, chlorine or bromine atoms; and,

$R_4$ is a hydrogen atom, an alkyl group with 1 to 4 carbon atoms, an alkenyl or alkynyl group having 3 to 6 atoms; or,

$R_3$ and $R_4$ together with the nitrogen atom between them form a pyrrolidino, piperidino, hexamethyleneimino or morpholino group; or, a pharmaceutically acceptable acid addition salt thereof.

- 5 -

Case 5/920-1-D1

--27.  The method of claim 26 wherein the group -NR$_3$R$_4$ is in
the 5- or 6-positions. --

28.  A method for lowering the heart rate of a host which
comprises administering a heart rate lowering amount of a
tetrahydro-benzthiazole of the formula:

$$R_3,R_4\text{-}N\text{-}\{\text{(tetrahydrobenzothiazole ring)}\text{-}N\text{-}R_1,R_2\} \quad (Ia)$$

wherein

R$_1$ is a hydrogen atom, an alkyl group having 1 to 3 carbon
atoms, an allyl, benzyl, 2-chloro-benzyl, 4-chloro-benzyl,
3,4-dichloro-benzyl or phenylethyl group;

R$_2$ is a hydrogen atom, a methyl or ethyl group;

R$_3$ is a hydrogen atom, an alkyl group with 1 to 6 carbon
atoms, an allyl, propargyl, benzyl, chlorobenzyl,
phenylethyl, cyclopentyl or cyclohexyl group; and,

R$_4$ is a hydrogen atom, an alkyl group having 1 to 3 carbon
atoms or an allyl group; or,

R$_3$ and R$_4$ together with the nitrogen atom between them form
a pyrrolidino, piperidino, hexamethyleneimino or morpholino
group; or, a pharmaceutically acid addition salt thereof.

--29.  The method of claim 28 wherein the group -NR$_3$R$_4$ is in
the 6-position. --

--30.  The method of claim 28 wherein,

R$_1$ and R$_2$ together with the nitrogen atom between them form
an amino or allylamino group; and,

- 6 -

Case 5/920-1-D1

R3 and R4 together with the nitrogen atom between them form
a dimethylamino, diethylamino, N-allyl-N-(4-chloro-benzyl)-
amino, n- propylamino or pyrrolidino group.

16. A method for lowering the heart rate of a host which
comprises administering a heart rate lowering amount of a
compound of the formula:



wherein

R is a hydrogen atom, an alkyl group with 1 to 7 carbon
atoms, a cycloalkyl group having 3 to 7 carbon atoms, an
alkenyl or alkynyl group having 3 to 6 carbon atoms, a
phenyl alkyl group having 1 to 3 carbon atoms in the alkyl
part, whilst the phenyl nucleus may be substituted by
fluorine, chlorine or bromine atoms; or, a pharmaceutically
acceptable acid addition salt thereof.

17. The method of claim 16 wherein R is a hydrogen atom,
an alkyl group with 1 to 6 carbon atoms, an allyl,
propargyl, benzyl, chlorobenzyl, phenethyl, cyclopentyl, or
cyclohexyl group. --

18. The method of claim 17 wherein R is an alkyl group
with 1 to 6 carbon atoms.

19. A method for lowering the heart rate of a host which
comprises administering a heart rate lowering amount of 2-
Amino-6-n-propylamino-4,5,6,7-tetrahydro-benzthiazole, or a
pharmaceutically acceptable acid addition salt thereof.

20. A method for lowering the heart rate of a host which

- 7 -

Case 5/920-1-Dl

comprises administering a heart rate lowering amount of 2-Amino-6-dimethylamino-4,5,6,7-tetrahydro-benzthiazole, or a pharmaceutically acceptable acid addition salt thereof.

21.    A method for treating Parkinsonism or Parkinson's disease which comprises administering a therapeutically effective amount of a tetrahydro-benzthiazole of the formula:



(I)

wherein

$R_1$ is a hydrogen atom, an alkyl group having 1 to 6 carbon atoms, an alkenyl or alkynyl group each having 3 to 6 carbon atoms, a phenyl alkyl group having 1 to 3 carbon atoms in the alkyl part, wherein the above mentioned phenyl nucleus may be substituted by 1 or 2 halogen atoms;

$R_2$ is a hydrogen atom, an alkyl group with 1 to 4 carbon atoms;

$R_3$ is a hydrogen tom, an alkyl group with 1 to 7 carbon atoms, a cycloalkyl group having 3 to 7 carbon atoms, an alkenyl or alkynyl group having 3 to 6 carbon atoms, a phenyl alkyl group having 1 to 3 carbon atoms in the alkyl part, whilst the phenyl nucleus may be substituted by fluorine, chlorine or bromine atoms; and,

$R_4$ is a hydrogen atom, an alkyl group with 1 to 4 carbon atoms, an alkenyl or alkynyl group having 3 to 6 carbon atoms; or,

$R_3$ and $R_4$ together with the nitrogen atom between them form a piperidino, hexamethyleneimino or morpholino group; or, a pharmaceutically acceptable acid addition salt thereof.

- 8 -

Case 5/920-1-D1

22

~~37.~~ 21 The method of claim ~~16~~ wherein the group $-NR_3R_4$ is in the 5- or 6-positions.

23

~~38.~~ A method for treating Parkinsonism or Parkinson's disease which comprises administering a therapeutically effective amount of a tetrahydro-benzthiazole of the formula:

TOSSOX

$$R_3 \diagdown N - \diagdown \text{(Ia)} $$

R_3, R_4, N, N, R_1, R_2, S (Ia)

wherein

R$_1$ is a hydrogen atom, an alkyl group having 1 to 3 carbon atoms, an allyl, benzyl, 2-chloro-benzyl, 4-chloro-benzyl, 3,4-dichloro-benzyl or phenylethyl group;

R$_2$ is a hydrogen atom, a methyl or ethyl group;

R$_3$ is a hydrogen atom, an alkyl group with 1 to 6 carbon atoms, an allyl, propargyl, benzyl, chlorobenzyl, phenylethyl, cyclopentyl or cyclohexyl group; and,

R$_4$ is a hydrogen atom, an alkyl group having 1 to 3 carbon atoms or an allyl group; or,

R$_3$ and R$_4$ together with the nitrogen atom between them for a piperidino, hexamethyleneimino or morpholino group; or, a pharmaceutically acceptable acid addition salt thereof.

24

~~39.~~ 21 The method of claim ~~38~~ wherein the group $-NR_3R_4$ is in the 6-position.

25

~~40.~~ 21 The method of claim ~~38~~ wherein,

R$_1$ and R$_2$ together with the nitrogen atom between them form an amino or allylamino group; and,

- 9 -

$R_3$ and $R_4$ together with the nitrogen atom between them form a dimethylamino, diethylamino, N-allyl-N-(4-chloro-benzyl)-amino, or n- propylamino group.

26.

--25. A method for treating Parkinsonism or Parkinson's disease which comprises administering a therapeutically effective amount of a compound of the formula:

T 0560X



wherein

R is a hydrogen atom, an alkyl group with 1 to 7 carbon atoms, a cycloalkyl group having 3 to 7 carbon atoms, an alkenyl or alkynyl group having 3 to 6 carbon atoms, a phenyl alkyl group having 1 to 3 carbon atoms in the alkyl part, whilst the phenyl nucleus may be substituted by fluorine, chlorine or bromine atoms; or, a pharmaceutically acceptable acid addition salt thereof.

27.
--26. The method of claim 26 wherein R is a hydrogen atom, an alkyl group with 1 to 6 carbon atoms, an allyl, propargyl, benzyl, chlorobenzyl, phenethyl, cyclopentyl, or cyclohexyl group.

28.
--28. The method of claim 27 wherein R is an alkyl group with 1 to 6 carbon atoms.

29.
--29. A method for treating Parkinsonism or Parkinson's disease which comprises administering a therapeutically effective amount of 2-Amino-6-n-propylamino-4,5,6,7-tetrahydro-benzthiazole, or a pharmaceutically acceptable acid addition salt thereof.

30.
--25. A method for treating Parkinsonism or Parkinson's disease which comprises administering a therapeutically effective amount of 2-Amino-6-dimethylamino-4,5,6,7-tetrahydro-benzthiazole, or a pharmaceutically acceptable acid addition salt thereof. --

- 10 -

Case 5/920-1-D1

31
~~16.~~  A method for treating schizophrenia which comprises
administering a therapeutically effective amount of a
tetrahydro-benzthiazole of the formula:

TOS 70X

$$R_3, R_4, N \text{—benzthiazole ring—} N, R_1, R_2 \quad (I)$$

wherein

$R_1$ is a hydrogen atom, an alkyl group having 1 to 6 carbon
atoms, an alkenyl or alkynyl group each having 3 to 6 carbon
atoms, a phenyl alkyl group having 1 to 3 carbon atoms in
the alkyl part, wherein the above mentioned phenyl nucleus
may be substituted by 1 or 2 halogen atoms;

$R_2$ is a hydrogen atom or an alkyl group with 1 to 4 carbon
atoms;

$R_3$ is a hydrogen atoms, an alkyl group with 1 to 7 carbon
atoms, a cycloalkyl group having 3 to 7 carbon atoms, an
alkenyl or alkynyl group having 3 to 6 carbon atoms, a
phenyl alkyl group having 1 to 3 carbon atoms in the alkyl
part, whilst the phenyl nucleus may be substituted by fluo-
rine, chlorine or bromine atoms; and,

$R_4$ is a hydrogen atom, an alkyl group with 1 to 4 carbon
atoms, an alkenyl or alkynyl group having 3 to 6 carbon
atoms; or,

$R_3$ and $R_4$ together with the nitrogen atom between them form
a pyrrolidino, piperidino, hexamethyleneimino or morpholino
group; or, a pharmaceutically acceptable addition salt
thereof.

32
31
~~17.~~  The method of claim ~~16~~ wherein the group $-NR_3R_4$ is in
the 5- or 6-position. --

13

--~~48.~~ 33. A method for treating schizophrenia which comprises
administering a therapeutically effective amount of a
tetrahydro-benzthiazole of the formula:



wherein

$R_1$ is a hydrogen atom an alkyl group having 1 to 3 carbon
atoms, an allyl, benzyl, 2-chloro-benzyl, 4-chloro-benzyl,
3,4-dichloro-benzyl or phenylethyl group;

$R_2$ is a hydrogen atom, a methyl or ethyl group;

$R_3$ is a hydrogen atom, an alkyl group with 1 to 6 carbon
atoms, an allyl, propargyl, benzyl, chlorobenzyl,
phenylethyl, cyclopentyl or cyclohexyl group; and,

$R_4$ is a hydrogen atom, an alkyl group having 1 to 3 carbon
atoms or an allyl group; or,

$R_3$ and $R_4$ together with the nitrogen atom between them form
a pyrrolidino, piperidino, hexamethyleneimino or morpholino
group; or, a pharmaceutically acceptable acid addition salt
thereof. --

--~~49.~~ 34. The method of claim ~~48~~ 33 wherein the group $-NR_3R_4$ is in
the 6-position. --

--~~50.~~ 35. The method of claim ~~48~~ 33 wherein

$R_1$ and $R_2$ together with the nitrogen atom between them form
an amino or allylamino group; and,

$R_3$ and $R_4$ together with the nitrogen atom between them form
a dimethylamino, diethylamino, N-allyl-N-(4-chloro-benzyl)-
amino, n- propylamino or pyrrolidino group.

- 12 -

Case 5/920-1-Dl

36
--51. A method for treating schizophrenia which comprises administer a therapeutically effective amount of a compound of the formula:

T0590X



wherein

R is a hydrogen atom, an alkyl group with 1 to 7 carbon atoms, a cycloalkyl group having 3 to 7 carbon atoms, an alkenyl or alkynyl group having 3 to 6 carbon atoms, a phenyl alkyl group having 1 to 3 carbon atoms in the alkyl part, whilst the phenyl nucleus may be substituted by fluorine, chlorine or bromine atoms; or, a pharmaceutically acceptable acid addition salt thereof.

37                             36
--52. The method of claim 51 wherein R is a hydrogen atom, an alkyl group with 1 to 6 carbon atoms, an allyl, propargyl, benzyl, chlorobenzyl, phenethyl, cyclopentyl, or cyclohexyl group. --

38                          37
--53. The method of claim 52 wherein R is an alkyl group with 1 to 6 carbon atoms. --

39
--54. A method for treating schizophrenia which comprises administering a therapeutically effective amount of 2-Amino-6-n-propylamino-4,5,6,7-tetrahydro-benzthiazole, or a pharmaceutically acceptable acid addition salt thereof.

40
--55. A method for treating schizophrenia which comprises administering a therapeutically effective amount of 2-Amino-6-dimethylamino-4,5,6,7-tetrahydro-benzthiazole, or a pharmaceutically acceptable acid addition salt thereof.

- 13 -

--56.  A method for making a tetrahydro-benzthiazole of the
formula:



$$(I)$$

wherein

$R_1$ is a hydrogen atom, an alkyl group having 1 to 6 carbon
atoms, an alkenyl or alkynyl group each having 3 to 6 carbon
atoms, an alkanoyl group having 1 to 6 carbon atoms, a
phenyl alkyl or phenyl alkanoyl group having 1 to 3 carbon
atoms in the alkyl part, wherein the above mentioned pehnyl
nuclei may be substituted by 1 or 2 halogen atoms;

$R_2$ is a hydrogen atom or an alkyl group with 1 to 4 carbon
atoms;

$R_3$ is a hydrogen atom, an alkyl group with 1 to 7 carbon
atoms, a cycloalkyl group having 3 to 7 carbon atoms, an
alkenyl or alkynyl group having 3 to 6 carbon atoms, an
alkanoyl group having 1 to 7 carbon atoms, a phenyl alkyl or
phenyl alkanoyl group having 1 to 3 carbon atoms in the
alkyl part, whilst the phenyl nucleus may be sutbituted by
fluorine, chlorine or bromine atoms; and,

$R_4$ is a hydrogen atom, an alkyl group with 1 to 4 carbon
atoms, an alkenyl or alkynyl group having 3 to 6 carbon
atoms, an alkenyl or alkynyl group having 3 to 6 carbon
atoms; or,

$R_3$ and $R_4$ together with the nitrogen atom between them form
a pyrrolodino, piperidino, hexamethyleneimino or morpholino
group; which method comprises:

- 14 -

Case 5/920-1-D1

reacting a cyclohexanone of the formula:



(II)

wherein

$R_3$ and $R_4$ are as defined above and X is a nucleophilically exchangeable group with a thiourea of the formula:



(III)

wherein

$R_1$ and $R_2$ are as defined above. --

## REMARKS

Claims 1-15, which were formerly pending, have been can-
celled and new claims 16-56 have been added.

Claims 1-5, 8 and 15, which are rejected, have been can-
celled in the interest of advancing the prosecution of this
application and for reasons which are given below.

Claims 6 and 7, which had been allowed, have been cancelled
for reasons which are given below.

- 15 -

None of the new claims are directed to the subject matter of former claims 1-8. Applicants reserve the right to present claims directed to the subject matter of these cancelled claims in a divisional application, under 37 CFR 1.60.

As explained more fully below, new claims 16-55 essentially present the same subject matter as former claims 9-13.

Claim 56 presents precisely the same subject matter as former claims 14.

Thus, the claims now pending are 16-56.

A.  Claims 16-25

Claims 16-25 are directed to a method for lowering blood pressure.

Of these, claims 18-20, 24 and 25 correspond precisely to allowed claim 9, and thus should themselves be allowable. (Since claims 3-7, from which claim 9 depended, were not allowed and have been cancelled, new claims 18, 24 and 25 have been cast in independent form.)

During the preparation of this response, it was noticed that allowed claim 9 had, inadvertently, been written more narrowly than necessary. Specifically, while claims 3, 4 and 5, from which claim 9 depends, all represent subgenuses of claim 1, the specification supports the use in the claimed method of all of the compounds of generic claim 1, with the exception of compounds wherein $R_1$ and $R_3$ or both $R_1$ and $R_3$ are acyl groups. These latter compounds are intermediates and are not intended for use in the claimed method.

Accordingly, new claims 16 and 17 generally correspond to allowed claim 9, but are directed to the use of compounds falling within the broader generic scope of former claims 1 and 2 respectively, with the exception compounds wherein either $R_1$ or $R_3$ are acyl groups.

New claim 21 is an independent claim directed to a subgenus of the invention covered by new claim 18. It thus is directed to a subgenus of the invention covered by allowed claim 9 and should, therefore, be allowable. New claims 22

- 16 -

and 23 depend from claim 21 and should also be allowable.

B.  Claims 26-35

Claims 26-35 are directed to a method for lowering heart
rate.

Of these, claims 28-30, 34 and 35 directly correspond to
allowed claim 10 and thus should themselves be allowable.
(Since claims 3-7, from which claim 9 depended, were not
allowed and have been cancelled, new claims 28, 34 and 35
have been cast in independent form.)

During the preparation of this response, it was noticed that
allowed claim 10 had, inadvertently, been written more
narrowly than necessary.  Specifically, while claims 3, 4
and 5, from which claim 10 depends, all represent subgenuses
of claim 1, the specification supports the use in the
claimed method of all of the compounds of generic claim 1,
with the exception of compounds wherein $R_1$ and $R_3$ or both $R_1$
and $R_3$ are acyl groups.  These latter compounds are interme-
diates but are not intended for use in the claimed method.

Accordingly, new claims 26 and 27 generally correspond to
allowed claim 10, but are directed to the use of compounds
falling within the broader generic scope of former claims 1
and 2, respectively, with the exception of compounds wherein
either $R_1$ or $R_3$ are acyl groups.

New claim 31 is an independent claim directed to a subgenus
of the invention covered by new claim 28.  It thus is di-
rected to a subgenus of the invention covered by allowed
claim 9 and should, therefore, be allowable.  New claims 34
and 35 depend from claim 31 and should also be allowable.

C.  Claims 36-45

Claims 36-45 are directed to a method for treating
Parkinsonism or Parkinson's disease and either specifically
or generally correspond to former claims 11 and 12.  Claims
38-41, 44 and 45 specifically and precisely correspond to
former claims 11 and 12, except that claims 11 and 12 dealt
with the treatment of Parkinsonism and Parkinson's disease
respectively whereas claims 38-41, 44 and 45 each deal with
the treatment of either of these conditions.

- 17 -

Former claims 11 and 12 had been rejected under the judi-
cially created doctrine of obviousness-type double pat-
enting, as being unpatentable over claim 1 of U.S. Patent
4,731,374.  While claims 11 and 12 have been cancelled, it
is believed that a discussion of their rejection will have a
bearing upon the allowability of claims 38-41, 44 and 45, as
well as upon the allowability of claims 41-33, even though
they do not directly correspond to these cancelled claims.


First, it is believed that the Examiner intended to base the
rejection of claims 11 and 12 on claims 8 and 9 of the '374
patent, which are respectively directed to methods of
treating Parkinsonism and Parkinson's disease, rather than
upon claim 1 of the '374 patent, which is directed to compo-
sitions of matter, but not methods.

Second, it is respectfully noted that claims 11 and 12 of
the application were not properly rejectable over claims 8
and 9 of the '374 patent.  This is because the parent appli-
cation (Serial No. 810,947) was made subject to a restric-
tion requirement which mandated that claims 11 and 12 (which
became claims 8 and 9 in the '374 patent) be limited to the
use of one of five types of compound or active substance.
(see paper No. 8 from the file wrapper of the '374 patent, a
copy of which is enclosed herewith for the Examiner's conve-
nience.)  In view of the Applicants election to prosecute
composition of matter claims directed to the invention of
Group II, pyrrolodino-substituted benzthiazoles, the method
claims of the '374 patent were restricted to the use of
pyrrolidino-substituted compounds.  Due to this restriction
requirement, the '374 patent cannot be applied as a refer-
ence to support an obviousness-type double patenting rejec-
tion. (see MPEP 804.01)

Finally, it is noted that claims 11 and 12 could properly
have been rejected for "same invention" type double pat-
enting since, as presented, they are directed to, _inter
alia_, methods of treatment employing pyrrolidino-substituted
benzthiazoles.  They, therefore, are directed, in part, to
the same subject matter covered by claims 8 and 9 of the

- 18 -

'374 patent.  It will be appreciated, however, that such a
rejection, had it been made, could easily have been obviated
by amending claims 11 and 12 - or, actually, the claims from
which they depend - so as to remove pyrrolidino compounds
from their scope.

New claims 34-39 are not subject to an obviousness-type
double patenting rejection for the same reason that former
claims 11 and 12 were not properly made subject to such
rejection.

New claims 38-45 are not subject to a "same invention" type
double patenting rejection over claims 8 and 9 of the '374
patent because they are not directed to the use of
pyrrolodino compounds.  The claims of the '374 patent are
restricted to pyrrolidino compounds.

During the preparation of this response, it was noticed that
claims 11 and 12 had, inadvertently, been written more
narrowly than necessary.  Specifically, while claims 3, 4
and 5, from which claims 11 and 12 depend, all represent
subgenuses of claim 1, the specification supports the use in
the claimed methods of all of the compounds of generic claim
1, with the exception of compounds wherein $R_1$ or $R_3$ or both
$R^1$ and $R_3$ are acyl groups.  These latter compounds are
intermediates but are not intended for use in the claimed
method.

Accordingly, new claims 36 and 37 generally correspond to
claims 11 and 12 but are directed to the use of compounds
falling within the broader generic scope of former claims 1
and 2, respectively, with the exception of compounds wherein
either $R_1$ or $R_3$ are acyl groups.

New claim 41 is an independent claim directed to a subgenus
of the invention covered by new claim 38.  It is thus di-
rected to a subgenus of a claim which, should, itself, be
allowable.  New claims 42 and 43 depend from claim 41 and
should also be allowable.

D.  Claim 46-55

Claims 46-55 are directed to a method for treating schizo-
phrenia.

- 19 -

Of these, claims 48-50, 54 and 55 directly correspond to
allowed claim 13 and thus should themselves be allowable.
(Since claims 3-7, from which claim 13 depends, have been
cancelled, new claims 48, 54 and 55 have been cast in
independent form.)

During the preparation of this response, it was noticed that
allowed claim 13 had, inadvertently, been written more
narrowly than necessary. Specifically, while claims 3, 5
and 5, from which claim 13 depends, all represent subgenuses
of claim 1, the specification supports the use in the
claimed method of all of the compounds of generic claim 1,
with the exception of compounds wherein $R_1$ and $R_3$ or both $R_1$
and $R_3$ are acyl groups. These latter compounds are interme-
diates but are not intended for use in the claimed method.

Accordingly, new claims 46 and 47 generally correspond to
allowed claim 13, but are directed to the use of compounds
falling within the broader generic scope of former claims 1
and 2, respectively, with the exception of compounds wherein
either $R_1$ or $R_3$ are acyl groups.

New claim 51 is an independent claim directed to a subgenus
of the invention covered by new claim 48. It thus is di-
rected to a subgenus of the invention covered by allowed
claim 13 and should itself be allowable. New claims 52 and
53 depend from claim 51 and should also be allowable.

E.  Claim 56

Claim 56 directly corresponds to allowed claim 14, but,
since claim 1 from which claim 14 depends has been can-
celled, the new claim has been written in independent form.


Summary Relating To New Claims

It is earnestly asserted that new claims 16-48 avoid any
grounds for rejection which might properly have applied to
claim 1-15, which have been cancelled. It is believed that
claims 16-56 are patentable and their allowance is re-
quested.

Case 5/920-1-D1

## INFORMATION DISCLOSURE STATEMENT

Pursuant to 37 CFR 1.56, 1.97 and 1.98, Applicants wish to
bring the following information to the attention of the
Examiner in connection with this application.

### A.   European Search Report

Applicants provide herewith a copy of the search report of
the European Patent Office for EP85116016.8, which corre-
sponds to the above-captioned application.  This cites
EP-A1-0-044 443 and US 4,337,343 as references which are
indicative of the state of the art.  It should be noted that
US 4,337,343 corresponds to EP 21 940.

Neither of the cited references are believed to affect the
patentability of the claims since neither discloses or
suggests the claimed methods or process.  Both references
were made of record in Serial No. 810,947, the parent of
this application, now Patent 4,731,374.

A copy of the search report, the two cited references and a
PTO 1449 form listing these references are enclosed.

### B.   Other References made of Record In Parent

British Patent 812,512 was made of record by the Examiner in
Serial No. 810,947, the parent of this application, now
Patent 4,731,374.

This reference generically discloses compounds which would
be structurally related to those employed in the methods
claimed herein but for the fact that these compounds are
benzothiazoles, and not tetrahydrobenzothiazoles as in the
above-captioned application.  In any event the reference
neither discloses nor suggests the claimed methods or
process.

A copy of this reference and a PTO-1449 for listing the same
is enclosed herewith.

### C.   Possibly Interfering Application of Another

Applicants particularly wish to bring to the attention of
the Patent and Trademark Office the existence U.S. Patent

~ 22 ~

Case 5/920-1-D1

Application Serial No, 747,748 filed 24 June 1985 and its
foreign equivalent, European Patent Application No. 207,696,
published 1 July 1987.

European '696 discloses tetrahydro (thi or ox) azoles of the
formula:



XX

wherein $R^1$ and $R^2$ are individually H, methyl, ethyl or n-
propyl; $R^3$ and $R^4$ are individually H, methyl, ethyl, n-
propyl or allyl; and Y is O or S.

When Y is S, the compounds of European '696 represent a
subgenus of the compounds disclosed and originally claimed
in the above-captioned application.  However, European '696
does not represent prior art because its publication date is
later than the effective filing date of the above-captioned
application.

U.S. Application Serial No. 747,748 contains the same dis-
closure as European '696.  It is not available as prior art
because its filing date is later than the effective filing
date of the above-captioned application.  (The effective
filing date of the above-captioned application is 22 Decem-
ber 1984, the date on which the German application for which
Convention priority is claimed was filed.)

It is believed that Serial No. 747,748 is still pending.

As filed, U.S. Application Serial No. 747,748 did not con-
tain claims corresponding to the method or process claims
currently pending in the above-captioned application.
There is, therefore, no possibility that the        claims
in the above-captioned application can or will interfere
with the claims present in Serial No. 747,748, as originally
filed.

- 22 -

Case 5/920-1-D1

Further, it is not believed that the specification of that
application would not support the making of such claims.  It
is therefore, believed that there is little possibility that
claims could be added to Serial No. 747,748 which would
interfere with the claims of the above-captioned applica-
tion.

The Examiner is, nevertheless, urged to consider carefully
the relevance of Serial No. 747,748 before allowing the
above-captioned application.

The pending claims are believed to be fully patentable over
European Patent Application No. 207,696 and U.S. Patent
Application Serial No. 747,748.

Copies of these two references and a Form PTO-1449 listing
the same are enclosed herewith.

D.   <u>Cancellation of Former Claims 1-8</u>

In view of the particular pertinence of U.S. Patent
Application Serial No.  747,748 to claims 1-8, these claims
have been cancelled and will be reinstated in a divisional
application under 37 CFR 1.60.  It is believed that so doing
will advance the prosecution of the above-captioned
application and that issues presented by this reference
will be more easily dealt  with in said divisional
application.

                              Respectfully submitted,


                              Alan R. Stempel
                              Registration No.  28,991


Boehringer Ingelheim Corp.
90 East Ridge
Ridgefield, CT.  06877
(203) 431-5873

Case No.  <u>5/920-1-D1</u>

EXPRESS MAIL LABEL NO. B 7448 4556
DEPOSIT DATE  Oct. 7, 1988
I HEREBY CERTIFY THAT THIS PAPER OR FEE IS
BEING DEPOSITED WITH THE UNITED STATES
POSTAL SERVICE "EXPRESS MAIL POST OFFICE
TO ADDRESSEE" SERVICE UNDER 37 CFR 1.10
ON THE DATE INDICATED ABOVE AND IS
ADDRESSED TO THE COMMISSIONER OF PATENTS
AND TRADEMARKS, WASHINGTON, D.C. 20231.

BY                            DATE  10/7/88

                - 23 -

Case 5/920-1-D1



UNITED STAT.   PARTMENT OF COMMERCE
Patent and Trade...ark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 07/124,197 | 11/23/87 | GRISS | G | 5/920 |

DAVID E. FRANKHOUSER
LEGAL DEPARTMENT - PATENTS
BOEHRINGER INGELHEIM CORPORATION
90 EAST RIDGE - P.O. BOX 368
RIDGEFIELD, CT 06877

| EXAMINER |
|---|
| GERSTL, R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 122 | |

DATE MAILED: 12/19/88

## NOTICE OF ALLOWABILITY

**PART I.**

1. ☐ This communication is responsive to _____

2. ☐ All the claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice Of Allowance And Issue Fee Due or other appropriate communication will be sent in due course.

3. ☐ The allowed claims are _____

4. ☐ The drawings filed on _____ are acceptable.

5. ☑ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [_] been received. [_] not been received. [✓] been filed in parent application Serial No. _810997_, filed on _12-19-85_

6. ☑ Note the attached Examiner's Amendment.

7. ☐ Note the attached Examiner Interview Summary Record, PTOL-413.

8. ☐ Note the attached Examiner's Statement of Reasons for Allowance.

9. ☐ Note the attached NOTICE OF REFERENCES CITED, PTO-892.

10. ☐ Note the attached INFORMATION DISCLOSURE CITATION, PTO-1449.

**PART II.**

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" indicated on this form. Failure to timely comply will result in the ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

1. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

2. ☐ APPLICANT MUST MAKE THE DRAWING CHANGES INDICATED BELOW IN THE MANNER SET FORTH ON THE REVERSE SIDE OF THIS PAPER.

   a. ☐ Drawing informalities are indicated on the NOTICE RE PATENT DRAWINGS, PTO-948, attached hereto or to Paper No. _____. CORRECTION IS REQUIRED.

   b. ☐ The proposed drawing correction filed on _____ has been approved by the examiner. CORRECTION IS REQUIRED.

   c. ☐ Approved drawing corrections are described by the examiner in the attached EXAMINER'S AMENDMENT. CORRECTION IS REQUIRED.

   d. ☐ Formal drawings are now REQUIRED.

---

Any response to this letter should include in the upper right hand corner, the following information from the NOTICE OF ALLOWANCE AND ISSUE FEE DUE: ISSUE BATCH NUMBER, DATE OF THE NOTICE OF ALLOWANCE, AND SERIAL NUMBER.

Attachments:
– Examiner's Amendment
   Examiner Interview Summary Record, PTOL- 413
– Reasons for Allowance
– Notice of References Cited, PTO-892
– Information Disclosure Citation, PTO-1449

– Notice of Informal Application, PTO-152
– Notice re Patent Drawings, PTO-948
– Listing of Bonded Draftsmen
– Other

ROBERT GERSTL
PRIMARY EXAMINER
ART UNIT 122

Serial No. 124,197                              -2-

Art Unit 122


        Claim 56, which corresponds to rejected claim 14

has been cancelled with the permission of Mr. Stempel on

December 12, 1988.

        Any inquiry concerning this communication or
earlier communications from the examiner should be
directed to Examiner Gerstl whose telephone number is
(703) 557-0441.

        Any inquiry of a general nature or relating to the
status of this application should be directed to the
Group receptionist whose telephone number is (703)
557-3920.

12/12/88;df


                                        ROBERT GERSTL
                                      PRIMARY EXAMINER
                                        ART UNIT 122

MAIL ROOM
OCT 7 1988

RECEIVED
OCT 24 1988
GROUP 124

Form PTO-1449
Rev. 7-80

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

| ATTY. DOCKET NO. | |
|---|---|
| 5/920-1-D1 | |
| **APPLICANT** | |
| Gerhart Griss, et al | |
| **FILING DATE** | **GROUP** |
| November 23, 1987 | 122 |

## LIST OF INFORMATION CITED BY APPLICANT(S)
*(Use several sheets if necessary)*

### U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | AA | 4 3 3 7 3 4 3 | 6/29/82 | J. Maillard et al | 548 | 164 | June 18, 1980 |
| | AB | 3N 7 4 7 7 4 3 | none | B. C. Laguzza, et al | | | |
| | AC | | | | | | |
| | AD | | | | | | |
| | AE | | | | | | |
| | AF | | | | | | |
| | AG | | | | | | |
| | AH | | | | | | |
| | AI | | | | | | |
| | AJ | | | | | | |
| | AK | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|
| | AL | 0 0 4 4 4 4 3 | 1/27/82 | European | 548 | 164 | | |
| | AM | 2 0 7 6 9 6 | 20/8/86 | European | 548 | 164 | | |
| | AN | 2 1 9 4 0 | 1/7/81 | European | 548 | 164 | | |
| | AO | 8 1 2 5 1 2 | 4/29/59 | Great Britain | 548 | 164 | | |
| | AP | | | | | | | |

### OTHER PRIOR ART (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| AU | |
| AV | |
| AW | |

| EXAMINER | DATE CONSIDERED |
|---|---|
| | 7-88 |

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

OL-85 (REV 4-86)



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

Address:  COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

### NOTICE OF ALLOWANCE
### AND ISSUE FEE DUE

```
DAVID E. FRANKHOUSER
LEGAL DEPARTMENT - PATENTS
BOEHRINGER INGELHEIM CORPORATION
90 EAST RIDGE - P.O. BOX 368
RIDGEFIELD, CT  06877
```

All communications regarding this application should give the serial number, date of filing, name of applicant, and batch number.

Please direct all communications to the Attention of "OFFICE OF PUBLICATIONS" unless advised to the contrary.

The application identified below has been examined and found allowable for issuance of Letters Patent. PROSECUTION ON THE MERITS IS CLOSED.

| | SC/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|---|
| | 07/124,197 | 11/23/87 | 040 | GERSTL, R | 122 | 12/19/88 |
| First Named Applicant | GRISS, | | GERHART | | | |

TITLE OF INVENTION    TETRAHYDRO-BENZTHIAZOLES, THE PREPARATION THEREOF AND THEIR USE AS INTERMEDIATE PRODUCTS OR AS PHARMACEUTICALS

| | ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|---|
| | 5/920 | 514-367.000 | 078 | UTILITY | NO | $560.00 | 03/20/89 |

The amount of the issue fee is specified in 37 C.F.R. 1.18. If the applicant qualified for and has filed a verified statement of small entity status in accordance with 37 C.F.R. 1.27, the issue fee is one-half the amount for non-small entities. The issue fee due printed above reflects applicant's status as of the time of mailing this notice. A verified statement of small entity status may be filed prior to or with payment of the issue fee. However, in accordance with 37 C.F.R. 1.28, failure to establish status as a small entity prior to or with payment of the issue fee precludes payment of the issue fee in the amount so established for small entities and precludes a refund of any portion thereof paid prior to establishing status as a small entity.

THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE as indicated above. The application shall otherwise be regarded as ABANDONED. The issue fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office. Where an authorization to charge the issue fee to a deposit account has been filed before the mailing of the notice of allowance, the issue fee is charged to the deposit account at the time of mailing of this notice in accordance with 37 C.F.R. 1.311. If the issue fee has been so charged, it is indicated above.

In order to minimize delays in the issuance of a patent based on this application, **this Notice may have been mailed prior to completion of final processing.** The nature and/or extent of the remaining revision or processing requirements may cause slight delays of the patent. In addition, if prosecution is to be reopened, **this Notice of Allowance will be vacated and the appropriate Office action will follow in due course.** If the issue fee has already been paid and prosecution is reopened, the applicant may request a refund or request that the fee be credited to a deposit account. However, applicant may request that the previously submitted issue fee be applied. If abandoned, applicant may request refund or credit to a deposit account.

In the case of each patent issuing without an assignment, the complete post office address of the inventor(s) will be printed in the patent heading and in the Official Gazette. If the inventor's address is now different from the address which appears in the application, please fill in the information in the spaces provided on PTOL-85b. If there are address changes for more than two inventors, enter the additional addresses on the reverse side of the PTOL-85b.

The appropriate spaces in the ASSIGNMENT DATA section of PTOL-85b must be completed in all cases. If it is desired to have the patent issue to an assignee, an assignment must have been previously submitted to the Patent and Trademark Office or must be submitted not later than the date of payment of the issue fee as required by 37 C.F.R. 1.334. Where there is an assignment, the assignee's name and address must be provided on the PTOL-85b to ensure its inclusion in the printed patent.

Advance orders for 10 or more printed copies of the prospective patent can be made by completing the information in Section 4 of PTOL-85b and submitting payment therewith. If use of a deposit account is being authorized for payment, PTOL-85c should also be forwarded. The order must be for at least 10 copies and must accompany the issue fee. The copies ordered will be sent only to the address specified in section 1 or 1A of PTOL-85b.

☑ Note attached communication from the Examiner.

☐ This notice is issued in view of applicant's communication filed _____

**IMPORTANT REMINDER**
Patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. See 37 CFR 1.20 (e) — (j).

**PATENT AND TRADEMARK OFFICE COPY**