IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN T. HILL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action 82-220  CMW |
| ) | |
| EQUITABLE BANK, NATIONAL ) | |
| ASSOCIATION, ) | |
| ) | |
| Defendant. ) | |

---

Steven D. Goldberg, Esquire of Theisen, Lank, Mulford & Goldberg, Wilmington, Delaware.  OF COUNSEL:  Richard I. Kovelant, Esquire and Douglas Clark Hollman, Esquire of Goldman, Kruger, Kovelant, Hurtt, Hollmann & Kaiser of Laurel, Maryland.

Attorneys for Plaintiffs.

Martin I. Lubaroff, Esquire of Richards, Layton & Finger, Wilmington, Delaware.  OF COUNSEL:  Michael D. Colglazier, Esquire and Ty Cobb, Esquire of Miles & Stockbridge, Baltimore, Maryland.

Attorneys for Defendant.

---

O P I N I O N

Wilmington, Delaware

March 3, 1987

17

WRIGHT, Senior Judge.

    Defendant Equitable Bank has filed a motion in limine to exclude the expert testimony of Professor John C. Long of the University of Oklahoma Law School. Plaintiffs propose to have Professor Long testify as to whether defendant's alleged omissions and misrepresentations were "material."[1] Defendant claims that such testimony runs afoul of Federal Rules of Evidence 702 and 704. Defendant's motion will be granted.[2]

    Under Federal Rule of Evidence 702, the testimony of an expert is admissible if it will "assist the trier of fact." The expert's proposed testimony will be to evaluate the facts as alleged and determine if the bank's misrepresentations and omissions were material. Both parties apparently agree that a fact is material if it "is one that a reasonable man would attach importance to in determining his choice of action in the transaction in question. . . .[A] material fact is one that a reasonable man would deem important in determining whether or not to purchase a corporation's stock." 3 Devitt and Blackmar, <u>Federal Jury Instructions</u> § 98.05 (1977). The question in the instant

---

[1] Plaintiffs conceded in their memorandum that it would be improper for Professor Long to testify on the issue of liability.

[2] In defendant's reply brief, defendant contended that the motion would be moot if the Court granted defendant's then pending Motion to Alter the Judgment and dismissed plaintiffs' securities claims. Even after granting this motion in part, however, the securities claims of plaintiff James Stritzinger remain. Also,

Footnote continued next page

1

case then becomes whether an expert's testimony concerning whether the facts omitted or misrepresented by the bank were material will assist a jury in making the determination.

In determining whether expert testimony is proper, "'there is no more certain test than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute.' Ladd, Expert Testimony, 5 Vand.L.Rev. 414, 418 (1952)." Notes of Advisory Committee on Proposed Rules. The question of materiality depends in large part upon the reasonable man standard. Determining what effect a particular fact would have upon the action of a reasonable man is, in all areas of the law, an area of inquiry typically belonging to the finder of fact. In S.E.C. v. Bausch & Lomb, Inc., for example, the materiality of a fact in a securities case was determined by the judge. 565 F.2d 8, 14 (2d Cir. 1977).

In securities cases, expert testimony has been allowed, but it typically has been permitted in situations where the expert testifies to a technical aspect of the securities industry, not to legal conclusions derived from the facts of a transaction.

The Second Circuit Court of Appeals elaborated on this in Marx & Co., Inc. v. Diners Club, Inc., 550 F.2d 505 (2d Cir.),

---

the RICO claims of all the plaintiffs survived the Motion To Alter the Judgment. The plaintiffs will thus want to prove the predicate acts of securities fraud even though they cannot recover for the securities fraud directly.

cert.denied, 434 U.S. 861 (1977). The court upheld the admission of testimony concerning a lawyer's typical practice in fulfilling securities laws requirements but reversed admission of testimony concerning the legal requirements of the contract at issue. Id. at 509. The court noted that securities experts were sometimes appropriate in litigation but only for purposes of explaining different aspects of the industry and not for reaching a legal conclusion about certain practices. Id. at 512.[3] In short, the expert, if allowed to testify, will simply impose his judgment of what a reasonable investor should do given certain information; such a determination is precisely the decision a jury should make. "It is for the jury to evaluate the facts in the light of the applicable rule of law, and it is therefore erroneous for a witness to state his opinion on the law of the forum." Marx, 550 F.2d at 510. In the instant case, it is for the jury to evaluate the facts of omission and misrepresentation and apply them to the applicable securities law as explained by the judge. In that decisionmaking process, there is no room for an expert law professor.

Although Federal Rule of Evidence 704 abolishes the "ultimate issue rule", it does not permit an expert to replace

---

[3] Plaintiffs make much of a footnote in Marx that cites to an earlier Second Circuit opinion in which the court held an expert's testimony about "materiality" to be admissible. United States v. Cohen, 518 F.2d 727 (2d Cir. 1975), cert.denied, sub nom Deutch v. United States, 423 U.S. 926 (1977). In that case, however, both sides used experts to discuss the issue, and it was only the testimony of the second expert that was contested. Second, the witness in Cohen testified to "concepts" of materiality and not to the kind of conclusion from the facts that plaintiffs' expert will testify to here.

3

the judge in explaining the law to the jury. That is the core of the problem with the expert's testimony: it does nothing more than invade the province of the Court in rendering judgments on matters of law. In the course of the many opinions issued in this case, the Court has ruled several times on which of the plaintiffs' allegations, if true, would result in recovery. In essence, that is all plaintiffs' expert would be doing, albeit for only one element of the claim. At trial, it should be the Court and not an expert, to explain the law of materiality to the jury. As defendant's opening brief quite forcefully points out, the expert viewed himself as a surrogate judge. See Defendant's Opening Brief at 12. This is as true for the question of materiality as it is for the "ultimate" question of liability. In either case, the witness will be testifying that if the facts are as alleged then a certain legal conclusion results.

Defendant has cited to an impressive list of authority prohibiting a witness -- either an expert or a layperson -- to testify to the legal significance of a particular set of facts. See Tones v. City of Oakland, 758 F.2d 147 (6th Cir.1985) (prohibiting testimony by layperson that plaintiff had not been discriminated against); United States v. Zipkin, 729 F.2d 384 (6th Cir. 1984) (prohibitng bankruptcy judge from testifying to his view of the proper interpretation of the bankruptcy laws); F.A.A. v. Landy, 705 F.2d 624, 633 (2d Cir.), cert.denied, 464 U.S. 895 (1983) (proper exclusion of former Federal Aviation Administration official's understanding of certain Federal Aviation Regula-

4

tions); <u>Christian v. National Savings & Trust Company</u>, 683 F.2d 520, 529 (D.C. Cir. 1982) (proper exclusion of lay legal conclusion about a "fiduciary relationship"); <u>Strong v. E. I. du Pont de Nemours, Inc.</u>, 667 F.2d 682, 685-686 (8th Cir. 1981) (proper exclusion of testimony finding warnings "inadequate" and product "unreasonably dangerous").

These cases all indicate the basic principle that it is the function of the trial judge to determine the law of the case. <u>Zipkin</u>, 729 F.2d at 387. In this case, it is this Court's function to explain to the jury the legal meaning of materiality. It will then be the jury's function to apply the facts to the judicially explained law. Expert testimony on this issue will be superfluous and will therefore be excluded.

An Order will enter in conformity with this Opinion.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN T. HILL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.   ) | Civil Action 82-220 CMW |
| ) | CONSOLIDATED |
| EQUITABLE BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

### O R D E R

This 3rd day of March, 1987, for the reasons set forth in the accompanying Opinion,

IT IS HEREBY ORDERED that Defendant's Motion in Limine is granted.

_____
UNITED STATES DISTRICT CT. JUDGE