# Exhibit 1

# Grossman, Dov

| | |
|---|---|
| From: | Joel.Neckers@lw.com |
| Sent: | Thursday, August 09, 2007 1:20 PM |
| To: | Grossman, Dov; Berniker, Jessamyn |
| Cc: | KENNETH.SCHULER@lw.com; Kristina.Barr@lw.com |
| Subject: | Barr's expert reply reports |

Dov and Jessamyn,

I write regarding Barr's expert reply reports.

We intend to move to strike the entirety of Mr. Isenbruck's report, section V of Dr. Mailman's report, and paragraphs 4-16 of Dr. Anslyn's supplemental report, as the opinions contained therein all relate to issues on which Barr bears the burden of proof and should have been included in Barr's initial reports.

Please let me know by noon EST tomorrow whether you will agree to withdraw the above-mentioned reports and portions of reports.

Thanks.

Joel

*******************

To comply with IRS regulations, we advise you that any discussion of federal tax issues in this email was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

For more information please go to http://www.lw.com/docs/irs.pdf

******************

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

1

# Exhibit 2

Grossman, Dov

**From:** Joel.Neckers@lw.com
**Sent:** Friday, August 10, 2007 5:32 PM
**To:** Grossman, Dov; Berniker, Jessamyn
**Cc:** Kristina.Barr@lw.com; KENNETH.SCHULER@lw.com
**Subject:** Barr's Expert Reply Reports

Dov and Jessamyn,

  I write to follow up on some of the issues we discussed during our phone conversation this afternoon. Specifically, I write regarding Barr's request that Boehringer provide it with authority that supports Boehringer's intention to move to strike the entirety of Mr. Isenbruck's report, section V of Dr. Mailman's report, and paragraphs 4-16 of Dr. Anslyn's supplemental report. Per your request, that authority includes, but is not limited to:

Fed. R. Civ. P. 26; *Praxair, Inc. v. ATMI, Inc.*, 231 F.R.D. 457 (D. Del. 2003); *Finch v. Hercules, Inc.*, No. Civ. A. 92-251 MMS, 1995 WL 785100 (D. Del. Dec. 22, 1995); *Johnson v. Vanguard Mfg., Inc.*, 34 Fed. Appx. 858 (3d Cir. 2002); *United States v. 68.94 Acres of Land*, 918 F.2d 389 (3d Cir. 1990); *Micro Int'l, Ltd. v Monolithic Power Sys.*, 467 F.3d 1355 (Fed. Cir. 2006); *Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, No. 03 C 7713, 2005 WL 1300763 (N.D. Ill. Feb. 22, 2005); *Trilogy Communs., Inc. v. Times Fiber Communs., Inc.*, 109 F.3d 739 (Fed. Cir. 1997), *GSI Group, Inc. v. Sukup Mfg. Co.*, No. 05-3011, 2007 WL 757818 (C.D. Ill. March 8, 2007); *Mason v. Smithkline Beecham Corp.*, No. 05-CV-1252, 2007 U.S. Dist. LEXIS 21147 (C.D. Ill. March 26, 2007); *Jarritos, Inc. v. Los Jarritos*, No. C 05-02380 JSW, 2007 U.S. Dist. LEXIS 32245 (N.D. Cal. May 2, 2007); *Avocent Huntsville Corp. v. ClearCube Tech., Inc.*, 443 F. Supp. 2d 1284, 1308 (N.D. Ala. 2006).

  Please let me know by 5:00 p.m. EST, on August 13, 2007, whether you will agree to withdraw Mr. Isenbruck's report, section V of Dr. Mailman's report, and paragraphs 4-16 of Dr. Anslyn's supplemental report. If we do not hear from you by 5:00 p.m. on Monday, we will assume you will not agree to withdraw Mr. Isenbruck's report, section V of Dr. Mailman's report, and paragraphs 4-16 of Dr. Anslyn's supplemental report and will proceed with our motion to strike.

Sincerely,

Joel S. Neckers

********************

To comply with IRS regulations, we advise you that any discussion of federal tax issues in this email was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

For more information please go to http://www.lw.com/docs/irs.pdf

*******************

This email may contain material that is confidential, privileged and/or attorney work product for the

sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

# Exhibit 3

## Grossman, Dov

| | |
|---|---|
| **From:** | KENNETH.SCHULER@lw.com |
| **Sent:** | Monday, July 02, 2007 11:19 AM |
| **To:** | Grossman, Dov |
| **Cc:** | Amanda.Hollis@lw.com; JBlumenfeld@MNAT.com |
| **Subject:** | Expert Reports |

Dov - I got your messages. Boehringer is willing to extend the date for Reply expert reports to July 9, 2007, as Barr has requested.

*******************

To comply with IRS regulations, we advise you that any discussion of federal tax issues in this email was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

For more information please go to http://www.lw.com/docs/irs.pdf

******************

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

# Exhibit 4

LAW OFFICES
# WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.

DOV P. GROSSMAN
(202) 434-5812
dgrossman@wc.com

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

August 29, 2007

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

**VIA FACSIMILE AND FIRST CLASS MAIL**
Amanda Hollis, Esq.
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL 60606

    Re:    **Boehringer Ingelheim International GmbH, et al. v. Barr Laboratories, Inc., et al., No. 05-0700 (\*\*\*) (D. Del.)**

Dear Amanda:

      I write in response to your letter dated August 27, 2007 regarding Boehringer's Motion to Strike. Because your letter contains several inaccurate statements, I would like to memorialize the following points from our conversations:

      When Boehringer first contacted Barr about its motion to strike, Boehringer's position was that it intended to file the motion unless Barr withdrew specific portions of the reply reports proffered by Barr. Boehringer maintained that position in subsequent correspondence and during the parties' pre-filing meet-and-confer. Boehringer never suggested that any alternative resolution of the parties' disagreement would be satisfactory to Boehringer and it never requested Barr's agreement to serve additional expert reports.

      In the motion, Boehringer proposed for the first time that it be permitted to file supplemental reports. While Barr believes and continues to believe that Boehringer's motion is frivolous, Barr contacted Boehringer as a result of its request for supplemental reports and stated that it would be willing to allow Boehringer to serve supplemental reports as long as it did not change the schedule for expert depositions. The parties have had difficultly scheduling a number of the expert depositions—including the deposition of Dr. Paul Bartlett, one of the experts you indicated would likely file a supplemental report—and have been forced to agree to extend the deadline for expert discovery as a result. I repeatedly emphasized during our conversations that Barr did not want to delay resolution of this case any further. I also noted that the majority of expert depositions had been scheduled either within or very close to the existing September 14, 2007 deadline for expert discovery, and that Barr wanted to avoid pushing back any depositions that had already been scheduled.

      After Barr's initial proposal on August 16, 2007 of three weeks for filing Boehringer's supplemental reports, and Boehringer's counterproposal on August 20 of thirty days from the date of the parties' agreement, I stated during our conversation on August 21 that

**WILLIAMS & CONNOLLY LLP**

Amanda Hollis, Esq.
August 29, 2007
Page 2

Barr was willing to give Boehringer more than three weeks to serve supplemental reports, but that it wanted to receive the reports before the depositions as currently scheduled. Given that Boehringer had indicated that it wanted supplemental reports from Dr. Bartlett and Mr. Walter Holzer, Barr proposed that Boehringer be allowed until noon on Friday, September 14—over four weeks after Barr first contacted Boehringer about serving supplemental reports—to submit an additional report from Dr. Bartlett, whose deposition is scheduled for Tuesday, September 18. Boehringer would have had at least thirty days to prepare a report from Mr. Holzer, as you indicated during our conversations that, due to internal scheduling conflicts at Latham & Watkins, Mr. Holzer's deposition could not proceed on September 12, 2007 as originally proposed, and that it would need to be re-scheduled for October 16, 2007.

During our conversations, you initially indicated that Boehringer would only need supplemental reports from Dr. Bartlett and Mr. Holzer. However, you subsequently stated that Boehringer might also need to file a report from a new expert. I asked you why Boehringer believed it might need an additional expert, as well as what would be the general subject matter of the expert's opinions. You subsequently advised us that Boehringer did not know what additional subjects it might need an expert for, as Boehringer had not contacted its experts to discuss the allegedly improper opinions contained in Barr's reply reports.

Finally, on August 27, 2007, we advised you that, as a result of the documents first provided to us on August 24, 2007, Barr intended to withdraw the report submitted by Dr. Günter Isenbruck. You reiterated that such withdrawal did not change Boehringer's position regarding the motion to strike or the time needed for supplemental reports.

Sincerely,

*Dov P. Grossman*

Dov P. Grossman

cc:   Jack Blumenfeld, Esq. (by fax)
      Josy Ingersoll, Esq. (by fax)
      Mary Materer, Esq. (by fax)
      Shannon Bloodworth, Esq. (by fax)

# Exhibit 5

# LATHAM&WATKINS LLP

Sears Tower, Suite 5800
233 S. Wacker Dr.
Chicago, Illinois 60606
Tel: +312.876.7700 Fax: +312.993.9767
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

August 27, 2007

**VIA E-MAIL AND U.S. MAIL**
Dov Grossman, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901

Re:   *Boehringer Ingelheim International GmbH et al. v. Barr Laboratories, Inc.*, No. 05-0700 (KAJ) (D. Del.)

Dear Dov:

I write to confirm the results of the parties' recent discussions concerning Boehringer's Motion to Strike Portions of Barr's Expert Reply Reports. On August 16, 2007, you contacted Ken Schuler and proposed a compromise to Boehringer's motion. According to this proposal, Barr would not object to Boehringer's service of expert reports that responded to the new issues raised in Barr's reply reports by September 6, 2007 if Boehringer would agree to withdraw its motion. We understand that the purpose of Barr's offer was to alleviate the prejudice to which Boehringer referred in its motion.

We subsequently informed you that three weeks was an insufficient amount of time to prepare a series of expert reports and that your offer therefore would not alleviate the prejudice created by Barr's supplemental reports. As a counterproposal, however, we said Boehringer would be willing to withdraw its motion if Barr would not object to the service of responsive expert reports within 30 days of Barr's agreement. We explained that, given that Barr had already scheduled one of its experts' depositions for mid-October, there would still be plenty of time to complete this round of reports and all necessary depositions without extending the schedule for expert discovery more than it had already been extended.

To date Barr has not agreed to Boehringer's counterproposal. During our last conversation on August 23, 2007 you asked whether Boehringer would submit reports on behalf of any experts who had not submitted a report in this case already. I explained that, because no expert reports are currently due from Boehringer, it has not had any need to confer with its experts or decide who would be able to prepare responsive reports. You ended the call by stating that Boehringer should assume Barr did not agree to its counterproposal if Barr files a response to Boehringer's Motion to Strike.

CH\967063.1

August 27, 2007
Page 2

LATHAM&WATKINS LLP

                                      Very truly yours,

                                      *Amanda Hollis*

                                      Amanda Hollis
                                      of LATHAM & WATKINS LLP

cc:    Jack Blumenfeld, Esq. (by e-mail)
        Mary Matterer, Esq. (by e-mail)
        Josy Ingersoll, Esq. (by e-mail)
        Shannon Bloodworth, Esq. (by e-mail)

CH\967063.1