IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 05-700 (JJF) |
| v. | ) ) | CONSOLIDATED |
| BARR LABORATORIES, INC., | ) ) | |
| Defendant. | ) ) | |
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., | ) ) ) ) | C.A. No. 05-854 (JJF) |
| Plaintiffs, | ) ) | |
| v. | ) ) | **REDACTED – PUBLIC VERSION** |
| MYLAN PHARMACEUTICALS INC., | ) ) | |
| Defendant. | ) | |

## [PROPOSED] JOINT PRE-TRIAL ORDER

Pursuant to the Court's Orders dated December 12, 2007 (D.I. 186) and December 21, 2007 (D.I. 187), and D. Del. LR 16.3(c), Plaintiffs Boehringer Ingelheim International GmbH and Boehringer Ingelheim Pharmaceuticals, Inc. (collectively "Boehringer") and Defendants Barr Laboratories, Inc. ("Barr") and Mylan Pharmaceuticals Inc. ("Mylan") (collectively "Defendants") submit this proposed Joint Pretrial Order in the above-captioned matters.

I.  **NATURE OF THE ACTION AND PLEADINGS**

C.A. No. 05-700 (JJF)

1. Boehringer brought C.A. No. 05-700 (JJF) on September 26, 2005 asserting infringement of two Boehringer patents, U.S. Patent Nos. 4,843,086 ("the '086 patent") and 4,886,812 ("the '812 patent"), based on Barr's filing of Abbreviated New Drug Application ("ANDA") No. 77-724. The '086 patent has expired and only the '812 patent remains in suit.

2. By letters dated August 10, 2005 and September 12, 2005, Barr sent notice to Boehringer of Barr's ANDA filing, and included a Paragraph IV certification. Within forty-five days of receiving Barr's August 10, 2005 letter, Boehringer filed suit against Barr asserting infringement of the '086 and '812 patents.

3. The original complaint named Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc. as defendants. On October 14, 2005, before Barr answered the Complaint, Boehringer filed an Amended Complaint (D.I. 7) dropping Barr Pharmaceuticals, Inc. and naming only Barr Laboratories, Inc. as a defendant.

4. In its Amended Complaint, Boehringer alleges that, under 35 U.S.C. § 271(e)(2), Barr's submission of ANDA No. 77-724 to the FDA, seeking approval to engage in the commercial manufacture, use and sale of pramipexole dihydrochloride, constituted an act of infringement of the '812 patent.

5. In its Answer and Counterclaims to the Amended Complaint (D.I. 8) filed on October 28, 2005, Barr denied that its generic pramipexole product would infringe any valid claim of the '812 patent and alleged as a defense that the claims of the '812 patent are invalid. Barr also asserted counterclaims seeking declarations of noninfringement and invalidity of the claims of the '812 patent.

6. Boehringer filed an Answer to Barr's counterclaims (D.I. 14) on November 17, 2005, denying that Barr's proposed generic pramipexole product would not infringe the '812 patent and denying that the '812 patent claims are invalid.

7. On November 9, 2006, Barr filed an Amended Answer and Counterclaims alleging inequitable conduct. (D.I. 107). By stipulation dated November 2, 2007, Barr withdrew those allegations with prejudice. (D.I. 177).

C.A. No. 05-854 (JJF)

8. Boehringer brought C.A. No. 05-854 (JJF) on December 12, 2005, asserting infringement of the '812 patent based on Mylan's filing of ANDA No. 77-854.

9. By letter dated October 26, 2005, Mylan sent notice to Boehringer of Mylan's ANDA filing, and included a Paragraph IV certification. Within forty-five days of receiving Mylan's notice letter, Boehringer filed suit against Mylan asserting infringement of the '812 patent.

10. In its Complaint (D.I. 1), Boehringer alleges that, under 35 U.S.C. § 271(e)(2)(A), Mylan's submission of ANDA No. 77-854 to the FDA, seeking approval to engage in the commercial manufacture, use and sale of pramipexole dihydrochloride, constituted an act of infringement of the '812 patent.

11. In its Answer, Separate Defenses And Counterclaims (D.I. 6), Mylan denied that its generic pramipexole product would infringe any valid claim of the '812 patent and alleged as a defense that the claims of the '812 patent are invalid. Mylan also asserted counterclaims seeking declarations of noninfringement and invalidity of the claims of the '812 patent.

12. Boehringer filed a reply to Mylan's counterclaims (D.I. 15) on January 24, 2006, denying that Mylan's proposed generic pramipexole product would not infringe the '812 patent and denying that the '812 patent claims are invalid.

13. Mylan moved to amend its Answer and Counterclaims to assert that the '812 patent is unenforceable for inequitable conduct (D.I. 122). By stipulation dated November 20, 2007, Mylan withdrew its motion. (D.I. 181).

Plaintiffs' Claims

14. Boehringer asserts that Defendants' ANDA submissions and proposed generic pramipexole dihydrochloride products will infringe claims 5, 7, 9, and 10 of the '812 patent.

Defendants' Counterclaims

15. Defendants assert that claims 3, 4, 5, 7, 9, and 10 of the '812 patent are invalid.

Other Orders of the Court

16. By order of January 31, 2006 (D.I. 33), the actions against Barr and Mylan were consolidated "without prejudice to any parties' right to move for a separate trial." (D.I. 33).

17. On July 6, 2006, the Court struck Boehringer's claims of willful infringement and stayed "all discovery associated with whether this is an 'exceptional case' within the meaning of 35 U.S.C. sec. 285." (D.I. 71).

18. On December 11, 2007, these actions were reassigned to the Honorable Joseph J. Farnan.

## II. BASES FOR FEDERAL JURISDICTION

1. This is a patent infringement action arising under 35 U.S.C. § 271(e)(2) and a declaratory judgment action pursuant to 28 U.S.C. §§ 2201 and 2202 and 21 U.S.C. § 355(j)(5)(C). This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in this Court under 28 U.S.C. §§ 1391(c) and 1400(b).

## III. STATEMENT OF FACTS THAT ARE ADMITTED AND REQUIRE NO PROOF

The facts which are admitted and require no proof at trial are attached as Exhibit 1.

## IV. STATEMENT OF ISSUES OF FACT REMAINING TO BE LITIGATED

1. Boehringer's statement of the issues of fact that remain to be litigated is attached as Exhibit 2.

2. Defendants' statement of the issues of fact that remain to be litigated is attached as Exhibit 3.

## V. STATEMENT OF ISSUES OF LAW REMAINING TO BE LITIGATED

1. Boehringer's statement of the issues of law that remain to be litigated, and citation of authorities relied upon, is attached as Exhibit 4.

2. Defendants' statement of the issues of law that remain to be litigated, and citation of authorities relied upon, is attached as Exhibit 5.

## VI. EXHIBITS

1. Boehringer's list of pre-marked exhibits that it may offer at trial, along with Defendants' objections, is attached as Exhibit 6.

2. Defendants' list of pre-marked exhibits that they may offer at trial, along with Boehringer's objections, is attached as Exhibit 7.

3. The parties' exhibit lists may include exhibits that may not necessarily be offered or introduced into evidence.

4. Each party may use an exhibit that is listed on the other side's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to evidentiary objections.

5. The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing side for the purpose that the opposing side wishes to admit the document. Each party reserves the right to object to the relevancy of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

6. A party may not introduce at trial any exhibit not appearing on its list or another party's list, unless the Court determines that the interests of justice so warrant.

7. Demonstrative exhibits need not be included in the parties' respective exhibit lists. The parties shall exchange final representations, on 8 ½ by 11 paper, of demonstratives (subject only to addressing evidentiary objections or rulings) in hard copy form by 7:00 pm two calendar days before their intended use. For purposes of clarity, the foregoing exchange requirement does not apply to any demonstrative-type exhibits that are simply blow-ups, highlighted versions of, or call outs of other exhibits or testimony, or that are created by hand in the courtroom during trial.

8. The parties shall identify the exhibits to be used on direct examination by 7:00 pm the night before using those exhibits.

9. The parties shall make available for inspection any physical exhibits to be used at trial, labeled with the exhibit number. Access to the opposing side's physical exhibits shall be at such time and place and under such circumstances as are reasonable and mutually agreed to.

## VII. WITNESSES

1. The witnesses that Boehringer intends to call at trial and may call if the need arises are identified in Exhibit 8.

2. The witnesses that Defendants intend to call at trial and may call if the need arises are identified in Exhibit 9.

3. The listing of a witness on a party's witness list does not require that party to call that witness to testify, either in person or by deposition.

4. The parties shall provide to the other a list identifying the specific witnesses that they intend to call at trial by 7:00 p.m. three calendar days before commencement of trial. Each party shall identify which witness will be called live and which will be offered by deposition. Each party shall be bound by its designation of such witnesses unless a modification is required to avoid manifest injustice to the party.

5. Each party shall provide the other party with notice at 7:00 p.m. the night before each trial day of the witnesses that the party presenting its case expects to call (live and, if the Court permits the parties to use their trial presentation time to read or play their deposition designations, by deposition) during the next two trial days and the order in which they will be called, with an update for the following day's witnesses, and such notice for the first trial day shall be given at 7:00 p.m. two days prior to the first trial day.

## VIII. DEPOSITION DESIGNATIONS

1. The list of witnesses Boehringer may call by way of deposition, along with designations of the deposition testimony that they may offer at trial and Defendants' objections and counter-designations thereto, is attached as Exhibit 10.

2. The list of witnesses Defendants may call by way of deposition, along with designations of the deposition testimony that they may offer at trial and Boehringer's objections thereto, is attached as Exhibit 11.

       3.      With respect to deposition designations and counter-designations, each side shall be charged only with the time needed to read or play its own designations or counter-designations, and will not be charged with the time necessary to read or play the other side's designations or counter-designations.

## IX. BRIEF STATEMENT OF INTENDED PROOFS

       1.      A brief statement of what Boehringer intends to prove in support of its claims, in addition to the facts not in dispute, is set forth in Exhibit 12.

       2.      A brief statement of what Defendants intend to prove in support of their claims, in addition to the facts not in dispute, is set forth in Exhibit 13.

## X. AMENDMENT TO PLEADINGS

None of the parties is seeking an amendment to the pleadings at this time.

## XI. CERTIFICATE OF ATTEMPTED RESOLUTION OF CONTROVERSY

The parties certify that they have discussed the resolution of this controversy by settlement and that no agreement has been reached.

## XII. MISCELLANEOUS ISSUES

       1.      A brief list of miscellaneous issues that Boehringer would like to raise at the pretrial conference is set forth in Exhibit 14.

       2.      A brief list of miscellaneous issues that Defendants would like to raise at the pretrial conference is set forth in Exhibit 15.

This Order shall control the subsequent course of this action, unless modified by the Court to prevent manifest injustice.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | YOUNG, CONAWAY, STARGATT & TAYLOR LLP |
|---|---|
| */s/ Maryellen Noreika* | */s/ Karen E. Keller* |
| Jack B. Blumenfeld (#1014)<br>Maryellen Noreika (#3208)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>*Attorneys for Plaintiffs* | Josy W. Ingersoll (#1088)<br>John W. Shaw (#3362)<br>Karen E. Keller (#4489)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>(302) 571-6600<br>jshaw@ycst.com<br>*Attorneys for Defendant Barr Laboratories, Inc.* |

MORRIS JAMES LLP

*/s/ Mary B. Matterer*

Mary B. Matterer (#2696)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
(302) 888-6960
*Attorneys for Defendant Mylan Pharmaceuticals Inc.*

SO ORDERED this __ day of _____, 2008

_____
United States District Judge

Original Filing Date: January 31, 2008

Redacted Filing Date: February 5, 2008