IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICAL, INC. | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 05-700 (JJF) |
| v. | ) ) | |
| BARR LABORATORIES, INC., | ) ) | |
| Defendant, | ) ) | |
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICAL, INC. | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 05-854 (JJF) |
| v. | ) ) | |
| MYLAN PHARMACEUTICALS, INC., | ) ) | **REDACTED - PUBLIC VERSION** |
| Defendant. | ) | |

**PLAINTIFFS' OPENING POST-TRIAL EVIDENTIARY BRIEF**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P. O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs
Boehringer Ingelheim International GmbH and
Boehringer Ingelheim Pharmaceuticals, Inc.*

OF COUNSEL:

Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY  10022-4834
(212) 906-1200

Kenneth G. Schuler
Amanda J. Hollis
Joel Neckers
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL  60606
(312) 876-7700

Original Filing Date:  April 18, 2008

Redacted Filing Date:  April 23, 2008
2299159

# **TABLE OF CONTENTS**

Table of Authorities ................................................................................................................... ii

I.  Factual Background .........................................................................................................1
    A.  The Defendants Abandon Virtually All of Their Defenses ....................................1
    B.  The Defendants' Inadequate Disclosures................................................................3

II. Barr and Mylan Should Be Precluded From Constesting Infringement And
    Advancing Non-Disclosed Arguments Regarding Double Patenting.................................5
    A.  Standard of Review.................................................................................................5
    B.  Barr and Mylan Failed to Timely Disclose the Subject Contentions......................5
    C.  Evidentiary Sanctions Are Appropriate ..................................................................7
        1.  The Belated Disclosures Were Not Harmless..............................................8
        2.  There Is No Justification For Defendants' Belated Disclosures..................9

III. Conclusion .......................................................................................................................11

# TABLE OF AUTHORITIES

**CASES**

*Astrazeneca AB v. Mutual Pharm. Co., Inc.*,
    278 F. Supp. 491 (E.D. Pa. 2003) ..................................................................................8

*In re Mercedes-Benz Antitrust Litig.*,
    225 F.R.D. 498 (D.N.J. 2005) ................................................................................. 8-10

*In re Motel 6 Sec. Litig.*,
    161 F. Supp. 2d 227 (S.D.N.Y. 2001) ............................................................................7

*Kinney v. Trustees of Princeton Univ.*,
    2007 WL 700874 (D.N.J. 2007) ............................................................................. 9-10

*Newman v. GHS Osteopathic, Inc. v. Parkview Hosp. Div.*,
    60 F.3d 153 (3d Cir. 1995) .............................................................................................8

*Pfizer Inc. v. Teva Pharm. USA, Inc.*,
    2006 WL 2938723 (D.N.J. 2006) ............................................................................. 5-6

*Salgado v. General Motors Corp.*,
    150 F.3d 735 (7th Cir. 1998) .........................................................................................7

*Stein v. Foamex Int'l, Inc.*,
    2001 WL 936566 (E.D. Pa. 2001) ............................................................................6, 10

*Transclean Corp. v. Bridgewood Services, Inc.*,
    777 F.Supp.2d 1045 (D. Minn. 1999) ..........................................................................7, 9

**STATUTES, RULES AND REGULATIONS**

21 U.S.C. § 355 (j)(2)(B) ........................................................................................... 1-2

35 U.S.C. § 101 ................................................................................................................4

35 U.S.C. § 102(g) ...........................................................................................................3

35 U.S.C. § 103 ................................................................................................................3

35 U.S.C. § 112 ................................................................................................................2

FEDERAL RULE OF CIVIL PROCEDURE 26 ..........................................................................5, 6, 7

FEDERAL RULE OF CIVIL PROCEDURE 37 ..................................................................................7, 10

**INTRODUCTION**

Plaintiffs Boehringer Ingelheim International GmbH and Boehringer Ingelheim Pharmaceuticals, Inc. (collectively "Boehringer") initiated this action for infringement of United States Patent No. 4,886,812 ("the '812 patent") against Defendant Barr Laboratories, Inc. ("Barr") on September 25, 2005, and subsequently initiated a lawsuit against Defendant Mylan Pharmaceuticals Inc. ("Mylan") on December 12, 2005. Fact discovery closed on January 23, 2007, and trial took place from March 11-13, 2008. The Court reserved ruling on evidentiary issues and asked that the parties address those issues in the context of post-trial briefing.

Given the Defendants' stipulation to having infringed claim 7, the only issues at trial were (1) infringement of claims 5, 9 and 10; and (2) and double patenting. Notably, the Defendants had previously conceded infringement with regard to the foregoing claims, and essentially ignored double patenting in the course of the lawsuit in favor of other defenses that were eventually withdrawn. In short, neither Defendant disclosed the contentions upon which they now seek to rely regarding those issues during the course of fact discovery – both were articulated for the first time in connection with the preparation of the pretrial order. The eve-of-trial disclosures plainly were both untimely and prejudicial to Boehringer. The Defendants therefore should be precluded from contesting infringement as to any asserted claim and from relying on arguments relating to double patenting that were not disclosed in Barr's Notice Letter.

**I.  FACTUAL BACKGROUND**

**A.  The Defendants Abandon Virtually All of Their Defenses**

On September 12, 2005, Barr sent Boehringer a Notice Letter pursuant to 21 U.S.C. § 355 (j)(2)(B) describing the "Detailed Factual and Legal Basis for Barr's Paragraph IV Patent Certification." *See* TX 406. In its Notice Letter, Barr outlined six potential bases for its

1

Paragraph IV certification of invalidity and/or noninfringement with respect to the '812 patent. *See id.* at 6-10. Barr described those grounds as follows:

> "A. The Barr Product And Its Use For Treating Parkinson's Disease Do Not Literally Infringe … Claims 6 And 7 Of The '812 Patent" (id. at 6);
>
> "B. The Barr Product And Its Use for Treating Parkinson's Disease Do Not Infringe … Claims 6 And 7 Of The '812 Patent Under The Doctrine Of Equivalents" (*id.*);
>
> "C. …Claims 1-2 of The '812 Patent ("Non-Priority Claims") Are Invalid Under 35 U.S.C. § 102(g)" (*id.* at 7);
>
> "D. … Claims 1-4 and 9 Of The '812 Patent Are Invalid For Failure to Meet The Requirement of 35 U.S.C. § 112, ¶ 1" (*id.* at 9);
>
> "E. Claims 1-10 Of The '812 Patent Are Invalid For Obviousness-Type Double Patenting" (*id.* at 10); and
>
> "F. … Claim 9 of the '812 Patent are Invalid Under 35 U.S.C. § 132 Because They Include New Matter Introduced After Filing of the Applications"

*Id.*

In the course of discovery, Boehringer asked Barr to articulate the facts and contentions supporting the defenses set forth in its Notice Letter, Answer, and Counterclaims. For instance, Barr's Notice Letter asserted that claims 1-4 and 9 of the '812 patent were invalid for failure to meet the enablement requirement of 35 U.S.C. § 112. *See* TX 406 at 9. In response to Boehringer's interrogatory asking Barr to describe the factual basis for that allegation, Barr merely incorporated its Notice Letter. *See* TX 407 at 11-12. Notably, when the time came for expert disclosures on issues for which Barr bears the burden of proof, Barr provided none directed to enablement. And Barr thereafter confirmed in the Pretrial Order that it was no longer asserting enablement as a defense. *See* D.I. 190, at §§ I-V.

Though it devoted the overwhelming majority of its discovery efforts to the issue, Barr withdrew its affirmative defense of inequitable conduct following the period for expert discovery. *See* D.I. 177. Barr likewise abandoned its "new matter" argument with respect to

2

claim 9.  *See* D.I. 190 at *passim*.  Most recently, Barr abandoned its argument that certain claims of the '812 patent allegedly were invalid under 35 U.S.C. § 102(g) over U.S. Application No. 06/747,748 ("the Lilly Application").  *See* Ex. A, Corresp. fr. J. Berniker to K. Schuler and J. Blumenfeld, March 3, 2008, at 1.

Mylan's Notice Letter made no assertion of double patenting or noninfringement, instead focusing on an assertion that the claims of the '812 patent purportedly were invalid under 35 U.S.C. § 103 over certain prior art references.  *See* TX 509 at 12-27.  During the course of discovery, however, Mylan abandoned that defense.  *See* TX 413 at 4 (limiting Mylan's invalidity defenses to those asserted by Barr); TX 536 at 2.

### B.     The Defendants' Inadequate Disclosures

In its Notice Letter, Barr limited its noninfringement arguments to claims 6 and 7 of the '812 patent.  *See* TX 406 at 6.  By means of contention interrogatory, Boehringer asked Barr to "describe with particularity all facts referring or relating to" Barr's assertion of noninfringement.  *See* TX 407 at 7.  In response, Barr "incorporate[ed] by reference Sections A and B" of its Notice Letter.  *See id.* at 8.  During discovery, Barr offered no further articulation of its theory of noninfringement and never disclosed to Boehringer that it intended to contest infringement with respect to any claims other than claims 6 and 7.

On the date for initial expert disclosures, Boehringer proffered the expert report of Dr. Klibanov, who opined that Barr and Mylan had infringed claims 5, 7, 9 and 10.  *See* Ex. B, Klibanov Exp. Rpt., at ¶¶ 45-72.  Neither Defendant offered any rebuttal to Dr. Klibanov's opinions.  Indeed, Barr thereafter abandoned its effort to contest infringement with respect to claim 7, and both Barr and Mylan stipulated to having infringed claim 7.  *See* D.I. 190, Ex 1, at 16.  For its part, Mylan had previously represented in an interrogatory response that it "does not contest infringement of [any of] the asserted claims."  TX 413 at 3.

To Boehringer's surprise, in their portions of the Pretrial Order, the Defendants notified Boehringer for the first time that they were contesting infringement with respect to claims 5, 9 and 10. *See* D.I. 190, Ex. 3, § I ¶ 1. When the issue of preclusion was raised at the pretrial conference, Barr's counsel argued that "the claim[s] at issue, 9 and 10, are not directed to the salt forms. And we have the salt form." D.I. 197 at 11. That assertion was the first time that either Defendants had articulated any basis for their belated decision to contest infringement with regard to the subject claims. *Compare* TX 409 at 2-3; TX 413 at 2-3.

The situation with respect to double patenting is much the same. Barr's Notice Letter was short and conclusory – the only alleged basis for the claim of double patenting was the suggestion that the compound claims of the '812 patent were "sub-genera" of the method of use claims of the '086 patent.[1] *See* TX 406 at 10. Seeking to determine whether Barr had any other grounds for the defense, Boehringer served a contention interrogatory asking Barr to "describe with particularity all facts referring or relating to the allegations … that the claims of the '812 patent are invalid … under the doctrine of double patenting." TX 407 at 9 (internal quotations omitted). Once again, Barr merely "incorporate[d] by reference Sections C, D, E and F of the … updated Notice Letter sent to Plaintiffs on September 12, 2005." *Id.* at 10-11.

On the eve of trial, in the context of the Pretrial Order, Barr abandoned its interrogatory response and has attempted to advance entirely new arguments for its double patenting defense. Thus, in the Pretrial Order, the Defendants set forth 28 paragraphs of facts and contentions that they seek to utilize in connection with the issue of double patenting. *See* D.I. 190, at Ex. 3, § II. When confronted with the belated nature of that disclosure, Barr did not

---

[1] Because compounds and methods of use fall into distinct classes under 35 U.S.C. § 101, the only basis for alleging invalidity due to obviousness-type double patenting disclosed in Barr's Notice Letter is incorrect.

4

contest the fact that *none* of those assertions had been disclosed in Barr's discovery responses. *See* Ex. C, Corresp. fr. A. Hollis to J. Berniker, Jan. 22, 2008 at *passim*; Ex. D, Corresp. fr. J. Berniker to A. Hollis, Jan. 28, 2008; 1-2; Ex. E, Corresp. fr. A. Hollis to J. Berniker, Feb. 6, 2008 at *passim*.

## II.    BARR AND MYLAN SHOULD BE PRECLUDED FROM CONTESTING INFRINGEMENT AND ADVANCING NON-DISCLOSED ARGUMENTS REGARDING DOUBLE PATENTING

### A.    Standard of Review

A litigant's duty to supplement discovery responses is governed by FEDERAL RULE OF CIVIL PROCEDURE 26(e)(1), which provides, in relevant part:

> A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production or request for admission – must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

FED. R. CIV. P. 26(e)(1). Courts examine four factors in determining whether a party has failed to adhere to Rule 26(e)(2): "(1) whether there was a prior response; (2) whether the response became materially incorrect or incomplete; (3) whether the party knew that the response was incomplete; and (4) whether the corrective information was otherwise made known to the other party." *Pfizer Inc. v. Teva Pharm. USA, Inc.*, 2006 WL 2938723, at *3 (D.N.J. 2006) (citing *Tritek Techs., Inc. v. United States*, 63 Fed. Cl. 740, 746-47 (Fed. Cl. 2005)).

### B.    Barr and Mylan Failed to Timely Disclose the Subject Contentions

There is little question that the Defendants did not timely disclose their assertion that they contest infringement with respect to claims 5, 9, and 10. In response to Boehringer's interrogatory seeking the basis for the Defendants' claims of noninfringement, Barr merely

5

incorporated its Notice Letter (which only contested infringement of claims 6 and 7), (*see* TX 407 & TX 409), while Mylan admitted that it did "not contest infringement" of any of the asserted claims.  *See* TX 413 at 2-4.  The first suggestion by either Defendant that they contested infringement with regard to claims 5, 9 and 10 came in the context of the Pretrial Order, bare weeks before trial and well after the discovery deadlines.  *See* disc. *supra* at 2-4.

The same is true of Barr's effort to re-cast its double patenting defense.  As noted, throughout the course of discovery, the only basis advanced by Barr for that defense was the notion that the compound claims of the '812 patent somehow are "sub-genera" of the method claims of the '086 patent.  Boehringer specifically asked Barr to "describe with particularity all facts referring or relating to" its double patenting defense, and Barr's sole response was to incorporate its Notice Letter.  *See* TX 407 at 7 & 9.  Echoing the situation with respect to infringement, Barr has attempted a complete about-face by way of disclosures made for the first time in its portions of the Pretrial Order.  *See* disc. *supra* at 2-5.

Having abandoned its remaining defenses and facing an imminent trial date, Barr may have belatedly realized that its only basis for asserting double patenting was legally flawed. Or perhaps Barr intentionally refrained from disclosing the factual bases for its defense until the eve of trial in an effort to gain tactical advantage.  The reason is largely irrelevant, as the salient point is that the Defendants' belated disclosures were made in violation of their obligations under Rule 26.  *See, e.g., Pfizer*, 2006 WL 2938723, at *3 (finding a breach based in part on the fact that "the relevance of the date of conception was clearly evident [earlier in the litigation], yet Pfizer did not supplement its response" but rather "waited for months, until discovery had ended and the trial date was rapidly approaching, to inform Teva that it was alleging a conception date of August 2, 1993"); *Stein v. Foamex Int'l, Inc.*, 2001 WL 936566, at *3 (E.D. Pa. 2001) (Rule

6

26 is breached when "the party: (1) revealed previously undisclosed evidence when trial was either imminent or in progress; or (2) acted in bad faith, which is more than a mere lack of diligence"); *Transclean Corp. v. Bridgewood Services, Inc.*, 777 F.Supp.2d 1045, 1063 (D. Minn. 1999) ("[defendant's] latest shift in arguments, after the close of discovery, has precluded the Plaintiffs from conducting discovery on those issues, clearly to the Plaintiffs' prejudice").

      C.      **Evidentiary Sanctions Are Appropriate**

FEDERAL RULE OF CIVIL PROCEDURE 37(c)(1) describes the consequences of a party's failure to fulfill its discovery obligations:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information** or witness to supply evidence on a motion, at a hearing, or **at trial, unless the failure was substantially justified or is harmless**.

FED. R. CIV. P. 37(c)(1) (emphasis supplied).

Indeed, per the plain language of Rule 37, the sanction of exclusion is automatic unless Barr and Mylan can show either substantial justification or harmlessness. *See American Stock Exchange, LLC v. Mopex, Inc.*, 2002 US DIST LEXIS 25085, at *15 (S.D.N.Y. 2002) ("absent a determination of either substantial justification or harmlessness, the pertinent provision [of Rule 37(c)(1)] is described as taking 'automatic' effect."); *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998) ("the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless."); *In re Motel 6 Sec. Litig.*, 161 F. Supp. 2d 227, 243 (S.D.N.Y. 2001) ("[the Rule 37 sanction] is self executing and is an automatic sanction that is designed to provide a strong inducement for disclosure of relevant material that the disclosing party expects to use as evidence.") (internal quotations omitted); *M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc.¸* 2007 WL 979854, at *12, n.12 (D.N.J. 2007) ("The burden of establishing substantial

7

justification and harmlessness is on the party that failed to make the required disclosure."). Boehringer respectfully submits that given the circumstances, the Defendants will be unable to meet their burden.

### 1.     The Belated Disclosures Were Not Harmless

In determining whether the failure to disclose is harmless, courts in look to four factors: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *See In re Mercedes-Benz Antitrust Litig.*, 225 F.R.D. 498, 506 (D.N.J. 2005); *Newman v. GHS Osteopathic, Inc. v. Parkview Hosp. Div.*, 60 F.3d 153, 156 (3d Cir. 1995). In addition to these factors, "the Third Circuit also considers the importance of the evidence to the proffering party's case." *Mercedes-Benz*, 60 F.R.D. at 506; *Astrazeneca AB v. Mutual Pharm. Co., Inc.*, 278 F. Supp. 491, 504 (E.D. Pa. 2003).

Indisputably, Boehringer has been prejudiced by the Defendants' belated disclosures. The noninfringement and double patenting disclosures did not occur until the preparation of the Pretrial Order. Because the Defendants failed to make those disclosures during discovery, Boehringer was unable to explore these topics with Barr and Mylan deponents and did not have an adequate opportunity to develop expert opinion testimony regarding those theories. Indeed, it appears that the Defendants intentionally misled Boehringer on the subject of infringement – indicating that neither of them contested infringement of claims 5, 9 and 10 throughout the course of the litigation only to attempt to repudiate those concessions on the eve of trial. *See* disc. *supra* at 2-4. At a minimum, the Defendants caused Boehringer to needlessly expend time and expense establishing infringement of those claims at trial when the Defendants had never disclosed any good faith basis for contesting infringement.

8

The decision in *Transclean Corp. v. Bridgewood Services, Inc.*, 777 F.Supp.2d 1045 (D. Minn. 1999), provides an apt comparison. The defendant in *Transclean* made a boilerplate assertion of noninfringement in its answer, and subsequently attempted to argue noninfringement by way of theories set forth in an expert report. Because those theories had not been disclosed during fact discovery in response to an interrogatory specifically directed to the subject, the district court precluded the party from relying on the belatedly-disclosed theories. *See id.* at 1063. The Federal Circuit affirmed the sanction of exclusion:

> Transclean legitimately sought to discover Bridgewood's grounds for its defense of noninfringement and was entitled to a reply to its interrogatory. When Bridgewood chose not to respond before the closing of discovery other than to voice its belief that the '080 patent was invalid and unenforceable . . . the court was within its discretion to impose a sanction. The court found clear prejudice to Transclean, as it was precluded from conducting discovery on the infringement issues. To hold that the district court abused its discretion would be to disarm the court of its important power to police its proceedings to ensure transparency and predictability and to discourage mischievous conduct by litigants.

*Id.* at 1373-74.

### 2. There Is No Justification For Defendants' Belated Disclosures

In order to establish justification, the Defendants' excuse for their eve-of-trial disclosures "must have a reasonable basis in law and fact." *Kinney v. Trustees of Princeton Univ.*, 2007 WL 700874, at *5 (D.N.J. 2007) (quoting *Fitz, Inc. v. Ralph Wilson Plastics, Co.*, 174 F.R.D. 587, 591 (D.N.J. 1997) (citing *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Circumstances indicative of a willful failure to disclose in a timely fashion forecloses a determination that a party acted with substantial justification. *See Mercedes-Benz*, 225 F.R.D. at 507.

As an initial matter, when confronted about the issue, neither Defendant articulated any justification for its belated disclosures. *See* Ex. C, Corresp. fr. A. Hollis to J.

9

Berniker, Jan. 22, 2008 at *passim*; Ex. D, Corresp. fr. J. Berniker to A. Hollis, Jan. 28, 2008, 1-2; Ex. E, Corresp. fr. A. Hollis to J. Berniker, Feb. 6, 2008 at *passim*.

In any event, the Defendants' decision to refrain from disclosing their position regarding the infringement of claims 5, 9 and 10 and the supposed grounds for the claim of double patenting until barely a month before trial was not substantially justified. *See Kinney*, 2007 WL 70874, at *5 (finding no substantial justification where the party "had a duty to produce [certain] documents at issue and failed to do so until the eve of the final pretrial conference."). Indeed, in the face of ample opportunity to have made those disclosures in a timely fashion, the Defendants' conduct "demonstrates willfulness at minimum." *Mercedes-Benz*, 60 F.R.D. at 507 (concluding that failure to disclose was willful given that "[plaintiff] has had several opportunities to disclose the identity of [the witness] and the subject matter of his knowledge"). There was no change in circumstances relating to the nature of the Barr and Mylan proposed generic copies of MIRAPEX®, or the scope of claims 5, 9 and 10, that could possibly justify an about-face on the issue of infringement between the discovery period and the drafting of the Pretrial Order. Likewise, there was no change in circumstances regarding the scope of the respective claims of the '086 and '812 patents during that time. In short, the facts and contentions that the Defendants first articulated in connection with the Pretrial Order were equally available to the Defendants during the period for fact discovery. *See American Stock Exchange*, 2002 US DIST LEXIS 25085, at *16-17. In these circumstances, the Defendants' repeated failure to supplement their discovery responses to disclose the very theories they pursued at trial "exceeds a mere lack of diligence," meriting exclusion pursuant to Rule 37. *See Stein*, 2001 WL 936566, at *6.

### III. CONCLUSION

For the foregoing reasons the Court should preclude the Defendants from (1) contesting infringement with respect to claims 5, 9 and 10 of the '812 patent; and (2) relying upon any argument other than the "sub-genera" argument disclosed in Barr's Notice Letter for purposes of double patenting.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P. O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*
*Boehringer Ingelheim International GmbH and*
*Boehringer Ingelheim Pharmaceuticals, Inc.*

OF COUNSEL:

Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY  10022-4834
(212) 906-1200

Kenneth G. Schuler
Amanda J. Hollis
Joel Neckers
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL  60606
(312) 876-7700

April 18, 2008
2299159

## CERTIFICATE OF SERVICE

I, Jack Blumenfeld, hereby certify that on April 23, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

>Mary B. Matterer
>MORRIS JAMES LLP
>
>Adam Wyatt Poff
>YOUNG, CONAWAY, STARGATT & TAYLOR LLP

I further certify that copies of the foregoing document were also served upon the following in the manner indicated:

### BY ELECTRONIC MAIL AND HAND DELIVERY

Mary B. Matterer, Esquire
MORRIS JAMES LLP
500 Delaware Avenue
Wilmington, DE 19801

Adam Wyatt Poff, Esquire
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

### BY ELECTRONIC MAIL

Glenn J. Pfadenhauer, Esquire
Jessamyn S. Berniker, Esquire
Dov P. Grossman, Esquire
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005-5901

Shannon M. Bloodworth, Esquire
HELLER EHRMAN LLP
1717 Rhode Island Ave., NW
Washington, DC 20036

Kevin J. Culligan, Esquire
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, NY 100306-6524

*/s/ Jack B. Blumenfeld*
───────────────────────────
Jack B. Blumenfeld (#1014)