# EXHIBIT A

LAW OFFICES
# WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.
WASHINGTON, D.C. 20005-5901

## TELECOPY

| | |
|---|---|
| TO: | Kenneth G. Schuler, Esq. |
| FIRM OR COMPANY: | Latham & Watkins LLP |
| TELECOPY NUMBER: | (312) 993-9767 |

| | |
|---|---|
| FROM: | Jessamyn S. Berniker, Esq. |
| TELEPHONE: | (202) 434-5474 |
| DATE: | March 3, 2008 |
| MATTER NUMBER: | 12426.0024 |

NUMBER OF PAGES INCLUDING THIS PAGE: 3

IF THERE ARE ANY PROBLEMS RECEIVING THIS TRANSMISSION, PLEASE CALL (202) 434-5386 <u>IMMEDIATELY</u>. THANK YOU.

*This message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service.*

Telecopy Number (202) 434-5029

LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

JESSAMYN S. BERNIKER
(202) 434-5474
jberniker@wc.com

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

March 3, 2008

*By Fax and First Class Mail*
Kenneth Schuler, Esq.
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL 60606

Jack Blumenfeld, Esq.
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19899

Re:   **Boehringer Ingelheim International GmbH, et al. v. Barr Laboratories, Inc., et al., No. 05-0700 (JJF) (D. Del.)**

Dear Ken and Jack:

I write to advise you that defendants have decided not to assert 35 U.S.C. § 102(g) as a defense at trial. As a result, we have decided to eliminate deposition designations for some witnesses. Specifically, we will not be offering any deposition testimony from the following witnesses:

   Richard Hahn
   Heinz-Gerd Klaes
   Bennett Laguzza
   Rodger Milnes
   Edward Barry Smalstig
   William Turner
   Timothy Witkowski

As to the remaining witnesses whose deposition testimony has been designated by Defendants, we anticipate that we may offer less than all of the designations that we previously identified. We will provide you with our revised designations, including those counter-designations from plaintiffs that we intend to play and/or submit concurrently with our designations, by tomorrow morning.

Sincerely,

Jessamyn S. Berniker

Kenneth Schuler, Esq.
Jack Blumenfeld, Esq.
March 3, 2008
Page 2

cc:   Mary Matterer, Esq. (by fax)
      Shannon Bloodworth, Esq. (by fax)
      Josy Ingersoll, Esq. (by fax)

# EXHIBIT B

# REDACTED

# EXHIBIT C

Amanda Hollis
Direct Dial: (312) 876-6569
Amanda.Hollis@lw.com

Sears Tower, Suite 5800
233 S. Wacker Dr.
Chicago, Illinois 60606
Tel: +312.876.7700 Fax: +312.993.9767
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

January 22, 2008

**VIA E-MAIL AND U.S. MAIL**
Ms. Jessamyn Berniker, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901

Re: Boehringer Ingelheim International GmbH et al. v. Barr Laboratories, Inc., et. al., No. 05-700 (KAJ (D. Del.))

Dear Jessamyn:

We were surprised to see Barr's portions of the pretrial order relating to double patenting. Those submissions contain facts and contentions – including nearly eleven (11) pages of "facts" in proposed Exhibit 3 – which purportedly support its double patenting defense. In its First Set of Interrogatories, Boehringer asked Barr to "[d]escribe with particularity all facts referring or relating to the allegations in paragraph 30 of your Answer that '[t]he claims of the '812 patent are invalid ... under the doctrine of double patenting.'" *Boehringer's First Set of Interrogs. to Barr No. 4.* Consistent with the provisions of Rule 33, Boehringer defined the term "facts" to include the application of law to fact. The sum of Barr's response was to incorporate portions of its September 12, 2005 Notice Letter. See *Barr's Supp. Resp. to Boehringer's First Set of Interrogs. No. 4.*

Barr's Notice Letter contains only the following assertion of fact with regard to its claim of double patenting:

> [T]he compounds of the '086 Patent method claims are sub-genera of the compounds of the '812 patent claims.

*TX406 at 10.* We do not see any reference to that assertion of fact in Barr's draft pretrial papers. Instead, the portions of the draft pretrial order served by Barr contain a number of assertions and contentions that were not disclosed by Barr during the course of fact discovery. To the extent that you disagree, please identify any additional Barr discovery responses that identify those assertions of fact and contentions.

CH\1001331.1

January 22, 2008
Page 2

**LATHAM&WATKINS**LLP

                        Truly yours,

                        Amanda Hollis
                        of LATHAM & WATKINS LLP

cc:    Jack Blumenfeld
        Mary Matterer
        Josy Ingersoll

CH\1001331.1

# EXHIBIT D

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

JESSAMYN S. BERNIKER
(202) 434-5474
jberniker@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

January 28, 2008

*By Fax and First Class Mail*
Amanda Hollis, Esq.
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL 60606

Re: <u>Boehringer Ingelheim International GmbH, et al. v. Barr Laboratories, Inc., et al.</u>, No. 05-0700 (JJF) (D. Del.)

Dear Amanda:

I write in response to your recent letter concerning Barr's Pre-Trial Order sections, which is dated January 22, 2008 but was not sent until January 24, 2008.

We disagree with your characterization of our response to Interrogatory No. 4, and further disagree with your suggestion that Boehringer was not on notice of the issues Barr raised in its proposed Exhibit 3 of the Pre-Trial Order concerning its double-patenting defense.

To begin with, you have mischaracterized our response to Boehringer's Interrogatory No. 4. As you know, in Barr's response to that interrogatory, Barr objected on the grounds that the interrogatory calls for expert opinions, and further stated that it "expressly reserves the right to address matters responsive to this interrogatory in its expert reports." On March 28, 2007, ten months ago, we served Barr's opening expert reports, including the reports of Dr. Eric Anslyn and Dale Hoscheit. Then, in July 2007, we served Dr. Anslyn's reply report, as well as the reports of Dr. Richard Mailman and Roy Weinstein. Despite the fact that those reports include many of the facts now contained in Exhibit 3, you now strangely assert that these facts were "surprising" to you. Indeed, it is all the more astonishing that you overlook this point in your letter, given that Dov Grossman discussed this last month with Ken Schuler during a phone conversation.

Moreover, you have wholly ignored Barr's response to Boehringer's Interrogatory No. 29, which inquired as to Barr's position concerning Boehringer's Section 121 contentions. That response, in addition to "reserv[ing] the right to address matters responsive to this interrogatory in [Barr's] expert reports," also provided further details regarding Barr's response to Boehringer's alleged defense to double-patenting. These facts are also among those reflected

WILLIAMS & CONNOLLY LLP
Amanda Hollis, Esq.
January 28, 2008
Page 2

in Barr's Exhibit 3. Further, in that same interrogatory response, Barr referred you to the file histories of the '374, '086 and '812 patents, and a description of the contents of those file histories (which have been in Boehringer's possession since the late 1980's) forms many of the facts currently in Barr's Exhibit 3 section on double-patenting. These facts were also described in the expert report of Mr. Hoscheit served, as mentioned, ten months ago.

Barr also addressed the inapplicability of Section 121 to the instant case in Section E of its Notice Letter, though you failed to reference that discussion in your letter. Indeed, your letter substantially misquotes Barr's Notice Letter by omitting several other sentences which now form part of Barr's Exhibit 3, including statements that the claims of the '086 and '812 patents are not patentably distinct, that no restriction requirement was issued in the prosecution of the application that matured into the '086 patent, and that composition claims 6 and 7 were allowed during the prosecution of the '086 patent, cancelled, and then reintroduced into the application that matured into the '812 patent.

Further, in regard to your assertion that there is no reference to the fact from Barr's Notice Letter that "[t]he compounds of the '086 patent method claims are a subgenera of the compounds of the '812 patent claims" in Barr's proposed fact section, you are mistaken. For example, Paragraphs 5 and 6 in the double patenting section of Barr's statement of facts plainly relate to this assertion.

While the foregoing examples are not intended to be exhaustive, we believe they unambiguously show that Boehringer is, and has been, fully on notice of the double patenting-related issues mentioned in Barr's proposed Exhibit 3.

Finally, your allegations ring hollow in light of the fact that Boehringer has raised issues in the Pre-Trial Order that were never disclosed in its response to Barr's Interrogatory No. 15, which inquired whether Boehringer contended that various claims of the '812 patent were not invalid for double patenting under *Eli Lilly & Co. v. Barr Laboratories, Inc.*, 251 F.3d 955 (Fed. Cir. 2001). For example, Boehringer's response to that interrogatory did not mention alleged secondary indicia of non-obviousness, but Boehringer clearly relies on such alleged secondary indicia in its section of the Pre-Trial Order. Similarly, Boehringer has never provided any notice whatsoever, whether by interrogatory response, expert reports, or otherwise, of its new contention in the Pre-Trial Order that Barr's double patenting defenses allegedly fail because compounds covered by claims 7, 9, and 10 of the '812 patent allegedly have uses that are "materially different" from those claimed in the '086 patent.

Sincerely,

Jessamyn S. Berniker

WILLIAMS & CONNOLLY LLP
Amanda Hollis, Esq.
January 28, 2008
Page 3

cc:    Jack Blumenfeld, Esq. (by fax)
       Kenneth Schuler, Esq. (by fax)
       Mary Matterer, Esq. (by fax)
       Shannon Bloodworth, Esq. (by fax)
       Josy Ingersoll, Esq. (by fax)

# EXHIBIT E

Amanda Hollis
Direct Dial: (312) 876-6569
Amanda.Hollis@lw.com

# LATHAM&WATKINS LLP

Sears Tower, Suite 5800
233 S. Wacker Dr.
Chicago, Illinois 60606
Tel: +312.876.7700 Fax: +312.993.9767
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

February 6, 2008

**VIA E-MAIL AND U.S. MAIL**
Jessamyn Berniker, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901

Re:   Boehringer Ingelheim International GmbH et al. v. Barr Laboratories, Inc., et. al., No. 05-700 (JJF (D. Del.))

Dear Jessamyn:

My January 24, 2008 letter asked you to identify the discovery responses in which Barr disclosed the numerous assertions and contentions relating to its double patenting defense now included in Exhibit 3 to the Proposed Pre-Trial Order. In response, you pointed us to Barr's Response to Boehringer's Interrogatory No. 29, which sought Barr's contentions regarding the applicability of 35 U.S.C. § 121. *Jan. 28, 2008 Corresp. f. J. Berniker to A. Hollis*, at 1. You also referred us to the opening and "reply" expert reports of Eric Anslyn, Dale Hoscheit, Richard Mailman and Roy Weinstein. *Id.* Your letter states that "those reports include many of the facts now contained in Exhibit 3." *Id.*

Your letter merely confirms our belief that Barr never disclosed the numerous facts and contentions relating to its double patenting defense upon which it seeks to rely at trial in response to Boehringer's discovery requests seeking the same. *See Barr Resp. to Interrog. No. 4.* Interrogatory No. 4 sought the facts relating to Barr's alleged basis for asserting a defense of obviousness-type double patenting, not the applicability of 35 U.S.C. § 121 (which was the subject of a separate interrogatory, No. 29). The latter only comes into play if Barr proffers evidence sufficient to set forth a prima facie case of double patenting. Barr failed to do so during fact discovery. Barr's lone response was to incorporate its Notice Letter as a response to Interrogatory No. 4. Only a single paragraph of that letter is directed to Barr's alleged basis for asserting double patenting, and contains only a single asserted "fact" – the suggestion that the '086 patent claims allegedly "are sub-genera of the compounds of the '812 patent claims." *Notice Letter at 5.* Notably, Exhibit No. 3 to the Proposed Pre-Trial Order includes a variety of assertions that purportedly relate to Barr's underlying double-patenting defense (as opposed to the applicability of 35 U.S.C. § 121) never disclosed by Barr during discovery. For example, the

Jessamyn Berniker, Esq.
February 6, 2008
Page 2

**LATHAM&WATKINS**LLP

following paragraphs are included under the heading "Double Patenting" in Exhibit 3 of the Proposed Pre-Trial Order:

> 4.     Whether, in order to practice the method of treatments in the claims of the '086 patent, one would be required to have the specified compound or compounds.

***

> 7.     Whether the following facts support Defendants' double patenting defense:
>
> a. The '374 patent contains compound and method of treatment claims, as well as one pharmaceutical composition claim, the '086 patent contains method of treatment claims, and the '812 patent contains compound claims as well as one pharmaceutical composition claim.
>
> b. The '086 patent contains claims to methods of using compounds for lowering blood pressure, lowering the heart rate, treatment of Parkinsonism or Parkinson's disease, and treatment of schizophrenia. The '086 patent method claims recite treatment of these disorders by administering a therapeutically effective amount of a compound identified in the respective claims.
>
> c. Because the '086 patent is directed to methods of treatment using tetrahydrobenzthiazoles that are then claimed in the later-issued '812 patent, the '812 patent claims are not the product of innovation but, at best, of ordinary skill and common sense.
>
> d. Boehringer contends that the use of Barr's proposed ANDA product—pramipexole dihydrochloride tablets—to treat the signs and symptoms of idiopathic Parkinson's disease infringes claims 3, 4, 5, 7, 9, and 10 of the '812 patent.
>
> e. One cannot practice each of multiple claims of the '086 patent without also infringing the '812 patent.
>
> f. One cannot use pramipexole for any of the uses disclosed in the '812 patent without also infringing the '086 patent.
>
> g. Practicing the methods of at least claims 8, 9, 18, 19, 28, 29, 38, and 39 of the '086 patent, naturally and necessarily results in the formation of the claimed compounds in both protonated (acidic) and unprotonated (free base) form.

***

CH\1004399.1

Jessamyn Berniker, Esq.
February 6, 2008
Page 3

LATHAM&WATKINS LLP

17. Even if Boehringer's evidence of non-obviousness were relevant to Defendants' double patenting defense, whether Boehringer's proffered evidence of non-obviousness is limited to pramipexole, the S-enantiomer of 2-amino-6-n-propylamino-4,5,6,7-tetrahydrobenzthiazole, and therefore is not commensurate with the scope of claims 3, 4, 5, 7, 9, or 10 of the '812 patent.

18. Whether each of claims 3, 4, 5, 7, 9, and 10 encompass more compounds than just S-enantiomer of 2-amino-6-n-propylamino-4,5,6,7-tetrahydrobenzthiazole, and as many as thousands more.

*Exhibit 3 to Proposed Pre-Trial Order; see also, id.* ¶¶ 17-28. None of those purported facts were disclosed by Barr in response to Interrogatory No. 4, and your letter points to no other discovery response in which they were disclosed. Needless to say, the inclusion in Barr's Notice Letter of the bald legal conclusion that the '812 patent claims allegedly "are invalid over the claims of the '086 patent under the doctrine of obviousness-type double patenting" is not an adequate disclosure of the supposed factual bases for such a defense.

Your letter also suggests that Barr allegedly disclosed information responsive to Interrogatory No. 4 "in its expert reports." *Corresp. fr. J. Berniker to A. Hollis, Jan. 28, 2008 at 1*. Initially, even were that the case (which Boehringer disputes), Barr's expert reports were served well after the close of fact discovery and its "reply" reports afforded Boehringer no opportunity to respond. Under such circumstances, Barr should be precluded at trial from relying upon any information not disclosed in its interrogatory responses. *See, e.g.,* FED. R. CIV. PROC. 37(c)(1); *Innogenetics N.V. v. Abbott Laboratories,* --- F.3d ----, 2008 WL 151080 (Fed. Cir. 2008).

Moreover, your assertion does not withstand scrutiny. Barr bears the burden of proof on the issue, so any opinions that would allegedly support its defense had to be disclosed in the initial round of expert reports. Mr. Hoscheit's report is inadmissible and, in any event, only relates to § 121 (which is not the subject of Interrogatory No. 4). Dr. Anslyn's report contains only a single paragraph related to the Asserted Claims (No. 37), which does not disclose the foregoing assertions. Thus, even assuming that Barr's initial expert reports could be considered for purposes of Rule 37, the facts and contentions quoted above were not so disclosed. In short, Boehringer did not know until it received Barr's exhibits to the Proposed Pre-Trial Order that Barr intended to rely on such information in support of its double-patenting defense at trial. Rule 37 prohibits such belated disclosures.

Finally, your characterizations of Boehringer's own interrogatory responses as "deficient" are neither correct nor curative of Barr's failure to timely disclose the bases for its alleged double patenting defense. For instance, you assert that Boehringer did not disclose that it may rely on evidence of secondary indicia of non-obviousness at trial in response to Barr's Interrogatory No. 15. In fact, Boehringer disclosed such contentions in response to Barr's Interrogatory Nos. 21 and 22. Interrogatory No. 15 did not ask about secondary indicia

You also assert that "Boehringer has never provided any notice whatsoever…of its new contention in the Pre-Trial Order that Barr's double patenting defenses allegedly fail

Jessamyn Berniker, Esq.
February 6, 2008
Page 4

**LATHAM&WATKINS**LLP

because compounds covered by claims 7, 9, and 10 of the '812 patent allegedly have uses that are 'materially different' from those claimed in the '086 patent." *Jan. 28, 2008 Corresp. f. J. Berniker to A. Hollis*, at 2. That is incorrect. In response to Barr's Interrogatory No. 15, Boehringer recited that "patentable differences exist" between the claims of the '086 and '812 patents and referred Barr to the patentable differences recognized by the PTO during prosecution. *See* Boehringer's Resp. to Interrog. No. 15. Boehringer's reference in the Pre-Trial Order to "materially different uses" comes directly from the differences recognized by the PTO to which Boehringer's interrogatory response referred, including in the initial restriction requirement itself:

> Inventions I-V (each individually) and VIII-X (each individually) are related as product and process of use.
>
> The inventions are distinct if either (1) the process for using the product as claimed can be practiced with another and materially different product, or (2) the product as claimed can be used in a *materially different process of using* the product. MPEP 806.05(h).
>
> In this case, the compounds could be used in each of the *materially different processes* as set forth in VIII-X.

*'374 pros., Sep. 11, 1986 Office Action*, at 3 (emphasis supplied).

We intend to raise Barr's discovery failures with the Court at the February 7, 2008 Pre-Trial Conference. Please do not hesitate to contact me if you have any questions.

Truly yours,

*Amanda Hollis*

Amanda Hollis
of LATHAM & WATKINS LLP

cc: Jack Blumenfeld
    Mary Matterer
    Josy Ingersoll

CH\1004399.1