# EXHIBIT A

Case 1:05-cv-00700-JJF   Document 246-2   Filed 06/06/2008   Page 1 of 17

EXHIBIT A

1

```
 1           IN THE UNITED STATES DISTRICT COURT
 2           IN AND FOR THE DISTRICT OF DELAWARE
 3                         - - -
 4   BOEHRINGER INGELHEIM INTERNATIONAL  :   CIVIL ACTION
     GMBH AND BOEHRINGER INGELHEIM       :
 5   PHARMACEUTICALS, INC.,              :
                                         :
 6         Vs                            :
                                         :
 7                      Plaintiffs       :
                                         :
 8   BARR LABORATORIES, INC.,            :   NO. 05-700-JJF
                                         :
 9        -and-                          :
                                         :
10                                       :
     MYLAN PHARMACEUTICALS, INC.,        :   NO. 05-854-JJF
11                                       :
                      Defendants         :
12                                       :
13                         - - -
14                                  Wilmington, Delaware
                                    May 29 2008
15                                  11:05 o'clock, a.m.
                                    Teleconference
16                         - - -
17
     BEFORE:  HONORABLE JOSEPH J. FARNAN, JR., U.S.D.C.J.
18                         - - -
19
     APPEARANCES:
20
            MORRIS, NICHOLS, ARSHT & TUNNELL
21          BY:  JACK B. BLUMENFELD, ESQ
22                     -and-
23          LATHAM & WAKINS LLP
            BY:  STEVEN C. CHERNY, ESQ
24          BY:  KENNETH G. SCHULER, ESQ
25          Counsel for Plaintiff
```

```
 1        YOUNG, CONAWAY, STARGATT & TAYLOR
          BY:  JOHN W. SHAW, ESQ
 2
              -and
 3
          WILLIAMS & CONNOLLY LLP
 4        BY:  GLENN J. PFADENHAUER, ESQ
               JESSAMYN S. BERNIKER, ESQ and
 5             DOV P. GROSSMAN, ESQ

 6        Counsel for Defendant Barr Laboratories

 7             -and-

 8        MORRIS JAMES LLP
          BY:  RICHARD K. HERRMANN, ESQ
 9
              -and-
10
          KELLER EHRMAN LLP
11        BY:   KEVIN CULLIGAN, ESQ  and
                SHANNON BLOODWORTH, ESQ
12
          Counsel for Defendant Mylan Pharmaceuticals, Inc.
13
                              Leonard A. Dibbs
14                            Official Court Reporter

15

16             THE COURT:  Good morning, Judge Farnan.

17             (Everybody responded Good morning.)

18             MR. BLUMENFELD:  Jack Blumenfeld of Morris

19  Nichols along with Steve Cherny and Ken Schuler.

20             MR. HERRMANN:  Richard Herrmann for the Defendant

21  Mylan.

22             I have Kevin Culligan and Shannon Bloodworth from

23  the Keller Ehrman firm.

24             MR. SHAW:  Good afternoon, your Honor, John Shaw

25  of Young Conaway for Barr Laboratories.
```

3

1    With me is Glenn Pfadenhauer, Jessamyn Berniker
2  and Dov P. Grossman of the Williams Connolly firm.
3            THE COURT: Mr. Blumenfeld, you requested the
4  teleconference.
5            MR. BLUMENFELD: I think Mr. Cherny is going to
6  take the lead for the plaintiff.
7            MR. CHERNY: This is Steve Cherny.
8            I don't think we have a very complicated issue
9  here.
10           As you know, a while back we discussed having a
11 potential Preliminary Injunction hearing. The Court and the
12 parties reached a consensus and stipulation that we would
13 have a trial in March, there would be certain prerequisites
14 before Barr launched, thus causing Boehringer to have to seek
15 a Preliminary Injunction post-trial.
16           And the stipulation that I'm reading from says
17 that Barr should not market or sell its products unless and
18 until one or more of the following occurs:
19           Barr is given at least 50 days written notice to
20 counsel for Plaintiff of its intent to do so.
21
22
23                        REDACTED
24
25

1
2
3
                    REDACTED
4
5
6
7
8        The other issue that we've raised is that from
9 discovery we had seen that their supplier, a company called
10 Amino, that they weren't going to ship the active ingredient
11 until after the patent expired.
12
                    REDACTED
13                                        They
14 have no idea where we've gotten this from. We don't know
15 whether we have to seek some redress against another party if
16 Amino is now shipping the active ingredient into the country
17 for the purposes of being sold prior to the patent expiring.
18        Those are the two questions.
19
20
21                    REDACTED
22
23
24        MR. PFADENHAUER:  Glenn Pfadenhauer on behalf of
25 Barr Labs.

1       As we pointed out in our letters to the plaintiff
2  and in Mr. Shaw's letter to the Court, we believe that we
3  have satisfied our obligations under the stipulation.
4       The purpose of the stipulation was to avoid the
5  need for a Preliminary Injunction prior to the trial.  We
6  agreed that Barr would not launch a product until it gave the
7  plaintiffs at least 50 days notice of its intent to proceed
8  with a lunch of the product.
9
                          REDACTED
10
11
12       Barr does not, we believe, have an obligation to
13  tell the plaintiff the particular day on which they are going
14  to launch, because that's very commercially sensitive
15  information that plaintiffs would love to have so they can
16  announce their ordinary generic before our product is on the
17  market.
18       We don't think we have a obligation to do so.  If
19  they believe they need to file a Preliminary Injunction to
20  protect their rights, obviously, they are free to do that.
21       We told them that we won't oppose it on ripeness
22  grounds.                 REDACTED
23
24       And the problem the client has is that they
25  have been off the market as a result of this patent for a

significant period of time already.

We understand your Honor is very busy. You have a lot of things to deal with, and it could be something that at sometime before the Court is in a position to rule.

REDACTED

That is where we find ourselves, your Honor.

MR. CHERNY: May I respond briefly?

THE COURT: Sure.

MR. CHERNY: I'm surprised at Mr. Pfadenhauer's discussion of the Court's schedule given that the Court specifically said it was going to move expeditiously on the last day of trial. We set an aggressive schedule for briefing which both parties agreed to. We've got the post-trial briefs. The Court has got a window of time to address it.

As far as the stipulation, I understand Mr. Pfadenhauer's argument about sensitive information. His reading of the stipulation is interesting with whatever policy argument he wants to make. It says 50 days prior written notice to counsel for plaintiff of its intent to do so.

REDACTED

7

1       REDACTED

2       And the whole point of this was to avoid an
3  unnecessary Preliminary Injunction practice before the
4  Court.
5       I don't know how Mr. Pfadenhauer can credibly
6  argue that a provision that says that Barr has to give 50
7  days prior written notice to counsel for plaintiff of its
8  intent to market its product.
9
10      REDACTED
11
12
13      We need to know that.  I'm not sure.  We
14  have now asked them a of couple times.  We're not going to
15  answer that question.
16           THE COURT:  Does it cost a lot of money to
17  launch?
18           MR. PFADENHAUER:  It certainly costs a
19  significant amount of money to manufacture the product in
20  order to distribute the product, yes.
21
22
23      REDACTED
24
25

8

REDACTED

I understand that you haven't said that. I guess -- I think the briefing was completed and there was an extension or something. I think I saw it like May 16th or something. It might have been filed a day or so before that. It sounds like it could be an and irreconcilable situation as you wait for decision from the trial.

What I would suggest will break your deadlock, and that is technically, since we have had briefing on a full trial, and given the reluctance of Barr to further inform the parties or the Court, I will permit plaintiff, Boehringer, to file a one page motion for Preliminary Injunction.

I, being, Judge Farnan, will permit limited discovery on that motion.

MR. PFADENHAUER: I'm sorry, your Honor, I didn't hear that last part.

THE COURT: I, Judge Farnan, I mean me. I would permit limited discovery on the one page motion, maybe like one deposition each and ten interrogatories. That will solve the problem of finding out what Barr's is doing in a real way

9

1   and then I would schedule the Preliminary Injunction hearing
2   for June 16th, and then everyday that there isn't further
3   information or a launch, I would simply continue the
4   hearing.
5           And then in the meantime, you both are aware that
6   we're working diligently to keep our commitment to get you a
7   bench decision in the time frame of approximately 30 days
8   from when you completed your briefing.
9           That will take you out of this kind of morass
10  that you find yourselves in on both sides.  And then your
11  clients will both know where they are.
12          With having heard the full trial testimony,
13  having had full briefing, I suspect that any Preliminary
14  Injunction argument will be reduced to literally an argument,
15  no presentation of evidence for one hour each side, then I'll
16  make a decision.
17          If the bench decision isn't out yet, I don't know
18  how else to address it when parties get in these situations
19  other than to have a kind of an available remedy and access
20  to the process for both sides on the basis of what they
21  present dictates.
22          So, file your Preliminary Injunction motion based
23  on the lack of Barr information at this juncture on a release
24  date and then by this transcript you're authorized to serve
25  ten interrogatories and notice one deposition, all of which

10

1   has to be completed no later than June, it's Friday the 13th,
2   that's a good date. Friday the 13th.
3           Of course Barr is free to serve ten
4   interrogatories and notice one deposition. Then we'll have a
5   Preliminary Injunction hearing scheduled for Monday, June the
6   16th. I'll just say right now, 2:00 p.m. I don't have my
7   calendar in front of me.
8           If something happens in the meantime where you
9   both agree to continue that, we will.
10          If by the 13th there's no further information,
11  we'll go forward on the 16th.
12
13                          REDACTED
14
15
16          MR. CHERNY: I didn't catch the last sentence.
17          THE COURT: Last sentence.
18
19
20                          REDACTED
21
22
23                                          I don't know what the
24  circumstances are going to be.
25          MR. CHERNY: I understand, your Honor.

1
2
3                           REDACTED
4
5
6           THE COURT: Right.
7           I don't want both sides wasting their time coming
8  here if there's no launch.
9           We're ready to hear -- think about it, a
10 Preliminary Injunction, I can do that in about 15 minutes.
11 You address the factors, who is appealing. It's real easy.
12 I'm willing to be a little irrational along with everyone
13 else.
14          MR. CHERNY: To try to bring a little bit of
15 rationality into this, I would ask Barr's lawyer, given what
16 you said, to give us a little bit of a heads-up.
17          THE COURT: Don't spoil the plan. You're going
18 to get that in discovery.
19          MR. CHERNY: Okay.
20          THE COURT: That's why you get to ask them ten
21 interrogatories.
22          MR. CHERNY: What happens if somehow I don't get
23 the answers to the question and then I have to troop down
24 with a bunch of people for a Preliminary Injunction hearing
25 on the 16th?

12

1  THE COURT: You will file a Motion to Compel and
2  you get on the telephone.
3  MR. CHERNY: I want to make sure I don't have to
4  wait for Motion Day. We don't have a whole lot of time.
5  THE COURT: This does abuse my Motion Day
6  concept. Sometimes you have to get abused.
7  MR. CHERNY: We will try to do this without too
8  much abuse.
9  MR. SCHULER: Ken Schuler for Boehringer.
10  Could we have leave to serve two document
11  requests as well?
12  THE COURT: You got to push the envelope.
13  If you really need them, sure.
14  MR. SCHULER: Is it correct that the turn around
15  time for the interrogatories for both sides will be, say a
16  week, so we can have information?
17  THE COURT: It's got to be done no matter how you
18  do it by Friday the 13th.
19  I imagine you could agree on that. I can order
20  times. I can order a five day turn around.
21  MR. CHERNY: We can talk about it with the other
22  side. There has to be sufficient time so if there's a motion
23  issue with a Motion to Compel.
24  THE COURT: Don't forget, I have a full trial I
25  sat through. I have full briefing on the trial.

```
 1            I would suspect that this discovery, and I have
 2   never litigated a patent case in the sense of being a lawyer
 3   in one, it would be fully directed at launch.
 4            MR. CHERNY:  Absolutely, your Honor.
 5            We're not trying to redo the case.
 6            If I could find out what day?  As you alluded to
 7   earlier, this is not the kind of thing that happens on the
 8   spur of the moment.  It takes time to gear up and
 9   manufacture.
10            I expect the people at Barr will have figured
11   that out.  If I can get the answer in discovery.
12            THE COURT:  I did a conference a little bit while
13   ago in New York with about these cases.  Everybody in the
14   room told me how expensive these are how expensive
15   preparation for a launch is.  All this stuff.
16            I'm assuming there's a lot of money here.  I
17   don't know.  That's what people told me up in New York.
18            MR. CHERNY:  People in New York never lie.
19            Discovery will be focused on launch.  If we get
20   the information it's fine.  That's the whole point of this
21   call is to find out if we can avoid unnecessarily having a PI
22   hearing given the fact that we already had a trial.
23            THE COURT:  Barr may give you the answer in
24   discovery.  This is for Barr's benefit.
25            You may say we object because we now represent
```

14

1  that we're not toward launch. You know, I don't know, but
2  some date close to but beyond when we think the Court is
3  going to issue its final opinion.
4       The two of you will work that out.
5       MR. CHERNY: Yes.
6       MR. PFADENHAUER: Let me follow up on the court's
7  concern. THE COURT: Sure.
8       MR. PFADENHAUER: What would that day be if we
9  raised such an objection?
10      THE COURT: I'm like Willy Stargell. I'm doing
11 the best I can. When he was in the world series he wasn't
12 hitting too well. I'm not complaining about the work load at
13 all.
14      I got the briefs. I read through them. I'm
15 working on the opinion. As I indicated to you, my hope was
16 approximately 30 days from -- do you remember our discussion,
17 I would like to have had everything in by the end of April?
18 I don't mind. You guys extended it a little bit to May 14th,
19 I think, they were filed. I got to look at them around the
20 16 or 17th. I'm hoping to get you something by, you know,
21 the third week, beginning of the four week of June.
22      My birthday is June 15th. I'm in not working on
23 that day.
24      MR. CHERNY: In light of that representation, and
25 the fact that your Honor should obviously take your birthday

1  off.
2           THE COURT: I have to do that.
3           MR. CHERNY: Perhaps I would like to ask Barr's
4  counsel to reconsider given the fact that they have more
5  information than they had before this call so we don't have
6  to go through the process that we have laid out.
7           If they don't, obviously we'll go through and
8  have the continuing PI date from June 16th on.
9           THE COURT: It shouldn't cost your clients a lot
10 of money. Maybe I don't know what you bill. I don't think
11 it cost a lot of money to file one page.
12          MR. CHERNY: I choose every word carefully. It's
13 not a matter of cost, amount of money. It's a matter of the
14 uncertainty, having to come down for the hearing on June 16th
15 and going through discovery to get at something.
16          If it turns out they say, look, we're not going
17 to launch until Judge Farnan gives the opinion, they we don't
18 have to go through the process of discovery and getting ready
19 for a hearing on June 16th.
20          That's the only reason I proposed it to the other
21 side. You told them -- I thought you told them at the end of
22 the trial of your intent. And given that, maybe, we could
23 proceed a little bit rationally. If that's not the case,
24 we'll go forward the under the rulings you outlined.
25          THE COURT: If I fail, then, you know, they may

```
                                                              16
 1  want to do something different.
 2           MR. CHERNY:  Okay.
 3           THE COURT:  I tried to be helpful here.  I don't
 4  know if I've been helpful or not.
 5           Does anybody have any questions?
 6           MR. PFADENHAUER:  No, your Honor.  Thank you very
 7  much.
 8           MR. CHERNY:  My questions have been answered by
 9  that.  We'll proceed as outlined.
10           THE COURT:  Okay.
11           Maybe we'll see you June the 16th at 2:00 p.m.
12           MR. PFADENHAUER:  Thank you, your Honor.
13           MR. CHERNY:  Thank you, your Honor.
14           THE COURT:  Okay.
15       (At this time the teleconference was concluded.)
16
17
18
19
20
21
22
23
24
25
```