## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | C.A. No. 05-700-(JJF) CONSOLIDATED |
| BARR LABORATORIES, INC., | ) ) | |
| Defendant. | ) ) | |
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | C.A. No. 05-854-(JJF) |
| MYLAN PHARMACEUTICALS, INC., | ) ) | |
| Defendant. | ) ) | |

## ORDER REGARDING REDACTION OF TRANSCRIPT

Any publicly available copies of the transcript of the teleconference held on May 29, 2008 in the above-captioned case shall be redacted consistent with the attached Exhibit A and pursuant to the Policy On The Electronic Availability Of Transcripts Of Court Proceedings (effective May 17, 2008), including but not limited to transcripts that are or will be available by remote electronic access.

SO ORDERED this _____ day of June, 2008.

_____
The Honorable Joseph J. Farnan, Jr.
United States District Judge

# EXHIBIT A

EXHIBIT A

1

1   IN THE UNITED STATES DISTRICT COURT

2   IN AND FOR THE DISTRICT OF DELAWARE

3   - - -

4   BOEHRINGER INGELHEIM INTERNATIONAL    :    CIVIL ACTION
    GMBH AND BOEHRINGER INGELHEIM          :
5   PHARMACEUTICALS, INC.,                 :
                                           :
6          Vs                              :
                                           :
7                      Plaintiffs          :
                                           :
8   BARR LABORATORIES, INC.,               :    NO. 05-700-JJF
                                           :
9          -and-                           :
                                           :
10  MYLAN PHARMACEUTICALS, INC.,           :    NO. 05-854-JJF
                                           :
11                     Defendants          :
                                           :
12                                         :

13  - - -

14                           Wilmington, Delaware
                             May 29 2008
15                           11:05 o'clock, a.m.
                             Teleconference

16  - - -

17  BEFORE:  HONORABLE JOSEPH J. FARNAN, JR., U.S.D.C.J.

18  - - -

19  APPEARANCES:

20          MORRIS, NICHOLS, ARSHT & TUNNELL
21          BY:  JACK B. BLUMENFELD, ESQ

22                   -and-

23          LATHAM & WAKINS LLP
            BY: STEVEN C. CHERNY, ESQ
24          BY: KENNETH G. SCHULER, ESQ

25          Counsel for Plaintiff

2

1    YOUNG, CONAWAY, STARGATT & TAYLOR
     BY:  JOHN W. SHAW, ESQ
2
          -and-
3
     WILLIAMS & CONNOLLY LLP
4    BY:  GLENN J. PFADENHAUER, ESQ
          JESSAMYN S. BERNIKER, ESQ and
5         DOV P. GROSSMAN, ESQ

6    Counsel for Defendant Barr Laboratories

7          -and-

8    MORRIS JAMES LLP
     BY: RICHARD K. HERRMANN, ESQ
9
          -and-
10
     KELLER EHRMAN LLP
11   BY:  KEVIN CULLIGAN, ESQ  and
          SHANNON BLOODWORTH, ESQ
12
     Counsel for Defendant Mylan Pharmaceuticals, Inc.
13
                         Leonard A. Dibbs
14                       Official Court Reporter

15

16        THE COURT:  Good morning, Judge Farnan.

17        (Everybody responded Good morning.)

18        MR. BLUMENFELD:  Jack Blumenfeld of Morris

19   Nichols along with Steve Cherny and Ken Schuler.

20        MR. HERRMANN:  Richard Herrmann for the Defendant

21   Mylan.

22        I have Kevin Culligan and Shannon Bloodworth from

23   the Keller Ehrman firm.

24        MR. SHAW:  Good afternoon, your Honor, John Shaw

25   of Young Conaway for Barr Laboratories.

3

1      With me is Glenn Pfadenhauer, Jessamyn Berniker

2  and Dov P. Grossman of the Williams Connolly firm.

3      THE COURT:  Mr. Blumenfeld, you requested the

4  teleconference.

5      MR. BLUMENFELD:  I think Mr. Cherny is going to

6  take the lead for the plaintiff.

7      MR. CHERNY:  This is Steve Cherny.

8      I don't think we have a very complicated issue

9  here.

10     As you know, a while back we discussed having a

11 potential Preliminary Injunction hearing.  The Court and the

12 parties reached a consensus and stipulation that we would

13 have a trial in March, there would be certain prerequisites

14 before Barr launched, thus causing Boehringer to have to seek

15 a Preliminary Injunction post-trial.

16     And the stipulation that I'm reading from says

17 that Barr should not market or sell its products unless and

18 until one or more of the following occurs:

19     Barr is given at least 50 days written notice to

20 counsel for Plaintiff of its intent to do so.

21

22

23                    REDACTED

24

25

4

1
2
3
4                        REDACTED
5
6
7
8            The other issue that we've raised is that from
9    discovery we had seen that their supplier, a company called
10   Amino, that they weren't going to ship the active ingredient
11   until after the patent expired.
12                        REDACTED
13                                                        They
14   have no idea where we've gotten this from.  We don't know
15   whether we have to seek some redress against another party if
16   Amino is now shipping the active ingredient into the country
17   for the purposes of being sold prior to the patent expiring.
18            Those are the two questions.
19
20
21                        REDACTED
22
23
24            MR. PFADENHAUER:  Glenn Pfadenhauer on behalf of
25   Barr Labs.

5

1    As we pointed out in our letters to the plaintiff
2  and in Mr. Shaw's letter to the Court, we believe that we
3  have satisfied our obligations under the stipulation.
4    The purpose of the stipulation was to avoid the
5  need for a Preliminary Injunction prior to the trial.  We
6  agreed that Barr would not launch a product until it gave the
7  plaintiffs at least 50 days notice of its intent to proceed
8  with a lunch of the product.
9
                          REDACTED
10
11
12    Barr does not, we believe, have an obligation to
13  tell the plaintiff the particular day on which they are going
14  to launch, because that's very commercially sensitive
15  information that plaintiffs would love to have so they can
16  announce their ordinary generic before our product is on the
17  market.
18    We don't think we have a obligation to do so.  If
19  they believe they need to file a Preliminary Injunction to
20  protect their rights, obviously, they are free to do that.
21    We told them that we won't oppose it on ripeness
22  grounds.                REDACTED
23
24    And the problem the client has is that they
25  have been off the market as a result of this patent for a

6

1    significant period of time already.

2            We understand your Honor is very busy.  You have

3    a lot of things to deal with, and it could be something that

4    at sometime before the Court is in a position to rule.

5                        REDACTED

6

7            That is where we find ourselves, your Honor.

8            MR. CHERNY:  May I respond briefly?

9            THE COURT:  Sure.

10           MR. CHERNY:  I'm surprised at Mr. Pfadenhauer's

11   discussion of the Court's schedule given that the Court

12   specifically said it was going to move expeditiously on the

13   last day of trial.  We set an aggressive schedule for

14   briefing which both parties agreed to.  We've got the

15   post-trial briefs.  The Court has got a window of time to

16   address it.

17           As far as the stipulation, I understand Mr.

18   Pfadenhauer's argument about sensitive information.  His

19   reading of the stipulation is interesting with whatever

20   policy argument he wants to make.  It says 50 days prior

21   written notice to counsel for plaintiff of its intent to do

22   so.

23

24                        REDACTED

25

7

REDACTED

1

2          And the whole point of this was to avoid an

3    unnecessary Preliminary Injunction practice before the

4    Court.

5          I don't know how Mr. Pfadenhauer can credibly

6    argue that a provision that says that Barr has to give 50

7    days prior written notice to counsel for plaintiff of its

8    intent to market its product.

9

10                         REDACTED

11

12

13          We need to know that.  I'm not sure.  We

14    have now asked them a of couple times.  We're not going to

15    answer that question.

16          THE COURT:  Does it cost a lot of money to

17    launch?

18          MR. PFADENHAUER:  It certainly costs a

19    significant amount of money to manufacture the product in

20    order to distribute the product, yes.

21

22

23                         REDACTED

24

25

8

**REDACTED**

7       I understand that you haven't said that.  I guess

8  -- I think the briefing was completed and there was an

9  extension or something.  I think I saw it like May 16th or

10  something.  It might have been filed a day or so before

11  that.  It sounds like it could be an and irreconcilable

12  situation as you wait for decision from the trial.

13       What I would suggest will break your deadlock,

14  and that is technically, since we have had briefing on a full

15  trial, and given the reluctance of Barr to further inform the

16  parties or the Court, I will permit plaintiff, Boehringer, to

17  file a one page motion for Preliminary Injunction.

18       I, being, Judge Farnan, will permit limited

19  discovery on that motion.

20       MR. PFADENHAUER:  I'm sorry, your Honor, I didn't

21  hear that last part.

22       THE COURT:  I, Judge Farnan, I mean me.  I would

23  permit limited discovery on the one page motion, maybe like

24  one deposition each and ten interrogatories.  That will solve

25  the problem of finding out what Barr's is doing in a real way

9

1   and then I would schedule the Preliminary Injunction hearing

2   for June 16th, and then everyday that there isn't further

3   information or a launch, I would simply continue the

4   hearing.

5           And then in the meantime, you both are aware that

6   we're working diligently to keep our commitment to get you a

7   bench decision in the time frame of approximately 30 days

8   from when you completed your briefing.

9           That will take you out of this kind of morass

10  that you find yourselves in on both sides.  And then your

11  clients will both know where they are.

12          With having heard the full trial testimony,

13  having had full briefing, I suspect that any Preliminary

14  Injunction argument will be reduced to literally an argument,

15  no presentation of evidence for one hour each side, then I'll

16  make a decision.

17          If the bench decision isn't out yet, I don't know

18  how else to address it when parties get in these situations

19  other than to have a kind of an available remedy and access

20  to the process for both sides on the basis of what they

21  present dictates.

22          So, file your Preliminary Injunction motion based

23  on the lack of Barr information at this juncture on a release

24  date and then by this transcript you're authorized to serve

25  ten interrogatories and notice one deposition, all of which

10

1  has to be completed no later than June, it's Friday the 13th,

2  that's a good date.  Friday the 13th.

3          Of course Barr is free to serve ten

4  interrogatories and notice one deposition.  Then we'll have a

5  Preliminary Injunction hearing scheduled for Monday, June the

6  16th.  I'll just say right now, 2:00 p.m.  I don't have my

7  calendar in front of me.

8          If something happens in the meantime where you

9  both agree to continue that, we will.

10          If by the 13th there's no further information,

11  we'll go forward on the 16th.

12

13                          REDACTED

14

15

16      MR. CHERNY:  I didn't catch the last sentence.

17      THE COURT:  Last sentence.

18

19

20                          REDACTED

21

22

23                          I don't know what the

24  circumstances are going to be.

25      MR. CHERNY:  I understand, your Honor.

11

REDACTED

6          THE COURT:  Right.

7          I don't want both sides wasting their time coming

8    here if there's no launch.

9          We're ready to hear -- think about it, a

10   Preliminary Injunction, I can do that in about 15 minutes.

11   You address the factors, who is appealing.  It's real easy.

12   I'm willing to be a little irrational along with everyone

13   else.

14         MR. CHERNY:  To try to bring a little bit of

15   rationality into this, I would ask Barr's lawyer, given what

16   you said, to give us a little bit of a heads-up.

17         THE COURT:  Don't spoil the plan.  You're going

18   to get that in discovery.

19         MR. CHERNY:  Okay.

20         THE COURT:  That's why you get to ask them ten

21   interrogatories.

22         MR. CHERNY:  What happens if somehow I don't get

23   the answers to the question and then I have to troop down

24   with a bunch of people for a Preliminary Injunction hearing

25   on the 16th?

12

1      THE COURT:  You will file a Motion to Compel and

2  you get on the telephone.

3      MR. CHERNY:  I want to make sure I don't have to

4  wait for Motion Day.  We don't have a whole lot of time.

5      THE COURT:  This does abuse my Motion Day

6  concept.  Sometimes you have to get abused.

7      MR. CHERNY:  We will try to do this without too

8  much abuse.

9      MR. SCHULER:  Ken Schuler for Boehringer.

10     Could we have leave to serve two document

11  requests as well?

12     THE COURT:  You got to push the envelope.

13     If you really need them, sure.

14     MR. SCHULER:  Is it correct that the turn around

15  time for the interrogatories for both sides will be, say a

16  week, so we can have information?

17     THE COURT:  It's got to be done no matter how you

18  do it by Friday the 13th.

19     I imagine you could agree on that.  I can order

20  times.  I can order a five day turn around.

21     MR. CHERNY:  We can talk about it with the other

22  side.  There has to be sufficient time so if there's a motion

23  issue with a Motion to Compel.

24     THE COURT:  Don't forget, I have a full trial I

25  sat through.  I have full briefing on the trial.

13

1    I would suspect that this discovery, and I have

2 never litigated a patent case in the sense of being a lawyer

3 in one, it would be fully directed at launch.

4    MR. CHERNY:  Absolutely, your Honor.

5    We're not trying to redo the case.

6    If I could find out what day?  As you alluded to

7 earlier, this is not the kind of thing that happens on the

8 spur of the moment.  It takes time to gear up and

9 manufacture.

10    I expect the people at Barr will have figured

11 that out.  If I can get the answer in discovery.

12    THE COURT:  I did a conference a little bit while

13 ago in New York with about these cases.  Everybody in the

14 room told me how expensive these are how expensive

15 preparation for a launch is.  All this stuff.

16    I'm assuming there's a lot of money here.  I

17 don't know.  That's what people told me up in New York.

18    MR. CHERNY:  People in New York never lie.

19    Discovery will be focused on launch.  If we get

20 the information it's fine.  That's the whole point of this

21 call is to find out if we can avoid unnecessarily having a PI

22 hearing given the fact that we already had a trial.

23    THE COURT:  Barr may give you the answer in

24 discovery.  This is for Barr's benefit.

25    You may say we object because we now represent

14

1 that we're not toward launch.  You know, I don't know, but

2 some date close to but beyond when we think the Court is

3 going to issue its final opinion.

4          The two of you will work that out.

5          MR. CHERNY:  Yes.

6          MR. PFADENHAUER:  Let me follow up on the court's

7 concern. THE COURT: Sure.

8          MR. PFADENHAUER:  What would that day be if we

9 raised such an objection?

10          THE COURT:  I'm like Willy Stargell.  I'm doing

11 the best I can.  When he was in the world series he wasn't

12 hitting too well.  I'm not complaining about the work load at

13 all.

14          I got the briefs.  I read through them.  I'm

15 working on the opinion.  As I indicated to you, my hope was

16 approximately 30 days from -- do you remember our discussion,

17 I would like to have had everything in by the end of April?

18 I don't mind.  You guys extended it a little bit to May 14th,

19 I think, they were filed.  I got to look at them around the

20 16 or 17th.  I'm hoping to get you something by, you know,

21 the third week, beginning of the four week of June.

22          My birthday is June 15th.  I'm in not working on

23 that day.

24          MR. CHERNY:  In light of that representation, and

25 the fact that your Honor should obviously take your birthday

15

1   off.

2        THE COURT:  I have to do that.

3        MR. CHERNY:  Perhaps I would like to ask Barr's

4   counsel to reconsider given the fact that they have more

5   information than they had before this call so we don't have

6   to go through the process that we have laid out.

7        If they don't, obviously we'll go through and

8   have the continuing PI date from June 16th on.

9        THE COURT:  It shouldn't cost your clients a lot

10  of money.  Maybe I don't know what you bill.  I don't think

11  it cost a lot of money to file one page.

12       MR. CHERNY:  I choose every word carefully.  It's

13  not a matter of cost, amount of money.  It's a matter of the

14  uncertainty, having to come down for the hearing on June 16th

15  and going through discovery to get at something.

16       If it turns out they say, look, we're not going

17  to launch until Judge Farnan gives the opinion, they we don't

18  have to go through the process of discovery and getting ready

19  for a hearing on June 16th.

20       That's the only reason I proposed it to the other

21  side.  You told them -- I thought you told them at the end of

22  the trial of your intent.  And given that, maybe, we could

23  proceed a little bit rationally.  If that's not the case,

24  we'll go forward the under the rulings you outlined.

25       THE COURT:  If I fail, then, you know, they may

16

1  want to do something different.

2        MR. CHERNY:  Okay.

3        THE COURT:  I tried to be helpful here.  I don't

4  know if I've been helpful or not.

5        Does anybody have any questions?

6        MR. PFADENHAUER:  No, your Honor.  Thank you very

7  much.

8        MR. CHERNY:  My questions have been answered by

9  that.  We'll proceed as outlined.

10        THE COURT:  Okay.

11        Maybe we'll see you June the 16th at 2:00 p.m.

12        MR. PFADENHAUER:  Thank you, your Honor.

13        MR. CHERNY:  Thank you, your Honor.

14        THE COURT:  Okay.

15     (At this time the teleconference was concluded.)

16

17

18

19

20

21

22

23

24

25