# Morris James LLP

Mary B. Matterer
302.888.6960
mmatterer@morrisjames.com

August 26, 2008

*VIA ELECTRONIC FILING*
The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE  19801

    Re:    ***Boehringer Ingelheim Int'l GmbH, et al. v. Barr Labs., Inc.,***
            **Civil Action No. 05-700 (JJF) (Consolidated) and**
            ***Boehringer Ingelheim Int'l GmbH, et al. v. Mylan Pharms. Inc.,***
            **Civil Action No. 05-854 (JJF)**

Your Honor:

    I write as counsel for Defendant Mylan Pharmaceuticals Inc. ("Mylan") in response to Plaintiffs Boehringer Ingelheim International GmbH's and Boehringer Ingelheim Pharmaceuticals, Inc.'s (collectively "Boehringer") August 25, 2008 letter to Your Honor about the proposed Final Judgment Order that Mylan submitted to the Court on August 25.

    Boehringer asserts that Mylan's proposed Final Judgment Order "contains certain errors and ambiguities." Mylan respectfully submits that there is nothing ambiguous or erroneous in Mylan's August 25 proposed Final Judgment Order, and that Boehringer's [Proposed] Final Judgment is incomplete, incorrect and mischaracterizes the Court's June 26, 2008 Memorandum Opinion (D.I. 250) and Order (D.I. 251).

    The first "WHEREAS" clause of Mylan's proposed Final Judgment Order accurately reflects the facts that Boehringer charged Defendant Barr Laboratories, Inc. ("Barr") with infringement of certain claims in U.S. Patents Nos. 4,843,086 ("the '086 patent) and 4,886,812 ("the '812 patent") in Civil Action No. 05-700 (JJF), that Boehringer charged Mylan with infringement of certain claims of the '812 patent in Civil Action No. 05-854 (JJF), and that the actions against Barr and Mylan were consolidated for trial.

    The second "WHEREAS" clause of Mylan's proposal correctly states that the '086 patent expired on June 27, 2006. Mylan's third "WHEREAS" clause correctly states that Barr's counterclaim that the '812 patent is unenforceable was dismissed by stipulation on November 5, 2007.

    The fourth "WHEREAS" clause of Mylan's proposal correctly states that the consolidated actions against Barr and Mylan were tried in March 2008 before Your Honor, and

Morris James LLP

The Honorable Joseph J. Farnan, Jr.
August 26, 2008
Page 2

that the Court issued a Memorandum Opinion and Order on June 26, 2008. Mylan's fifth "WHEREAS" clause correctly states that Boehringer and Barr agreed to settle Civil Action No. 05-700 (JJF) and filed a Stipulation and Order of Dismissal after the Court tried both actions and issued its Memorandum Opinion and Order.

Nothing in any of the "WHEREAS" clauses or in the three numbered paragraphs of Mylan's proposed Final Judgment Order suggests that a final judgment is being entered by the Court on Civil Action No. 05-700 (JJF) against Barr. The fifth "WHEREAS" clause and the numbered paragraphs of the proposed Final Judgment Order make it absolutely clear that final judgment is being entered in favor of Mylan against Boehringer, and that Civil Action No. 05-700 (JJF) between Boehringer and Barr was settled by way of a Stipulation and Order of Dismissal filed with the Court after the Court's June 26, 2008 Memorandum Opinion and Order.

Unlike Mylan's proposal, Boehringer's August 25, 2008 [Proposed] Final Judgment fails to provide any indication at all that its settlement with Barr occurred after Your Honor's June 26, 2008 Memorandum Opinion and Order. Boehringer's omission clearly creates ambiguity in connection with the question of whether the findings and conclusions reflected in Your Honor's Memorandum Opinion and Order should have any collateral estoppel effect with respect to both actions against the two defendants. The fact that more than two paragraphs of Boehringer's letter to the Court are devoted to summarizing the case confirms that a full appreciation of the posture of the proceedings is necessary to put the Court's Final Judgment into proper context, and reveals that Boehringer's [Proposed] Final Judgment is incomplete.

Your Honor's June 26, 2008 Memorandum Opinion and Order expressly state that certain claims of the '812 patent are "invalid on the grounds of nonstatutory double patenting." (D.I. 250 at 43 and D.I. 251). Boehringer's [Proposed] Final Judgment substitutes in numbered paragraphs two and three the phrase "obviousness-type double patenting" for the Court's finding of "nonstatutory double patenting." Boehringer's attempt to give a new construction to the Court's findings – and in so doing revisit the issue of whether objective indicia of non-obviousness are legally irrelevant in this case – is incorrect and mischaracterizes the Court's decision. Paragraphs one, two and three of Mylan's proposal accurately reflects the Court's determination and should be entered.

Boehringer's objection to Mylan's proposed paragraph two is unfounded. Worse, Boehringer's proposal incorrectly suggests that nonstatutory double patenting invalidity, which arises because "claims in a later patent . . . are not patentably distinct from claims in a commonly owned earlier patent" (*Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 967 (Fed. Cir. 2001)) is unrelated to Mylan's counterclaim directed to invalidity "for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States code" (D.I. 6 at 6 ¶ 13). This Court found that the claims at issue at trial were invalid on the ground of nonstatutory double patenting – a determination necessarily based on either an obviousness or an anticipation

Morris James LLP

The Honorable Joseph J. Farnan, Jr.
August 26, 2008
Page 3

analysis under Title 35. Boehringer's omission of any reference in its [Proposed] Final Judgment to Mylan's counterclaim renders Boehringer's proposal incomplete and erroneous. Paragraph two of Mylan's proposed Final Judgment Order accurately reflects the Court's determination and should be entered.

Boehringer's misrepresentation of this Court's infringement finding also should not be memorialized in the manner suggested in Boehringer's [Proposed] Final Judgment. The Court's June 26, 2008 Memorandum Opinion states: "Because an invalid patent cannot be infringed, the Court will enter judgment in favor of Defendants on both issues [noninfringement and invalidity]." (D.I. 250 at 43-44). Boehringer's attempt to rewrite the Court's clear decision into a finding of infringement should be rejected. Paragraph three of Mylan's proposed Final Judgment Order accurately reflects the Court's decision and should be entered.

Finally, Boehringer's [Proposed] Final Judgment oddly singles out and includes a reference to the Court's conclusion about Boehringer's belated and ineffective terminal disclaimer, but says nothing about the import of 35 U.S.C. § 121 on the Court's double patenting determination or about any of a number of the Court's other specific findings underlying the June 26, 2008 Memorandum Opinion and Order. The inclusion of a provision in the Court's Final Judgment about the terminal disclaimer filed by Boehringer, coupled with the exclusion of other specific findings made by the Court, could erroneously give rise to a negative implication that the Court's decision with respect to invalidity was based solely on the Court's findings about Boehringer's untimely and ineffective terminal disclaimer. Mylan accordingly believes that only the Court's final conclusions – that certain claims of the '812 patent are invalid on the ground of nonstatutory double patenting and that Mylan does not infringe those invalid claims – should be included in the Final Judgment Order.

Mylan appreciates Your Honor's attention to this matter and regrets the need to involve the Court in this dispute. Mylan respectfully submits that Boehringer's arguments do not add clarity to the Court's rulings, but instead serve only to delay the entry of final judgment.

Very truly yours,

Mary B. Matterer

cc: All counsel of record via email